QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100
Email:      claudestern@quinnemanuel.com
            toddbriggs@quinnemanuel.com

Attorneys for Defendant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>                Plaintiff,<br><br>        vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>                Defendant.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>                Counterclaimant,<br><br>        vs.<br><br>QUANTUM CORPORATION,<br><br>                Counterdefendant. | CASE NO. C 07-4161 PVT<br><br>**RIVERBED'S ANSWER TO QUANTUM'S COMPLAINT FOR PATENT INFRINGEMENT AND DECLARATORY JUDGMENT COUNTERCLAIMS**<br><br>**DEMAND FOR JURY TRIAL** |

Defendant Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, respectfully submits its Answer, Affirmative Defenses and Counterclaims in response to the Complaint for Patent Infringement ("Complaint") of Plaintiff Quantum Corporation ("Quantum") filed on August 14, 2007 and served on October 9, 2007 as follows:

## PARTIES

1. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies the allegations in this paragraph.

2. Riverbed admits the allegations in paragraph 2.

## JURISDICTION AND VENUE

3. Riverbed admits the allegations in paragraph 3.

4. Riverbed admits that this Court has personal jurisdiction over Riverbed.

5. Riverbed admits the allegations in paragraph 5.

## BACKGROUND

6. Riverbed admits that Ross Neil Williams is named as an inventor of U.S. Patent No. 5,990,810 ("the '810 patent"), but denies that the '810 patent is directed to a new, useful and non-obvious method and apparatus for partitioning a block of data into subblocks and for storing and communicating such subblocks and the remaining allegations in paragraph 6.

7. Riverbed admits that the '810 patent is entitled "Method For Partitioning A Block Of Data Into Subblocks And For Storing And Communicating Such Subblocks" and that the issue date on the face of the patent is November 23, 1999, but denies that that '810 was duly and lawfully issued by the United States Patent and Trademark Office. Riverbed admits that a purported copy of the '810 patent was attached as Exhibit A to the Complaint.

8. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the allegations in this paragraph.

9. Riverbed denies the allegations in paragraph 9.

**COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,990,810**

10. Riverbed incorporates its answers to paragraphs 1 through 9 of the Complaint as if set forth fully herein.

11. Riverbed denies the allegations in paragraph 11

12. Riverbed denies the allegations in paragraph 12.

13. Riverbed denies the allegations in paragraph 13.

14. Riverbed denies the allegations in paragraph 14.

15. Riverbed denies the allegations in paragraph 15.

16. Riverbed denies the allegations in paragraph 16.

**PRAYER FOR RELIEF**

Riverbed denies that Quantum is entitled to any of the relief sought by its Prayer for Relief.

**AFFIRMATIVE DEFENSES**

**FIRST AFFIRMATIVE DEFENSE: Non-Infringement**

Riverbed does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or methods that infringe any valid claim of the '810 patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '810 patent.

**SECOND AFFIRMATIVE DEFENSE: Invalidity**

The '810 patent is invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE: Laches and Equitable Estoppel**

Quantum's claims are barred by the doctrines of laches and equitable estoppel.

#### FOURTH AFFIRMATIVE DEFENSE: Failure to Mark

On information and belief, prior to the filing of the Complaint against Riverbed, the owner of the '810 patent failed to properly mark its products or services and/or licensees of the '810 patent failed to properly mark their products or services and the owner of the '810 patent did not provide Riverbed with notification of any alleged infringement of the '810 patent. Under 35 U.S.C. § 287(a), Quantum is therefore barred from recovering damages for any alleged infringement of the '810 patent by Riverbed prior to the filing of the complaint.

#### FIFTH AFFIRMATIVE DEFENSE: Standing

On information and belief, Quantum lacks standing to assert infringement of the '810 patent because it was not the legal or equitable owner of the '810 patent and/or it did not have all substantial rights in the '810 patent at the time the suit was filed.

#### SIXTH AFFIRMATIVE DEFENSE: Adequate Remedy at Law

Quantum is not entitled to injunctive relief because any alleged injury to Quantum is not immediate or irreparable, and Quantum has an adequate remedy at law.

#### SEVENTH AFFIRMATIVE DEFENSE: Failure to State a Claim

The Complaint fails, in whole or in part, to state a claim on which relief may be granted.

## COUNTERCLAIMS

Counterclaim Plaintiff Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, brings counterclaims against Counterclaim Defendant Quantum Corporation ("Quantum") as follows:

## PARTIES

1. Riverbed is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 199 Fremont Street, San Francisco, California, 94105.

2. Quantum is a Delaware corporation organized and existing under the laws of the state of Delaware, having a principle place of business at 1650 Technology Drive, Suite 700, San Jose, CA 95110.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

4. By filing its Complaint, Quantum has consented to the personal jurisdiction of this Court.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400.

## EXISTENCE OF ACTUAL CONTROVERSY

6. Quantum alleges in its Complaint that it is an exclusive licensee of the '810 patent.

7. Quantum alleges in its Complaint that Riverbed has manufactured, sold, offered to sell and/or imported Riverbed Steelhead products that infringe the '810 patent.

8. Quantum alleges in its Complaint that the '810 patent is valid and meets all the requirements of 35 U.S.C. § 1 *et seq.*

**FIRST COUNTERCLAIM: Declaratory Judgment of Non-Infringement**

9. Riverbed incorporates the allegations in paragraphs 1 through 8 of these counterclaims as if fully set forth herein.

10. Riverbed's products do not infringe, either directly or indirectly, any claim of the '810 patent.

11. Quantum's wrongful allegations of infringement of the '810 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that it does not infringe the '810 patent.

**SECOND COUNTERCLAIM: Declaratory Judgment of Invalidity**

12. Riverbed incorporates the allegations in paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. The '810 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

14. Quantum's wrongful allegations of validity of the '810 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that the '810 patent is invalid.

**EXCEPTIONAL CASE**

15. This is an exceptional case entitling Riverbed to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Quantum's assertion of the '810 patent against Riverbed with the knowledge that the '810 patent is not infringed and/or invalid.

**RELIEF REQUESTED**

WHEREFORE, Riverbed respectfully requests the following relief:

1. A judgment in favor of Riverbed denying Quantum all relief requested in its Complaint in this action and dismissing Quantum's Complaint for patent infringement with prejudice;

1    2.   A judgment declaring that Riverbed has not infringed and is not infringing any claim of the '810 patent, and that Riverbed has not contributed to or induced and is not contributing to or inducing infringement of any claim of the '810 patent;

3.   A judgment declaring that each claim of the '810 patent is invalid;

4.   A judgment declaring this to be an exceptional case under 35 U.S.C. § 285 and awarding Riverbed its costs, expenses, and reasonable attorneys' fees;

5.   That the Court award Riverbed such other and further relief as the Court deems just and proper.

**DEMAND FOR JURY TRIAL**

In accordance with Fed. R. Civ. P. 38(b), Riverbed demands a trial by jury on all issues so triable.

DATED:  October 29, 2007      QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

By /s/ Claude M. Stern
Claude M. Stern
Attorneys for Defendant,
RIVERBED TECHNOLOGY, INC.