QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:     (650) 801-5000
Facsimile:     (650) 801-5100
Email:           claudestern@quinnemanuel.com
                    toddbriggs@quinnemanuel.com

Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>              Plaintiff,<br><br>     vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>              Defendant. | CASE NO. C 07-4161 WHA<br><br>**RIVERBED'S FIRST AMENDED ANSWER AND COUNTERCLAIMS FOR:**<br><br>**INFRINGEMENT OF U.S. PATENT NO. 7,116,249; AND**<br><br>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,990,810** |
| RIVERBED TECHNOLOGY, INC.,<br><br>              Counterclaimant,<br><br>     vs.<br><br>QUANTUM CORPORATION,<br><br>              Counterdefendant. | **DEMAND FOR JURY TRIAL** |

Counterclaim Plaintiff Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, respectfully submits Riverbed's First Amended Answer and Counterclaims For: Infringement of U.S. Patent No. 7,116,249; and Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,990,810 pursuant to Federal Rule of Civil Procedure 15(a).  On October 29, 2007, Riverbed filed its Answer, Affirmative Defenses and Counterclaims in response to the Complaint for Patent Infringement ("Complaint") of Plaintiff and Counterclaim Defendant Quantum Corporation, which was filed on August 14, 2007 and served on October 9, 2007. Quantum has not responded to Riverbed's Answer, Affirmative Defenses and Counterclaims. Riverbed's First Amended Answer and Counterclaim amends Riverbed's Answer and Counterclaim by including an additional counterclaim for infringement of Riverbed's U.S. Patent No. 7,116,249 ("the '249 Patent") against Quantum.

## RIVERBED'S ANSWER TO QUANTUM'S COMPLAINT

Riverbed answers Quantum's Complaint as follows:

### PARTIES

1. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1, and therefore denies the allegations in this paragraph.

2. Riverbed admits the allegations in paragraph 2.

### JURISDICTION AND VENUE

3. Riverbed admits the allegations in paragraph 3.

4. Riverbed admits that this Court has personal jurisdiction over Riverbed.

5. Riverbed admits the allegations in paragraph 5.

### BACKGROUND

6. Riverbed admits that Ross Neil Williams is named as an inventor of U.S. Patent No. 5,990,810 ("the '810 patent"), but denies that the '810 patent is directed to a new, useful and non-obvious method and apparatus for partitioning a block of data into subblocks and for storing and communicating such subblocks and the remaining allegations in paragraph 6.

7. Riverbed admits that the '810 patent is entitled "Method For Partitioning A Block Of Data Into Subblocks And For Storing And Communicating Such Subblocks" and that the issue date on the face of the patent is November 23, 1999, but denies that that '810 was duly and lawfully issued by the United States Patent and Trademark Office. Riverbed admits that a purported copy of the '810 patent was attached as Exhibit A to the Complaint.

8. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 8, and therefore denies the allegations in this paragraph.

9. Riverbed denies the allegations in paragraph 9.

### COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,990,810

10. Riverbed incorporates its answers to paragraphs 1 through 9 of the Complaint as if set forth fully herein.

11. Riverbed denies the allegations in paragraph 11

12. Riverbed denies the allegations in paragraph 12.

13. Riverbed denies the allegations in paragraph 13.

14. Riverbed denies the allegations in paragraph 14.

15. Riverbed denies the allegations in paragraph 15.

16. Riverbed denies the allegations in paragraph 16.

### PRAYER FOR RELIEF

Riverbed denies that Quantum is entitled to any of the relief sought by its Prayer for Relief.

### AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE: Non-Infringement

Riverbed does not make, use, sell, offer for sale, or import into the United States, and has not made, used, sold, offered for sale or imported into the United States any products or methods that infringe any valid claim of the '810 patent either directly, indirectly, contributorily, through the doctrine of equivalents, or otherwise, and has not induced others to infringe the '810 patent.

**SECOND AFFIRMATIVE DEFENSE: Invalidity**

The '810 patent is invalid for failure to meet the conditions for patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

**THIRD AFFIRMATIVE DEFENSE: Laches and Equitable Estoppel**

Quantum's claims are barred by the doctrines of laches and equitable estoppel.

**FOURTH AFFIRMATIVE DEFENSE: Failure to Mark**

On information and belief, prior to the filing of the Complaint against Riverbed, the owner of the '810 patent failed to properly mark its products or services and/or licensees of the '810 patent failed to properly mark their products or services and the owner of the '810 patent did not provide Riverbed with notification of any alleged infringement of the '810 patent. Under 35 U.S.C. § 287(a), Quantum is therefore barred from recovering damages for any alleged infringement of the '810 patent by Riverbed prior to the filing of the Complaint.

**FIFTH AFFIRMATIVE DEFENSE: Standing**

On information and belief, Quantum lacks standing to assert infringement of the '810 patent because it was not the legal or equitable owner of the '810 patent and/or it did not have all substantial rights in the '810 patent at the time the suit was filed.

**SIXTH AFFIRMATIVE DEFENSE: Adequate Remedy at Law**

Quantum is not entitled to injunctive relief because any alleged injury to Quantum is not immediate or irreparable, and Quantum has an adequate remedy at law.

**SEVENTH AFFIRMATIVE DEFENSE: Failure to State a Claim**

The Complaint fails, in whole or in part, to state a claim on which relief may be granted.

**RIVERBED'S COUNTERCLAIMS**

Riverbed hereby complaints against Quantum as follows:

**PARTIES**

1. Riverbed is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 199 Fremont Street, San Francisco, California, 94105. Riverbed is qualified and duly authorized to do business in the State of California.

2. Riverbed is the technology and market leader in wide area data services (WDS). Riverbed designs, builds, and sells devices that facilitate the efficient sharing of computer data over extended, or wide-area, computer networks. Riverbed's technology is used to, among other things, improve the performance of everyday computer applications, such as email, file sharing, and document management, by a broad range of companies. Riverbed has developed and patented pioneering technologies applicable to wide area data services applications as well as other applications, such as data storage applications.

3. Quantum is a Delaware corporation organized and existing under the laws of the state of Delaware, having a principle place of business at 1650 Technology Drive, Suite 700, San Jose, CA 95110.

4. Quantum designs, builds, and sells data storage products that utilize Quantum's "data de-duplication" technology. Such products include but are not limited to Quantum's DXi-Series disk backup and replication systems. Quantum's DXi-Series products (and likely other products as well) segment data prior to storage and in doing so infringe Riverbed's '249 patent, which covers systems and methods for storing data.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because this action includes patent infringement claims under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this action includes declaratory judgment claims.

6. By filing its Complaint, Quantum consented to the personal jurisdiction of this Court. Quantum is also subject to personal jurisdiction in this Court because, *inter alia*, and upon

1  information and belief, Quantum directly and through agents regularly does, solicits and transacts
2  business in the Northern District of California and elsewhere in the state of California, including
3  business with respect to the goods and services that are the subject of this action.

4        7.      Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 28
5  U.S.C. § 1400.

## EXISTENCE OF ACTUAL CONTROVERSY

7        8.      Quantum alleges in its Complaint that it is an exclusive licensee of U.S. Patent No.
8  5,990,810 ("the '810 patent").

9        9.      Quantum alleges in its Complaint that Riverbed has manufactured, sold, offered to
10 sell and/or imported Riverbed Steelhead products that infringe the '810 patent.

11       10.     Quantum alleges in its Complaint that the '810 patent is valid and meets all the
12 requirements of 35 U.S.C. § 1 *et seq*.

## FIRST COUNTERCLAIM

### (Infringement of United States Patent No. 7,116,249)

15       11.     Riverbed incorporates the allegations of paragraphs 1-10 as if fully set forth in this
16 paragraph.

17       12.     United States Patent No. 7,116,249 ("the '249 patent") is titled "Content-Based
18 Segmentation Scheme for Data Compression in Storage and Transmission Including Hierarchical
19 Segment Representation" and was duly and legally issued on October 3, 2006.  Riverbed is the
20 legal owner of the '249 patent and has the right to sue for infringements of this patent.  A true and
21 correct copy of the '249 patent is attached hereto as Exhibit A.

22       13.     Quantum has directly infringed and continues to directly infringe the '249 patent by
23 making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold
24 products, systems, and/or services that practice the inventions of the '249 patent in violation of 35
25 U.S.C. § 271(a).  Specifically, Quantum offers a series of infringing data storage products that
26 utilize its "data de-duplication" technology including but not limited to its DXi7500, DXi5500,
27 and DXi3500 series.  Riverbed reserves the right to identify additional Quantum products that
28 infringe claims of the '249 patent.

14. Quantum has induced others to infringe and continues to induce others to infringe the '249 patent in violation of 35 U.S.C. § 271(b), and has contributorily infringed and continues to contributorily infringe the '249 patent in violation of 35 U.S.C. § 271(c).

15. Quantum infringes numerous claims in the '249 patent including but not limited to claims 1 and 19, which recite:

> 1. A method for storing data, comprising:
>
> receiving a file from a client at a server;
>
> segmenting the file into one or more segments;
>
> forming a list, comprising:
>
> determining whether each segment is present in a segment store, wherein a segment that is present in the segment store has an assigned reference label;
>
> for each segment present in the segment store, adding to the list the assigned reference label; and
>
> for each segment not present in the segment store, assigning a reference label to the segment, storing the segment and the reference label, and adding the reference label to the list; and
>
> storing an association between the file and the list.
>
> 19. A system for storing files, comprising:
>
> a front-end file system for receiving from a client a file command for a file, wherein the front-end file system includes a front-end file server;
>
> a back-end storage system including logic to segment the file; and a segment store for storing the segments;
>
> a network file system interface for sending or receiving contents of the file between the front-end file system and the back-end storage system.

Riverbed reserves the right to identify additional Quantum products as infringing and to identify additional claims of the '249 patent as being infringed.

16. Quantum's infringement of the '249 patent has caused damage to Riverbed, and Riverbed is entitled to recover from Quantum the damages sustained by Riverbed as a result of its wrongful acts in an amount subject to proof at trial.

1    17.    Quantum's infringement of the '249 patent will continue to damage Riverbed's business, causing irreparable harm for which there is no adequate remedy at law, unless it is enjoined by this Court.

    18.    Quantum's infringement of the '249 patent has been willful and deliberate, in that, on information and belief, Quantum has known of the '249 patent and has continued to infringe the claims of the '249 patent, entitling Riverbed to enhanced (and up to treble) damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

    19.    Riverbed incorporates the allegations in paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

    20.    Riverbed's products do not infringe, either directly or indirectly, any claim of the '810 patent.

    21.    Quantum's wrongful allegations of infringement of the '810 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that it does not infringe any claim of the '810 patent.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

    22.    Riverbed incorporates the allegations in paragraphs 1 through 10 of these counterclaims as if fully set forth herein.

    23.    The '810 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

    24.    Quantum's wrongful allegations of validity of the '810 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that every claim of the '810 patent is invalid.

## EXCEPTIONAL CASE

This is an exceptional case entitling Riverbed to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Quantum's assertion of the '810 patent against Riverbed with the knowledge that the '810 patent is not infringed and/or invalid.

## PRAYER FOR RELIEF

WHEREFORE, Riverbed prays for:

A. Judgment that the '249 Patent is valid and enforceable;

B. Judgment that Quantum infringes the '249 Patent under 35 U.S.C. § 271 (a), (b), and (c);

C. Judgment that Quantum's infringement of the '249 Patent under 35 U.S.C. § 271 (a), (b), and (c) has been willful and deliberate, and for an award to Riverbed of treble damages pursuant to 35 U.S.C. § 284;

D. An award to Riverbed of damages adequate to compensate Riverbed for Quantum's infringement of the '249 Patent, but in no event less than a reasonable royalty together with interests and costs;

E. An entry of preliminary and permanent injunctive relief enjoining and restraining Quantum and its officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with Quantum from further infringement of the '249 Patent;

F. A judgment in favor of Riverbed denying Quantum all relief requested in its Complaint in this action and dismissing Quantum's Complaint for patent infringement with prejudice;

G. Judgment declaring that Riverbed has not infringed and is not infringing any claim of the '810 patent, and that Riverbed has not contributed to or induced and is not contributing to or inducing infringement of any claim of the '810 patent;

H. Judgment declaring that each claim of the '810 patent is invalid;

I. A declaration that this case is exceptional, and for an award to Riverbed of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285;

1    J.    Disgorgement of all profits, revenues or investments that Quantum receives as a
2 result of any wrongful action as averred herein by Riverbed; and

3    K.    An award to Riverbed of such other and further relief as this Court deems just and
4 proper.

## DEMAND FOR JURY TRIAL

6    In accordance with Fed. R. Civ. P. 38(b), Riverbed demands a trial by jury on all issues
7 raised in Riverbed's answer and counterclaims so triable.

9 DATED: November 13, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP

                                    By /s/ Claude M. Stern
                                       Claude M. Stern
                                       Attorneys for Defendant and Counterclaimant,
                                       RIVERBED TECHNOLOGY, INC.