[COUNSEL LISTED ON SIGNATURE PAGE]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>    Plaintiff,<br><br>  v.<br><br>RIVERBED TECHNOLOGY INC.,<br><br>    Defendant. | Case No. C07-04161 WHA<br><br>**JOINT CASE MANAGEMENT STATEMENT**<br><br>CMC Date: November 29, 2007<br>CMC Time: 11:00 a.m.<br><br>Courtroom 9, 19th Floor<br><br>Honorable William H. Alsup<br>United States District Judge |
| AND RELATED COUNTERCLAIMS | |

        Plaintiff and Counterdefendant Quantum Corporation ("Quantum") and Defendant and Counterclaimant Riverbed Technology, Inc. ("Riverbed") hereby submit this Joint Case Management Statement.

**1.**   **JURISDICTION AND SERVICE**:

        There is no dispute concerning service, personal jurisdiction, or venue in the action. All named parties have been served.

**2.**   **FACTS:**

        On August 14, 2007, Quantum filed its Complaint against Riverbed alleging infringement of United States Patent No. 5,990,810, issued on November 23, 1999 and entitled, "METHOD FOR PARTITIONING A BLOCK OF DATA INTO SUBBLOCKS AND FOR STORING AND COMMUNICATING SUCH SUBBLOCKS" (the "'810 Patent"). Quantum contends that Riverbed is manufacturing and selling software products that infringe the '810 Patent. Quantum served its Complaint on Riverbed on October 9, 2007.

        On October 29, 2007, Riverbed filed its Answer, Affirmative Defenses and Counterclaims in response to Quantum's Complaint. Riverbed filed its First Amended Answer and Counterclaims For: Infringement of U.S. Patent No. 7,116,249; and Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 5,990,810 on November 13, 2007. Riverbed's First Amended Answer and Counterclaim amended Riverbed's Answer and Counterclaim by including a counterclaim for infringement of Riverbed's U.S. Patent No. 7,116,249 ("the '249 Patent"). Specifically, Riverbed alleges that certain data storage products made and sold by Quantum infringe the '249 patent.

**3.**   **LEGAL ISSUES**:

        The parties believe that the following legal issues are relevant and in dispute. Additional legal issues may emerge in discovery, which is in its earliest stages. The parties reserve their rights to modify their positions on these points as discovery proceeds and further information becomes available.

        With respect to Quantum's patent infringement claim under the '810 patent, the disputed legal issues include: (1) whether Riverbed products infringe the '810 patent under 35 U.S.C.

1  § 271(a), (b), or (c); (2) whether any infringement of the '810 patent was willful; (3) the construction
2  of claim terms in the '810 patent, including "predetermined constraint"; (4) the amount of damages,
3  if any; (5) the validity of claims in the '810 patent; (6) whether Quantum's claims are barred by the
4  doctrines of laches or equitable estoppel; (7) whether Quantum's damages are limited because
5  products were not marked in accordance with 35 U.S.C. § 287; (8) whether Quantum has standing to
6  sue for infringement of the '810 patent; (9) whether Quantum is entitled to injunctive relief; (10)
7  whether Quantum's complaint fails to state a claim for which relief can be granted.

8        With respect to Riverbed's patent infringement claim under the '249 patent, the
9  disputed legal issues include: (1) whether Quantum products infringe the '249 patent under 35 U.S.C.
10 § 271(a), (b), or (c); (2) whether any infringement of the '249 patent was willful; (3) the construction
11 of claim terms in the '249 patent; (4) the amount of damages, if any; and (5) the validity of claims in
12 the '249 patent.

13 **4.      MOTIONS:**

14       No motions are currently pending. Quantum anticipates filing summary judgment
15 motions following claim construction of disputed terms in the '810 and '249 patents, likely regarding
16 infringement of the '810 patent and the non-infringement and/or invalidity of the '249 patent.
17 Riverbed anticipates filing summary judgment motions relating to the infringement of the '249
18 patent, the non-infringement of the '810 patent, and/or the invalidity of the '810 patent.

19 **5.      AMENDMENT OF PLEADINGS:**

20       No additional parties are known at this time. Quantum does not currently expect to
21 add or dismiss parties, claims, or defenses at this time, and proposes that the deadline for amending
22 the pleadings shall be February 28, 2008. Riverbed has learned that Quantum purchased certain
23 Riverbed products and is investigating whether Quantum improperly used or reverse engineered any
24 of these products in violation of agreements between Riverbed and Quantum. If Riverbed learns that
25 Quantum improperly used or reverse engineered Riverbed's products, Riverbed intends to add
26 additional counterclaims relating to any improper use or reverse engineering. Accordingly, Riverbed
27 requests that the deadline for amending the pleadings be March 28, 2008 to allow Riverbed ample
28 time to conduct discovery and complete its investigation into these potential claims.

1  **6.        EVIDENCE PRESERVATION:**

2        Electronic discovery, and specifically the preservation of electronically stored information
3  and proper disclosure of electronically stored information, may be an aspect of this case. Counsel
4  for the parties have discussed their mutual need to inform their respective clients of the duty to retain
5  evidence including electronically stored information, and have had the appropriate discussions with
6  their respective clients. The parties have also discussed how they will produce electronically-stored
7  information, and will produce in single-page TIFF format with load files containing the following
8  information associated with the TIFFs: BEGDOC; ENDDOC; BEGATTACH; ENDATTACH. The
9  parties agree to preserve metadata for the electronically-stored information, but will not initially
10 produce the metadata to each other. Should either party wish to see other metadata corresponding to
11 specific documents produced, that party shall make a written request providing the bates ranges of
12 the documents for which it wishes to see further metadata, and specify the metadata it wishes to
13 review (*e.g.*, create date, last modified date, etc.). The party requested to provide further metadata
14 shall comply within a reasonable period of time unless it can demonstrate that the request is
15 manifestly unreasonable. The parties also agree that they may modify this production procedure in
16 the future. Quantum and Riverbed have undertaken "litigation hold" procedures to maintain and
17 preserve potentially relevant information and evidence in this case.

18 **7.        DISCLOSURES:**

19        The parties have met and conferred regarding their initial disclosures as required by
20 Federal Rule of Civil Procedure 26(a) and agreed to serve these disclosures by November 20, 2007.
21 Riverbed served its initial disclosures on November 16, 2007. Quantum served its initial disclosures
22 on November 20, 2007.

23 **8.        DISCOVERY:**

24        a.    <u>Discovery Taken To Date</u>. Riverbed served its first set of document requests
25 and first set of interrogatories on November 2, 2007, to which Quantum is currently due to respond
26 on December 3, 2007. Quantum served its first set of document requests on November 14, 2007, to
27 which Riverbed is currently due to respond on December 14, 2007.

28

        b.    <u>Scope of Anticipated Discovery</u>.  Quantum intends to conduct discovery relating to: 1) the parties' companies and dealings; 2) the conception, prosecution, and technologies of the '810 Patent and Riverbed's '700 and '249 Patents; 3) the software products manufactured, distributed, and/or used by the parties; 4) the parties' products and services, including the sales and marketing of such; 5) the parties' customers and market and potential customers and markets, and the parties' interaction therewith; 6) the damages claimed by both parties; and 7) other evidence relating to establishing or refuting the presence of the elements of the parties' legal claims and affirmative defenses.

        Riverbed intends to conduct discovery relating to its patent infringement claims under the '249 patent, damages issues relating to the '249 patent, its defenses and counterclaims of non-infringement and invalidity under the '810 patent, its affirmative defenses under the '810 patent, and damages issues relating to the '810 patent.

        Other subject matter may be pursued in discovery by the parties if the course of litigation makes it necessary or desirable.  The parties know of no appropriate, alternative methods of discovery that are available or that should be employed.

        The parties will attempt to agree on a Stipulated Protective Order to govern discovery in this case.  In the interim, confidential information disclosed will be produced on a "Confidential – Outside Attorneys' Eyes Only" basis.

1    c.    <u>Proposed Limitations or Modifications of the Discovery Rules</u>. The parties
2 agree to fifty (50) interrogatories per side, twenty (20) depositions per side (however, the parties
3 stipulate and agree that the 20 depositions are exclusive of other depositions of experts and prior
4 artists), no limit on document requests, and no limit on requests for admissions. Additionally, the
5 parties reserve the right to seek leave from the Court should later developments reveal that additional
6 discovery is required.

7    d.    <u>Discovery Plan Pursuant to Federal Rule of Civil Procedure 26(f)</u>. The report
8 of the parties in this Section 8 constitutes their reasonable discovery plan pursuant to Federal Rule of
9 Civil Procedure 26(f). The parties reserve their right to apply to the Court in the future for an order
10 either permitting further discovery or imposing additional limitations upon discovery.

11 **9.    CLASS ACTIONS:**

12    Not applicable.

13 **10.    RELATED CASES:**

14    None.

15 **11.    RELIEF:**

16    Quantum seeks damages in an amount to be proven at trial for infringement of the
17 '810 Patent (35 U.S.C. § 284), treble damages for willful patent infringement (35 U.S.C. § 284),
18 costs of this action and reasonable attorneys' fees pursuant to a finding that this is an exceptional
19 case (35 U.S.C. § 285), injunctive relief enjoining Riverbed from further infringing the '810 Patent,
20 and any other further relief as the Court may determine to be just and proper. Quantum will also
21 seek a judgment in its favor dismissing with prejudice the Counterclaims of Riverbed upon no
22 recovery for Riverbed, a judgment that all claims of the '249 Patent are invalid, a judgment that
23 Quantum has not infringed and is not infringing (directly, contributorily, or by inducement) any
24 claim of the '249 Patent, and its costs and expenses and attorneys' fees in connection therewith
25 pursuant to 35 U.S.C. § 285.

26    Riverbed seeks (1) judgment that the '249 Patent is valid and enforceable; (2)
27 judgment that Quantum infringes the '249 Patent under 35 U.S.C. § 271 (a), (b), and (c); (3)
28 judgment that Quantum's infringement of the '249 Patent under 35 U.S.C. § 271 (a), (b), and (c) has

1. been willful and deliberate, and for an award to Riverbed of treble damages pursuant to 35 U.S.C. § 284; (4) an award to Riverbed of damages adequate to compensate Riverbed for Quantum's infringement of the '249 Patent, but in no event less than a reasonable royalty together with interests and costs; (5) an entry of preliminary and permanent injunctive relief enjoining and restraining Quantum and its officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with Quantum from further infringement of the '249 Patent; (6) judgment in favor of Riverbed denying Quantum all relief requested in its Complaint in this action and dismissing Quantum's Complaint for patent infringement with prejudice; (7) judgment declaring that Riverbed has not infringed and is not infringing any claim of the '810 patent, and that Riverbed has not contributed to or induced and is not contributing to or inducing infringement of any claim of the '810 patent; (8) judgment declaring that each claim of the '810 patent is invalid; (9) a declaration that this case is exceptional, and for an award to Riverbed of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285; (10) disgorgement of all profits, revenues or investments that Quantum receives as a result of any wrongful action as averred herein by Riverbed; and (11) an award to Riverbed of such other and further relief as this Court deems just and proper.

**12.    SETTLEMENT AND ADR:**

The parties have preliminarily discussed settlement amongst themselves, but do not believe that settlement is possible at this time. The parties filed the appropriate stipulation electing to proceed with court-sponsored mediation on November 5, 2007 and this stipulation is pending before the Court. Although the parties will participate in good faith in the ADR process, they believe that claim construction may be necessary to resolve what appears to be the main issues of consequence and dispute between them.

**13.    CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES:**

The parties do not consent to assignment of this case to a United States Magistrate Judge for trial.

**14.    OTHER REFERENCES:**

The parties do not presently believe that this case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

**15. NARROWING OF ISSUES:**

The parties believe that construction of the claim terms may significantly narrow the issues in this action.

**16. EXPEDITED SCHEDULE:**

The parties do not request or believe that an expedited schedule is appropriate for this case.

**17. SCHEDULING:**

The parties propose the following schedule (holding as nearly as possible to the suggested deadlines under the Patent Local Rules) set forth below:

| Event | Quantum's Proposal | Riverbed's Proposal |
|---|---|---|
| Disclosure of Asserted Claims and Preliminary Infringement Contentions | December 13, 2007 | Same |
| Preliminary Invalidity Contentions | January 31, 2008 | Same |
| Simultaneous Exchange of Proposed Terms and Claim Elements for Construction | February 14, 2008 | Same |
| Simultaneous Exchange of Preliminary Claim Constructions and Extrinsic Evidence | March 5, 2008 | Same |
| Joint Claim Construction and Prehearing Statement | March 31, 2008 | Same |
| Close of discovery related to claim Construction | April 30, 2008 | Same |
| Opening Claim Construction Briefs | May 15, 2008 | Same |
| Claim Construction Opposition Briefs | May 29, 2008 | Same |
| Claim Construction Reply Briefs | June 5, 2008 | Same |
| Claim Construction Hearing and Tutorial | June 19, 2008, or at the Court's convenience | Same |
| Final Infringement Contentions | 30 days after issuance of claim construction ruling | Same |
| Final Invalidity Contentions | 50 days after issuance of | Same |

|  | claim construction ruling |  |
|---|---|---|
| Fact discovery closes | October 10, 2008 | November 14, 2008 |
| Parties to designate experts and serve opening expert reports for which they bear the burden of proof | October 24, 2008 | December 19, 2008 |
| Parties to serve rebuttal expert reports | November 14, 2008 | January 23, 2009 |
| Expert discovery closes | December 3, 2008 | February 20, 2009 |
| Last day to file dispositive motions | December 23, 2008 | March 6, 2009 |
| Oppositions to dispositive motions | January 6, 2009 | March 13, 2009 |
| Replies in support of dispositive motions | January 13, 2009 | March 20, 2009 |
| Hearing on dispositive motions | January 27, 2009 | April 3, 2009 |
| Final pre-trial conference | February 20, 2009 | June 8, 2009 |
| Trial Commences | March 9, 2009 | June 29, 2009 |

18. **TRIAL:**

Both Quantum and Riverbed have demanded a jury trial, and anticipate that trial will last approximately 10 days. It may be possible to reduce the length of trial by stipulation, use of summaries, or by other means, but it is too early to determine whether that is the case. The parties do not believe that bifurcation of the issues is appropriate in this case.

19. **DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PARTIES:**

Both parties have filed a "Certification of Interested Entities or Parties." Quantum's counsel certifies by signature hereto that, pursuant to Civil L.R. 3-16, as of this date, other than the named parties, there is no interest to report. Riverbed's counsel certifies by signature hereto that, pursuant to Civil L.R. 3-16, as of this date, other than the named parties, there is no interest to report.

20. **OTHER ISSUES:**

The parties will adhere to the Court' Supplemental Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup (Docket No. 14). However, the parties

jointly propose the following modifications pursuant to Paragraph 12 of the Court's Supplemental Order and request that the Court's Supplemental Order be modified as follows:

      1.    <u>Privilege Log Requirements</u>. The parties request that the Court issue an order confirming that Paragraph 17(b) of the Supplemental Order may be fulfilled by the following statement (or something substantially similar) from the party responding to the discovery requests: "[Party] certifies that adequate steps were taken to ensure the confidentiality of the document or communication and that to the best of [Party's] knowledge no unauthorized persons received the document or communication."

      Additionally, the parties request an order enacting their agreement that no communications between a party and its opinion counsel need be listed on a privilege log if those communications occurred after the obtainment of any final opinion letters regarding patent issues relevant to this action from said counsel. Further, no communications between a party and its litigation counsel need be listed on a privilege log if those communications occurred after the filing of this lawsuit.

      2.    <u>Drafts of Expert Reports</u>. The parties request the Court issue an order modifying Paragraph 23 of the Supplemental Order to provide that nothing shall preclude an expert from working on and updating a continuous version of an expert report without preserving interim drafts thereof even if the expert has discussions with litigation counsel while doing so.

      3.    <u>Rule 30(b)(6) Depositions</u>. The parties request the Court issue an order modifying Paragraph 24(b) of the Supplemental Order to provide that when one individual is deposed in both his capacity as a corporate designee and as an individual, the testimony need not be separately transcribed so long as a clear statement is made on the record, and acknowledged on the record by counsel representing the witness, indicating that the questioning will thereafter be directed to the witness in his individual instead of corporate capacity, or vice versa. The parties further request that Paragraph 24(b) be modified to confirm that any deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as only one deposition, regardless of how many individuals the company-deponent designates to give testimony as to the various topics noticed, unless the

testimony of any one designee lasts more than four hours, in which case that designee's testimony will count as a separate deposition against the deposing party's total allotment.

By his signature below, counsel for Quantum attests that counsel for Riverbed whose electronic signature is provided has concurred in this filing.

Dated: November 21, 2007

SHEPPARD MULLIN RICHTER & HAMPTON LLP

By: _____/s/ Nathaniel Bruno_____

Amar L. Thakur
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone: 858-720-8900
Facsimile: 858-509-3691

Nathaniel Bruno
Four Embarcadero Center, 17th Floor
San Francisco, CA 94111-4106
Telephone: 415.434.9100
Facsimile: 415.434.3947

Attorneys for QUANTUM CORPORATION

Dated: November 21, 2007

QUINN EMANUEL URQUHART OLIVER & HEDGES LLP

By: _____/s/ Todd M. Briggs_____

Claude M. Stern
Todd M. Briggs
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Telephone: 650-801-5020
Facsimile: 650-801-5100

Attorneys for RIVERBED TECHNOLOGY, INC.