AMAR L. THAKUR, CAL. BAR NO. 194025
JON E. MAKI, CAL. BAR NO. 199958
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:    858-720-8900
Facsimile:     858-509-3691
Email: athakur@sheppardmullin.com
       jmaki@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:    415-434-2984
Facsimile:     415-434-6095
Email: nbruno@sheppardmullin.com

Attorneys for Plaintiff,
QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION, a Delaware corporation,<br><br>            Plaintiff,<br><br>    v.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>            Defendant. | Case No. C 07-04161 WHA<br><br>**QUANTUM CORPORATION'S REPLY TO RIVERBED TECHNOLOGY, INC.'S COUNTERCLAIMS,**<br><br>**AND**<br><br>**COUNTERCLAIMS FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,116,249,**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL**<br><br>The Hon. William H. Alsup<br>Complaint Filed: August 14, 2007 |
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>            Counterclaimant,<br><br>    v.<br><br>QUANTUM CORPORATION, a Delaware corporation,<br><br>            Counterdefendant. | |

-1-

## QUANTUM'S REPLY TO COUNTERCLAIMS

## COUNTERCLAIM

## (DECLARATORY JUDGMENT)

Plaintiff Quantum Corporation (hereafter, "Quantum"), by its counsel, hereby respectfully replies to the Counterclaims of Defendant Riverbed Technology, Inc. (hereafter, "Riverbed"), contained in Riverbed's "COUNTERCLAIMS FOR: INFRINGEMENT OF U.S. PATENT NO. 7,116,249; AND DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 5,990,810" attached to its First Amended Answer to Quantum's Complaint (hereafter, "Counterclaim"), as follows:

## PARTIES

1. Quantum admits the allegations contained in Counterclaim paragraph 1.

2. Quantum is without knowledge or information sufficient to form a belief as to the allegations of Counterclaim paragraph 2, and on that basis denies the allegations of paragraph 2 both generally and specifically.

3. Quantum admits the allegations contained in Counterclaim paragraph 3.

4. Quantum admits that it designs, builds, and sells data storage products utilizing Quantum's "data de-duplication" technology including Quantum's DXi-Series products and systems. Because the remaining allegations of Counterclaim paragraph 4 are vague and ambiguous as to the purported meaning of "segment data prior to storage," "systems and methods for storing data," and "covers systems and methods for storing data," Quantum is without knowledge or information sufficient to form a belief as to the remaining allegations of Counterclaim paragraph 4, and on that basis denies all such allegations both generally and

-2-

W02-WEST:6CHW1\400527858.3    QUANTUM'S REPLY TO RIVERBED'S COUNTERCLAIMS, AND
COUNTERCLAIMS FOR DECLARATORY JUDGMENT
Case No. C 07-04161 WHA

specifically. Quantum further specifically denies that any of its products infringe U.S. Patent No. 7,116,249 (the "249 patent") either directly or indirectly.

**JURISDICTION AND VENUE**

5. Quantum admits the allegations contained in Counterclaim paragraph 5.

6. Quantum admits the allegations contained in Counterclaim paragraph 6.

7. Quantum admits the allegations contained in Counterclaim paragraph 7.

**EXISTENCE OF ACTUAL CONTROVERSY**

8. Quantum admits the allegations contained in Counterclaim paragraph 8.

9. Quantum admits the allegations contained in Counterclaim paragraph 9.

10. Quantum admits the allegations contained in Counterclaim paragraph 10.

**FIRST COUNTERCLAIM**

**(Infringement of United States Patent No. 7,116,249)**

11. Quantum incorporates its answers to paragraphs 1 through 10 of the Counterclaim as if set forth fully herein.

12. Quantum admits that a true and correct copy of the '249 patent was attached to the Counterclaim filed in this matter as Exhibit A thereto, that the '249 patent is titled "Content-

Based Segmentation Scheme for Data Compression in Storage and Transmission Including Hierarchical Segment Representation," and that the face of the '249 patent purports an issuance date of October 3, 2006, but denies that the '249 patent was "duly and legally" issued. Quantum is without knowledge or information sufficient to form a belief as to the remaining allegations of Counterclaim paragraph 12, and on that basis denies the remaining allegations of Counterclaim paragraph 12 both generally and specifically.

13.   Quantum admits that it offers a series of data storage products that utilize its "data de-duplication" technology including but not limited to its DXi7500, DXi5500, and DXi3500 series. Quantum denies all other allegations contained in Counterclaim paragraph 13.

14.   Quantum denies the allegations contained in Counterclaim paragraph 14.

15.   Quantum denies the allegations contained in Counterclaim paragraph 15.

16.   Quantum denies the allegations contained in Counterclaim paragraph 16, and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed is entitled to relief of any kind.

17.   Quantum denies the allegations contained in Counterclaim paragraph 17, and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed is entitled to relief of any kind.

18.   Quantum denies the allegations contained in Counterclaim paragraph 18, and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed is entitled to relief of any kind.

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

19. Quantum incorporates its answers to paragraphs 1 through 18 of the Counterclaim as if set forth fully herein.

20. Quantum denies the allegations contained in Counterclaim paragraph 20.

21. Quantum denies that its allegations of infringement are wrongful, but admits that Riverbed's denial of those allegations creates the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum further admits that Riverbed's Counterclaim purports to seek a judgment that Riverbed does not infringe any claim of the '810 patent, but specifically denies that Riverbed is entitled to relief of that or any other kind.

## SECOND [sic] COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

22. Quantum incorporates its answers to paragraphs 1 through 21 of the Counterclaim as if set forth fully herein.

23. Quantum denies the allegations contained in Counterclaim paragraph 23.

24. Quantum denies that its allegations of validity are wrongful, but admits that Riverbed's denial of those allegations creates the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum further admits that Riverbed's Counterclaim purports to seek a judgment that every claim of the '810 patent is invalid, but specifically denies that Riverbed is entitled to relief of that or any other kind.

## EXCEPTIONAL CASE

Quantum denies the allegations contained under the "Exceptional Case" Section of the Counterclaim.

## PRAYER FOR RELIEF

Quantum denies that Riverbed is entitled to any relief.

## AFFIRMATIVE DEFENSES

Without altering the burden of proof, Quantum asserts the following affirmative defenses. Quantum presently has insufficient knowledge and information on which to form a belief as to whether it may have as yet unstated affirmative defenses available to Riverbed's Counterclaim. Quantum's investigation of its defenses is continuing. Quantum reserves herein the right to assert further defenses other than those specifically set forth herein, including any affirmative or other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that may now exist or in the future be available in the event that discovery and further investigation indicates any such affirmative defenses would be appropriate.

## FIRST AFFIRMATIVE DEFENSE

### (Non-Infringement)

Quantum does not infringe and has not infringed any valid claim of the '249 patent either literally or under the doctrine of equivalents, has not willfully infringed and is not willfully infringing any valid claim of the '249 patent, has not induced and is not inducing infringement of

-6-

any valid claim of the '249 patent, and has not committed and is not committing acts constituting contributory infringement of any valid claim of the '249 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Patent Invalidity)

Each and every claim of the '249 patent is invalid under one or more provisions of the Patent Laws of the United States, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (Ownership of the '810 Patent)

The allegations of the counterclaim describe actions which are proper for Plaintiff/Counter-Defendant as the owner of U.S. Patent No. 5,990,810, pursuant to the Patent Laws of the United States and the rights granted therein.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Riverbed's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Because Riverbed unreasonably delayed in asserting some or all of the purported claims in its Counterclaim, thereby prejudicing Quantum, the doctrine of laches bars those claims and extinguishes or limits any potential relief available to Riverbed.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

Riverbed's Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

## QUANTUM'S COUNTERCLAIMS TO RIVERBED'S FIRST COUNTERCLAIM FOR INFRINGEMENT OF UNITED STATES PATENT NO. 7,116,249

Quantum hereby counterclaims against Riverbed as follows:

### PARTIES

1. Quantum is a Delaware corporation having a principal place of business at 1650 Technology Drive, Suite 700, San Jose, CA, 95110.

2. Riverbed is a Delaware corporation having a principal place of business at 199 Fremont Street, San Francisco, CA, 94105.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over Quantum's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because Riverbed's counterclaim for infringement of U.S. Patent No. 7,116,249 (the "'249 Counterclaim") is a claim for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. §§ 2201 and 2202 because Quantum's counterclaims herein are declaratory judgment claims.

4. By filing its counterclaims (including the '249 Counterclaim) Riverbed consented to the personal jurisdiction of this Court. Riverbed is also subject to the personal

-8-

jurisdiction of this Court because, *inter alia*, and upon information and belief, Riverbed directly and through its agents regularly does, solicits, and transacts business in the Northern District of California and elsewhere in the state of California, including business with respect to the goods and services that are the subject of this action.

5.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400.

### EXISTENCE OF ACTUAL CONTROVERSY

6.  Riverbed alleges in its '249 Counterclaim that it is the legal owner of U.S. Patent No. 7,116,249 (the "'249 patent").

7.  Riverbed alleges in its '249 Counterclaim that Quantum is making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products, systems, and/or services that infringe the '249 patent.

8.  Riverbed alleges in its '249 Counterclaim that the '249 patent was "duly and legally" issued, which, on information and belief, is at least in part an allegation that the '249 patent is valid.

### QUANTUM'S FIRST COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM

#### (Declaratory Judgment of Non-Infringement)

9.  Quantum incorporates the allegations of paragraphs 1-8 of its counterclaims as if fully set forth in this paragraph.

1　　　　10.　　Quantum's products, systems, and services do not infringe, either directly or indirectly, any claim of the '249 patent.

11.　　Riverbed's allegations of infringement of the '249 patent and Quantum's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum seeks a judgment that it does not infringe any claim of the '249 patent.

### QUANTUM'S SECOND COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

12.　　Quantum incorporates the allegations of paragraphs 1-11 of its counterclaims as if fully set forth in this paragraph.

13.　　The '249 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

14.　　Riverbed's allegations of validity of the '249 patent and Quantum's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum seeks a judgment that every claim of the '249 patent is invalid.

### EXCEPTIONAL CASE

This is an exceptional case entitling Quantum to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as

a result of, *inter alia*, Riverbed's assertion of the '249 patent against Quantum with the knowledge that the '249 patent is not infringed and/or is invalid.

## QUANTUM'S PRAYER FOR RELIEF

WHEREFORE, Quantum prays for judgment against Riverbed as follows:

(1) Judgment declaring that U.S. Patent No. 5,990,810 (the "'810 patent") is valid and enforceable;

(2) Judgment declaring that Riverbed infringes the '810 patent, and that such infringement has been and is willful and deliberate;

(3) Judgment declaring that Quantum has not infringed, has not contributorily infringed, and has not induced acts of infringement by others of the '249 patent;

(4) Judgment declaring that each claim of the '249 patent is invalid;

(5) That judgment be entered on Riverbed's Counterclaim, and each and every claim therein, in favor of Quantum and against Riverbed and that Riverbed be granted no relief thereon, or, in the alternative, that Riverbed's Counterclaim, and each and every claim therein, be dismissed with prejudice and without leave to amend;

(6) A declaration that this is an exceptional case, and for an award to Quantum of its attorneys' fees, costs, and other expenses pursuant to 35 U.S.C. § 285; and

(7) That Quantum be awarded such other and further relief as the Court may deem just under the circumstances.

## DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Quantum demands a trial by jury on all issues raised herein so triable.

Dated: November 28, 2007

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By

/s/ Nathaniel Bruno
AMAR L. THAKUR
JON E. MAKI
NATHANIEL BRUNO

Attorneys for
QUANTUM CORPORATION