**[COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>                  Plaintiff,<br><br>       v.<br><br>RIVERBED TECHNOLOGY INC.,<br><br>                  Defendant.<br><br>AND RELATED COUNTERCLAIMS | Case No. C07-04161 WHA<br><br>**STIPULATION REGARDING DISCOVERY AND [PROPOSED] ORDER**<br><br>Honorable William H. Alsup<br>United States District Judge |

-1-

CASE NO. C07-04161 WHA                                          STIPULATION REGARDING DISCOVERY

Riverbed Technology, Inc. ("Riverbed") and Quantum Corporation ("Quantum") respectfully request that the Court enter the following stipulation the parties have reached regarding discovery in this action.[1] The parties will adhere to the Court's Supplemental Order Setting Initial Case Management Conference in Civil Cases Before Judge Alsup ("Supplemental Order") (Docket No. 14) and the discovery provisions therein. However, pursuant to Paragraph 12 of the Supplemental Order, the parties hereby agree to clarify and modify certain aspects of the Supplemental Order as follows:

1. **Privilege Log Requirements**.

The parties are not required to list the following documents or communications on their privilege logs: (1) documents or communications dated after Quantum's initial filing of this lawsuit; (2) intra-firm documents or communications (*e.g.*, communications taking place within litigation counsel's law firm) generated before or after Quantum's initial filing of this lawsuit; and (3) communications between a party and its opinion counsel that occurred after the obtainment of any final opinion letters regarding patent issues relevant to this action.

Each party shall provide a privilege log within two weeks of the date of its first initial obligation to respond to document requests in this action. The initial privilege log shall list all documents or communications for which a claim of privilege or work product is made that the party is aware of at the time the initial privilege log is produced. The parties shall promptly supplement their initial privilege log if they become aware of additional documents or communications subject to a claim of privilege or work product. Privilege logs shall provide the information required sections (a)-(d) in Paragraph 17 of the Supplemental Order. Adherence to this procedure shall not be deemed a waiver of any privilege or protection.

---

[1] Several of the following discovery agreements were included in the parties' Joint Case Management Statement and raised during the November 29, 2007 Case Management Conference. During that conference, the Court indicated that such agreements between the parties were permissible and would be enforced by the Court if in writing.

Paragraph 17(b) of the Supplemental Order may be fulfilled by the following statement (or something substantially similar) from the party responding to the discovery requests: "[Party] certifies that adequate steps were taken to ensure the confidentiality of the document or communication and that to the best of [Party's] knowledge no unauthorized persons received the document or communication."

2. **Drafts of Expert Reports**.

Paragraph 23 of the Supplemental Order shall be modified to provide that nothing shall preclude an expert from working on and updating a continuous version of an expert report without preserving interim drafts thereof even if the expert has discussions with litigation counsel while doing so.

3. **Rule 30(b)(6) Depositions**.

Paragraph 24(b) of the Supplemental Order shall be modified to provide that when one individual is deposed in both his capacity as a corporate designee and as an individual, the testimony need not be separately transcribed so long as a clear statement is made on the record, and acknowledged on the record by counsel representing the witness, indicating that the questioning will thereafter be directed to the witness in his individual instead of corporate capacity, or vice versa.

Paragraph 24(b) shall be modified to provide that any deposition pursuant to Federal Rule of Civil Procedure 30(b)(6) shall count as only one deposition, regardless of how many individuals the company-deponent designates to give testimony as to the various topics noticed, unless the testimony of any one designee lasts more than four hours, in which case that designee's testimony will count as a separate deposition against the deposing party's total allotment.

1  **NOW, THEREFORE**, the parties to this action, through their respective counsel of record,

2  **AGREE TO AND HEREBY STIPULATE** to the foregoing.

Dated: December 6, 2007        QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


/s/ Todd M. Briggs

Todd M. Briggs
Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.

Dated: December 6, 2007        SHEPPARD MULLIN

/s/ Amar Thakur

Amar Thakur
Attorneys for Defendant and Counterclaimant
QUANTUM CORPORATION

I, Todd M. Briggs, am the ECF User whose identification and password are being used to file this document. Pursuant to General Order 45.X.B, I hereby attest that counsel for Quantum has concurred in this filing.

## ORDER

**PURSUANT TO STIPULATION, IT IS SO ORDERED**

Dated: _____

Honorable William H. Alsup
United States District Judge