**[COUNSEL LISTED ON SIGNATURE PAGE]**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION, | Case No. C07-04161 WHA |
| Plaintiff, | **STIPULATION REGARDING DISCOVERY AND [PROPOSED] ORDER** |
| v. | |
| RIVERBED TECHNOLOGY INC., | |
| Defendant. | Honorable William H. Alsup<br>United States District Judge |
| AND RELATED COUNTERCLAIMS | |

1    Riverbed Technology, Inc. ("Riverbed") and Quantum Corporation ("Quantum")

2    respectfully request that the Court enter the following stipulation the parties have reached regarding

3    discovery in this action.[1]  The parties will adhere to the Court's Supplemental Order Setting Initial

4    Case Management Conference in Civil Cases Before Judge Alsup ("Supplemental Order") (Docket

5    No. 14) and the discovery provisions therein.  However, pursuant to Paragraph 12 of the

6    Supplemental Order, the parties hereby agree to clarify and modify certain aspects of the

7    Supplemental Order as follows:

8              1.    **Privilege Log Requirements**.

9              The parties are not required to list the following documents or communications on

10   their privilege logs:  (1) documents or communications dated after Quantum's initial filing of this

11   lawsuit; (2) intra-firm documents or communications (*e.g.*, communications taking place within

12   litigation counsel's law firm) generated before or after Quantum's initial filing of this lawsuit; and (3)

13   communications between a party and its opinion counsel that occurred after the obtainment of any

14   final opinion letters regarding patent issues relevant to this action.

15             Each party shall provide a privilege log within two weeks of the date of its first initial

16   obligation to respond to document requests in this action.  The initial privilege log shall list all

17   documents or communications for which a claim of privilege or work product is made that the party

18   is aware of at the time the initial privilege log is produced.  The parties shall promptly supplement

19   their initial privilege log if they become aware of additional documents or communications subject

20   to a claim of privilege or work product.  Privilege logs shall provide the information required

21   sections (a)-(d) in Paragraph 17 of the Supplemental Order.  Adherence to this procedure shall not be

22   deemed a waiver of any privilege or protection.

23

24

25

26            [1]   Several of the following discovery agreements were included in the parties' Joint Case
      Management Statement and raised during the November 29, 2007 Case Management Conference.
27    During that conference, the Court indicated that such agreements between the parties were
      permissible and would be enforced by the Court if in writing.
28

1    Paragraph 17(b) of the Supplemental Order may be fulfilled by the following

2    statement (or something substantially similar) from the party responding to the discovery requests:

3    "[Party] certifies that adequate steps were taken to ensure the confidentiality of the document or

4    communication and that to the best of [Party's] knowledge no unauthorized persons received the

5    document or communication."

6    2.    **Drafts of Expert Reports**.

7    Paragraph 23 of the Supplemental Order shall be modified to provide that nothing

8    shall preclude an expert from working on and updating a continuous version of an expert report

9    without preserving interim drafts thereof even if the expert has discussions with litigation counsel

10    while doing so.

11    3.    **Rule 30(b)(6) Depositions**.

12    Paragraph 24(b) of the Supplemental Order shall be modified to provide that when

13    one individual is deposed in both his capacity as a corporate designee and as an individual, the

14    testimony need not be separately transcribed so long as a clear statement is made on the record, and

15    acknowledged on the record by counsel representing the witness, indicating that the questioning will

16    thereafter be directed to the witness in his individual instead of corporate capacity, or vice versa.

17    Paragraph 24(b) shall be modified to provide that any deposition pursuant to Federal

18    Rule of Civil Procedure 30(b)(6) shall count as only one deposition, regardless of how many

19    individuals the company-deponent designates to give testimony as to the various topics noticed,

20    unless the testimony of any one designee lasts more than four hours, in which case that designee's

21    testimony will count as a separate deposition against the deposing party's total allotment.

22

23

24

25

26

27

28

1       **NOW, THEREFORE**, the parties to this action, through their respective counsel of record,

2   **AGREE TO AND HEREBY STIPULATE** to the foregoing.

3

4   Dated:  December 6, 2007       QUINN EMANUEL URQUHART OLIVER &
                                   HEDGES, LLP

5

6
                                   /s/  Todd M. Briggs

7

8                                      Todd M. Briggs
                                   Attorneys for Defendant and Counterclaimant,

9                                      RIVERBED TECHNOLOGY, INC.

10  Dated:  December 6, 2007       SHEPPARD MULLIN

11                                     /s/  Amar Thakur

12
                                   Amar Thakur

13                                     Attorneys for Defendant and Counterclaimant
                                   QUANTUM CORPORATION

14

15

16      I, Todd M. Briggs, am the ECF User whose identification and password are being used to

file this document.  Pursuant to General Order 45.X.B, I hereby attest that counsel for Quantum has

17

concurred in this filing.

18

19                                      **<u>ORDER</u>**

20

21

22  **PURSUANT TO STIPULATION, IT IS SO ORDERED**

23

24

25  Dated:  _December 7, 2007_

26                                     Honorable William Alsup
                                   United States District Judge

27

28

-4-