1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Claude M. Stern (Bar No. 96737)
2  Todd M. Briggs (Bar No. 209282)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California  94065-2139
   Telephone:  (650) 801-5000
4  Facsimile:  (650) 801-5100
   Email:  claudestern@quinnemanuel.com
5          toddbriggs@quinnemanuel.com

6  Attorneys for Defendant,
   RIVERBED TECHNOLOGY, INC.
7

8
                        **UNITED STATES DISTRICT COURT**
9
                        **NORTHERN DISTRICT OF CALIFORNIA**
10

11

12 | QUANTUM CORPORATION,          | CASE NO. C 07-4161 WHA
13 |        Plaintiff,              | **RIVERBED TECHNOLOGY, INC.'S REPLY TO QUANTUM CORPORATION'S DECLARATORY JUDGMENT COUNTERCLAIMS**
14 |    vs.                         |
15 | RIVERBED TECHNOLOGY, INC.,     |
16 |        Defendant.              | **DEMAND FOR JURY TRIAL**

17 | RIVERBED TECHNOLOGY, INC.,
18 |        Counterclaimant,
19 |    vs.
20 | QUANTUM CORPORATION,
21 |        Counterdefendant.

22

23

24

25

26

27

28

76322/2307954.1

Defendant and Counterclaimant Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, respectfully replies to the declaratory judgment counterclaims of Plaintiff and Counterdefendant Quantum Corporation ("Quantum"), electronically filed on November 28, 2007, as follows:

## PARTIES

1. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Quantum's counterclaims, and therefore denies the allegations in this paragraph.

2. Riverbed admits the allegations in paragraph 2 of Quantum's counterclaims.

## JURISDICTION AND VENUE

3. Riverbed admits the allegations in paragraph 3 of Quantum's counterclaims.

4. Riverbed admits that this Court has personal jurisdiction over Riverbed.

5. Riverbed admits the allegations in paragraph 5 of Quantum's counterclaims.

## EXISTENCE OF ACTUAL CONTROVERSY

6. Riverbed admits the allegations in paragraph 6 of Quantum's counterclaims.

7. Riverbed admits the allegations in paragraph 7 of Quantum's counterclaims.

8. Riverbed admits the allegations in paragraph 8 of Quantum's counterclaims.

## QUANTUM'S FIRST COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM

(Declaratory Judgment of Non-Infringement)

9. Riverbed incorporates its answers to paragraphs 1 through 8 of Quantum's counterclaims as if set forth fully herein.

10. Riverbed denies the allegations in paragraph 10 of Quantum's counterclaims.

11. Riverbed admits that an actual controversy exists under 28 U.S.C. §§ 2201 and 2002. Riverbed further admits that Quantum's first counterclaim purports to seek a judgment that

it does not infringe any claim of the '249 patent, but specifically denies that Quantum is entitled to such a judgment or any other relief.

**QUANTUM'S SECOND COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

(Declaratory Judgment of Invalidity)

12.  Riverbed incorporates its answers to paragraphs 1 through 11 of Quantum's counterclaims as if set forth fully herein.

13.  Riverbed denies the allegations in paragraph 13 of Quantum's counterclaims.

14.  Riverbed admits that an actual controversy exists under 28 U.S.C. §§ 2201 and 2002. Riverbed further admits that Quantum's second counterclaim purports to seek a judgment that every claim of the '249 patent is invalid, but specifically denies that Quantum is entitled to such a judgment or any other relief.

**EXCEPTIONAL CASE**

Riverbed denies the allegations contained under the "Exceptional Case" section of Quantum's counterclaims and specifically denies that Quantum is entitled to any relief sought in that section.

**QUANTUM'S PRAYER FOR RELIEF**

Riverbed denies that Quantum is entitled to any of the relief sought by its Prayer for Relief.

**RIVERBED'S PRAYER FOR RELIEF**

WHEREFORE, as to Quantum's counterclaims, Riverbed prays for:

A.  Judgment in Riverbed's favor, and against Quantum, thereby dismissing Quantum's declaratory judgment counterclaims, in their entirety, with prejudice, with Quantum taking nothing by way of its counterclaims;

B.  Judgment denying every Quantum request for declaratory judgment;

1  C.  An order requiring Quantum to pay Riverbed's costs incurred in responding to
2  Quantum's counterclaims, including Riverbed's reasonable attorneys' fees pursuant to 35 U.S.C. §§
3  284 and 285;
4  D.  An award to Riverbed of such other and further relief as this Court deems just and
5  proper under the circumstances.

## DEMAND FOR JURY TRIAL

8  In accordance with Fed. R. Civ. P. 38(b), Riverbed demands a trial by jury on all issues so
9  triable.

DATED: December 12, 2007            QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP


                                    By /s/ Claude M. Stern
                                       Claude M. Stern
                                       Attorneys for Defendant,
                                       RIVERBED TECHNOLOGY, INC.