1  [COUNSEL LISTED ON SIGNATURE PAGES]

2

3

4

5

6                    UNITED STATES DISTRICT COURT

7                  NORTHERN DISTRICT OF CALIFORNIA

8                      SAN FRANCISCO DIVISION

9  QUANTUM CORPORATION,              Case No. C07-04161 WHA

10          Plaintiff,               STIPULATED PROTECTIVE ORDER

11      v.

12

13  RIVERBED TECHNOLOGY INC.,        Honorable William H. Alsup
                                     United States District Judge
14          Defendant.

15  AND RELATED COUNTERCLAIMS

16

17

18      1.  **PURPOSES AND LIMITATIONS**

19          Disclosure and discovery activity in this action are likely to involve production of

20  confidential, proprietary, or private information for which special protection from public disclosure

    and from use for any purpose other than prosecuting this litigation would be warranted.
21
    Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective
22
    Order.  The parties acknowledge that this Order does not confer blanket protections on all
23
    disclosures or responses to discovery and that the protection it affords extends only to the limited
24
    information or items that are entitled under the applicable legal principles to treatment as
25
    confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated
26
    Protective Order creates no entitlement to file confidential information under seal; Northern District
27

28

1   Civil Local Rule 79-5 sets forth the procedures that must be followed and reflects the standards that

2   will be applied when a party seeks permission from the Court to file material under seal.

3         2.   **DEFINITIONS**

4              2.1    <u>Party</u>:  any party to this action, including all of its officers, directors,

5   employees, consultants, retained experts, and outside counsel (and their support staff).

6              2.2    <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the

7   medium or manner generated, stored, or maintained (including, among other things, testimony,

8   transcripts, or tangible things) that are produced or generated in disclosures or responses to

9   discovery in this matter.

10             2.3    <u>"Confidential" Information or Items</u>:  information (regardless of how

11  generated, stored or maintained) or tangible things that qualify for protection under standards

12  developed under Fed. R. Civ. P. 26(c).

13             2.4    <u>"Highly Confidential – Attorneys' Eyes Only" Information or Items</u>:

14  extremely sensitive "Confidential" Information or Items whose disclosure to another Party or non-

15  party would create a substantial risk of serious injury that could not be avoided by less restrictive

16  means, including information which is commercial, pricing, costing, or marketing information

17  relating to the producing party or the producing party's commercial products or planned commercial

18  products, or technical and research information that is extremely sensitive.

19             2.5    <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from

20  a Producing Party.

21             2.6    <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery

22  Material in this action.

23             2.7    <u>Designating Party</u>:  a Party or non-party that designates information or items

24  that it produces in disclosures or in responses to discovery as "Confidential," "Highly Confidential –

25  Attorneys' Eyes Only," or "Highly Confidential - Attorneys' Eyes Only - Source Code."

26

27

28

1          2.8    Protected Material:  any Disclosure or Discovery Material that is designated

2  as "Confidential," "Highly Confidential – Attorneys' Eyes Only," or "Highly Confidential -

3  Attorneys' Eyes Only - Source Code."

4          2.9    Outside Counsel:  attorneys who are not employees of a Party but who are

5  retained to represent or advise a Party in this action.

6          2.10    House Counsel:  attorneys who are employees of a Party.

7          2.11    Counsel (without qualifier):  Outside Counsel and House Counsel (as well as

8  their support staffs).

9          2.12    Expert:  a person with specialized knowledge or experience in a matter

10  pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert

11  witness or as a consultant in this action and who is not a past or a current employee of a Party or of a

12  competitor of a Party and who, at the time of retention, is not anticipated to become an employee of

13  a Party or a competitor of a Party.  Without exception, prior to receiving "Confidential" or "Highly

14  Confidential - Attorneys' Eyes Only" material in this litigation, an expert must have followed the

15  procedures set forth in paragraph 7.5.

16          2.13    Professional Vendors:  persons or entities that provide litigation support

17  services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations;

18  organizing, storing, retrieving data in any form or medium; etc.) and their employees and

19  subcontractors.

20       3.  **SCOPE**

21      The protections conferred by this Order cover not only Protected Material (as defined above),

22  but also any information copied or extracted therefrom, as well as all copies, excerpts, summaries, or

23  compilations thereof, plus testimony, conversations, or presentations by parties or counsel to or in

24  court or in other settings that might reveal Protected Material.

25

26

27

28

4.  **DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

5.  **DESIGNATING PROTECTED MATERIAL**

    5.1    Exercise of Restraint and Care in Designating Material for Protection. Each Party or non-party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection at all, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

    5.2    Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of Section 5.2(a), below), or as otherwise stipulated or ordered, material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (apart from transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only" on each page that contains Protected Material.

A Party or non-party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Highly Confidential - Attorneys' Eyes Only." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under

this Order, then, before producing the specified documents, the Producing Party must affix the appropriate legend ("Confidential" or "Highly Confidential - Attorneys' Eyes Only") on each page that contains Protected Material.

(b) for testimony given in deposition or in other pretrial or trial proceeding, that the Party or non-party offering or sponsoring the testimony identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, and further specify any portions of the testimony that qualify as "Highly Confidential - Attorneys' Eyes Only." When it is impractical to identify separately each portion of testimony that is entitled to protection, and when it appears that substantial portions of the testimony may qualify for protection, the Party or non-party offering or sponsoring the testimony may invoke on the record (before the deposition or proceeding is concluded) a right to have up to thirty (30) days after the deposition to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted ("Confidential" or "Highly Confidential - Attorneys' Eyes Only"). Only those portions of the testimony that are appropriately designated for protection within those thirty (30) days shall be covered by the provisions of this Stipulated Protective Order.

Transcript pages containing Protected Material must be marked or segregated with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," as instructed by the Party or non-party offering or sponsoring the witness or presenting the testimony.

(c) for information produced in some form other than documentary, and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential - Attorneys' Eyes Only."

5.3    Inadvertent Failures to Designate.  If timely corrected, an inadvertent failure to designate qualified information or items as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  If material is appropriately designated as "Confidential" or "Highly Confidential – Attorneys' Eyes Only" after the material was initially produced, the Receiving Party,

1  on timely notification of the designation, must make reasonable efforts to assure that the material is

2  treated in accordance with the provisions of this Order.

3      6.  **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

4          6.1    <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's

5  confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary

6  economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive

7  its right to challenge a confidentiality designation by electing not to mount a challenge promptly

8  after the original designation is disclosed.

9          6.2    <u>Meet and Confer</u>.  A Party that elects to initiate a challenge to a Designating

10  Party's confidentiality designation must do so in good faith and must begin the process by conferring

11  with counsel for the Designating Party regarding each disputed designation.  In conferring, the

12  challenging Party must explain the basis for its belief that the confidentiality designation was not

13  proper and must give the Designating Party an opportunity to review the designated material, to

14  reconsider the circumstances, and if no change in designation is offered, to explain the basis for the

15  chosen designation.  Where a party has indiscriminately or routinely designated large volumes of

16  material not subject to protection under Rule 26(c) as Protected Material, the challenging Party may

17  identify a representative sample in connection with the Parties' meet and confer.  A challenging Party

18  may proceed to the next stage of the challenge process only if it has first engaged in this meet and

19  confer process, which may initially involve written communication, but must, before proceeding to

20  the next stage of the challenge process, involve some form of direct voice-to-voice dialogue either in

21  person or over the telephone.

22          6.3    <u>Judicial Intervention</u>.  A Party that elects to press a challenge to a

23  confidentiality designation after considering the justification offered by the Designating Party may

24  file and serve a motion in accordance with the appropriate local rules that identifies the challenged

25  material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied

26  by a competent declaration that affirms that the movant has complied with the meet and confer

27  requirements imposed in paragraph 6.2 hereof and that sets forth with specificity the justification for

28

1    the confidentiality designation that was given by the Designating Party in the meet and confer

2    process.

3        The burden of persuasion in any such challenge proceeding shall be on the

4    Designating Party.  Until the court rules on the challenge, all parties shall continue to afford the

5    material in question the level of protection to which it is entitled under the Producing Party's

6    designation.

7    7.  **ACCESS TO AND USE OF PROTECTED MATERIAL**

8        7.1    Basic Principles.  A Receiving Party may use Protected Material that is

9    disclosed or produced by another Party or a non-party in connection with this case only for

10   prosecuting, defending, or attempting to settle this litigation.  A Receiving Party shall not use

11   Protected Material for any business or competitive purposes.  Such Protected Material may be

12   disclosed only to the categories of persons and under the conditions described in this Order.  When

13   the litigation has been terminated, a Receiving Party must comply with the provisions of Section 11,

14   below ("Final Disposition").

15       Protected Material must be stored and maintained by a Receiving Party at a location

16   and in a secure manner that ensures that access is limited to the persons authorized under this Order.

17       7.2    Disclosure of "CONFIDENTIAL" Information or Items.  Unless otherwise

18   ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may

19   disclose any information or item designated "Confidential" only to:

20       (a) the Receiving Party's Outside Counsel of record in this action, as well as

21   employees of said Counsel to whom it is reasonably necessary to disclose the information for this

22   litigation;

23       (b) Four (4) officers, directors, or employees of the Receiving Party to whom

24   disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

25   Bound by Protective Order" (Exhibit A);

26

27

28

1            (c) Two (2) House Counsel of the Receiving Party to whom disclosure is

2    reasonably necessary for this litigation and who have signed the "Agreement to Be Bound by

3    Protective Order" (Exhibit A);

4            (d) Experts (as defined in this Order) of the Receiving Party to whom

5    disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be

6    Bound by Protective Order" (Exhibit A);

7            (e) the Court and its personnel;

8            (f) Court reporters, their staffs, and Professional Vendors to whom disclosure

9    is reasonably necessary for this litigation ;

10           (g) during their depositions, witnesses in the action who (1) were an author,

11   signatory, or prior recipient of the Protected Material, or (2) were a witness to events or

12   circumstances described therein, or (3) are a current or former employee of the Designating Party

13   who is reasonably likely to have knowledge of the Protected Material, or (4) are witnesses to whom

14   disclosure is reasonably necessary and who have signed the "Agreement to Be Bound by Protective

15   Order" (Exhibit A);

16           (h) any designated mediator(s) in this action;

17           (i) jury consultants and their staffs and mock jurors, provided that such

18   consultants and mock jurors must first agree to be bound by the terms of this Protective Order by

19   executing the "Agreement to Be Bound by Protective Order" (Exhibit A), and that no materials

20   bearing confidential information are left in the possession of the mock jurors after conclusion of any

21   mock jury exercises.

22           7.3   Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

23   Information or Items.  Unless otherwise ordered by the Court or permitted in writing by the

24   Designating Party, a Receiving Party may disclose any information or item designated "Highly

25   Confidential - Attorneys' Eyes Only" only to those categories of individuals listed in Paragraphs

26   7.2(a) and (d) through (i) subject to the restrictions therein.

27

28

1    7.4  <u>Prosecution Bar</u>.  No Receiving Party shall disclose any "Highly Confidential –

2   Attorneys' Eyes Only" information received from a separate Designating Party to any lawyer, patent

3   agent, or any other person who is substantively involved in the prosecution of patent applications

4   relating to the products or technologies at issue in this action.  Anyone to whom a Receiving Party

5   discloses "Highly Confidential - Attorneys' Eyes Only" protected material received from a separate

6   Designating Party shall not be involved in the prosecution of patent applications or development of

7   products relating to the products or technologies at issue in this action until two (2) years after the

8   final disposition of this case, including all appeals.  A person is involved in the prosecution of patent

9   applications if that person writes, prosecutes, reviews, provides input, or has the responsibility for

10  directly overseeing the drafting of such patent applications.   This prosecution bar applies only to

11  any lawyer, patent agent, or any other person who reviews or otherwise has disclosed to him or her

12  any "Highly Confidential - Attorneys' Eyes Only" protected material received from a separate

13  Designating Party.  This prosecution bar shall not apply to any lawyer, patent agent, or any other

14  person at the firm(s) of counsel representing a Receiving Party who does not review or otherwise

15  have disclosed to him or her any "Highly Confidential - Attorneys' Eyes Only" protected material

16  received from a separate Designating Party, including, but not necessarily limited to, any lawyer,

17  patent agent, or any other person at the law firm of Sheppard Mullin Richter & Hampton LLP who

18  does not review or otherwise have disclosed to him or her any "Highly Confidential - Attorneys'

19  Eyes Only" protected material produced by opposing party Riverbed Technology, Inc. and at the law

20  firm of Quinn Emanuel Urquhart Oliver & Hedges LLP who does not review or otherwise have

21  disclosed to him or her any "Highly Confidential - Attorneys' Eyes Only" protected material

22  produced by opposing party Quantum Corporation.

23    7.5  <u>Procedures for Approving Disclosure of "HIGHLY CONFIDENTIAL –</u>

24  <u>ATTORNEYS' EYES ONLY" Information or Items to "Experts"</u>

25    (a) Unless otherwise ordered by the Court or agreed in writing by the

26  Designating Party, a Party that seeks to disclose to an "Expert" (as defined in this Order) any

27  information or item that has been designated  "Highly Confidential - Attorneys' Eyes Only" must

28

1   first make a written request to the Designating Party that (1) sets forth the full name of the Expert

2   and the city and state of his or her primary residence, (2) attaches a copy of the Expert's current

3   curriculum vitae or resume, (3) identifies the Expert's current employer(s), (4) identifies each person

4   or entity from whom the Expert has received compensation for work in his or her areas of expertise

5   or to whom the expert has provided professional services at any time during the preceding five years,

6   and (5) identifies (by name and number of the case, filing date, and location of the court) any

7   litigation in connection with which the Expert has provided any professional services during the

8   preceding five years.

9           (b) A Party that makes a request and provides the information specified in the

10  preceding paragraph may disclose the subject Protected Material to the identified Expert unless,

11  within five (5) court days of delivering the request, the Party receives a written objection from the

12  Designating Party.  Any such objection must set forth in detail the grounds on which it is based.

13          (c) A Party that receives a timely written objection must meet and confer with

14  the Designating Party (through direct voice-to-voice dialogue) to try to resolve the matter by

15  agreement.  If no agreement is reached, the Party seeking to make the disclosure to the Expert may

16  file a motion in accordance with the appropriate local rules seeking permission from the Court to do

17  so.  Any such motion must describe the circumstances with specificity, set forth in detail the reasons

18  for which the disclosure to the Expert is reasonably necessary, assess the risk of harm that the

19  disclosure would entail and suggest any additional means that might be used to reduce that risk.  In

20  addition, any such motion must be accompanied by a competent declaration in which the movant

21  describes the parties' efforts to resolve the matter by agreement (*i.e.*, the extent and the content of

22  the meet and confer discussions) and sets forth the reasons advanced by the Designating Party for its

23  refusal to approve the disclosure.

24          In any such proceeding, the Party opposing disclosure to the Expert shall bear

25  the burden of proving that the risk of harm that the disclosure would entail (under the safeguards

26  proposed) outweighs the Receiving Party's need to disclose the Protected Material to its Expert.

27

28

1          7.6      Production of Source Code.  Unless otherwise indicated, source code shall be

2    designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and

3    subject to the same restrictions "Highly Confidential - Attorneys' Eyes Only" information identified

4    in Sections 7.3 through 7.5 above.  Source code is subject to the following additional restrictions:

5          (a)      Disclosure of Source Code.  Unless otherwise ordered by the Court or

6    permitted in writing by the Designating Party, a Receiving Party may disclose any information or

7    item designated "Highly Confidential - Attorneys' Eyes Only - Source Code" only to those

8    categories of individuals listed in Paragraphs 7.2(a) and (d) through (h) subject to the restrictions

9    therein.

10          (b)      Manner of Production.  Quantum shall make properly discoverable

11    source code in its possession, custody or control available for inspection on a computer in a private

12    room at the San Francisco office of its Outside Counsel: Sheppard Mullin Richter & Hampton, LLP,

13    Four Embarcadero Center, 17th Floor, San Francisco, CA 94111.  Riverbed shall make properly

14    discoverable source code in its possession, custody or control available for inspection on a computer

15    in a private room at the Redwood Shores office of its Outside Counsel: Quinn Emanuel Urquhart

16    Oliver & Hedges, 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065.  Once source

17    code has been made available for inspection by a Producing Party, the Receiving Party's Outside

18    Counsel and its Experts shall have the opportunity to inspect the source code by making a request in

19    writing to the Producing Party.  The Producing Party shall allow inspection of the source code within

20    two (2) business days of receiving the written request for inspection from the Receiving Party.  The

21    written request shall include the names of the individuals that will be present when the source code

22    is inspected.  The Receiving Party may inspect the source code as many times or days as reasonably

23    necessary for preparation of its case.  Source code shall be made available for inspection from the

24    hours of 9:00 a.m. to 6:00 p.m. on regular business days.  The Receiving Party shall maintain a daily

25    log of the names of individuals who view the source code including the dates and times of viewing

26    and shall provide copies of the log to the Producing Party upon request.  The Receiving Party's

27

28

Outside Counsel and its Experts shall be entitled to bring and use software tools stored on read-only media for viewing, searching, and analyzing source code.

(c)    <u>No electronic copies.</u>  A Receiving Party shall not make any electronic copies of source code.  This section does not preclude the creation of temporary copies that are made in the normal operation of the computer on which the source code resides or the creation of temporary output files created on the computer on which the source code resides through the use of software tools used to view, search, or analyze source code.

(d)    <u>Limitations on Print-outs.</u>  The Producing Party shall make available a printer for on-site printing during inspection of the source code.  No paper print-outs shall be made of source code except for: (i) portions necessary for use in, and preparation for, court filings and proceedings, expert reports, and depositions of persons or entities permitted to access "Highly Confidential - Attorneys' Eyes Only" information; and (ii) such other uses to which the Parties may agree or that the Court may order.  Any printed copies shall be limited only to those portions of the source code for which a printed copy is reasonably needed at the time.  Each page of any printed copies of source code shall be printed on yellow (or other non-white) colored paper.  After printing, the Producing Party shall clearly label each page of any printed copies "Highly Confidential - Attorneys' Eyes Only - Source Code" and give each page a unique identification number.  The Producing Party shall make a good faith effort to provide a copy of the labeled and numbered copies on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within two business days.  The Receiving Party may make one (1) copy of the printed source code pages after delivery for internal use on yellow (or non-white) colored paper.  Printed copies of source code shall be securely maintained in a locked room or cabinet at the office of Outside Counsel of the Receiving Party when not in use and shall be destroyed as soon as they are no longer needed.  Printed copies of source code may be reviewed at the office of Outside Counsel of the Receiving Party by Outside Counsel or the Receiving Party's Experts, but may not be removed from the office of Outside Counsel except that copies may be made for and used in Court filings and proceedings, expert

1   reports, and depositions of persons or entities permitted to access "Highly Confidential - Attorneys'

2   Eyes Only" information if necessary.

3              (e)    Final Disposition of Source Code.  At the conclusion of this action

4   (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be

5   returned to the Producing Party or, at its choosing, the Receiving Party shall certify that any printed

6   copies of source code have been destroyed.

7       8.   **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

8   **OTHER LITIGATION**

9              If a Receiving Party is served with a subpoena or an order issued in other litigation

10  that would compel disclosure of any information or items designated in this action as "Confidential"

11  or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party must so notify the Designating

12  Party, in writing immediately, no more than three (3) court days after receiving the subpoena or

13  order.  Such notification must include a copy of the subpoena or court order.

14             The Receiving Party also must immediately inform in writing the Party who caused

15  the subpoena or order to issue in the other litigation that some or all the material covered by the

16  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

17  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

18  caused the subpoena or order to issue.

19             The purpose of imposing these duties is to alert the interested parties to the existence

20  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

21  protect its confidentiality interests in the court from which the subpoena or order issued.  The

22  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

23  confidential material – and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25      9.   **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26             If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

27  Protected Material to any person or in any circumstance not authorized under this Stipulated

28

1    Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party

2    of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material,

3    (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

4    Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to

5    Be Bound" that is attached hereto as Exhibit A.

6         10. **FILING PROTECTED MATERIAL**

7              Without written permission from the Designating Party or a court order secured after

8    appropriate notice to all interested persons, a Party may not file in the public record in this action

9    any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

10   with Northern District Civil Local Rule 79-5.

11        11. **FINAL DISPOSITION**

12             Unless otherwise ordered or agreed in writing by the Producing Party, within sixty

13   (60) days after the final termination of this action, each Receiving Party must return all Protected

14   Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all

15   copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the

16   Protected Material.  With permission in writing from the Designating Party, the Receiving Party may

17   destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material

18   is returned or destroyed, the Receiving Party must submit a written certification to the Producing

19   Party (and, if not the same person or entity, to the Designating Party) by the sixty-day deadline that

20   identifies (by category, where appropriate) all the Protected Material that was returned or destroyed

21   and that affirms that the Receiving Party has not retained any copies, abstracts, compilations,

22   summaries or other forms of reproducing or capturing any of the Protected Material.

23             Notwithstanding this provision, Counsel are entitled to retain an archival copy of all

24   pleadings, motion papers, discovery requests, responses to discovery requests, transcripts, legal

25   memoranda, correspondence, attorney work product, and expert reports, even if such materials

26   contain Protected Material.  Any such archival copies that contain or constitute Protected Material

27   remain subject to this Protective Order as set forth in Section 4 ("Duration"), above.

28

1    12.  **INADVERTENT OR UNINTENTIONAL DISCLOSURE**

2        The inadvertent or unintentional production of Disclosure or Discovery Material subject to

3    the attorney-client privilege, work product immunity or any other legal privilege/immunity shall not

4    be deemed a waiver in whole or in part of a Party's privilege or immunity claims under the terms of

5    this Order.  In the event the Producing Party learns of an inadvertent production of Disclosure or

6    Discovery Material subject to the attorney-client privilege, work product immunity or any other legal

7    privilege/immunity, the Producing Party shall immediately notify the Receiving Party in writing of

8    such inadvertent production.  Upon being notified by the Producing Party, counsel for the Receiving

9    Party shall use his or her reasonable efforts to retrieve all copies of the documents or items at issue.

10   The Receiving Party shall return or destroy all copies of such documents or items and shall destroy

11   all notes or other work product reflecting the contents of such material within ten (10) business days

12   of such notice and certify such return or destruction in writing to the Producing Party.  Return of the

13   document by the Receiving Party shall not constitute an admission or concession, or permit any

14   inference that the returned document is, in fact, properly subject to a claim of attorney-client

15   privilege or work product immunity.  No Receiving Party shall disclose or make any use of any

16   information in the document for which the claim of attorney-client privilege, work product immunity

17   or any other legal privilege/immunity is being made.

18   13.  **MISCELLANEOUS**

19        12.1      Right to Further Relief.  Nothing in this Order abridges the right of any

20   person to seek its modification by the Court in the future.

21        12.2      Right to Assert Other Objections.  By stipulating to the entry of this Order,

22   no Party waives any right it otherwise would have to object to disclosing or to producing any

23   information or item on any ground not addressed in this Order.  Similarly, no Party waives any right

24   to object on any ground to use in evidence of any of the material covered by this Order.

25

26

27

28

1   **IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.**

2

3        By his signature below, counsel for Quantum attests that counsel for Riverbed whose

4   electronic signature is provided has concurred in this filing.

5   Dated:  December 12, 2007

6                                            SHEPPARD MULLIN RICHTER & HAMPTON LLP

7                                            By: /s/ Nathaniel Bruno_____

8                                                Amar L. Thakur
                                                 12275 El Camino Real, Suite 200
9                                                San Diego, California  92130
                                                 Telephone:  858-720-8900
10                                               Facsimile:  858-509-3691

11                                               Nathaniel Bruno
                                                 Four Embarcadero Center, 17th Floor
12                                               San Francisco, CA  94111-4106
                                                 Telephone:  415.434.9100
13                                               Facsimile:  415.434.3947

14                                           Attorneys for QUANTUM CORPORATION

15  Dated:       December 12, 2007          QUINN EMANUEL URQUHART OLIVER & LLP

16                                           By: /s/ Todd M. Briggs_____

17                                               Claude M. Stern
                                                 Todd M. Briggs
18                                               555 Twin Dolphin Drive, Suite 560
                                                 Redwood Shores, CA  94065
19                                               Telephone:  650-801-5020
                                                 Facsimile:  650-801-5100
20
                                             Attorneys for RIVERBED TECHNOLOGY, INC.
21

22        **PURSUANT TO STIPULATION, IT IS SO ORDERED.**

23

24

25

26  Dated:  _____        _____
27                                         Honorable William H. Alsup
                                           United States District Judge
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# EXHIBIT A

## AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER

I, _____, declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California in the case of *Quantum Corporation v. Riverbed Technology, Inc.*, Case No. C07-04161 WHA. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

EXECUTED this _____ day of _____, _____

_____
Signature

_____
Name

_____
Affiliation

_____
Street

_____
City, State, Zip Code