QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100
Email:        claudestern@quinnemanuel.com
              toddbriggs@quinnemanuel.com

Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>        Plaintiff,<br><br>vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>        Defendant. | CASE NO. C 07-4161 WHA<br><br>**RIVERBED'S MOTION TO DISMISS QUANTUM'S PATENT INFRINGEMENT CLAIMS UNDER U.S. PATENT NO. 5,990,810 FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:  February 14, 2008<br>Time:  8:00 a.m.<br>Judge: The Honorable William Alsup |
| RIVERBED TECHNOLOGY, INC.,<br><br>        Counterclaimant,<br><br>vs.<br><br>QUANTUM CORPORATION,<br><br>        Counterdefendant. | **STIPULATION OR REQUEST FOR EXPEDITED BRIEFING SCHEDULE TO BE FILED ON JANUARY 10, 2007** |

**REDACTED VERSION**

**FOR PUBLIC FILING**

# TABLE OF CONTENTS

Page

I.  INTRODUCTION ..........................................................................................................1

II. BACKGROUND .............................................................................................................2

    A.  Quantum Claims Standing As An "Exclusive Licensee" To The '810 Patent In Its Complaint ..........................................................................................2

    B.  Riverbed's Discovery Relating To Quantum's Standing ........................................2

    C.  Quantum's First Response To Riverbed's Interrogatory Shows An Incomplete Chain Of Title To Quantum ................................................................2

    D.  Quantum's Supplemental Response To Riverbed's Interrogatory Shows That Quantum Attempted To Repair The Chain Of Title *After* The Filing Of Its Complaint ......................................................................................................3

    E.  Riverbed Discovers That, As Of The Filing Date Of Quantum's Complaint, Quantum Had No Rights In The '810 Patent ........................................4

III. ARGUMENT ...................................................................................................................5

    A.  Quantum's Claims For Infringement Of The '810 Patent Should Be Dismissed By This Court .......................................................................................5

    B.  Riverbed's Counterclaims For Non-Infringement And Invalidity Of The '810 Patent Should Be Dismissed By This Court ..................................................7

    C.  Riverbed's Claims For Infringement Of The '249 Patent Should Proceed In This Court ...........................................................................................................8

IV. CONCLUSION ................................................................................................................8

# NOTICE OF MOTION

**PLEASE TAKE NOTICE THAT** Riverbed Technology, Inc. ("Riverbed") hereby moves, pursuant to Federal Rule of Civil Procedure 12(b)(1) to dismiss Quantum Corporation's ("Quantum's") patent infringement claims under U.S. Patent No. 5,990,810 ("the '810 Patent") for lack of standing. Quantum did not own or have all substantial rights in the '810 Patent when it filed its complaint on August 14, 2007 and therefore this Court lacks subject matter jurisdiction over Quantum's claims.

This motion is set for hearing on February 14, 2008 at 8:00 a.m. Riverbed believes that this motion should be heard on an expedited basis and that discovery and all Patent Local Rule disclosures relating to Quantum's claims under the '810 patent should be stayed pending the resolution of its motion to dismiss. Riverbed will be requesting that Quantum stipulate to an expedited hearing and stay of discovery today and intends to move the Court on these issues if Quantum does not agree by the close of business on January 10, 2008.

This motion is based upon the following Memorandum of Points and Authorities, the supporting declaration of Todd M. Briggs and its accompanying exhibits, and such other matters as may be presented at the time of the hearing and allowed by the Court.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I.    INTRODUCTION

This motion presents a critical jurisdictional issue that should be resolved at an early stage in this litigation. When Quantum filed this action on August 14, 2007, it alleged in its original complaint that it was the exclusive licensee of the '810 Patent. Subsequent discovery has revealed that Quantum's contention was false. In truth, as of the filing date of its complaint, Quantum held no rights in the '810 Patent. Quantum was neither an assignee, nor an exclusive licensee, nor even a bare licensee. After Riverbed's discovery exposed this truth, ████ ████████████████████████████████████████████████████████ ████████ However, under well-settled Federal Circuit law, initial standing defects in patent infringement cases cannot be cured by post-filing assignments or licensing agreements. Thus, █ ████████████████████████████████████████████████████████████████ ████████████████████████████████████████████████████ did not cure Quantum's lack of standing. Because Quantum did not have standing when it filed the present lawsuit, its patent infringement claims under the '810 Patent should be dismissed for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Riverbed's counterclaims for declaratory judgments of non-infringement and invalidity of that patent should also be dismissed. Riverbed's counterclaim for patent infringement under U.S. Patent No. 7,116,249 against Quantum, however, should proceed in this Court according to schedule since this Court has proper jurisdiction over this claim.[1]

---

[1] Riverbed has filed a declaratory judgment action against Quantum, A.C.N. 120, and Rocksoft for invalidity and non-infringement of the '810 Patent in Delaware on today's date. Both Quantum and Riverbed are incorporated in the state of Delaware. Riverbed should be allowed to proceed on its claims in Delaware even if Quantum attempts to refile an action in the Northern District of California or another district court. *See, e.g., PE Corp. v. Affymetrix, Inc.*, 2001 WL 1180280, at *3 (D. Del. 2001) (granting defendant's motion to dismiss original action filed in Delaware where plaintiff did not have standing to assert the patent-at-issue and defendant had filed declaratory judgment action in Southern District of New York prior to filing the motion to dismiss).

## II. BACKGROUND

### A. Quantum Claims Standing As An "Exclusive Licensee" To The '810 Patent In Its Complaint

On August 14, 2007, Quantum brought suit against Riverbed for infringement of the '810 Patent. In its complaint, Quantum purported to be the "exclusive licensee" to the '810 Patent, which it also alleged was owned by its subsidiary, Rocksoft Limited ("Rocksoft"). (Docket No. 1, ¶ 8.) In answering the complaint, Riverbed asserted a number of affirmative defenses, including failure to state a claim and lack of standing. In addition, Riverbed counterclaimed against Quantum for, *inter alia*, declaratory judgments of invalidity and non-infringement of the '810 Patent. (Docket No. 20.)

### B. Riverbed's Discovery Relating To Quantum's Standing

On November 2, 2007, the parties held their Rule 26(f) conference, and discovery commenced immediately thereafter. In its first set of interrogatories, Riverbed propounded an interrogatory requesting all facts supporting any contention by Quantum that it had standing to sue for infringement of the '810 Patent, "including a detailed description of all grants and transfers of any ownership interest in the '810 Patent since the filing of the patent application that resulted in the issuance of the '810 patent." (Briggs Decl., Ex. A, Interrogatory No. 8.)[2]

### C. Quantum's First Response To Riverbed's Interrogatory Shows An Incomplete Chain Of Title To Quantum

On December 3, 2007, Quantum responded to Riverbed's first round of discovery. In answering Interrogatory No. 8, Quantum gave no written explanation for its contention that it had standing to assert the '810 Patent. (Briggs Decl., Ex. B.) Instead, pursuant to Federal Rule of Civil Procedure 33(d), Quantum produced documents that showed various assignments between Trustus Pty. Ltd. ("Trustus") and Rocksoft Limited ("Rocksoft") culminating in an assignment dated November 1, 2004 where "Trustus hereby assigns absolutely to Rocksoft . . . title and

---

[2] "Briggs Decl., Ex. __" refers to the Exhibits attached to the Declaration of Todd Briggs In Support Of Riverbed's Motion To Dismiss Quantum's Patent Infringement Claims Under U.S. Patent No. 5,990,810 For Lack Of Subject Matter Jurisdiction filed herewith.

interest in the ['810 Patent]."  (Briggs Decl., Ex. C (QU 000214-219) (QU 000217 showing an assignment from Trustus to Rocksoft).) ███████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████ (Briggs Decl., Ex. D (QU 000220-226).) ███
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████
██████████████████████████████████████████
████████████████████████████████████ Recognizing the deficiency, Riverbed wrote to Quantum on December 10, 2007, requesting that Quantum supplement its response to demonstrate that a complete chain of title or transfer of rights existed or admit that it lacked standing to assert the '810 patent. (Briggs Decl., Ex. E.) On December 17, 2007, Quantum responded to Riverbed's request for more complete information, stating in a letter that it was "investigating [the issue] further" and would supplement its responses by December 24, 2007. (Briggs Decl., Ex. F.)

**D.    Quantum's Supplemental Response To Riverbed's Interrogatory Shows That Quantum Attempted To Repair The Chain Of Title *After* The Filing Of Its Complaint**

On December 24, 2007, Quantum provided its supplemental response to Riverbed's Interrogatory No. 8. (Briggs Decl., Ex. G.) In this response, Quantum provided more detail as to the relationships between Quantum, Rocksoft, and A.C.N. 120 and produced four pages of responsive documents pursuant to Federal Rule of Civil Procedure 33(d) (labeled QU 000663-666). Quantum stated that A.C.N. 120 "owns" Rocksoft Pty. Ltd. as a "wholly-owned subsidiary" and that Quantum is the "parent company" to both A.C.N. and Rocksoft Pty. Ltd. (Briggs Decl., Ex. G at 20-22.)[3]

---

[3] Quantum's supplemental response also explained that Rocksoft Limited had changed its name to Rocksoft Pty. Ltd. "during the last 12 months." (Briggs Decl., Ex. G at 20-22.)

1    Critically, Quantum also produced a document ███████████████
2    ████████████████████████████████████████████████████ (Briggs Decl., Ex.
3    H (QU 000665-666).) ████████████████████████████████████████
4    ████████████████████████████████████████████████████████████
5    ████████████████████

**E.  Riverbed Discovers That, As Of The Filing Date Of Quantum's Complaint, Quantum Had No Rights In The '810 Patent**

████████████████████████████████████████

Riverbed realized Quantum did not hold any rights in the '810 Patent when it filed the present lawsuit on August 14, 2007. ████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████
███████████

| Date | Entities | Rights Allegedly Transferred |
|---|---|---|
| November 1, 2004 | Trustus to Rocksoft | Assignment of '810 patent |
| ███████████ | ███████████████ | ███████████████ |
| August 14, 2007 | Quantum files complaint alleging Riverbed infringes '810 patent | N/A |
| ███████████ | ███████████████ | ███████████████ |

████████████████████████████████████████████████████
████████████████████████████████████████████████████
████████████████████████ Consequently, as of the filing date, Rocksoft apparently retained all of the rights in the patent that Quantum was asserting against Riverbed. Quantum, for its part, was neither an assignee nor a licensee to the '810 Patent.

_____

████████████████████████████████████████████████████████████

## III. ARGUMENT

Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a claim for lack of subject matter jurisdiction. Because a party's standing to sue is a matter of the Court's jurisdiction, Rule 12(b)(1) is an appropriate vehicle to challenge standing. *See White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) ("Because standing . . . pertain[s] to a federal court's subject-matter jurisdiction under Article III, [it is] properly raised in a motion to dismiss under Federal Rule of Civil Procedure 12(b)(1), not Rule 12(b)(6)."). When considering a motion to dismiss under Rule 12(b)(1), the Court is not confined to the face of the pleadings, but may review evidence and affidavits in making its decision. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988). The Court therefore "need not presume the truthfulness of the plaintiff['s] allegations." *White*, 227 F.3d at 1242.

### A. Quantum's Claims For Infringement Of The '810 Patent Should Be Dismissed By This Court

"Standing is a 'threshold question in every federal case, determining the power of the court to entertain the suit.'" *Alcatel USA, Inc. v. Orckit Commc'ns.*, No. C 99-04468 SI, 2000 WL 502846, at *2 (N.D. Cal. 2000) (quoting *Warth v. Seldin*, 422 U.S. 490, 498 (1975)). The rule is no different for patent cases: a plaintiff suing for patent infringement must establish, as a fundamental prerequisite to a court's jurisdiction, that it has standing to sue. *See Paradise Creations, Inc. v. UV Sales, Inc.*, 315 F.3d 1304, 1309 (Fed. Cir. 2003). The burden of establishing standing falls on the party asserting that it exists, in this case Quantum. *See Ortho Pharm. Corp. v. Genetics Inst., Inc.*, 52 F.3d 1026, 1032-33 (Fed. Cir. 1995).

To have standing to sue for damages for patent infringement, a party must generally hold legal title to the patent during the time of the alleged infringement. *See Rite-Hite Corp. v. Kelley Co., Inc.*, 56 F.3d 1538, 1551-52 (Fed. Cir. 1995) (en banc); *Arachnid, Inc. v. Merit Indus., Inc.*, 939 F.2d 1574, 1579 (Fed. Cir. 1991). In this case, by purporting to be an exclusive licensee, Quantum has admitted that it does not hold legal title to the '810 patent ▮

1    The only other basis for Quantum to have standing is to show that it has obtained, through assignment or license, "all substantial rights" in the '810 patent.[5] *See Prima Tek II, L.L.C. v. A-Roo Co.*, 222 F.3d 1372, 1377 (Fed. Cir. 2000); *see also Alcatel*, 2000 WL at *2 ("[I]f 'all substantial rights' are transferred to a licensee, the licensee, in certain circumstances, becomes a 'virtual assignee,' and has standing alone to sue infringers."). A defect in initial standing, however, "cannot be cured after the inception of the lawsuit." *Paradise Creations*, 315 F.3d at 1310 (holding that post-filing addition of a party with standing will not cure a lack of initial standing). Where, as here, standing to sue for patent infringement depends on a written instrument, that instrument must be executed before the filing of the complaint. *See Enzo APA & Son, Inc. v. Geapag AG*, 134 F.3d 1090, 1093-1094 (Fed. Cir. 1998); *Gaia Techs., Inc. v. Reconversion Techs., Inc.*, 93 F.3d 774, 779-780 (Fed Cir. 1996) *amended by* 104 F.3d 1296 (Fed Cir. 1996).

Despite being given multiple opportunities to demonstrate that it held all substantial rights in the '810 Patent before filing suit, Quantum could only show that, at best, ███████████████████████████████████████████████████████████████████████████

---

[5] Although it is well-settled in the Federal Circuit that an exclusive license must transfer all substantial rights and must be in writing "to be considered a virtual assignment to assert standing," *Enzo APA & Son, Inc. v. Geapag AG*, 134 F.3d 1090, 1093-94 (Fed. Cir. 1998), in this district there is a lone unpublished order to the contrary wherein a parent company was found to have standing as an exclusive licensee solely through its relationship with the true patent owner, its subsidiary. *Atmel Corp. v. Authentec, Inc.*, No. C 06-2138 CW (N.D. Cal. June 11, 2007) (order denying defendant's motion to dismiss). The *Atmel* order should not be followed for several reasons. First, it is wrongly decided under Federal Circuit law because it holds that an exclusive license that confers initial standing need not be in writing. *See Enzo*, 134 F.3d 1093-94. Second, even if it is a correct application of the governing law, which it is not, the decision is distinguishable because there the patent owner had never granted rights in the patent-at-issue to any party other than the named plaintiff, the named plaintiff had "always acted as the exclusive licensee," and the named plaintiff joined the true owner of that patent before the motion to dismiss was filed. *Id.* None of those facts are present here. Third, following *Atmel* would give rise to exactly the same undesirable outcome that motivated the Federal Circuit in *Gaia* and *Enzo* to dismiss for lack of standing: "Permitting non-owners . . . the right to sue, so long as they eventually obtain the rights they seek to have redressed, would enmesh the judiciary in abstract disputes, risk multiple litigation, and provide incentives for parties to obtain assignment in order to expand their arsenal and the scope of litigation. Inevitably, delay and expense would be the order of the day." *Enzo*, 34 F.3d 1093-94; *Gaia*, 93 F.3d at 780.

1. ████████████████████████████████████████████
2. ████████████████████████████████████████████
3. ███████████████████████
4. ████████████████████████████████████████████
5. ██████████████████████████████████████ Federal Circuit law clearly prohibits initial standing defects from being cured through *nunc pro tunc* agreements. *Enzo*, 134 F.3d at 1093 (holding that *nunc pro tunc* license agreement reflecting earlier oral agreement entered into after lawsuit was filed could not cure standing defect); *Gaia*, 93 F.3d at 781 (vacating full jury trial on the merits where plaintiff attempted to cure standing defect through a post-filing *nunc pro tunc* patent assignment). Indeed, not even a motion to amend to join the true patent owner could have cured Quantum's lack of standing. *See Paradise Creations*, 315 F.3d at 1310 (motion to join patentee cannot cure initial lack of standing where "[named plaintiff] held no enforceable rights whatsoever in the patent at the time it filed suit, and therefore lacked a cognizable injury necessary to assert standing"); *Alcatel*, 2000 WL at *4 (denying plaintiff's request to amend complaint in order to show standing "because there is no set of facts which would grant plaintiff standing as of [the filing date]"). In sum, once it initiated this lawsuit, there was nothing Quantum could do and nothing it now can do to retroactively gain standing.

Thus, because Quantum held no rights in the '810 Patent as of August 14, 2007 and therefore lacked standing when it filed suit against Riverbed, this Court does not have subject matter jurisdiction over Quantum's claims under the '810 Patent and those claims should be dismissed.

**B. Riverbed's Counterclaims For Non-Infringement And Invalidity Of The '810 Patent Should Be Dismissed By This Court**

If the named plaintiff lacks standing to assert a patent, it "[cannot] defend a claim of non-infringement [of that patent] on behalf of . . . the real party in interest," the patent owner, or the holder of all substantial rights in the patent. *H.R. Techs., Inc. v. Astechnologies, Inc.*, 275 F.3d 1378, 1386 (Fed. Cir. 2002). Thus, when granting a motion to dismiss on lack of standing grounds, it is proper for the court to dismiss all counterclaims targeting the patent-at-issue because

those counterclaims were "asserted against the wrong party." *Id.* (dismissing defendant's counterclaim of non-infringement where plaintiff lacked standing to assert patent). Here, Riverbed mistakenly believed that Quantum held an exclusive license to the '810 Patent, and therefore that Quantum was the proper party against which to brings its counterclaims for non-infringement and invalidity. As it is now clear that Quantum had no rights whatsoever in the patent when it filed suit against Riverbed on August 14, 2007, Riverbed's declaratory judgment counterclaims (which were brought before ███████████████████████ ████████ should be dismissed along with Quantum's claims of infringement under the '810 Patent for lack of subject matter jurisdiction.

### C. Riverbed's Claims For Infringement Of The '249 Patent Should Proceed In This Court

When a patent infringement claim is dismissed for lack of standing, the court retains subject matter jurisdiction over counterclaims that are not based on the dismissed patent infringement claim. *See H.R. Techs.*, 275 F.3d at 1386 (vacating order for dismissal of defendant's tort counterclaims where plaintiff's patent infringement claims were properly dismissed due to lack of standing). Riverbed asserted a counterclaim against Quantum for infringement of U.S. Patent No. 7,116,249 ("the '249 Patent") in its amended answer on November 13, 2007, well before this motion was filed. Because Riverbed's infringement counterclaim under the '249 Patent is not based on the '810 patent, it should not be dismissed and should proceed in the current action.

## IV. CONCLUSION

For the foregoing reasons, Riverbed respectfully requests that the Court grant its motion and dismiss Quantum's patent infringement claims under the '810 patent and Riverbed's counterclaims for declaratory judgments of non-infringement and invalidity of Riverbed's '810 Patent, and proceed in this action with Riverbed's patent infringement claims against Quantum under the '249 patent.

1  Respectfully submitted,

2  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

3  January 8, 2008

4  /s/ Claude M. Stern
   Claude M. Stern
   Attorneys for Defendant and Counterclaimant,
5  RIVERBED TECHNOLOGY, INC.