# EXHIBIT A

```
 1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Claude M. Stern (Bar No. 96737)
 2    Todd M. Briggs (Bar No. 209282)
    555 Twin Dolphin Drive, Suite 560
 3  Redwood Shores, California 94065-2139
    Telephone:  (650) 801-5000
 4  Facsimile:  (650) 801-5100
    Email:      claudestern@quinnemanuel.com
 5              toddbriggs@quinnemanuel.com

 6  Attorneys for Defendant,
    RIVERBED TECHNOLOGY, INC.
 7
```

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>    Defendant.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>    Counterclaimant,<br><br>vs.<br><br>QUANTUM CORPORATION,<br><br>    Counterdefendant. | CASE NO. C 07-4161 WHA<br><br>**RIVERBED TECHNOLOGY, INC.'S FIRST SET OF INTERROGATORIES** |

PROPOUNDING PARTY:    RIVERBED TECHNOLOGY, INC.

RESPONDING PARTY:     QUANTUM CORPORATION

SET NUMBER:           ONE (1)

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Defendant Riverbed Technology, Inc. ("Riverbed") hereby requests that Plaintiff Quantum Corporation ("Quantum") answer the following interrogatories separately, fully, and under oath within thirty (30) days of service. Plaintiff is subject to a duty to supplement all responses to these interrogatories in accordance with Federal Rule of Civil Procedure 26(e).

## DEFINITIONS

A.  "Document" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

B.  "Any" shall be understood to include and encompass "all."

C.  The singular shall always include the plural and the present tense shall also include the past tense.

D.  "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

E.  "Person" and "persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person, entity, or party.

F.  "Evidence" or any variant thereof, including but not limited to "evidencing," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports, contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

G.  "Relate" or "refer" or any variants thereof, when used in connection with any document, shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

1  H.  "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

I.  "Quantum" means Quantum Corporation and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

J.  "ADIC" means Advanced Digital Information Corporation and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

K.  "Rocksoft" means Rocksoft Limited and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

L.  "Data Domain" means Data Domain, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

M.  "Infringe" or any variant thereof refers to any infringement whether direct, contributory, or by inducement.

N.  "'810 Patent" means U.S. Patent No. 5,990,810.

O.  "Riverbed Accused Product" means each and every Riverbed product, structure, method, or process alleged by Plaintiff in this action of infringing or causing infringement of any claims of any of the '810 Patent.

P.  "Patented Product" means any product developed, manufactured, marketed, offered for sale or sold Quantum, ADIC, Rocksoft, or Data Domain that practices at least one claim of the '810 Patent, including all products that incorporate Rocksoft's Blocklets technology, Quantum's Data Deduplication technology, and Data Domains Global Compression technology and all products Plaintiff identifies or will identify pursuant to Patent Local Rule 3-1(f).

76322/2283214.2

1    Q.    "File History" means all communications, documents, and things relating to
2 the prosecution of the '810 Patent.
3    R.    "Complaint" refers to the complaint filed by Quantum against Riverbed in
4 this action and any amendments to that complaint.
5    S.    "Prior Art" means any Document, action, or information that actually or
6 potentially satisfies any of the prior art provisions of 35 U.S.C. § 100, et seq, *e.g.* §§ 102, 103.
7    T.    "Persons with knowledge" means any persons (1) who observed or
8 witnessed the event or communication in question; (2) who participated in the event in question;
9 or (3) who discussed the event or communication in question with a person meeting the
10 description in (1) or (2) herein.

## INSTRUCTIONS

12    A.    To "identify" a person means to state the person's name and last known
13 residential and business addresses and telephone numbers and to provide the facts or documents
14 about which you believe that person has knowledge.
15    B.    To "identify" an event, discussion, inquiry or request means to state the date
16 that any of the foregoing occurred, the individuals involved, the location where the event,
17 discussion, inquiry or request occurred, and the outcome thereof.
18    C.    To "identify" a document means:
19        1.    to refer to the document's identification or exhibit number if the
20 document has been previously produced or used in discovery or to attach a true copy of the
21 document to the interrogatory answers and to state the document's title and date, or if unknown the
22 approximate date of creation;
23        2.    provide the identity of each person who signed or participated in the
24 preparation of the document;
25        3.    provide the identity of each person who is an addressee, including
26 those to whom copies were to be sent, or who received a copy of the document;
27        4.    provide a summary of the subject matter of the document;
28

76322/2283214.2

5. provide the present location of the document and the identity of the custodian of the original and each copy thereof; and

6. if the document no longer exists, give the date on which it was destroyed, the identity of the person who destroyed it, and the person under whose authority it was destroyed.

D. To "identify" a product, system, method, apparatus, device, prototype, service or other object of manufacture means to state: (1) the model, part number, serial number, or other method of identification; (2) its trade name, including but not limited to other names or methods of identification associated with the product or the trade name of the item in which the product, device, or object of manufacture is incorporated; and (3) the date and place of manufacture; and the name of the manufacturer.

E. In answering the following interrogatories, you are required to provide all information that is available to you or within your control, including information in the possession of your attorneys, investigators, employees, agents, representatives, and guardians or any other person acting on your behalf, and not merely information from your own personal knowledge.

F. If you cannot answer any interrogatory in full, answer to the extent you are able to do so, state the reason for your inability to answer further, and state the knowledge or information available to you concerning the unanswered portion.

G. If you object to any of the interrogatories, you must state the grounds for any objection(s). If you object to only part of an interrogatory, you must state the objection and the grounds for any objection(s) and respond to the remainder of the interrogatory.

H. Each answer should be preceded by a reiteration of the full interrogatory to which it responds.

I. For each interrogatory, identify all persons who provided information or otherwise assisted in preparing your response.

**INTERROGATORIES**

1. For each claim of the '810 Patent, describe the circumstances surrounding the invention of the claims, including the precise date of conception, the persons involved, the date

76322/2283214.2

1  of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice.

2.  For each claim of the '810 Patent, describe all investigations made by or on behalf of Quantum prior to the filing of the Complaint regarding whether any claim of the '810 Patent is infringed by any Riverbed product, including identifying the persons involved in the investigations, the persons to whom reports were made, the persons involved in the approval of the action, the date of the investigation, the items considered, when and where such items were obtained, the conclusion reached in the investigations, and all documents referring to or describing such investigations.

3.  Identify every instance where Quantum has contacted any third party regarding the '810 patent, including the name and address of each third party and the circumstances surrounding the contact.

4.  Identify all licenses relating to the '810 Patent, including the licensor, the licensee, the date of the license, and the terms of the license, the amounts paid under the license, and any royalty rates established by the license.

5.  Identify each Patented Product, the date each Patented Product was first sold in the United States, and whether each Patented Product was marked pursuant to 35 U.S.C § 287.

6.  State all facts supporting any contention by Quantum that Riverbed has willfully infringed the '810 Patent.

7.  State all facts supporting any contention by Quantum that Riverbed had actual or constructive notice of any alleged infringement of the claim, including but not limited to any patent marking(s).

8.  State all facts supporting any contention by Quantum has standing to sue for infringement of the '810 Patents, including a detailed description of all grants and transfers of any ownership interests in the '810 Patent since the filing of the patent application that resulted in the issuance of the '810 patent.

76322/2283214.2

1  DATED: November 2, 2007          QUINN EMANUEL URQUHART OLIVER &
                                    HEDGES, LLP
2

3                                   By /s/ Todd Briggs
4                                      Todd M. Briggs
                                       Attorneys for Defendant,
5                                      RIVERBED TECHNOLOGY, INC.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

76322/2283214.2

## PROOF OF SERVICE

I am employed in the County of San Mateo, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065-2139.

On November 2, 2007, I caused true copies of the following document(s) to be served as described below, on the parties in this action, as follows:

**RIVERBED TECHNOLOGY, INC.'S FIRST SET OF INTERROGATORIES**

**BY PERSONAL SERVICE:** I caused such envelope(s) to be delivered by hand to the office of the person(s) being served.

*Attorneys for Plaintiff Quantum Corporation*

Nathaniel Bruno, Esq.
Sheppard Mullin Richter & Hampton LLP
Four Embarcadero Center
Seventeenth Floor
San Francisco, CA 94111
**TEL:** 415.434.9100
**FAX:** 415.434.3947

I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on November 2, 2007, at Redwood Shores, California.

*/s/ Cristina Herrera*
Cristina Herrera

51198/2283999.1