# EXHIBIT B

## PUBLIC VERSION

### CONFIDENTIAL VERSION FILED UNDER SEAL

1  AMAR L. THAKUR, CAL. BAR NO. 194025
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2  A Limited Liability Partnership
   Including Professional Corporations
3  12275 El Camino Real, Suite 200
   San Diego, California 92130
4  Telephone:    858-720-8900
   Facsimile:    858-509-3691
5  Email: athakur@sheppardmullin.com

6

   NATHANIEL BRUNO, Cal. Bar No. 228118
7  SHEPPARD MULLIN RICHTER & HAMPTON LLP
   A Limited Liability Partnership
8  Including Professional Corporations
   Four Embarcadero Center, 17th Floor
9  San Francisco, California 94111
   Telephone:    415-434-2984
10 Facsimile:    415-434-6095
   Email: nbruno@sheppardmullin.com
11
   Attorneys for Plaintiff,
12 QUANTUM CORPORATION

13                    UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA,

15                       SAN FRANCISCO DIVISION

16 QUANTUM CORPORATION, a Delaware          Case No. C 07-04161 WHA
   corporation,
17                                          The Hon. William H. Alsup
18                Plaintiff,
                                            QUANTUM CORPORATION'S
19        v.                                RESPONSES TO RIVERBED
                                            TECHNOLOGY INC.'S FIRST SET OF
20 RIVERBED TECHNOLOGY, INC.,               INTERROGATORIES

21                Defendant.
                                            [THIS DOCUMENT CONTAINS
22 RIVERBED TECHNOLOGY, INC., a             INFORMATION DESIGNATED
   Delaware corporation,                    "CONFIDENTIAL – OUTSIDE
23                                          ATTORNEYS' EYES ONLY"]
24                Counterclaimant,

25        v.

26 QUANTUM CORPORATION, a Delaware
   corporation,
27
                  Counterdefendant.
28

                                    -1-

1  PROPOUNDING PARTY:          **RIVERBED TECHNOLOGY, INC.**

2  RESPONDING PARTY:           **QUANTUM CORPORATION**

3  SET NO.:                    **ONE (1)**

4

5          Pursuant to Rule 33 of the Federal Rules of Civil Procedure, Plaintiff and

6  Counterdefendant Quantum Corporation ("Plaintiff" or "Quantum") responds as follows to

7  Defendant and Counterclaimant Riverbed Technology, Inc.'s ("Defendant" or "Riverbed") First

8  Set of Interrogatories (the "Interrogatories"):

9          1.    Plaintiff's response to the Interrogatories is made to the best of its current

10 knowledge, information and belief.  Said response is at all times subject to such additional or

11 different information that discovery or further investigation may disclose and, while based on the

12 present state of Plaintiff's recollection, is subject to such refreshing of recollection, and such

13 additional knowledge of facts, as may result from further discovery and/or investigation.  Plaintiff

14 reserves the right to make any use of, or to introduce at any hearing and at trial, information and/or

15 documents responsive to the Interrogatories but discovered subsequent to the date of this response,

16 including, but not limited to, any such information or documents obtained in discovery herein.

17         2.    Plaintiff reserves all objections or other questions as to the competency, relevance,

18 materiality, privilege or admissibility as evidence in any subsequent proceeding or in trial of this

19 or any other action for any purpose whatsoever of its responses herein and any document or thing

20 identified or provided in response to the Interrogatories.

21         3.    Plaintiff reserves the right to object on any ground at any time to such other or

22 supplemental interrogatories as Defendant may at any time propound involving the subject matter

23 of the Interrogatories.

24

25                          **GENERAL OBJECTIONS**

26         1.    Quantum objects to these interrogatories on the grounds and to the extent

27 that they seek information or documents protected by the attorney client privilege, work product

28 doctrine and/or any other applicable privilege or protection recognized by law.  Quantum does not

-2-

1  intend to produce any privileged or protected information, documents, or other material and any

2  inadvertent or unintentional disclosure shall not be deemed a waiver of any privilege or protection.

3           2.    Quantum objects to these interrogatories on the grounds and to the extent

4  that they seek information or purport to impose burdens or obligations beyond the scope of

5  permissible discovery under the Federal Rules of Civil Procedure, the Local Rules of the District

6  Court for the Northern District of California and any orders entered in this action.

7           3.    Quantum objects to these interrogatories on the grounds and to the extent

8  that they seek information or documents that are not relevant to any claim or defense of any party

9  in this litigation, not reasonably calculated to lead to the discovery of admissible evidence, or fall

10  outside the scope of discoverable information under the Federal Rules of Civil Procedure, the

11  Local Rules of the District Court for the Northern District of California and any orders entered in

12  this action.

13           4.    Quantum objects to these interrogatories on the grounds and to the extent

14  that they seek information or documents that are publicly available or are equally accessible to

15  Defendant as to Quantum.

16           5.    Quantum objects to these interrogatories on the grounds and to the extent

17  that they seek information or documents that are confidential and/or proprietary. Quantum will

18  provide such information and documents only after the entry of an appropriate Protective Order.

19           6.    Quantum objects to the introductory definitions and instructions in the

20  Interrogatories to the extent said definitions or instructions purport to enlarge, expand or alter in

21  any way the plain meaning and scope of any specific interrogatory on the ground that such

22  enlargement, expansion or alteration renders said interrogatory vague, ambiguous, unintelligible,

23  unduly broad or uncertain. Quantum object to all definitions, instructions and interrogatories in

24  which the phrase "referring to", "relates", "relate to", "relating to" or "evidencing" appears. The

25  terms "referring to," "relates", "relate to", "relating to" and "evidencing" are overly broad, vague,

26  ambiguous and unintelligible, would require subjective judgment on the part of Quantum and its

27  counsel, and would require a conclusion or opinion of counsel in violation of the attorney work

28  product doctrine.

-3-

1          7.      Quantum objects to the Interrogatories to the extent they purport to require

2 Quantum to provide any answers or responses beyond those required by Rule 33 of the Federal

3 Rules of Civil Procedure and/or any other applicable Federal or Local Rule of Civil Procedure

4 and/or Evidence. Quantum objects insofar as any interrogatory contains subparts, or is a

5 compound, conjunctive or disjunctive interrogatory.

6          8.      Quantum objects to these interrogatories under Patent Local Rule 2-5 to the

7 extent they are premature in light of the timetable for the disclosure of certain categories of

8 information, as provided in the Patent Local Rules.

9          9.      Quantum reserves the right to object to the introduction of any information

10 or documents provided in response to any of Defendant's interrogatories on any available grounds.

11 Nothing herein shall be construed as an admission by Quantum regarding the admissibility or

12 relevance of any information or document provided in response to Defendant's interrogatories.

13         10.     Quantum's referencing and incorporation of documents into any response

14 below pursuant to Federal Rule of Civil Procedure 33(d) is not intended to be and shall not be

15 considered in any way a waiver of any level of confidentiality with which any such documents

16 have been designated.

17         11.     Quantum has not fully completed its investigation of the facts relating to

18 this case, its discovery and its preparation for trial. All responses and objections contained herein

19 are based on such information and such documents which are presently available to and

20 specifically known to Quantum after conducting a reasonable and diligent investigation. It is

21 anticipated that further discovery and independent investigation and analysis will provide

22 additional facts, provide context to known facts and establish new factual conclusions, all of

23 which may lead to changes in the responses set forth herein. The following objections and

24 responses are made without prejudice to Quantum's right to produce evidence of subsequently

25 discovered information or documents. Accordingly, without assuming any obligation to do so and

26 without waiving any objections herein, Quantum reserves the right to amend and/or supplement

27 these responses as and when additional facts are discovered or ascertained.

28

W02-WEST:6CHW1\400522481.3
Case No: C 07-04161 WHA

PLAINTIFFS RESPONSES TO RIVERBED
TECHNOLOGY INC.'S FIRST SET OF
INTERROGATORIES

1        12.     Each of these general objections is incorporated by reference into each of

2  the specific responses set forth below.  The fact that any of these general objections is set forth in

3  response to any of the discovery requests shall not be construed as a waiver of any of the other

4  general objections set forth herein.

5                     **RESPONSES TO INTERROGATORIES**

6  **INTERROGATORY NO. 1:**

7        For each claim of the '810 Patent, describe the circumstances surrounding the

8  invention of the claims, including the precise date of conception, the persons involved, the date of

9  actual or constructive reduction to practice, and the steps constituting diligence from conception to

10  actual or constructive reduction to practice.

11  **RESPONSE TO INTERROGATORY NO. 1:**

12        **[Pursuant to an agreement between counsel for the parties, Quantum's**

13  **deadline to object and otherwise respond to this Interrogatory No. 1 is extended for seven**

14  **days from the date of these responses, *i.e.*, through and including December 10, 2007.]**

15

16  **INTERROGATORY NO. 2:**

17        For each claim of the '810 Patent, describe all investigations made by or on behalf

18  of Quantum prior to the filing of the Complaint regarding whether any claim of the '810 Patent is

19  infringed by any Riverbed product, including identifying the persons involved in the

20  investigations, the persons to whom reports were made, the persons involved in the approval of the

21  action, the date of the investigation, the items considered, when and where such items were

22  obtained, the conclusion reached in the investigations, and all documents referring to or describing

23  such investigations.

24  **RESPONSE TO INTERROGATORY NO. 2:**

25        Quantum further objects to this interrogatory on the ground it seeks to discover

26  information protected by the attorney-client privilege and/or the work product doctrine.  Quantum

27  further object to this interrogatory on the ground it contains subparts in violation of Federal Rule

28  of Civil Procedure 33(a).  Quantum further objects to this interrogatory on the grounds that it is

-5-

1  vague and ambiguous in that it seeks descriptions of "all investigations" of infringement.

2  Quantum further objects to this interrogatory on the ground that it is overbroad, unduly

3  burdensome and oppressive and that it seeks information that is not relevant to the claims and

4  defenses in the pending litigation and not reasonably calculated to lead to the discovery of

5  admissible evidence.

6        Based on and without waiving the foregoing general and specific objections,

7  Quantum will not provide any information in response to this interrogatory.

8

9  **INTERROGATORY NO. 3:**

10        Identify every instance where Quantum has contacted any third party regarding the

11  '810 patent, including the name and address of each third party and the circumstances surrounding

12  the contact.

13  **RESPONSE TO INTERROGATORY NO. 3:**

14        Quantum further objects to this interrogatory on the grounds that it is overbroad,

15  unduly burdensome and oppressive and that it seeks information that is confidential or not relevant

16  to the claims and defenses in the pending litigation and not reasonably calculated to lead to the

17  discovery of admissible evidence.  Quantum further objects to this interrogatory on the ground it

18  seeks to discover information protected by the attorney-client privilege and/or the work product

19  doctrine.

20        Subject to and without waiving the foregoing general and specific objections,

21  Quantum responds as follows:

22        The following companies were contacted about '810 patent licensing:

23        In of May 2003, Rocksoft contacted Hewlett Packard Company, Gerard Lameiro,

24  Director, New Business Ventures, 3404 East Harmony Road, Ft. Collins, CO 80528 after being

25  introduced by E&Y consultants.

26        In November 2006, Quantum contacted Data Domain, Inc., Frank Slootman, CEO,

27  2300 Central Expressway Santa Clara, CA 95050 to open patent licensing discussions.

28

-6-

1           In November 2006, Quantum contacted Avamar Technologies, Inc., Ed Walsh,

2   CEO, 135 Technology Drive Suite 100, Irvine, CA 92618 to open patent licensing discussions.

3           In November 2006, Quantum contacted EMC, Michael Cody, 176 South Street,

4   Hopkinton, MA 07148 to open patent licensing discussions.

5           In February of 2007, Quantum contacted Riverbed Technology, Inc., Jerry

6   Kennely, CEO, 199 Fremont Street, San Francisco, CA 94105 to open patent licensing

7   discussions.

8           The following companies have also been contacted about reselling software which

9   embodies the '810 patent with the points of first contact provided:

10          **By Rocksoft:**

11          Symantec Corporation, Steve Fairbanks, 20330 Stevens Creek, Cupertino, CA

12  95104;

13          Quantum Corporation, Shane Jackson, 1650 Technology Drive, #800, San Jose, CA

14  95110;

15          EDS Information Services LLC., Frank Cermak, 5400 Legacy Drive, Plano, TX

16  75024;

17          Computer Associates International, Inc., Anders Lofgren, One CA Plaza, Islandia,

18  NY 11749;

19          EMC Corporation, Jerry Cotter, 32 Coslin Drive, Southboro, MA 01772;

20          Advanced Digital Information Corporation, Jonathan Otis, 11431 Willows Rd, NE,

21  Redmond, WA 98052;

22          Veritas, Paul DiNardo, 350 Ellis Street, Mountain View, CA 94043;

23          Network Appliance, Paul O'Farrell, 495 East Java Drive, Sunnyvale, CA 94089;

24          Percept, Brian Cleveland, no address recorded;

25          FalconStor Software, Inc., Seth Oxenhorn, 2 Huntington Quad, Mellville, NY

26  11747;

27          EDI Ltd. G.E. Schmidt, 18 Celina Ave, #20, Nachua NH 03063; and

28          Adaptec, Victor Jipson, 691 South Milpitas Blvd., Milpitas, CA 95035.

-7-

1    Microsoft, Eric Rosencrantz, 1 Microsoft Way, Redmond, WA 98052;

2    Copan Systems, Dave Davenport, CEO, 1900 Pike Road, Longmont, CO 80501;

3    Acopia, Mike Fahey, 41 Wellman Street, Lowell, MA 01851;

4    StorageSwitch, LLC, PO Box 448, Boulder, CO 80306;

5    Agami, Craig Stevens, 1269 Innsbruck Drive, Sunnyvale, CA 94089;

6    Tektools, Ken Barth, 4020 McEwen Dr, #105, Dallas, TX 75244;

7    Seagate, Jay Remley, address not recorded;

8    HDS, Derek Gascon, address not recorded;

9    SUN, Derek Maxwell, address not recorded; and

10    MySpace, Aber Whitcomb, address not recorded.

11    **By Quantum:**

12    Exagrid, Dave Therrien, 2000 West Park Drive, Suite 110, Westborough, MA

13    01581;

14    Microsoft, Mark Robinson, 1 Microsoft Way, Redmond WA 98052;

15    CommVault, Eric Rice, 2 Crescent Place, Oceanport, NJ 07757;

16    TimeSpring, Rick Carlson, 2000 Peel, Suite 905 Montreal, Quebec H3A 2W5;

17    Breakthrough Systems, John LoPorto, 1380 Forest Park Circle, #204, Lafayette,

18    CO 80026;

19    BlueArc Corporation, Shmuel Shottan, 50 Rio Robles Drive, San Jose, CA 95134;

20    Apple, Greg Burns, 1 Infinite Loop, Cupertino, CA 95104;

21    LSI/Engenio, Bob Emmett, 20 Ashford, Irvine, CA 92618; and

22    NetPriva, Todd Viegut, address not recorded.

23

24    **INTERROGATORY NO. 4:**

25    Identify all licenses relating to the '810 Patent, including the licensor, the licensee,

26    the date of the license, and the terms of the license, the amounts paid under the license, and any

27    royalty rates established by the license.

28

-8-

1    <u>**RESPONSE TO INTERROGATORY NO. 4:**</u>

2              Quantum further objects to this interrogatory on the grounds that it is overbroad,

3    unduly burdensome and oppressive and that it seeks information that is confidential or not relevant

4    to the claims and defenses in the pending litigation and not reasonably calculated to lead to the

5    discovery of admissible evidence.

6              Subject to and without waiving the foregoing general and specific objections,

7    Quantum responds as follows:  **[QUANTUM'S RESPONSE TO THIS INTERROGATORY**

8    **NO. 4 IS HEREBY DESIGNATED "CONFIDENTIAL – OUTSIDE ATTORNEYS' EYES**

9    **ONLY AND IS HIGHLIGHTED/SHADED AS A FURTHER INDICATION OF SAID**

10   **DESIGNATION]**

11

12

13

14

15

16

17                              REDACTED

18

19

20

21

22

23

24

25

26

27

28

-9-

1
2
3
4
5
6
7
8
9
10
11
12
13    REDACTED
14
15
16
17
18
19
20          Furthermore, pursuant to Federal Rule of Civil Procedure 33(d) and in further

21    response to this interrogatory, Quantum incorporates herein by reference the documents produced

22    herewith marked with control numbers QU 000013 – QU 0000159 from which information

23    responsive to this interrogatory may be derived or ascertained.  These documents are designated

24    "Confidential – Outside Attorneys' Eyes Only," and Quantum's referencing and incorporation of

25    these documents into this response pursuant to Federal Rule of Civil Procedure 33(d) is not

26    intended to be and shall not be considered in any way a waiver of the confidentiality with which

27    such documents have been designated.
28

-10-

1

2  **INTERROGATORY NO. 5:**

3       Identify each Patented Product, the date each Patented Product was first sold in the

4  United States, and whether each Patented Product was marked pursuant to 35 U.S.C. § 287.

5  **RESPONSE TO INTERROGATORY NO. 5:**

6       Quantum further objects to this interrogatory on the grounds that it is overbroad,

7  unduly burdensome and oppressive and that it seeks information that is not relevant to the claims

8  and defenses in the pending litigation and not reasonably calculated to lead to the discovery of

9  admissible evidence. Quantum further objects to this interrogatory on the ground that Plaintiff has

10 not completed its discovery or preparation for trial and has not yet identified all information and

11 documents and information which support its contentions. Quantum further objects to this

12 interrogatory on the ground that it contains subparts in violation of Federal Rule of Civil

13 Procedure 33(a).

14       Subject to and without waiving the foregoing general and specific objections,

15 Quantum responds as follows:

16       1.    DXi 3500 disk-based backup appliance, all models

17             First sale date: February 15, 2007. The product is currently marked.

18       2.    DXi 5500 disk-based backup appliance, all models

19             First sale date: February 15, 2007. The product is currently marked.

20       3.    StorNext Storage Manager Data Reduction Services, a software product

21             First sale date: April 2, 2007. The product is currently marked.

22

23 **INTERROGATORY NO. 6:**

24       State all facts supporting any contention by Quantum that Riverbed has willfully

25 infringed the '810 Patent.

26 **RESPONSE TO INTERROGATORY NO. 6:**

27       Quantum further objects to this interrogatory on the grounds that Plaintiff has not

28 completed its discovery or preparation for trial and has not yet identified all information and

-11-

1  documents and information which support its contentions. Quantum further objects to this

2  interrogatory on the ground that it calls for a legal conclusion.

3          Subject to and without waiving the foregoing general and specific objections,

4  Quantum responds as follows:

5          The '810 patent is conspicuously cited on several patents issued to Riverbed.

6  These include U.S. Patent Nos. 6,828,925 (the "'925 patent"), 6,961,009 (the "'009 patent"),

7  7,116,249 (the "'249 patent"), and 7,120,666 (the "'666 patent"). Further, the '810 patent was cited

8  by the applicant on its IDS, not by the USPTO examiner. However, the parent patent to the '925

9  patent, the '009 patent, and the '249 patent is U.S. Patent No. 6,667,700 (the "'700 patent"), which

10 does not cite or disclose the '810 patent as part of its filing or prosecution. Therefore, Riverbed

11 clearly was aware of the '810 patent at least prior to applying for the first continuation patent of

12 the '700 patent (*i.e.*, the '925 patent). Also, Riverbed's '666 patent did not initially cite the '810

13 patent. The USPTO provided a Notice of Allowance, but Riverbed then filed an RCE, along with

14 a Petition to Withdraw from Issue. The RCE then cited the '810 patent, again showing that

15 Riverbed had specific knowledge of it. Moreover, since the '925 patent was filed on Dec. 8, 2003,

16 citing the '810 patent, and since Riverbed shipped its first product in 2004 (see

17 http://www.riverbed.com/news/press_releases/press_042604.php), Riverbed has willfully

18 infringed and is willfully infringing the '810 patent with respect to all the accused products.

19          At a meeting between Jonathan Otis (Quantum) and Eric Wolford (Riverbed), Mr.

20 Wolford acknowledged that in the past OEM or potential OEM's made Riverbed compare its

21 technology to the '810 patent, and Riverbed complied, showing that Riverbed and its customers

22 were aware of the '810 patent. Jonathan Otis also had two conversations by telephone with Brett

23 Nissenberg of Riverbed. The first call was around the date of March 8, 2007. Mr. Nissenberg

24 acknowledged Quantum's previous letters providing notice of the '810 patent, and said Riverbed

25 would be responding and get back to Quantum. He asked if Quantum had licensed to anyone

26 other than Data Domain. The second call was on July 17 at 5:36 p.m. Mr. Nissenberg called to

27 say Riverbed's response to Quantum's June letter was still coming and would be finished in one or

28

-12-

PLAINTIFFS RESPONSES TO RIVERBED
TECHNOLOGY INC.'S FIRST SET OF
INTERROGATORIES

1  two more weeks, and that he would call again if it turned out to be longer. Mr. Otis asked if they

2  should talk first, and Mr. Nissenberg stated, "Just wait for the letter, on that basis you can decide."

3          Furthermore, pursuant to Federal Rule of Civil Procedure 33(d) and in further

4  response to this interrogatory, Quantum incorporates herein by reference the documents produced

5  herewith marked with control numbers QU 000202 – QU 000213 from which information

6  responsive to this interrogatory may be derived or ascertained. These documents are designated

7  "Confidential – Outside Attorneys' Eyes Only," and Quantum's referencing and incorporation of

8  these documents into this response pursuant to Federal Rule of Civil Procedure 33(d) is not

9  intended to be and shall not be considered in any way a waiver of the confidentiality with which

10 such documents have been designated.

11

12 **INTERROGATORY NO. 7:**

13          State all facts supporting any contention by Quantum that Riverbed had actual or

14 constructive notice of any alleged infringement of the claim, including but not limited to any

15 patent marking(s).

16 **RESPONSE TO INTERROGATORY NO. 7:**

17          Quantum further objects to this interrogatory on the grounds that Plaintiff has not

18 completed its discovery or preparation for trial and has not yet identified all documents and

19 information which support its contentions. Quantum further objects to this interrogatory on the

20 grounds that it is cumulative. Quantum further objects to this interrogatory on the ground that it

21 calls for a legal conclusion.

22          Subject to and without waiving the foregoing general and specific objections,

23 Quantum responds as follows:

24          The '810 patent is conspicuously cited on several patents issued to Riverbed. These

25 include U.S. Patent Nos. 6,828,925 (the "'925 patent"), 6,961,009 (the "'009 patent"), 7,116,249

26 (the "'249 patent"), and 7,120,666 (the "'666 patent"). Further, the '810 patent was cited by the

27 applicant on its IDS, not by the USPTO examiner. However, the parent patent to the '925 patent,

28 the '009 patent, and the '249 patent is U.S. Patent No. 6,667,700 (the "'700 patent"), which does

- 13 -

1    not cite or disclose the '810 patent as part of its filing or prosecution. Therefore, Riverbed clearly

2    was aware of the '810 patent at least prior to applying for the first continuation patent of the '700

3    patent (*i.e.*, the '925 patent). Also, Riverbed's '666 patent did not initially cite the '810 patent.

4    The USPTO provided a Notice of Allowance, but Riverbed then filed an RCE, along with a

5    Petition to Withdraw from Issue. The RCE then cited the '810 patent, again showing that

6    Riverbed had specific knowledge of it. Moreover, since the '925 patent was filed on Dec. 8, 2003,

7    citing the '810 patent, and since Riverbed shipped its first product in 2004 (see

8    http://www.riverbed.com/news/press_releases/press_042604.php), Riverbed has willfully

9    infringed and is willfully infringing the '810 patent with respect to all the accused products.

10            At a meeting between Jonathan Otis (Quantum) and Eric Wolford (Riverbed), Mr.

11    Wolford acknowledged that in the past OEM or potential OEM's made Riverbed compare its

12    technology to the '810 patent, and Riverbed complied, showing that Riverbed and its customers

13    were aware of the '810 patent. Jonathan Otis also had two conversations by telephone with Brett

14    Nissenberg of Riverbed. The first call was around the date of March 8, 2007. Mr. Nissenberg

15    acknowledged Quantum's previous letters providing notice of the '810 patent, and said Riverbed

16    would be responding and get back to Quantum. He asked if Quantum had licensed to anyone

17    other than Data Domain. The second call was on July 17 at 5:36 p.m. Mr. Nissenberg called to

18    say Riverbed's response to Quantum's June letter was still coming and would be finished in one or

19    two more weeks, and that he would call again if it turned out to be longer. Mr. Otis asked if they

20    should talk first, and Mr. Nissenberg stated, "Just wait for the letter, on that basis you can decide."

21            Furthermore, pursuant to Federal Rule of Civil Procedure 33(d) and in further

22    response to this interrogatory, Quantum incorporates herein by reference the documents produced

23    herewith marked with control numbers QU 000202 – QU 000213 from which information

24    responsive to this interrogatory may be derived or ascertained. These documents are designated

25    "Confidential – Outside Attorneys' Eyes Only," and Quantum's referencing and incorporation of

26    these documents into this response pursuant to Federal Rule of Civil Procedure 33(d) is not

27    intended to be and shall not be considered in any way a waiver of the confidentiality with which

28    such documents have been designated.

-14-

1

2 **INTERROGATORY NO. 8:**

3          State all facts supporting any contention by Quantum has standing to sue for

4 infringement of the '810 Patents, including a detailed description of all grants and transfers of any

5 ownership interests in the '810 Patent since the filing, of the patent application that resulted in the

6 issuance of the '810 patent.

7 **RESPONSE TO INTERROGATORY NO. 8:**

8          Quantum further objects to this interrogatory on the grounds that it is overbroad,

9 unduly burdensome and oppressive and that it seeks information that is not relevant to the claims

10 and defenses in the pending litigation and not reasonably calculated to lead to the discovery of

11 admissible evidence.  Quantum further objects to this interrogatory on the ground it seeks to

12 discover information protected by the attorney-client privilege and/or the work product doctrine.

13 Quantum further objects to this interrogatory on the ground that it calls for a legal conclusion.

14 Quantum further objects to this interrogatory on the ground that it contains subparts in violation of

15 Federal Rule of Civil Procedure 33(a).

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

1    Subject to and without waiving the foregoing general and specific objections,

2    Quantum responds as follows:

3    Pursuant to Federal Rule of Civil Procedure 33(d) and in response to this

4    interrogatory, Quantum incorporates herein by reference the documents produced herewith

5    marked with control numbers QU 000214 – QU 000226 from which information responsive to this

6    interrogatory may be derived or ascertained.  Certain of these documents are designated

7    "Confidential – Outside Attorneys' Eyes Only," and Quantum's referencing and incorporation of

8    these documents into this response pursuant to Federal Rule of Civil Procedure 33(d) is not

9    intended to be and shall not be considered in any way a waiver of the confidentiality with which

10   such documents have been designated.

11

12   Dated:  December 3, 2007

13                          SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

14

15                          By    _____

16                                    AMAR L. THAKUR
                                     NATHANIEL BRUNO

17                                    Attorneys for
18                                    QUANTUM CORPORATION

19

20

21

22

23

24

25

26

27

28

-16-

1

<u>VERIFICATION</u>

2       I have read the foregoing **QUANTUM CORPORATION'S RESPONSES TO
RIVERBED TECHNOLOGY INC.'S FIRST SET OF INTERROGATORIES** and know its

3    contents.

4    ☐    I am a party to this action.  The matters stated in the foregoing document are true of my
own knowledge except as to those matters which are stated on information and belief, and

5         as to those matters I believe them to be true.

6    ☒    I am the Vice President of Business Development & Technology Partnerships at Quantum
Corporation, a party to this action, and am authorized to make this verification for and on

7         its behalf, and I make this verification for that reason.  ☒ I am informed and believe and
on that ground allege that the matters stated in the foregoing document are true.  ☐ The

8         matters stated in the foregoing document are true of my own knowledge except as to those
matters which are stated on information and belief, and as to those matters I believe them

9         to be true.

10   ☐    I am one of the attorneys for Quantum Corporation, a party to this action.  Such party is
absent from the county where such attorneys have their offices, and I make this verification

11        for and on behalf of that party for that reason.  I am informed and believe and on that
ground allege that the matters stated in the foregoing document are true.

12        Executed on December 3, 2007, at the city of ____Redmond____, in

13   the state of __WA__.

14        I declare under penalty of perjury under the laws of the United States of America
that the foregoing is true and correct.

15

16

17   Jonathan Otis                                    _Jonathan G. Otis_
     Print Name                                        Signature

18

19

20

21

22

23

24

25

26

27

28

-17-