QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California  94065-2139
Telephone:     (650) 801-5000
Facsimile:      (650) 801-5100
Email:           claudestern@quinnemanuel.com
                    toddbriggs@quinnemanuel.com

Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>　　　　Defendant.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>　　　　Counterclaimant,<br><br>　　vs.<br><br>QUANTUM CORPORATION,<br><br>　　　　Counterdefendant. | CASE NO. C 07-4161 WHA<br><br>**DECLARATION OF TODD BRIGGS IN SUPPORT OF RIVERBED'S MOTION TO SHORTEN TIME FOR HEARING ON ITS MOTION TO DISMISS QUANTUM'S PATENT INFRINGEMENT CLAIMS UNDER U.S. PATENT NO. 5,990,810 FOR LACK OF SUBJECT MATTER JURISDICTION** |

-1-

51198/2349295.3
Case No. C 07-04161 WHA

DECLARATION OF TODD BRIGGS
IN SUPPORT OF MOTION TO
EXPEDITE HEARING

I, Todd M. Briggs, declare as follows:

I am an attorney with the law firm of Quinn Emanuel Urquhart Oliver & Hedges ("Quinn Emanuel"), counsel for Riverbed Technologies, Inc. ("Riverbed"). I submit this declaration in support of Riverbed's Motion To Shorten Time for Hearing on Its Motion to Dismiss Quantum's Patent Infringement Claims Under U.S. Patent No. 5,990,810 For Lack Of Subject Matter Jurisdiction ("Motion to Shorten Time for Hearing"). I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto.

**Efforts To Obtain A Stipulation / Compliance With Civil L.R. 37-1(a).**

On January 9, 2008, I sent a letter to Amar Thakur (counsel for Quantum) notifying Quantum of Riverbed's Motion to Dismiss. In that letter, I requested that Quantum stipulate to an expedited hearing and briefing schedule and a stay of discovery relating to the '810 Patent. I also requested that counsel for Quantum reply to my letter by 5:00 p.m. on January 10, 2008 and explained that Riverbed intended to raise the expedited hearing and stay of discovery issues with the Court if Quantum would not agree to Riverbed's requests. Attached hereto as **Exhibit A** is a true and correct copy of that letter.

Shortly after 5:00 pm on January 10, 2008, Quantum's counsel, Amar Thakur, provided an unsigned letter stating that Quantum would not agree to stay discovery or to expedite the briefing schedule. Attached hereto as **Exhibit B** is a true and correct copy of that letter.

**Reasons For Shortening Of Time/Harm Or Prejudice Should The Court Not Grant The Change In Time.**

Riverbed respectfully requests that the Court hear its motion – on January 31, 2008 – so as to avoid unnecessary and costly discovery and further litigation relating to Quantum's patent infringement claims under the '810 patent. Quantum is seeking a wide range of information regarding Riverbed products alleged to infringe the '810 patent, and Riverbed's Preliminary Invalidity Contentions are due on February 14, 2008. (*See* Stipulation and Order, Docket No. 34). Requiring Riverbed to provide this information when Quantum has been unable to demonstrate that it had standing to bring its patent infringement claims is highly prejudicial, unnecessary and costly to Riverbed.

1  I do not believe Quantum would be prejudiced by an expedited schedule.  The parties have already conducted discovery on Quantum's standing under the '810 patent for nearly two months and Riverbed does not believe any further discovery is necessary.  Furthermore, Riverbed's motion presents a discrete and straightforward legal issue.

**Positions Taken By The Parties.**

Riverbed believes that Quantum lacked standing when it filed its complaint against Riverbed on August 14, 2007.  Riverbed contends that as of that date, Quantum neither held title to the '810 Patent nor was it the exclusive licensee.  Quantum maintains it had standing to bring suit under the '810 Patent.  (*See* Attached **Exhibit B**).

**Previous Time Modifications In This Case.**

The schedule in this case was previously modified by Order dated December 14, 2007 (Docket No. 34).

**Effect The Requested Time Modification Would Have On The Schedule For the Case.**

The requested time modification would preserve the current schedule.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 10, 2008 in Redwood Shores, California.

Dated:  January 10, 2008

                                            /s/  Todd M. Briggs
                                            Todd M. Briggs