# EXHIBIT B

Writer's Direct Line: 858-720-8963<br>
athakur@sheppardmullin.com<br>
Our File Number: 16HC-132982

January 10, 2008

*VIA E-MAIL*

Todd Briggs, Esq.
Quinn Emanuel LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Fax: (650) 801-5100

Re:  *Quantum Corporation v. Riverbed Technology, Inc*, C07-04161-

Dear Todd:

This letter responds to your letter to me yesterday regarding Riverbed's motion to dismiss for lack of subject matter jurisdiction.

Riverbed's own brief cites the controlling case law which renders its motion non-meritorious. *Atmel Corp v. Authentec, Inc.*, 490 F. Supp. 1052 (N.D. Cal. 2007) squarely holds that a parent company has "constitutional standing" as an exclusive licensee at the inception of the case and may therefore cure any defect in "prudential standing" after the case has been filed. Under *Atmel*, Quantum clearly had "constitutional standing" as the parent company and would be well within its rights to cure any defect in "prudential standing" after the case was filed.

Riverbed's futile attempt to distinguish *Atmel* in footnote 5 of its brief is based on several glaring inaccuracies.

First, Riverbed states that *Atmel* is an unpublished decision. Not so. It was published in the Federal Supplement as cited above.

Second, Riverbed states that *Atmel* was "wrongly decided under Federal Circuit law because it holds that an exclusive license that confers initial standing need not be in writing." Again, not so. *Atmel* held only that a written exclusive license is not necessary to confer "constitutional standing," and is entirely consistent with the rule that "prudential standing" as an exclusive licensee requires a writing.

Third, Riverbed characterizes *Atmel* as a "lone" decision. In fact it is consistent with the decisions in *Propat Int'l Corp v. RPost US, Inc.*, 473 F.3d 1187 (Fed. Cir. 2007, *Mentor H/S , Inc. v. Med. Device Alliance, Inc.*, 248 F.3d 1333 (Fed. Cir. 2001) and *Steelcase Inc. v. Smart Technologies Inc.*, 336 F.Supp.2d 714 (W.D. Mich 2004), as well as numerous other cases discussed therein.

Todd Briggs, Esq.
January 10, 2008
Page 2

      Fourth, Riverbed asserts that *Atmel* is "distinguishable because there the patent owner had never granted rights in the patent-at-issue to any party other than the named plaintiff, the named plaintiff had 'always acted as the exclusive licensee,' and the named plaintiff joined the true owner of the patent before the motion to dismiss was filed."  Here, the '810 patent was under the exclusive control and ownership of Quantum, as the parent company, at the time the complaint was filed, and Quantum has acted as the exclusive licensee.  Your contention to the contrary is utterly without support.  Naming an additional party plaintiff is not necessary here because Quantum is indisputably the sole owner at this time.

      Needless to say, we will not dismiss Quantum's complaint.  Nor will we agree to stay discovery or to expedite the briefing schedule.

      Please be advised that unless you withdraw your motion and agree to proceed with discovery forthwith by 5:00 PM tomorrow, we will move to compel and seek sanctions in connection with that motion and for filing the motion to dismiss.  In responding to Quantum's interrogatories you have taken the position that you are entitled to unilaterally suspend your discovery obligations, without seeking a stay.  Now when you are called to account for that position you file an obviously non-meritorious motion in order to manufacture an excuse to avoid your obligations to meet and confer and to provide substantive discovery responses.

      Very truly yours,


Amar Thakur

      for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:6MAF1\400658029.1