**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

January 10, 2008

*VIA ELECTRONIC FILING*

Honorable William Alsup
450 Golden Gate Ave.
Courtroom 9, 19th Floor
San Francisco, CA 94102

Re: *Quantum Corporation v. Riverbed Technology, Inc.* (No. C 07-4161 WHA)

Dear Judge Alsup:

Riverbed Technology, Inc. ("Riverbed") hereby moves the Court to enter a protective order under Fed. R. Civ. P. 26(c) staying all discovery and all Patent Local Rule disclosures in this action relating to Quantum Corporation's ("Quantum's") claims under the U.S. Patent No. 5,990,810 ("the '810 patent") pending the resolution of Riverbed's motion to dismiss, except for discovery relating to Quantum's subject matter jurisdiction.[1]  The basis for Riverbed's motion is set forth in detail below.

**THE COURT DOES NOT HAVE SUBJECT MATTER JURISDICTION OVER QUANTUM'S PATENT INFRINGEMENT CLAIMS**

Yesterday, Riverbed filed a motion to dismiss Quantum's patent infringement claims under the '810 patent for lack of subject matter jurisdiction (Docket No. 35 ("Riverbed's motion to dismiss").)  Through discovery, Riverbed learned that Quantum did not own or have all substantial rights in the '810 patent when if filed its complaint in this action on August 14, 2007.  Specifically, as set forth in detail in Riverbed's motion to dismiss, Riverbed learned the following:

- At the time Quantum's complaint was filed, Rocksoft Limited ("Rocksoft") apparently owned the '810 patent.

- One day before Quantum's complaint was filed, an Australian company, A.C.N. 120 786 012 Pty. Ltd. ("A.C.N. 120"), granted an "exclusive license" under the '810 patent to Quantum.  Quantum has represented that A.C.N. 120 owns Rocksoft as a wholly-owned subsidiary.

---

[1]  This motion is being made as a request for discovery relief pursuant to paragraph 26 of the Supplemental Order To Order Setting Initial Case Management Conference In Civil Cases Before Judge William Alsup.  (Docket No. 14.)

51198/2348628.1

Honorable William Alsup
January 10, 2008
Page 2 of 3

- After being pressed by Riverbed to prove the chain of title from Rocksoft to Quantum, Quantum appears to have orchestrated a post-filing assignment of the '810 patent from Rocksoft to A.C.N. 120. This assignment was dated December 24, 2007.

These facts show that Quantum did not own or have all substantial rights in the '810 patent when it filed its complaint on August 14, 2007. Quantum has not denied any of these facts even after Riverbed filed its motion to dismiss.[2] Furthermore, Quantum's belated attempt to cure the standing defect through the December 24, 2007 assignment – over four months after Quantum's complaint was filed – cannot cure the standing defect under well-settled Federal Circuit authority. (*See* Riverbed's motion to dismiss at 5-7.)

**DISCOVERY RELATING TO QUANTUM'S INFRINGEMENT CLAIMS UNDER THE '810 PATENT SHOULD BE STAYED PENDING RESOLUTION OF RIVERBED'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**

Under Fed. R. Civ. P. 26(c), the Court may, on a showing of good cause, enter an order to stay discovery in order to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." District courts have "wide discretion in controlling discovery. Such rulings will not be overturned [by the Ninth Circuit] unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988) (citing *Ellis v. Bhd. of Ry., Airline & S.S. Clerks*, 685 F.2d 1065, 1071 (9th Cir. 1982)).

When a defendant raises jurisdictional objections, the court may stay discovery proceedings generally and limit discovery to matters relevant to the court's jurisdiction. *See Alaska Cargo Transport, Inc., v. Alaska Railroad Corp*, 5 F.3d 378 (9th Cir. 1993) (merits discovery stayed pending disposition of motion to dismiss); *Orchid Biosciences, Inc. v. St. Louis Univ.*, 198 F.R.D. 670, 675 (S.D. Cal. 2001) (staying discovery on the merits, noting, "[c]ourts in other circuits have routinely stayed discovery on the merits altogether while challenges to jurisdiction are pending").

Riverbed has made a strong showing that this Court lacks subject matter jurisdiction over Quantum's patent infringement claim. Riverbed pressed Quantum to provide information showing that it had standing to sue for infringement when it filed its complaint, but Quantum has failed to show a chain of title existed at the time its complaint was filed. Indeed, the

---

[2] *See* Exhibit B to the Declaration of Todd Briggs In Support Of Riverbed's Motion To Shorten Time For Hearing On Its Motion To Dismiss Quantum's Patent Infringement Claims Under U.S. Patent No. 5,990,810 For Lack Of Subject Matter Jurisdiction filed concurrently herewith.

51198/2348628.1

Honorable William Alsup
January 10, 2008
Page 3 of 3

execution of the December 24, 2007 assignment from Rocksoft to A.C.N. 120 – an apparent attempt to repair the chain of title – is an implicit acknowledgment by Quantum that it lacked standing when it filed its complaint.

Allowing Quantum to proceed with its patent infringement discovery under the '810 patent would be prejudicial, unnecessary, costly and burdensome for Riverbed.  *See Orchid Biosciences*, 198 F.R.D. at 672 ("[S]ince there is a motion to dismiss for lack of personal jurisdiction pending, any discovery which seeks to reach the merits of this case would be unnecessary, costly, and burdensome at this time.").  Quantum propounded 75 document requests and 17 interrogatories directed to its claims under the '810 patent, the vast majority being directed to the Riverbed products it accuses of infringement.  More specifically, Quantum seeks a wide range of technical information (including highly sensitive source code), marketing information, and highly sensitive financial information.  Riverbed should not be required to provide this information when Quantum cannot even establish that this Court has subject matter jurisdiction.  For similar reasons, Riverbed should not be required to provide any further disclosures under the Patent Local Rules relating to the '810 patent.

**RIVERBED'S GOOD FAITH EFFORT TO RESOLVE THIS ISSUE**

Riverbed made a good faith effort to resolve this issue before seeking the Court's assistance.  Fed. R. Civ. P. 26(c).  On January 9, Riverbed requested via letter that Quantum stipulate the relief sought by this motion by 5:00 p.m. today.  Quantum responded shortly after 5:00 today by unsigned letter and stated that it would not agree to stay discovery.

**CONCLUSION**

In conclusion, Riverbed respectfully request this Court to issue a protective order staying discovery and all Patent Local Rule disclosures relating to the merits of Quantum's patent infringement claim under the '810 patent.  Riverbed also requests that discovery and all Patent Local Rule disclosures relating to Riverbed's patent infringement claims under the '249 patent proceed unaffected under the Court's scheduling orders.

| | |
|---|---|
| January 10, 2008 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | /s/  Claude M. Stern |
| | Claude M. Stern |
| | Counsel for Defendant and Counterclaimant, RIVERBED TECHNOLOGY, INC. |

51198/2348628.1