

Suite 200 | 12275 El Camino Real | San Diego, CA 92130-2006
858-720-8900 *office* | 858-509-3691 *fax* | **www.sheppardmullin.com**

Writer's Direct Line: 858-720-8963
athakur@sheppardmullin.com
Our File Number: 16HC-132982

January 14, 2008

*VIA ELECTRONIC FILING*

Honorable William H. Alsup
450 Golden Gate Ave.
Courtroom 9, 19th Floor
San Francisco, CA 94102

Re: *Quantum Corporation v. Riverbed Technology, Inc*, C07-04161-WHA – Plaintiff Quantum's Opposition to Defendant Riverbed's Motion to Enter a Protective Order and Stay Discovery [Docket No. 41]

Dear Judge Alsup:

  Plaintiff Quantum Corporation ("Quantum") submits this letter brief in opposition to the motion filed on January 10, 2008 as Docket No. 41 by Defendant and Counter-Claimant Riverbed Technology, Inc. ("Riverbed"). Riverbed's motion seeks a stay of discovery and disclosures mandated by the Patent Local Rules pending resolution of Riverbed's motion to dismiss for lack of subject matter jurisdiction.

  Riverbed's motion to dismiss (on which its motion for a protective order and stay is based) rests entirely on the premise that there is a gap in the transfer of rights in the patent-in-suit (U.S. Patent No. 5,990,810) leading from Rocksoft to Quantum. That premise is conclusively refuted by the plain words of the exclusive license issued to Quantum, effective August 22, 2006, by A.C.N. 120 786 012 Pty Limited ("A.C.N. 120") "and its subsidiaries." (*See* Briggs Decl. [Docket No. 36], Ex. D.) As Riverbed itself pointed out in its letter brief to the Court, "Quantum has represented [in a verified interrogatory response] that A.C.N. 120 owns Rocksoft as a wholly owned subsidiary." (Docket No. 41, p. 1.) Because the exclusive license to Quantum was issued not only by A.C.N. 120, <u>but also by its subsidiaries</u>, including Rocksoft, there is no question but that Quantum is the exclusive licensee with standing to bring this action. The assignment dated December 24, 2007 (*see* Briggs Decl. [Docket No. 36], Ex. H) was not essential to Quantum's right to file this action as exclusive licensee, and was an unnecessary step simply taken to further highlight the chain of title that already existed. It can and should now be disregarded because it is not necessary to demonstrate Quantum's standing, as explained above.

  Further, as of the date of its exclusive license, Quantum was the sole owner of A.C.N. 120 (through its acquisition of another company named ADIC), which was in turn the sole owner of Rocksoft. As the ultimate parent company, Quantum exercised control over the '810 patent. Accordingly, Riverbed's infringement of that patent inflicted an Article III

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. William H. Alsup
January 14, 2008
Page 2

"constitutional injury" on Quantum. *Atmel Corp v. Authentec.*, 490 F.Supp.2d 1052 (N.D. Cal. 2007). Even assuming *arguendo* Quantum lacked the "prudential standing" necessary to initiate this action by itself, under the holding in *Atmel* and the authorities carefully reviewed and discussed therein, Quantum should be given the opportunity to cure any defect in its standing after the action was filed. *Id.* at 1053-55. The *Atmel* decision is a well-reasoned and valid precedent that is on all fours with the facts of this case.

The issuance of a stay pending resolution of Riverbed's meritless motion to dismiss would be unfair to Quantum and highly disruptive of the schedule established by the Court. Further, Riverbed has already filed a complaint against Quantum in Delaware seeking a declaration of non-infringement and invalidity of the '810 patent. Therefore, even if Riverbed's motion had some merit, which it clearly does not, any discovery completed in this Court would be of use in the Delaware action. There would be no waste of time or money. The only thing accomplished by a stay would be to allow Riverbed to proceed with discovery relating to its counterclaim while forcing Quantum to sit on its hands.

Riverbed already has full and complete evidence of Quantum's chain of title and of its standing to bring this action. This motion is pure gamesmanship. Quantum already asked Riverbed to withdraw its meritless motion via a letter sent on January 10, 2008 (*see* Briggs Decl. [Docket No. 40], Ex. B), but Riverbed has since refused.

Because of the need to proceed quickly in order to meet this Court's schedule, Quantum agrees to an expedited briefing schedule on Riverbed's motion to dismiss, assuming the motion is not withdrawn upon a careful reading of Quantum's license and the applicable case law cited herein. However, a stay of discovery for even this limited period of time would be harmful to both Quantum and the Court's schedule.

For the foregoing reasons, Quantum requests that Riverbed's motion for a protective order and stay be denied.

Quantum intends to file a separate motion to compel Riverbed to respond to interrogatories on which Riverbed has refused to meet and confer.

                                              Very truly yours,
                                                    /s/
                                              Amar L. Thakur
                                              Nathaniel Bruno

                              for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                              [COUNSEL FOR QUANTUM CORPORATION]

W02-WEST:6NB1\400662993.1