

Suite 200 | 12275 El Camino Real | San Diego, CA 92130-2006
858-720-8900 *office* | 858-509-3691 *fax* | **www.sheppardmullin.com**

Writer's Direct Line: 858-720-8963
athakur@sheppardmullin.com
Our File Number: 16HC-132982

January 14, 2008

*VIA ELECTRONIC FILING*

Honorable William H. Alsup
450 Golden Gate Ave.
Courtroom 9, 19th Floor
San Francisco, CA 94102

        Re:    <u>*Quantum Corporation v. Riverbed Technology, Inc*, C07-04161-WHA – Request to Compel Responses to Quantum's First Set of Interrogatories, and for Sanctions</u>

Dear Judge Alsup:

        Quantum Corporation ("Quantum") hereby moves the Court to compel responses from Riverbed Technology, Inc. ("Riverbed") to Quantum's First Set of Interrogatories, and specifically, Interrogatory Nos. 1-10, 12, and 15. (Fed. R. Civ. P. 37(a)(3)(B)(iii); Docket No. 14 at ¶ 26 [Judge Alsup's Supplemental Order].) Quantum further moves for an award of sanctions based on Riverbed's unjustified failure to serve answers to the above-referenced interrogatories. (Fed. R. Civ. P. 37(d)(1)(A)(ii).)

        **History of Dispute.**

        1. Quantum served its First Set of Interrogatories on November 21, 2007. (Exhibit A.) Riverbed responded on December 24, 2007, providing nothing but objections to the Interrogatories (many based on Quantum's purported failure to provide adequate Patent L.R. 3-1 infringement contentions), or otherwise provided wholly-inadequate, unverified information. (Exhibit B.)

        2. Quantum electronically served supplemental infringement contentions on December 24 (of which it has record), which Riverbed claims it did not receive, and which Quantum re-served electronically on December 27. Quantum then sent Riverbed a meet-and-confer letter dated December 27, 2007 explaining the deficiencies in Riverbed's responses. (Exhibit C.)

        3. After a phone call between counsel on December 28, Riverbed's counsel sent an e-mail on December 31 stating it would provide supplemental responses "early next week" (*i.e.*, the week of January 7, 2008), which Quantum's counsel confirmed via a return e-mail. (Exhibit D.)

        4. Having received no supplemental responses, Quantum sent a follow-up letter on January 9, 2008, requesting a response by January 10 as to when Riverbed's supplemental responses would be provided. (Exhibit E.)

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. Judge Alsup
January 14, 2008
Page 2

      5.  Later that day, January 9, Riverbed filed a motion to dismiss based on Quantum's purported lack of standing.  (Docket No. 35.)

      6.  On January 10, Riverbed sent a letter stating that, in view of its motion to dismiss, it planned to seek a stay of discovery and would not be responding further to Quantum's interrogatories.  (Exhibit F.)  Later that day, January 10, Riverbed filed a letter brief seeking a protective order staying discovery.  (Docket No. 41.)

      Riverbed failed to respond to many interrogatories.  It then refused to meet and confer, stalling until it could file a motion to dismiss and a motion to stay discovery pending resolution of its dismissal motion.  For the reasons set forth in Quantum's opposition to that motion filed today in a separate letter brief, the stay should be denied.  For the reasons set forth below, Riverbed should be ordered to submit supplemental interrogatory responses within two business days of the Court's order.

      **Quantum's Interrogatory Nos. 1-6, 9, and 10:**  Riverbed refused to provide any response whatsoever to these interrogatories, other than objections, on the ground that, in Riverbed's view, Quantum had not yet complied with Patent L.R. 3-1.  As support for its position, Riverbed cited *NetworkCatching Tech, LLC v. Novell Inc.*, 2002 WL 32126128 (N.D. Cal. 2002).  However, that decision emphasizes that it is the province of the Court alone to make decisions about the adequacy of compliance with Local Rules.  Further, Quantum provided supplemental infringement contentions following Riverbed's responses that are more than adequate.  Riverbed still refuses to respond.  It has taken on the power reserved for the Court, made its own determination of non-compliance, and issued its own stay of discovery, at least with respect to certain interrogatories it does not want to answer.  Such a usurpation of judicial power is utterly without justification.  Riverbed may not unilaterally withhold discovery and must provide the information available.  Fed. R. Civ. P. 33(b).  Riverbed should be ordered to respond immediately.

      **Quantum's Interrogatory No. 7**:  Riverbed has also refused to provide any information in response to Interrogatory No. 7, which asks for details regarding the circumstances surrounding the invention of each of the claims in Riverbed's '700 patent.  Riverbed's refusal is based solely on lack of relevance.  However, the '249 patent, *which Riverbed's Counterclaim accuses Quantum of infringing*, is a continuation of a series of applications going back to United States Application No. 10/285,330 filed on Oct. 30, 2002, which issued as the '700 patent.  This information, which indicates that the '700 patent provides the priority date for the '249 patent, appears on the face of Riverbed's '249 patent.  Thus, it is beyond dispute that Riverbed was fully aware that the '700 patent provides the priority date that serves to demarcate the prior art applicable to the validity of the '249 patent, which Riverbed has directly placed at issue in this action by asserting it against Quantum.  Further, in Riverbed's Second Set of Interrogatories, Riverbed itself sought discovery into all "Related Riverbed Patent(s)," which *Riverbed expressly defined to include the '700 patent*.  Riverbed knew full well at the time of its response that the information sought relating to the '700 patent is within the proper scope of discovery in this case, and it should be ordered to respond immediately, or the Court should dismiss all of Riverbed's claims under the '249 patent.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Hon. Judge Alsup
January 14, 2008
Page 3

**Quantum's Interrogatory No. 8:**  This interrogatory asks Riverbed to describe "in detail the circumstances surrounding your initial awareness of the '810 PATENT, INCLUDING the date you first became aware thereof, how you became aware, and the PERSONS having knowledge of the facts RELATED TO YOUR initial awareness."  In response, Riverbed stated only that it "became aware of the '810 patent in late 2003 when Andy Sparkes of Hewlett-Packard informed Steve McCanne of the patent.  Hewlett-Packard and Riverbed were involved in business discussions at that time."  Riverbed provided no information regarding the circumstances of that incident, such as whether it was an in-person discussion or a phone or email contact, what was said by whom, or even who else was present.  There is no explanation of the nature of the referenced business discussions or why the '810 patent was relevant to those discussions.  Riverbed also failed to identify the persons having knowledge of these circumstances.  The further detail requested by Quantum is warranted and relevant to Quantum's claim of, among other things, willful infringement.

**Quantum's Interrogatory No. 12:**  This interrogatory asks Riverbed to describe "in detail every instance in which YOU have contacted any third party regarding the '810 PATENT, INCLUDING the name and address of each third party, the circumstances surrounding the contact, the reasons for the contact, and the results of the contact."  Riverbed failed to provide detailed information with respect to these contacts, stating only that its investigation is continuing and that it will supplement its responses.  Riverbed did not give the reason for the contact, the address of the third party contacted or the results of the contact.  Riverbed's response refers to its involvement in "business discussions," but no detail is provided as to the nature of the business discussed or how it related to the '810 patent.  Finally, there is an obvious discrepancy between Riverbed's statement that it had knowledge of the '810 patent in March of 2003 based on a contact with Network Appliance and its response to Interrogatory No. 8, where Riverbed stated that it first became aware of the '810 patent in "late 2003."  A supplemental response addressing these issues is necessary.

**Sanctions.**  Riverbed should be sanctioned in an amount set by the Court appropriate to compensate Quantum for the time and expense it has incurred dealing with Riverbed's unjustified obstruction of discovery.  Fed. R. Civ. P. 37(a).  Should the Court desire a declaration from Quantum establishing its related costs and fees, Quantum will gladly provide one.

> Very truly yours,
> /s/
> Amar L. Thakur
> Nathaniel Bruno
>
> for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
> [COUNSEL FOR QUANTUM CORPORATION]

W02-WEST:6MAF1\400663146.1