# **EXHIBIT A**

1  AMAR L. THAKUR, CAL. BAR NO. 194025
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
2  A Limited Liability Partnership
   Including Professional Corporations
3  12275 El Camino Real, Suite 200
   San Diego, California 92130
4  Telephone:    858-720-8900
   Facsimile:    858-509-3691
5  Email: athakur@sheppardmullin.com

6  NATHANIEL BRUNO, Cal. Bar No. 228118
   SHEPPARD MULLIN RICHTER & HAMPTON LLP
7  A Limited Liability Partnership
   Including Professional Corporations
8  Four Embarcadero Center, 17th Floor
   San Francisco, California 94111
9  Telephone:    415-434-2984
   Facsimile:    415-434-6095
10 Email: nbruno@sheppardmullin.com

11 Attorneys for
   QUANTUM CORPORATION
12

13                  UNITED STATES DISTRICT COURT

14                 NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION, a Delaware corporation, | CASE NO. C 07-4161 WHA |
| Plaintiff, | Honorable William H. Alsup |
| vs. | **QUANTUM'S FIRST SET OF INTERROGATORIES TO RIVERBED TECHNOLOGY, INC.** |
| RIVERBED TECHNOLOGY, INC., a Delaware corporation, | |
| Defendant. | |
| RIVERBED TECHNOLOGY, INC., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| QUANTUM CORPORATION, a Delaware corporation, | |
| Counterdefendant. | |

W02-WEST:6CHW1\400517773.2
Case No. C 074161 WHA

QUANTUM'S FIRST SET OF INTERROGATORIES TO RIVERBED TECHNOLOGY, INC.

| | | |
|---|---|---|
| 1 | PROPOUNDING PARTY: | PLAINTIFF/COUNTERDEFENDANT QUANTUM CORPORATION |
| 2 | | |
| 3 | RESPONDING PARTY: | DEFENDANT/COUNTERCLAIMANT RIVERBED TECHNOLOGY, INC. |
| 4 | SET NO.: | ONE (Interrogatory Nos. 1-17) |

Pursuant to Federal Rule of Civil Procedure 33, plaintiff/counterdefendant Quantum Corporation hereby propounds the following set of written interrogatories to defendant/counterclaimant Riverbed Technology, Inc. ("Riverbed"). Riverbed is directed to give answers to the following written interrogatories separately, fully, in writing, under oath, and in accordance with the following instructions and definitions. The answers must be signed by the person making them and must be served on the undersigned attorney within thirty (30) days after service hereof.

### DEFINITIONS

1. The terms "AND" and "OR" shall be construed both conjunctively and disjunctively to bring within the scope of the request all responses that might otherwise be construed to be outside of its scope.

2. The term "ANY" means any and all.

3. The term "EVERY" means each and every.

4. The term "EACH" means all and each.

5. The term "INCLUDING" means including but not limited to.

6. Terms in the present tense include the past and future tenses. Terms in the past tense includes the present and future tenses. Terms in the future tense includes the present and past tenses.

7. The singular form of terms include the plural, and the plural form of terms include the singular.

8. Terms in the masculine, feminine or neuter form shall include each of the other

1  genders.

2      9.     The term "QUANTUM" or any variation thereof means and refers to
3  plaintiff/counterdefendant Quantum Corporation and any past or present related company, division,
4  subsidiary, parent, affiliate, joint venture, predecessor, successor, or assign, whether U.S. or
5  foreign, whether incorporated or not; and all past or present directors, officers, employees,
6  accountants, consultants, experts, investigators, advisors, partners, representatives, agents and
7  attorneys thereof, and any other person acting on their behalf.

8      10.     The terms "DEFENDANT," "YOU," "YOUR," and "RIVERBED" mean and refer
9  collectively and individually to defendant/counterclaimant Riverbed Technology, Inc., any past or
10 present related company, division, subsidiary, parent, affiliate, joint venture, predecessor,
11 successor, or assign, whether U.S. or foreign, whether incorporated or not; and all past or present
12 directors, officers, employees, accountants, consultants, experts, investigators, advisors, partners,
13 representatives, agents and attorneys thereof, and any other person acting on their behalf. The
14 terms "DEFENDANT," "YOU," "YOUR," and "RIVERBED" further mean and refer to any
15 present and former agents, representatives, employees, attorneys, investigators, and other persons
16 acting under YOUR authorization, employment, direction, or control, whether employed or
17 retained on a full-time, part-time, independent contractor, commission, or other basis. While this
18 definition is not intended to impose a discovery obligation on any person who is not a party to the
19 litigation or to limit the Court's jurisdiction to enter any appropriate order, discovery requests
20 directed to RIVERBED properly extend to all information available to RIVERBED and all
21 documents and things within RIVERBED'S possession, custody, or control, including documents
22 and things to which RIVERBED has legal or contractual right to access, and information contained
23 therein.

24     11.     The term "'700 PATENT" means U.S. Patent No. 6,667,700.
25     12.     The term "'810 PATENT" means U.S. Patent No. 5,990,810.
26     13.     The term "INFRINGING PRODUCT" or any variation thereof means
27 RIVERBED'S RiOS software products and/or any product developed, manufactured, marketed,
28

1  offered for sale, or sold by RIVERBED that incorporates or practices any of the inventions or
2  claims of the '700 PATENT and/or any embodiments described in the '700 PATENT.
3      14.    The terms "PERSON" and "PERSONS," and the possessive forms of those terms,
4  mean and include natural persons, corporations, partnerships, limited partnerships, associations,
5  organizations, joint ventures, governmental units or entities, and any other kind of business or other
6  entity whether or not employed by Defendant; and the acts of a person are defined to include the
7  acts of a director, officer, owner, member, employee, agent, consultant or attorney acting on the
8  person's behalf.
9      15.    The term "DOCUMENTS" means and refers to all "DOCUMENTS and things"
10  IDENTIFIED in, or within the scope of, FED. R. CIV. P. 34(a) and the 1970 Advisory Committee
11  Note thereto, and all forms of "WRITINGS" and "RECORDINGS" as defined in FED. R. EVID.
12  1001(1). The term "DOCUMENTS" also includes any reduction to tangible form, including
13  electronic, computer, magnetic, flash, or other electronic memory or storage, of
14  COMMUNICATIONS, information, or data, including any written, recorded, or filmed graphic
15  matter of any kind or nature (including metadata), however produced or reproduced, and including
16  originals, drafts, and non-identical copies, wherever located. This term is INCLUDING, but is not
17  limited to, letters, books, contracts, agreements, correspondence, computer tapes, computer disks,
18  storage devices, printouts, keypunch cards, memoranda, diaries, notes, reports, bulletins, printed
19  forms, telegraphic COMMUNICATIONS, pleadings and other legal papers, notes, telexes,
20  telegrams, telecopies, facsimile reproductions or "faxes," factual compilations, electronic data
21  compilations, statistical compilations, plans, diagrams, journals, change orders, studies, surveys,
22  sketches, art work, graphics, checks, ledgers, catalogs, brochures, pamphlets, press releases,
23  advertisements, magazines, publications, invoices, minutes, photographs, microfilm, microfiche,
24  films, personnel files, quotes, stenographic notes, computer discs, e-mail and e-mail data,
25  spreadsheets, html files, server log files, word-processing files and data, telephone records,
26  schedules, bids, voice recordings, transcriptions, and lab notebooks. This term includes the
27  originals, or if the originals are unavailable, the duplicates of said DOCUMENTS, from which
28  information can be obtained or translated. Any copy of a document containing therein, of having

-3-

W02-WEST:6CHW1\400517773.2
Case No. C 074161 WHA

QUANTUM'S FIRST SET OF INTERROGATORIES TO
RIVERBED TECHNOLOGY, INC.

attached thereto, any alterations, notes, comments or other material which is not included in the original, or other copies of such DOCUMENTS, shall be deemed a separate document. Any prototype of, modification of, or change to a tangible thing shall be deemed a separate thing. This definition applies to all DOCUMENTS on the particular subject in YOUR possession, custody, or control, or that of anyone acting on YOUR behalf, irrespective of who generated, prepared, received, sent, or signed the DOCUMENTS.

16. The term "USPTO" means the United States Patent and Trademark Office in Washington, D.C., including the Commissioner, all examiners, and all other employees and/or officers thereof.

17. The word "COMMUNICATION" means any recording of any transfer of information, ideas, opinions, or thoughts made by any means, at any time or place, under any circumstances, INCLUDING by single person hearing or seeing by any means, personal meeting, telephone, letter, facsimile, and e-mail. COMMUNICATION is not limited to direct transfers between PERSONS, but includes other transfers and memorializations, such as records, memoranda to file, electronic or magnetic transfer of computer files, facsimile transmissions, and teletype transmissions. COMMUNICATIONS may be embodied in any means or media, including writing, electronic or magnetic storage of computer files, electronic mail, voice mail, answering machine, digital recording, sound recording, and facsimile transmission.

18. When referring to a person, "IDENTIFY" means to give, to the extent known, the person's full name, present or last known address, phone number and the present or last known place of employment, if known. Once a person has been identified in accordance with this subparagraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person. When referring to a business or other entity, "IDENTIFY" means to state the entity's full name, present or last known address, and present or last known telephone number, and to describe the nature of its business or other operations. When referring to documents, "IDENTIFY" means to give, to the extent known, the (i) type of document; (ii) general subject matter; (iii) date of the document; and (iv) author(s), addressee(s) and all recipients(s), including "cc"s and "bcc"s. When referring to electronically stored information,

"IDENTIFY" means to give, (i) the type of electronically stored information; (ii) its format; (iii) its location; (iv) its date; and (iv) its author(s), addressee(s) and all recipients(s), including "cc"s and "bcc"s.

19. The word "COMPLAINT" means the Complaint filed by QUANTUM against YOU in this action and any amendments thereto.

20. The word "ANSWER" means the Answer and Counterclaims filed by YOU in response to the COMPLAINT in this action and any amendments thereto.

21. The term "PRIOR ART" means any DOCUMENT, action or information that actually or potentially satisfies any of the prior art provisions of 35 U.S.C. § 100, et seq. The term "RELATE TO" or any variants thereof, when used in connection with any document, shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

## INSTRUCTIONS

1. Each paragraph herein should be construed independently and not with reference to any other paragraph, unless otherwise specified.

2. Separate and complete responses are required for each interrogatory.

3. If an interrogatory cannot be answered in full, it should be answered to the fullest extent possible with an explanation as to why a complete answer is not provided.

4. Regardless of whether a Protective Order is entered by the Court, in all instances in which you are withholding information on the ground of confidentiality, indicate so in your responses.

5. If an interrogatory is answered by reference to business records under Federal Rule of Civil Procedure 33(d), identify the Bates numbers of those records within DEFENDANT'S document production and describe any organization and/or relationships of documents within those records.

6. With respect to any information called for by these interrogatories and withheld under a claim of privilege, provide the information set forth in Federal Rule of Civil Procedure 26(b)(5).

7. Whenever DEFENDANT identifies or is asked to describe an event or a chain of events: (a) state the date or dates of each occurrence relevant to the event; (b) identify all individuals having information about any occurrence or aspect of the event, including but not limited to those involved in, witnessing, supervising, controlling, supporting, requesting, or otherwise participating in the event; (c) describe the role and contribution of each person identified; (d) describe all related events, and all previous or subsequent related attempts whether or not completed and whether or not successful; and (e) describe the motivation for and result of the event.

8. These requests are ongoing and the information provided must be supplemented to the extent required by Federal Rule of Civil Procedure 26(d).

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify by name, number, source and/or any other designation each and every INFRINGING PRODUCT offered and/or sold by YOU from 1999 to the present.

**INTERROGATORY NO. 2:**

IDENTIFY all PERSONS who are or were involved in the creation, design, development, or testing of any of the INFRINGING PRODUCTS, or any component thereof, and for each such PERSON describe in detail what his or her or its involvement was.

**INTERROGATORY NO. 3:**

Describe in detail how all INFRINGING PRODUCTS were produced from 1999 to the present, INCLUDING where, by what methods, and using what information.

**INTERROGATORY NO. 4:**

Describe in detail any efforts by YOU to redesign, modify, or alter any INFRINGING PRODUCT, INCLUDING in an attempt to design around or avoid infringement of the '810 Patent.

**INTERROGATORY NO. 5:**

Identify all licenses relating to any INFRINGING PRODUCTS, INCLUDING the licensor, the licensee, the date of the license, and the terms of the license, the amounts paid under the license, and any royalty rates established by the license.

**INTERROGATORY NO. 6:**

Provide the sales figures for all INFRINGING PRODUCTS from 1999 to the present, INCLUDING quantity, unit cost, sale price, revenue, cost, profit, and/or loss.

**INTERROGATORY NO. 7:**

Describe in detail, for each claim of the '700 PATENT, the circumstances surrounding the invention of the claims, INCLUDING the precise date of conception, the persons involved, the date of actual or constructive reduction to practice, and the steps constituting diligence from conception to actual or constructive reduction to practice.

**INTERROGATORY NO. 8:**

Describe in detail the circumstances surrounding your initial awareness of the '810 PATENT, INCLUDING the date you first became aware thereof, how you became aware, and the PERSONS having knowledge of the facts RELATED TO YOUR initial awareness.

**INTERROGATORY NO. 9:**

Describe in detail, for each of the INFRINGING PRODUCTS, all investigations made by or on behalf of YOU prior to the filing of the ANSWER regarding whether any INFRINGING PRODUCT was infringing the '810 PATENT, including the PERSONS involved in the investigations, the PERSONS to whom reports were made, the PERSONS involved in the approval of the action, the date of the investigation, the items considered, when and where such items were obtained, the conclusions reached in the investigations, and all DOCUMENTS referring to or describing such investigations.

**INTERROGATORY NO. 10:**

Describe in detail each and every feature, limitation, element, and component, if any, of each of the claims of the '810 PATENT which YOU claim is absent from any of the INFRINGING PRODUCTS.

**INTERROGATORY NO. 11:**

Describe in detail every instance in which YOU have had COMMUNICATIONS with QUANTUM regarding the '810 Patent, INCLUDING substance of those

COMMUNICATIONS.

**INTERROGATORY NO. 12:**

Describe in detail every instance in which YOU have contacted any third party regarding the '810 PATENT, INCLUDING the name and address of each third party, the circumstances surrounding the contact, the reasons for the contact, and the results of the contact.

**INTERROGATORY NO. 13:**

State all facts upon which YOU base YOUR affirmative defense that the '810 PATENT is invalid.

**INTERROGATORY NO. 14:**

Describe in detail the basis of YOUR alleged information and belief that any QUANTUM PRODUCT covered by the '810 PATENT or required to be marked pursuant to 35 U.S.C. § 287 was not marked pursuant to 35 U.S.C. § 287.

**INTERROGATORY NO. 15:**

State all facts upon which YOU base your affirmative defense that QUANTUM lacks standing to enforce the '810 PATENT.

**INTERROGATORY NO. 16:**

State all facts upon which YOU base YOUR affirmative defense in YOUR ANSWER that QUANTUM'S claims are barred by the doctrines of laches and equitable estoppel.

1  **INTERROGATORY NO. 17:**

2   State all facts upon which YOU base the allegations in YOUR ANSWER that this
3  is an exceptional case entitling YOU to an award of attorneys' fees.

5  Dated: November 21, 2007

6                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

8           By       /s/ Nathaniel Bruno
                     AMAR L. THAKUR
9                    NATHANIEL BRUNO

10                   Attorneys for
                     QUANTUM CORPORATION

1  PROOF OF SERVICE

2  STATE OF CALIFORNIA, COUNTY OF SAN FRANCISCO

3  I am employed in the County of San Francisco; I am over the age of eighteen years and not a party to the within entitled action; my business address is Four Embarcadero Center, 17th Floor, San Francisco, California 94111-4109.

On **November 21, 2007**, I served the within document described as

QUANTUM'S FIRST SET OF INTERROGATORIES TO RIVERBED TECHNOLOGY, INC.

on the interested parties in this action by placing true copies thereof enclosed in sealed envelopes and/or packages addressed as follows:

Claude M. Stern                              *Attorneys for Defendant*
Todd M. Briggs                               Riverbed Technology, Inc.
Quinn Emanuel Urquart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA  94065

☒  **BY MAIL:** I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. postal service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☐  **BY OVERNIGHT DELIVERY:** I served such envelope or package to be delivered on the same day to an authorized courier or driver authorized by the overnight service carrier to receive documents, in an envelope or package designated by the overnight service carrier.

☐  **BY FACSIMILE:** I served said document(s) to be transmitted by facsimile pursuant to Rule 2.306 of the California Rules of Court. The telephone number of the sending facsimile machine was 415-434-3947. The name(s) and facsimile machine telephone number(s) of the person(s) served are set forth in the service list. The sending facsimile machine (or the machine used to forward the facsimile) issued a transmission report confirming that the transmission was complete and without error. Pursuant to Rule 2.306(g)(4), a copy of that report is attached to this declaration.

☒  **FEDERAL:** I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made. I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on **November 21, 2007**, at San Francisco, California.

*/s/ Jane Gorsi*
Jane Gorsi