# EXHIBIT B

QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  claudestern@quinnemanuel.com
  Todd M. Briggs (Bar No. 209282)
  toddbriggs@quinnemanuel.com
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:    (650) 801-5000
Facsimile:    (650) 801-5100

Attorneys for Defendant/Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION, a Delaware corporation | CASE NO. C 07-04161 WHA |
| Plaintiff, | **RIVERBED'S RESPONSES TO QUANTUM'S FIRST SET OF INTERROGATORIES** |
| vs. | |
| RIVERBED TECHNOLOGY, INC., a Delaware corporation, | |
| Defendant. | |
| RIVERBED TECHNOLOGY, INC., a Delaware corporation, | |
| Counterclaimant, | |
| vs. | |
| QUANTUM CORPORATION, a Delaware corporation, | |
| Counterdefendant. | |

51198/2332019.1

1    Defendant Riverbed, Inc. ("Riverbed") submits the following responses and objections to

2    Plaintiff Quantum Corporation's ("Quantum") First Set of Interrogatories as follows:

3

4                                   **GENERAL OBJECTIONS**

5       1.      Riverbed objects to each and every interrogatory insofar as and to the extent that it

6    purports to require Riverbed to do anything beyond that which is required by the Federal Rules of

7    Civil Procedure and other applicable law.

8       2.      Riverbed objects to each and every interrogatory insofar as and to the extent that it

9    purports to require Riverbed to do anything beyond that which is required by the Court's

10   Discovery Order and Patent Local Rules.

11      3.      Riverbed objects to each and every interrogatory to the extent that it seeks

12   information protected by the attorney-client privilege, the attorney work-product doctrine,

13   common interest/joint defense privilege, and/or any other applicable privilege or immunity.

14      4.      Riverbed objects to each and every interrogatory to the extent that it seeks to elicit

15   information that is subject to a right of privacy under the relevant provisions of the Federal and

16   State Constitutions.

17      5.      Riverbed objects to each and every interrogatory to the extent that it seeks to elicit

18   information that comprises third-party confidential information.

19      6.      Riverbed objects to each and every interrogatory to the extent that it purports to

20   place an obligation on Riverbed to obtain information that is as readily available to Quantum as it

21   is to Riverbed.

22      7.      Riverbed objects to each and every interrogatory to the extent that it calls for

23   information not in the possession, custody, or control of Riverbed.

24      8.      Riverbed objects to each and every interrogatory to the extent that it is vague,

25   ambiguous, unintelligible, overly broad, unduly burdensome, oppressive, or harassing or seeks

26   information that is not relevant to the subject matter of this action nor reasonably calculated to

27   lead to the discovery of admissible evidence.

28

1    9.    Riverbed objects to each and every interrogatory to the extent that it calls for a

2  legal conclusion.

3    10.    Riverbed objects to Quantum's definition of "Infringing Product" as vague,

4  ambiguous, overly broad, unduly burdensome, oppressive, and not reasonably calculated to lead to

5  the discovery of admissible evidence.  Riverbed specifically objects to this definition because it

6  calls for information relating to the '700 Patent.  Riverbed's accused products, not Riverbed's '700

7  Patent, are the subject of Quantum's patent infringement allegations.

8    The following responses are based on information reasonably available to Riverbed as of

9  the date of this response.  Riverbed's investigation is continuing and Riverbed expressly reserves

10  the right to revise and/or supplement its responses based on information discovered after the date

11  of this response and to use such information in defending against Quantum's claims at trial or for

12  any other purpose in this litigation.  These General Objections shall be deemed to be incorporated

13  in full into each of the individual responses set forth below.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTERROGATORY NO. 1:**

Identify by name, number, source and/or any other designation each and every INFRINGING PRODUCT offered and/or sold by YOU from 1999 to the present.

**RESPONSE TO INTERROGATORY NO. 1:**

Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Riverbed further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine and/or the common interest/joint defense privilege.

Riverbed further objects to this interrogatory on the grounds that it seeks information about Riverbed's products before Quantum has fully complied with Patent L.R. 3-1. Patent L.R. 3-1(b) requires Quantum to specifically identify the Riverbed products accused of infringement in this action. Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." Quantum's single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language and vaguely identifies "RiOS" as the Accused Instrumentality. Quantum's claim chart fails to meet the requirements of Patent L.R. 3-1(c). Requiring Riverbed to provide discovery on allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules. *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002) (granting motion to strike preliminary infringement contentions for noncompliance with Patent L.R. and staying discovery pending plaintiff's service of infringement contentions that comply with Patent L.R. 3-1). Consequently, Riverbed will respond to this interrogatory within a reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

1  **INTERROGATORY NO. 2:**

2      IDENTIFY all PERSONS who are or were involved in the creation, design, development,

3  or testing of any of the INFRINGING PRODUCTS, or any component thereof, and for each such

4  PERSON describe in detail what his or her or its involvement was.

5  **RESPONSE TO INTERROGATORY NO. 2:**

6      Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly

7  burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it

8  seeks information that is not relevant to the subject matter of this action nor reasonably calculated

9  to lead to the discovery of admissible evidence. Riverbed further objects to this interrogatory on

10  the grounds that it seeks information protected by the attorney-client privilege, the attorney work-

11  product doctrine and/or the common interest/joint defense privilege.

12      Riverbed further objects to this interrogatory on the grounds that it seeks information about

13  Riverbed's products before Quantum has fully complied with Patent L.R. 3-1. Patent L.R. 3-1(b)

14  requires Quantum to specifically identify the Riverbed products accused of infringement in this

15  action. Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where

16  each element of each asserted claim is found within each Accused Instrumentality." Quantum's

17  single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language

18  and vaguely identifies "RiOS" as the Accused Instrumentality. Quantum's claim chart fails to

19  meet the requirements of Patent L.R. 3-1(c). Requiring Riverbed to provide discovery on

20  allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be

21  improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules.

22  *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002)

23  (granting motion to strike preliminary infringement contentions for noncompliance with Patent

24  L.R. and staying discovery pending plaintiff's service of infringement contentions that comply

25  with Patent L.R. 3-1). Consequently, Riverbed will respond to this interrogatory within a

26  reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

27

28

1  **INTERROGATORY NO. 3:**

2      Describe in detail how all INFRINGING PRODUCTS were produced from 1999 to the

3  present, INCLUDING where, by what methods, and using what information.

4  **RESPONSE TO INTERROGATORY NO. 3:**

5      Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly

6  burdensome and oppressive.  Riverbed further objects to this interrogatory on the grounds that it

7  seeks information that is not relevant to the subject matter of this action nor reasonably calculated

8  to lead to the discovery of admissible evidence.  Riverbed further objects to this interrogatory on

9  the grounds that it seeks information protected by the attorney-client privilege, the attorney work-

10  product doctrine and/or the common interest/joint defense privilege.  Riverbed further objects to

11  this interrogatory on the grounds that the term "produced" is vague and ambiguous.

12      Riverbed further objects to this interrogatory on the grounds that it seeks information about

13  Riverbed's products before Quantum has fully complied with Patent L.R. 3-1.  Patent L.R. 3-1(b)

14  requires Quantum to specifically identify the Riverbed products accused of infringement in this

15  action.  Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where

16  each element of each asserted claim is found within each Accused Instrumentality."  Quantum's

17  single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language

18  and vaguely identifies "RiOS" as the Accused Instrumentality.  Quantum's claim chart fails to

19  meet the requirements of Patent L.R. 3-1(c).  Requiring Riverbed to provide discovery on

20  allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be

21  improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules.

22  *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002)

23  (granting motion to strike preliminary infringement contentions for noncompliance with Patent

24  L.R. and staying discovery pending plaintiff's service of infringement contentions that comply

25  with Patent L.R. 3-1).  Consequently, Riverbed will respond to this interrogatory within a

26  reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

27

28

**INTERROGATORY NO. 4:**

Describe in detail any efforts by YOU to redesign, modify, or alter any INFRINGING PRODUCT, INCLUDING in an attempt to design around or avoid infringement of the '810 Patent.

**RESPONSE TO INTERROGATORY NO. 4:**

Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it seeks information that is not relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Riverbed further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine and/or the common interest/joint defense privilege.

Riverbed further objects to this interrogatory on the grounds that it seeks information about Riverbed's products before Quantum has fully complied with Patent L.R. 3-1. Patent L.R. 3-1(b) requires Quantum to specifically identify the Riverbed products accused of infringement in this action. Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality." Quantum's single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language and vaguely identifies "RiOS" as the Accused Instrumentality. Quantum's claim chart fails to meet the requirements of Patent L.R. 3-1(c). Requiring Riverbed to provide discovery on allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules. *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002) (granting motion to strike preliminary infringement contentions for noncompliance with Patent L.R. and staying discovery pending plaintiff's service of infringement contentions that comply with Patent L.R. 3-1). Consequently, Riverbed will respond to this interrogatory within a reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

1 | **INTERROGATORY NO. 5:**

2 |     Identify all licenses relating to any INFRINGING PRODUCTS, INCLUDING the

3 | licensor, the licensee, the date of the license, and the terms of the license, the amounts paid under

4 | the license, and any royalty rates established by the license.

5 | **RESPONSE TO INTERROGATORY NO. 5:**

6 |     Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly

7 | burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it

8 | seeks information that is not relevant to the subject matter of this action nor reasonably calculated

9 | to lead to the discovery of admissible evidence. Riverbed further objects to this interrogatory on

10 | the grounds that it seeks information protected by the attorney-client privilege, the attorney work-

11 | product doctrine and/or the common interest/joint defense privilege. Riverbed further objects to

12 | this interrogatory on the grounds that the term "relating to" is vague and ambiguous.

13 |     Riverbed further objects to this interrogatory on the grounds that it seeks information about

14 | Riverbed's products before Quantum has fully complied with Patent L.R. 3-1. Patent L.R. 3-1(b)

15 | requires Quantum to specifically identify the Riverbed products accused of infringement in this

16 | action. Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where

17 | each element of each asserted claim is found within each Accused Instrumentality." Quantum's

18 | single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language

19 | and vaguely identifies "RiOS" as the Accused Instrumentality. Quantum's claim chart fails to

20 | meet the requirements of Patent L.R. 3-1(c). Requiring Riverbed to provide discovery on

21 | allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be

22 | improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules.

23 | *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002)

24 | (granting motion to strike preliminary infringement contentions for noncompliance with Patent

25 | L.R. and staying discovery pending plaintiff's service of infringement contentions that comply

26 | with Patent L.R. 3-1). Consequently, Riverbed will respond to this interrogatory within a

27 | reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

28 |

-5-     Case No. C 07-04161 WHA

RIVERBED'S RESPONSES TO QUANTUM'S FIRST SET OF INTERROGATORIES

1    **INTERROGATORY NO. 6**:

2        Provide the sales figures for all INFRINGING PRODUCTS from 1999 to the present,

3    INCLUDING quantity, unit cost, sale price, revenue, cost, profit and/or loss.

4    **RESPONSE TO INTERROGATORY NO. 6:**

5        Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly

6    burdensome and oppressive.  Riverbed further objects to this interrogatory on the grounds that it

7    seeks information that is not relevant to the subject matter of this action nor reasonably calculated

8    to lead to the discovery of admissible evidence.  Riverbed further objects to this interrogatory on

9    the grounds that it seeks information protected by the attorney-client privilege, the attorney work-

10   product doctrine and/or the common interest/joint defense privilege.  Riverbed further objects to

11   this interrogatory on the grounds that the term "sales figures" is vague and ambiguous.

12       Riverbed further objects to this interrogatory on the grounds that it seeks information about

13   Riverbed's products before Quantum has fully complied with Patent L.R. 3-1.  Patent L.R. 3-1(b)

14   requires Quantum to specifically identify the Riverbed products accused of infringement in this

15   action.  Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where

16   each element of each asserted claim is found within each Accused Instrumentality."  Quantum's

17   single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language

18   and vaguely identifies "RiOS" as the Accused Instrumentality.  Quantum's claim chart fails to

19   meet the requirements of Patent L.R. 3-1(c).  Requiring Riverbed to provide discovery on

20   allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be

21   improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules.

22   *See, e.g.*, *NetworkCaching Tech, LLC v. Novell Inc.*, 2002 WL 32126128 (N.D. Cal. 2002)

23   (granting motion to strike preliminary infringement contentions for noncompliance with Patent

24   L.R. and staying discovery pending plaintiff's service of infringement contentions that comply

25   with Patent L.R. 3-1).  Consequently, Riverbed will respond to this interrogatory within a

26   reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

27

28

1    **INTERROGATORY NO. 7:**

2        Describe in detail, for each claim of the '700 PATENT, the circumstances surrounding the

3    invention of the claims, INCLUDING the precise date of conception, the persons involved, the

4    date of actual or constructive reduction to practice, and the steps constituting diligence from

5    conception to actual or constructive reduction to practice.

6    **RESPONSE TO INTERROGATORY NO. 7:**

7        Riverbed objects to this interrogatory on the grounds that it seeks information that is not

8    relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of

9    admissible evidence. Riverbed further objects to this interrogatory on the grounds that it seeks

10   information protected by the attorney-client privilege, the attorney work-product doctrine and/or

11   the common interest/joint defense privilege.

12       Subject to and without waiving these objections and the General Objections set forth

13   above, Riverbed responds as follows: This interrogatory seeks information that is not relevant to

14   Quantum's patent infringement allegations. Riverbed's accused products, not Riverbed's '700

15   Patent, are the subject of Quantum's patent infringement allegations. Accordingly, Riverbed will

16   not provide the information sought by this request.

17

18   **INTERROGATORY NO. 8:**

19       Describe in detail the circumstances surrounding your initial awareness of the '810

20   PATENT, INCLUDING the date you first became aware thereof, how you became aware, and the

21   PERSONS having knowledge of the facts RELATED TO YOUR initial awareness.

22   **RESPONSE TO INTERROGATORY NO. 8:**

23       Riverbed objects to this interrogatory on the grounds that it seeks information protected by

24   the attorney-client privilege, the attorney work-product doctrine and/or the common interest/joint

25   defense privilege. Riverbed further objects to this interrogatory on the grounds that the term

26   "initial awareness" is vague and ambiguous.

27

28

1  Subject to and without waiving these objections and the General Objections set forth

2  above, Riverbed responds as follows:  To the best of Riverbed's current knowledge, Riverbed first

3  became aware of the '810 patent in late 2003 when Andy Sparkes of Hewlett-Packard informed

4  Steve McCanne of Riverbed of the patent.  Hewlett-Packard and Riverbed were involved in

5  business discussions at that time.

6

7  **INTERROGATORY NO. 9:**

8  Describe in detail, for each of the INFRINGING PRODUCTS, all investigations made by

9  or on behalf of YOU prior to the filing of the ANSWER regarding whether any INFRINGING

10  PRODUCT was infringing the '810 PATENT, including the PERSONS involved in the

11  investigations, the PERSONS to whom reports were made, the PERSONS involved in the

12  approval of the action, the date of the investigation, the items considered, when and where such

13  items were obtained, the conclusions reached in the investigations, and all DOCUMENTS

14  referring to or describing such investigations.

15  **RESPONSE TO INTERROGATORY NO. 9:**

16  Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly

17  burdensome and oppressive.  Riverbed further objects to this interrogatory on the grounds that it

18  seeks information that is not relevant to the subject matter of this action nor reasonably calculated

19  to lead to the discovery of admissible evidence.  Riverbed further objects to this interrogatory on

20  the grounds that the term "all investigations" is vague and ambiguous.  Riverbed further objects to

21  this interrogatory on the grounds that it seeks information protected by the attorney-client

22  privilege, the attorney work-product doctrine and/or the common interest/joint defense privilege.

23  Riverbed further objects to this interrogatory on the grounds that it is premature under Patent L.R.

24  2-5(d) and 3-8.

25  Riverbed further objects to this interrogatory on the grounds that it seeks information about

26  Riverbed's products before Quantum has fully complied with Patent L.R. 3-1.  Patent L.R. 3-1(b)

27  requires Quantum to specifically identify the Riverbed products accused of infringement in this

28

1   action. Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where

2   each element of each asserted claim is found within each Accused Instrumentality." Quantum's

3   single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language

4   and vaguely identifies "RiOS" as the Accused Instrumentality. Quantum's claim chart fails to

5   meet the requirements of Patent L.R. 3-1(c). Requiring Riverbed to provide discovery on

6   allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be

7   improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules.

8   *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002)

9   (granting motion to strike preliminary infringement contentions for noncompliance with Patent

10  L.R. and staying discovery pending plaintiff's service of infringement contentions that comply

11  with Patent L.R. 3-1).

12

13  **INTERROGATORY NO. 10:**

14       Describe in detail each and every feature, limitation, element, and component, if any, of

15  each of the claims of the '810 PATENT which YOU claim is absent from any of the

16  INFRINGING PRODUCTS.

17  **RESPONSE TO INTERROGATORY NO. 10:**

18       Riverbed objects to this interrogatory on the grounds that it is overbroad, unduly

19  burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it

20  seeks information that is not relevant to the subject matter of this action nor reasonably calculated

21  to lead to the discovery of admissible evidence. Riverbed further objects to this interrogatory on

22  the grounds that it seeks information protected by the attorney-client privilege, the attorney work-

23  product doctrine and/or the common interest/joint defense privilege.

24       Riverbed further objects to this interrogatory on the grounds that it seeks information about

25  Riverbed's products before Quantum has fully complied with Patent L.R. 3-1. Patent L.R. 3-1(b)

26  requires Quantum to specifically identify the Riverbed products accused of infringement in this

27  action. Patent L.R. 3-1(c) requires Quantum to provide a "chart identifying specifically where

28

1  each element of each asserted claim is found within each Accused Instrumentality."   Quantum's

2  single claim chart, which asserts all 30 claims in the '810 patent, simply parrots the claim language

3  and vaguely identifies "RiOS" as the Accused Instrumentality.  Quantum's claim chart fails to

4  meet the requirements of Patent L.R. 3-1(c).  Requiring Riverbed to provide discovery on

5  allegedly infringing products before Quantum fully complies with Patent L.R. 3-1 would be

6  improper and premature under the Patent Local Rules and is contrary to the Patent Local Rules.

7  *See, e.g., NetworkCaching Tech, LLC v. Novell Inc.,* 2002 WL 32126128 (N.D. Cal. 2002)

8  (granting motion to strike preliminary infringement contentions for noncompliance with Patent

9  L.R. and staying discovery pending plaintiff's service of infringement contentions that comply

10  with Patent L.R. 3-1).  Consequently, Riverbed will respond to this interrogatory within a

11  reasonable period of time after Quantum fully complies with Patent L.R. 3-1.

12

13  **INTERROGATORY NO. 11:**

14      Describe in detail every instance in which YOU have had COMMUNICATIONS with

15  QUANTUM regarding the '810 Patent, INCLUDING substance of those COMMUNICATIONS.

16  **RESPONSE TO INTERROGATORY NO. 11:**

17      Riverbed further objects to this interrogatory on the grounds that it seeks information

18  protected by the attorney-client privilege, the attorney work-product doctrine and/or the common

19  interest/joint defense privilege.

20      Subject to and without waiving these objections and the General Objections set forth

21  above, Riverbed responds as follows:

22      On or about February 5, 2007, Jonathan Otis of Quantum sent a letter mentioning the '810

23  patent to Jerry Kennelly of Riverbed.  Quantum wrote this letter and is fully aware of the

24  substance of the communication.

25      On or about March 2, 2007, Jonathan Otis of Quantum sent a letter mentioning the '810

26  patent to Jerry Kennelly of Riverbed.  Quantum wrote this letter and is fully aware of the

27  substance of the communication.

28

1    On or about March 8, 2007, Brett Nissenberg of Riverbed sent a letter mentioning the '810

2  patent to Jonathan Otis of Quantum.  Quantum received this letter and is fully aware of the

3  substance of the communication.

4    On or about June 15, 2007, Jonathan Otis of Quantum sent a letter mentioning the '810

5  patent to Brett Nissenberg of Riverbed.  Quantum wrote this letter and is fully aware of the

6  substance of the communication.

7    Between June 15, 2007 and August 14, 2007, Brett Nissenberg of Riverbed called and

8  spoke with Jonathan Otis of Quantum via telephone on two separate occasions regarding

9  Quantum's prior correspondence with Riverbed.

10

11  **INTERROGATORY NO. 12:**

12    Describe in detail every instance in which YOU have contacted any third party regarding

13  the '810 PATENT, INCLUDING the name and address of each third party, the circumstances

14  surrounding the contact, the reasons for the contact, and the results of the contact.

15  **RESPONSE TO INTERROGATORY NO. 12:**

16    Riverbed objects to this interrogatory on the grounds that it seeks information protected by

17  the attorney-client privilege, the attorney work-product doctrine and/or the common interest/joint

18  defense privilege.  Riverbed further objects to this interrogatory on the grounds that the terms

19  "every instance in which YOU have contacted," "reasons for the contact," and "results of the

20  contact" are vague and ambiguous.  Riverbed further objects to this interrogatory on the grounds

21  that it is premature under Patent L.R. 2-5(d) and 3-8.

22    Subject to and without waiving these objections and the General Objections set forth

23  above, Riverbed responds as follows:

24    Andy Sparkes of Hewlett-Packard contacted Steve McCanne of Riverbed regarding the

25  '810 patent.  To the best of Riverbed's current knowledge, this contact occurred in late 2003.

26  Hewlett-Packard and Riverbed were involved in business discussions at the time.  Riverbed's

27  investigation into any subsequent contacts is continuing and Riverbed will supplement its response

28

1    if it learns of any additional information that is not protected by the attorney-client privilege, the

2    attorney work-product doctrine and/or the common interest/joint defense privilege.

3          Steve Kleiman of Network Appliance contacted Steve McCanne of Riverbed regarding the

4    '810 patent.  To the best of Riverbed's current knowledge, this contact occurred around March

5    2003.  Network Appliance and Riverbed were involved in business discussions at the time.

6    Riverbed's investigation into any subsequent contacts is continuing and Riverbed will supplement

7    its response if it learns of any additional information that is not protected by the attorney-client

8    privilege, the attorney work-product doctrine and/or the common interest/joint defense privilege.

9

10   **INTERROGATORY NO. 13:**

11         State all facts upon which YOU base YOUR affirmative defense that the '810 PATENT is

12   invalid.

13   **RESPONSE TO INTERROGATORY NO. 13:**

14         Riverbed objects to this interrogatory on the grounds that it is a premature contention

15   interrogatory.  Riverbed further objects to this interrogatory on the grounds that it is overbroad,

16   unduly burdensome and oppressive.  Riverbed further objects to this interrogatory on the grounds

17   that it seeks information protected by the attorney-client privilege, the attorney work-product

18   doctrine and/or the common interest/joint defense privilege.  Riverbed further objects to this

19   interrogatory on the grounds that it is premature under Patent L.R. 2-5(c) and 3-3.

20         Subject to and without waiving these objections and the General Objections set forth

21   above, Riverbed responds as follows:  Riverbed will provide information responsive to this

22   interrogatory by February 14, 2008 pursuant to Patent L.R. 2-5(c), Patent L.R. 3-3, and the Court's

23   Order to Extend Specified Disclosure and Discovery Response Deadlines (Docket No. 34).

24

25

26

27

28

1  **INTERROGATORY NO. 14:**

2  Describe in detail the basis of YOUR alleged information and belief that any QUANTUM

3  PRODUCT covered by the '810 PATENT or required to be marked pursuant to 35 U.S.C. § 287

4  was not marked pursuant to 35 U.S.C. § 287.

5  **RESPONSE TO INTERROGATORY NO. 14:**

6  Riverbed objects to this interrogatory on the grounds that it is a premature contention

7  interrogatory. Riverbed further objects to this interrogatory on the grounds that it is overbroad,

8  unduly burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds

9  that it seeks information protected by the attorney-client privilege, the attorney work-product

10 doctrine and/or the common interest/joint defense privilege.

11 Subject to and without waiving these objections and the General Objections set forth

12 above, Riverbed responds as follows: Quantum admits in its Patent L.R. 3-1(f) disclosure served

13 on December 13, 2007 that its DXi 3500 and DXi 5500 products practice claims 1-4, 7-14, and

14 26-30 of the '810 patent and that its StorNext products (version 3.0 and higher) practice claims 1-

15 4, 7-14 and 28-30 of the '810 patent. Upon present information and belief, Quantum has not

16 marked its DXi 3500, DXi 5500, and StorNext (version 3.0 and higher) pursuant to 35 U.S.C. §

17 287. Riverbed has requested that Quantum identify all Quantum, ADIC, Rocksoft, and Data

18 Domain products that practice at least one claim of the '810 patent in Riverbed Interrogatory No.

19 5. Quantum's initial response to this interrogatory failed to identify the DXi 7500 product and any

20 products made by ADIC, Rocksoft, or Data Domain. Quantum has agreed to supplement its

21 response. Furthermore, Riverbed has learned that the '810 patent has been licensed to HP and

22 IBM. Quantum has not, however, identified, which HP and IBM products practice at least one

23 claim of the '810 patent although Quantum is obligated to provide this information in response to

24 one of Riverbed's interrogatories. Riverbed's investigation is continuing and it will supplement its

25 response to this interrogatory as discovery progresses and as Quantum provides full and complete

26 information regarding the Quantum, ADIC, Rocksoft, Data Domain, HP and IBM products that

27 practice at least one claim of the '810 patent and marking information regarding those products.

28

1   **INTERROGATORY NO. 15:**

2      State all facts upon which YOU base your affirmative defense that QUANTUM lacks

3   standing to enforce the '810 PATENT.

4   **RESPONSE TO INTERROGATORY NO. 15:**

5      Riverbed objects to this interrogatory on the grounds that it is a premature contention

6   interrogatory. Riverbed further objects to this interrogatory on the grounds that it is overbroad,

7   unduly burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds

8   that it seeks information protected by the attorney-client privilege, the attorney work-product

9   doctrine and/or the common interest/joint defense privilege.

10      Subject to and without waiving these objections and the General Objections set forth

11   above, Riverbed responds as follows: Quantum has not demonstrated that it owns the '810 patent

12   nor has it demonstrated that it has all substantial rights in the '810 patent. Indeed, on November 2,

13   2007, Riverbed requested that Quantum provide all facts supporting its contention that it has

14   standing to sue for infringement of the '810 patent. *See* Riverbed Interrogatory No. 8. Quantum

15   responded to this interrogatory pursuant to Federal Rule of Civil Procedure 33(d) by producing

16   documents with Control Numbers QU 000214 to QU 000226. However, these documents only

17   show an assignment of the '810 Patent from Trustus Pty Limited, the original assignee of the

18   patent, to Rocksoft Limited and a license of the '810 Patent from A.C.N. Pty Limited to Quantum

19   Corporation. This response fails to show a complete chain of title or transfer of all substantial

20   rights from Trustus to Quantum. Consequently, Quantum's response itself demonstrates that it

21   does not have standing to sue for infringements of the '810 patent.

22

23   **INTERROGATORY NO. 16:**

24      State all facts upon which YOU base YOUR affirmative defense in YOUR ANSWER that

25   QUANTUM'S claims are barred by the doctrines of laches and equitable estoppel.

26

27

28

**RESPONSE TO INTERROGATORY NO. 16:**

Riverbed objects to this interrogatory on the grounds that it is a premature contention interrogatory. Riverbed further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine and/or the common interest/joint defense privilege.

Subject to and without waiving these objections and the General Objections set forth above, Riverbed responds as follows: The '810 patent issued in 1999. Rocksoft, a subsidiary of Quantum, began engaging in efforts to enforce or license the '810 patent to third parties as early as May 2003. *See* Quantum's Response to Riverbed Interrogatory No. 3 ("The following companies were contacted about '810 patent licensing: In of [sic] May 2003, Rocksoft contacted Hewlett Packard Company . . . ."). Riverbed made its first commercial shipments of products incorporating its RiOS software platform, the same software platform Quantum is broadly accusing of infringement in this action, in May 2004.

Quantum's claims are barred by the doctrine of laches and equitable estoppel because Rocksoft, ADIC and/or Quantum delayed in filing suit for an unreasonable and inexcusable length of time – approximately 3 years – from the time Rocksoft, ADIC and/or Quantum knew or reasonably should have know if its claim against Riverbed. This delay operated to the prejudice (economic and evidentiary) and injury of Riverbed. For example, Riverbed has invested substantial sums of money into developing products and technologies that Quantum now accuses of infringement.

**INTERROGATORY NO. 17:**

State all facts upon which YOU base the allegations in YOUR ANSWER that this is an exceptional case entitling YOU to an award of attorneys' fees.

**RESPONSE TO INTERROGATORY NO. 17:**

Riverbed objects to this interrogatory on the grounds that it is a premature contention interrogatory. Riverbed further objects to this interrogatory on the grounds that it is overbroad, unduly burdensome and oppressive. Riverbed further objects to this interrogatory on the grounds that it seeks information protected by the attorney-client privilege, the attorney work-product doctrine and/or the common interest/joint defense privilege.

Subject to and without waiving these objections and the General Objections set forth above, Riverbed responds as follows: Quantum has demonstrated that it has not performed an adequate pre-filing investigation in violation of Federal Rule of Civil Procedure 11.

First, despite Riverbed's repeated requests, Quantum has not been able to produce a single claim chart demonstrating that it had any evidentiary support for asserting any claim in the '810 patent against any Riverbed product even though Quantum filed the present lawsuit over four months ago. Quantum's failure to provide such information at this point in the litigation demonstrates that this is an exceptional case entitling Riverbed to attorney's fees.

Second, Quantum has failed to demonstrate that it has standing to sue for infringements of the '810 patent. Indeed, on November 2, 2007, Riverbed requested that Quantum provide all facts supporting its contention that it has standing to sue for infringement of the '810 patent. *See* Riverbed Interrogatory No. 8. Quantum responded to this interrogatory pursuant to Federal Rule of Civil Procedure 33(d) by producing documents with Control Numbers QU 000214 to QU 000226. However, these documents only show an assignment of the '810 Patent from Trustus Pty Limited, the original assignee of the patent, to Rocksoft Limited and a license of the '810 Patent from A.C.N. Pty Limited to Quantum Corporation. This response fails to show a complete chain of title or transfer of all substantial rights from Trustus to Quantum. Consequently, Quantum's response itself demonstrates that it does not have standing to sue for infringements of the '810 patent. Quantum's decision to file suit and subject Riverbed to the burdens and costs of litigation without first determining whether it had standing further demonstrates that this is an exceptional case entitling Riverbed to attorney's fees.

1

2                                              As to objections:

3   DATED:  December 24, 2007               QUINN EMANUEL URQUHART OLIVER &
4                                           HEDGES, LLP

5
                                             By /s/ Todd M. Briggs
6                                               Todd M. Briggs
                                                Attorneys for Defendant and Counterclaimant,
7                                               RIVERBED TECHNOLOGY, INC.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

### CERTIFICATE OF SERVICE

2      I hereby certify that on December 24, 2007, I electronically served **RIVERBED'S**

3  **RESPONSES TO QUANTUM'S FIRST SET OF INTERROGATORIES** on the following via

4  email:

5  ATTORNEYS FOR QUANTUM CORPORATION

6
7  Amar L. Thakur                                athakur@smrh.com
   Jon E. Maki                                   jmaki@smrh.com
   12275 El Camino Real, Suite 200               nbruno@smrh.com
8  San Diego, California 92130                   cwendland@smrh.com
   Telephone:  858-720-8900                      dgrimes@smrh.com
9  Facsimile:  858-509-3691                      jgorsi@smrh.com

10
   Nathaniel Bruno
11 Four Embarcadero Center, 17th Floor
   San Francisco, CA 94111-4106
12 Telephone:  415.434.9100
   Facsimile: 415.434.3947
13

14

15
      I declare under penalty of perjury that the foregoing is true and correct.
16

17                                    ___/s/  David Wei, Jr._____

18

19

20

21

22

23

24

25

26

27

28