# EXHIBIT A

AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, Cal. Bar No. 93304
JON E. MAKI, Cal Bar No. 199958
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:     858-720-8900
Facsimile:      858-509-3691
Email: athakur@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:     415-434-9100
Facsimile:      415-434-3947
Email: nbruno@sheppardmullin.com

Attorneys for
QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| QUANTUM CORPORATION, a Delaware corporation,<br><br>　　　　　　Plaintiff,<br><br>　　v.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>　　　　　　Defendant. | Case No. C 07-04161 WHA<br><br>The Hon. William H. Alsup<br><br><br>DECLARATION OF JONATHAN OTIS SUPPORTING SEALING OF CERTAIN MATERIALS SUBMITTED UNDER SEAL AS EXHIBITS TO THE BRIGGS DECLARATION [DOCKET NO. 36] FILED IN SUPPORT OF DEFENDANT RIVERBED'S MOTION TO DISMISS<br><br>[Civil L.R. 79-5(d)] |
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>　　　　　　Counterclaimant,<br><br>　　v.<br><br>QUANTUM CORPORATION, a Delaware corporation,<br><br>　　　　　　Counterdefendant. | |

-1-

## DECLARATION OF JONATHAN OTIS

I, Jonathan Otis, state and declare as follows:

1. I am the Vice President of Business Development & Technology Partnerships at Quantum Corporation (**"Quantum"**). I am over twenty-one years of age and not under any legal disability. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. I am aware that, in connection with the filing of its motion to dismiss [Docket No. 35], Riverbed submitted several documents under seal containing information Quantum has designated "CONFIDENTIAL" pursuant to the Stipulated Protective Order in this action. Those documents were submitted as exhibits to the Declaration of Todd M. Briggs filed in support of Riverbed's motion to dismiss as Docket No. 36 (**"Briggs Declaration"**). Specifically, the Exhibits to the Briggs Declaration that were submitted under seal consist of: 1) Exhibit B – Quantum Corporation's Responses to Riverbed Technology Inc.'s First Set of Interrogatories; 2) Exhibit D – an exclusive license from A.C.N. 120 786 012 Pty Limited and its subsidiaries to Quantum; 3) Exhibit G – Quantum Corporation's First Set of Supplemental Responses to Riverbed Technology Inc.'s First Set of Interrogatories; and 4) Exhibit H – an assignment document from Rocksoft Limited to Quantum.

3. With respect to Exhibits D and H to the Briggs Declaration, Quantum does consider the information contained in those documents to be of a confidential nature relating to the company's business affairs and relationships with its own subsidiaries, and thus designated it "CONFIDENTIAL" under the Stipulated Protective Order. However, upon further review, because it does not appear to Quantum at this time that irreparable harm would result if the documents are placed in the public file, Quantum will not ask that the Court maintain these particular documents as sealed, and submits to them being placed in the Court's public file.

4. However, as to Exhibits B and G to the Briggs Declaration, Quantum must insist those documents be sealed. The documents are Quantum's initial and first supplemental responses to Riverbed's First Set of Interrogatories, and I personally verified them. Both documents contain Quantum's response to Riverbed's Interrogatory No. 4, the bulk of which response Quantum has designated "CONFIDENTIAL" pursuant to the Stipulated Protective Order in this action. There are several reasons it is important that this designation be upheld and that the documents remain under seal. First, it should be noted that it was unnecessary for Riverbed to file this material under seal. I have reviewed Riverbed's motion to dismiss, which related only to Quantum's non-confidential response to Riverbed's Interrogatory No. 8 regarding standing. Riverbed could and should have simply excerpted Interrogatory No. 8 and filed it, rather than choosing to include inapposite information responsive to Interrogatory No. 4 that Quantum designated "CONFIDENTIAL," thereby forcing the Court and Quantum to deal with this sealing issue unnecessarily. Quantum should not have even been placed in this unfair position by Riverbed, and its designation should be given deference. Second, Quantum's response to Interrogatory No. 4 describes the terms of licenses between Quantum and three third parties. Each of the three licenses described include express confidentiality clauses. Thus, it is not only the confidentiality of Quantum's information that needs to be protected, but it is also the confidentiality of the information of those third parties who are not privy to this action or this motion to seal that must be protected. In order to protect the information that Quantum has contracted with those third parties to keep confidential, Exhibits B and G to the Briggs Declaration must remain sealed. Third, the information marked "CONFIDENTIAL" in Exhibits B and G is valuable, confidential, and proprietary between Quantum and its business partners with whom it has entered into the subject agreements, and Quantum has taken reasonable measures to keep the information confidential. The information has been kept secret by Quantum and has not been disclosed to competitors or other members of the general public by Quantum, nor is it revealed by or in any products placed on the market by Quantum. The information provides Quantum a competitive business advantage in negotiating future licenses that would be lost if the information were publicly disclosed. Because Exhibits B and G contain this sort of information, they should not be

-3-

a part of the public record. If the information were made part of the public record, it would cause harm to Quantum because its competitors could become aware of its confidential business information and licensing terms and thereby harm Quantum's competitive business advantage in future deals and negotiations.

5. For the reasons stated herein, Quantum respectfully requests that Exhibits B and G to the Briggs Declaration be sealed by the Court, but submits to Exhibits D and H becoming part of the public record.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed in Seattle, Washington on January 16, 2008.

By     /s/ Jonathan Otis
        JONATHAN OTIS

As the attorney e-filing this documents, and pursuant to General Order No. 45, I hereby attest that Jonathan Otis has concurred in this filing. /s/ Nathaniel Bruno