**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

January 17, 2008

*VIA ELECTRONIC FILING*

Honorable William Alsup
450 Golden Gate Ave.
Courtroom 9, 19th Floor
San Francisco, CA 94102

Re: *Quantum Corporation v. Riverbed Technology, Inc.* (No. C 07-4161 WHA) – Riverbed's Opposition To Quantum's Motion To Compel

Dear Judge Alsup:

Riverbed hereby responds to Quantum's motion to compel responses to Quantum Interrogatory Nos. 1-10 and 12 filed on January 14, 2007.

Pursuant to the Court's request yesterday that the parties try and work out the issues raised Quantum's motion to compel (*See* Protective Order And Order Vacating Discovery Hearing, Docket No. 49), Riverbed contacted Quantum yesterday about 3:00 p.m. and proposed a solution that would resolve all of the issues. Quantum initially responded around 6:00 p.m. that it agreed with Riverbed's proposal "conceptually" and requested that Riverbed provide it with a proposed stipulation. Riverbed provided the proposed stipulation to Quantum around 9:30 p.m. and informed Quantum that it "would like to have this on file by noon tomorrow since the court ordered Riverbed to respond to Quantum's motion to compel by then."

Because Riverbed had not heard back from Quantum this morning, Riverbed again reminded Quantum at about 10:40 a.m. today that Riverbed would like to have the stipulation on file by noon. Shortly thereafter, Quantum responded that it agreed with Riverbed's proposal with respect to Quantum Interrogatory Nos. 1-6, 8, 9, 10, and 12, but Quantum now stated that the parties still had a dispute with respect to Quantum Interrogatory No. 7. Riverbed immediately asked Quantum's counsel to explain why the conception dates of the '700 patent were relevant, but Quantum's counsel would not answer and instead asked if the parties could discuss at 1:30 p.m., an hour and a half after Riverbed's response was due. (The email string attached as **Exhibit A** reflects the foregoing communications and **Exhibit B** is a copy of the stipulation Riverbed sent to Quantum yesterday evening.)

The status of the parties' dispute is summarized as follows.

**Quantum Interrogatory Nos. 1-6, 8, 9, 10 and 12**: The parties have reached the following stipulation with respect these interrogatories: Riverbed shall provide responses to Quantum Interrogatory Nos. 1-6, 9, and 10 and supplemental responses to Quantum Interrogatory Nos. 8

51198/2353690.1

Honorable William Alsup
January 17, 2008
Page 2 of 2

and 12 within five (5) business days after the Court issues an order, if any, lifting the stay of discovery relating to Quantum's '810 patent.

**Quantum Interrogatory No. 7**: This interrogatory seeks detailed information relating to the conception date of each claim of Riverbed's '700 patent. This patent has not been asserted in this action and therefore the conception date of each claim of this patent bears no relevance to this action. Quantum contends that this interrogatory seeks relevant information because the conception dates of serve "to demarcate the prior art applicable to the validity of the '249 patent." Quantum is wrong. The conception dates for the claims in the '249 patent are relevant to the prior art inquiry. What Quantum should be requesting are the conception dates for the asserted claims of Riverbed's '249 Patent, but this interrogatory does not do that.

For the foregoing reasons, Riverbed respectfully requests that the Court issue an Order consistent with the parties' stipulation above and denying Quantum's motion to compel with respect to Quantum Interrogatory No. 7.

| | |
|---|---|
| January 17, 2008 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
| | /s/ Todd M. Briggs |
| | Todd M. Briggs |
| | Counsel for Defendant and Counterclaimant, RIVERBED TECHNOLOGY, INC. |

51198/2353690.1