# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | |
|---|---|
| GRAPHON CORPORATION, a Delaware Corporation,<br><br>                Plaintiff,<br><br>                v.<br><br>AUTOTRADER.COM, INC., a Delaware Corporation,<br><br>                Defendant. | Civil Action No. 05-CV-530 (TJW) |

### GRAPHON'S OPPOSITION TO AUTOTRADER.COM'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION

### INTRODUCTION

There is no basis to dismiss the '530 case with prejudice for lack of subject matter jurisdiction for two dispositive reasons. *First*, GraphOn had constitutional standing at the time the '530 case was filed on November 22, 2005 because it was either a transferee or exclusive licensee as a result of the Merger Agreement and its performance related documents. *Second*, even if constitutional standing did not exist on November 22, 2005, the proper remedy is to dismiss the '530 case without prejudice in accord with black letter law from the Federal Circuit, Fifth Circuit and this District. In the instance of a dismissal without prejudice, both parties agree that the recently filed '367 case should be litigated under the Docket Control Orders of the '530 case, and that trial should commence as scheduled on December 3, 2007. Accordingly, AutoTrader's Motion must be denied or, in the alternative, the '367 case should be litigated pursuant to the '530 Docket Control Orders in accord with the parties' agreement.

1

**UNDISPUTED FACTS**

AutoTrader agrees that the facts set forth in GraphOn's September 12, 2007 Motion to Consolidate and/or Relate the '367 and '530 cases (Docket No. 126) are "undisputed" and form the basis for its own Motion. Mot. To Dismiss, pp. 2-3. GraphOn incorporates by reference those same facts and, for purposes of context, provides a summary here.

NES was the former owner of a substantial portfolio of internet-related patents, including the Patents-in-suit. Docket No. 126, Dilworth Decl. ¶ 2. Pursuant to a December 3, 2004 Merger Agreement, GraphOn NES became the owner of the Patents-in-suit through an assignment from NES dated March 5, 2005. *Id.*, Dilworth Decl. ¶¶ 2-9, Exhibit B. NES ceased to exist on December 27, 2005, and all of its remaining assets thereafter became owned by GraphOn NES. *Id.,* Exhibit I.

The intent of the Merger Agreement was for *GraphOn* - not GraphOn NES - to acquire, enforce and license the NES patent portfolio. Docket No. 126, Dilworth Decl. ¶ 3. GraphOn has always been the sole Member of GraphOn NES, a limited liability company, and has voted GraphOn NES' shares in the best interests of GraphOn in every instance. *Id.,* ¶¶ 6-7, 10, Exhibits E – H. In terms of business operations, there has never been any distinction between GraphOn and GraphOn NES. *Id.* The facts representing *GraphOn's* acquisition, enforcement and licensing of the Patents-in-suit, and the legal shell that GraphOn NES constitutes, include the following:

- GraphOn has the right to make use or sell the invention coupled with the exclusive and unrestricted right to enforce and license the patents.
- GraphOn has made all decisions and supervised the '530 case from the outset.
- GraphOn has controlled the prosecution of all related patent filings in the Patent and Trademark Office.
- GraphOn has been referred to as the owner of the Patents-in-suit in all public filings and press statements.

- GraphOn has attempted to license the patents to third parties and handled fully each and all actions related thereto.

- GraphOn NES has never had any employees and never conducted any business other than the merger.

- GraphOn NES does not file federal tax returns and has never reported to the GraphOn Board on any matter.

- GraphOn NES' business address is the same as GraphOn's. *Id.,* ¶¶ 11-11F.

Prior to the filing of the '530 case on November 22, 2005, GraphOn's litigation counsel spent substantial time investigating the validity and infringement of the Patents-in-suit, and believed at all times that GraphOn was the owner of them. 9/28/07 Rounds Decl. ¶¶ 2-3. On August 10, 2007, GraphOn's litigation counsel learned for the first time that GraphOn NES was the record owner of the Patents-in-suit, and an assignment from GraphOn NES to GraphOn was signed and made effective on August 24, 2007. Docket No. 126, Rounds Decl. ¶ 5, Exhibit B. The '367 case was then filed that same day.

## ARGUMENT

### A. Constitutional Standing

Constitutional standing under Article III exists if three (3) elements are met:

> First, the plaintiff "must have suffered an injury in fact - an invasion of a legally protected interest which is (a) concrete and particularized and (b) 'actual or imminent, not conjectural or hypothetical.'" Second, "there must be a causal connection between the injury and the conduct complained of - the injury has to be 'fairly …trace[able] to the challenged action of the defendant and not…the result [of] the independent action of some third party not before the court.'" Third, "it must be 'likely,' as opposed to merely 'speculative,' that injury will be 'redressed by a favorable decision.'"

*Intellectual Property Development, Inc. v. TCI Cablevision of California, Inc., citing, Lujan v. Defenders of Wildlife,* 504 U.S. 55, 56-61 (1992). In patent cases, each of these elements is met if at the time the suit was filed, GraphOn was either: (1) a transferee who has been conveyed all substantial rights under the patent(s) by the patentee; or (2) an exclusive licensee who has

received some but less than all substantial rights in the patent(s). *Id.; Morrow, et al. v. Microsoft Corp.,* 2007 U.S. App. LEXIS 22347 (Fed. Cir. 2007); *Propat Int'l Corp. v. RPost, Inc. et al.*, 473 F.3d 1187, 1193-1194 (Fed. Cir. 2007); *Speedplay, Inc. v. BeBop, Inc.,* 112 F.3d 1245, 1249-1252 (Fed. Cir. 2000); *Steelcase, Inc. v. Smart Technologies, Inc.*, 336 F. Supp. 2d 714, 717-718 (W.D. Mich. 2004). GraphOn can qualify as either of these.

*First,* the Merger Agreement effectively transferred all rights in the Patents-in-suit to GraphOn. The whole purpose of this transaction was for GraphOn to acquire, enforce and license the NES patents. Dilworth Decl., ¶ 3. All representations and warranties concerning the NES intellectual property were made from NES to GraphOn, and GraphOn was provided complete control over its wholly owned subsidiary GraphOn NES and the NES intellection property. Docket No. 126, Dilworth Decl., ¶¶ 4-7, 10-12, Exhibits D-H GraphOn. In accordance with the intention of the transaction, at the time of the Merger Agreement, GraphOn became the sole owner and assumed all control of GraphOn NES. *Id.*, Exhibit H. The sole ownership of GraphOn NES by GraphOn was specifically intended to vest all rights in the Patents-in-suit (and all other patents) with GraphOn. When the patents were thereafter assigned to GraphOn NES, they were effectively transferred to GraphOn. *Id.*[1] Pursuant to the Merger Agreement and its performance related documents, it is undisputed that GraphOn has conducted itself as the transferee and owner of the Patents-in-suit at all times. *Id.* ¶¶ 10-11.

*Second,* even if the transactions above do not amount to a transfer of all rights, GraphOn is at least an exclusive licensee with substantial rights in the Patents-in-suit.[2] GraphOn - not

---

[1] It does not matter that the ownership of NES by GraphOn NES was not effective until December 27, 2005, subsequent to the filing date of the Complaint. Docket No. 126, Dilworth Decl. ¶ 8, Exhibit I. The assignment of the Patents-in-suit from NES to GraphOn NES on March 4, 2005, when GraphOn NES was fully owned by GraphOn, is fully consistent with the written intent of the parties – that GraphOn would own and control the Patents-in-suit. Docket No. 126, Exhibit B.

[2] *See, Ortho Pharmaceutical Corp. v. Genetics Institute, Inc*., 52 F.3d 1026, 1031-32 (Fed. Cir. 1995), *cert. denied*, 516 U.S. 907 (1995): The proprietary rights granted by any patent are the rights to exclude others from making, using or selling the invention in the United States… A patent license may have the effect between parties to the license of transferring some of those

GraphOn NES - has the right to practice the patented inventions, the exclusive and unrestricted right to license others, and the exclusive and unrestricted right to enforce the patents, including the right to bring suit.  Docket No. 126, Dilworth Decl. ¶¶ 11-12.  Significantly, GraphOn NES retained no rights to the patents, and eBay has been granted only a bare license.[3]  Moreover, GraphOn had complete ownership and control of GraphOn NES at the time of the assignment of the patents to GraphOn NES, and at all times thereafter.  Thus, while GraphOn NES admittedly held title at the time the suit was filed, GraphOn is and has been the exclusive licensee to the patents.[4]

AutoTrader's contrary arguments in its Motion are summary and unconvincing.  AutoTrader simply argues that GraphOn NES is the owner of the Patents-in-suit as a result of the March 4, 2005 assignment.  Motion, pp. 5-6.  This is true, but ignores completely the intended transfer of all rights to the Patents-in-suit to GraphOn as set forth in the Merger Agreement and its related performance documents.  AutoTrader also urges in footnote 1 that the 1999 eBay non-exclusive license means that GraphOn may not be an exclusive licensee, citing *Propat,* 473 F.3d

---

proprietary rights from the patentee to its licensee.  Such license then does more than provide a covenant not to sue, i.e., a 'bare' license.  In addition, the license makes the licensee a beneficial owner of some identifiable part of the patentee's bundle of rights to exclude others.  Thus, a licensee with proprietary rights in the patent is generally called an 'exclusive' licensee.  But it is the licensee's beneficial ownership of a right to prevent others from making, using or selling the patented technology that provides the foundation for co-plaintiff standing, not simply that the word 'exclusive' may or may not appear in the license. . .

[3] eBay was not granted any affirmative rights.  Like GraphOn NES, eBay does not have any right to license or enforce the patents, or exclude others from practicing the patents.  Because eBay has no affirmative rights, the license to eBay amounts only to a covenant not to sue.  Because eBay and Graph NES have no affirmative rights, GraphOn can be found to be an exclusive licensee. *See,* 8 Donald S. Chisum, Patents § 21.03[2][c] (2005).

[4] GraphOn's sole ownership and control of GraphOn NES and the Patents-in-suit is identical to the ownership and control that plaintiff Polyvision had over its subsidiary and record owner Greensteel.  *Steelcase,* 336 F.Supp.2d at 718.  Thus, *Steelcase* supports a finding of constitutional standing here.  As noted in footnote 3 of its Motion to Consolidate and/or Relate the '530 and '367 Actions, on distinguishable facts, counsel of record for GraphOn recently opposed a standing argument made in reliance on *Steelcase*.  However, the Court rejected that argument, and determined that standing did exist in reliance on *Steelcase*. *Atmel Corporation, et al. v. Authentic, Inc.*, 490 F.Supp.2d 1052, 1053-1055 (N.D. Cal. 2007).

at 1193. *Propat* holds no such thing. *Propat,* consistent with other Federal Circuit precedent, only makes clear that an exclusive licensee has standing to sue. *Id.* A licensee is "exclusive" for standing purposes if it has some, but not all, substantial rights in a patent(s). *Intellectual Property Development,* 248 F.3d at 1345.

For each and all of the above reasons, AutoTrader's Motion to Dismiss must be denied because GraphOn has Article III constitutional standing.

### B. Dismissal Without Prejudice

Even if the Court finds that GraphOn did not have constitutional standing on November 22, 2005, the proper remedy is to dismiss the '530 action without prejudice and litigate the '367 action, where standing is not disputed, under the '530 Docket Control Orders.[5] Federal Circuit, Fifth Circuit and this District's case law make this remedy clear. *See*, *Walter KiddePortable Equipment, Inc. v. Universal Security Instruments, Inc.,* 479 F.3d 1330, 1337-1338 (Fed. Cir. 2007) (dismissal of first-filed action without prejudice for lack of subject matter jurisdiction because Defendant could not show plain legal prejudice and proceeding with second-filed action); *H.R. Technologies, Inc. v. Astechnologies,* 275 F.3d 1378, 1384-1385 (Fed. Cir. 2002) (same); *Propat,* 473 F.3d at 1194 (affirming dismissal without prejudice for lack of standing); *Davis v. United States*, 961 F.2d 53, 57 (5th Cir. 1991) (legally incorrect to dismiss case with prejudice for lack of subject matter jurisdiction where Court did not reach merits of case); *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994) (modifying district court's judgment of dismissal with prejudice to one for dismissal without prejudice for lack of subject matter jurisdiction); *William Read et al., v. General Motors Corp.,* 489 F. Supp. 2d 614, 621 (E.D. Tex. 2007) (dismissal of Plaintiffs' Third Amended Complaint without prejudice for lack of standing).

AutoTrader cites solely to *Sicom Systems Ltd. v. Agilent Technologies, Inc.* 427 F.3d 971 (Fed. Cir. 2005) for the proposition that the '530 action should be dismissed with prejudice.

---

[5] GraphOn only takes issue with paragraph (1) of AutoTrader's proposed order attached to its Motion to Dismiss. Specifically, as to paragraph (1), the dismissal must state explicitly that it is *without prejudice*.

Motion, p. 6.  However, *Sicom* affirmed the dismissal of a *second-filed* action on the basis that, despite Plaintiffs' efforts, subject matter jurisdiction could not be cured.  *Sicom,* 427 F.3d at 980.  *Sicom* is irrelevant to the present circumstances.  AutoTrader also cites to GraphOn's alleged failure to investigate the merits of this action prior to filing suit.  Motion, p. 7.  Nothing could be further from the truth.  Although GraphOn regrets the ownership issue that has arisen, it has nothing to do with any alleged lack of investigation and is easily curable.  In sum, AutoTrader cites to no cognizable law or prejudice that justifies dismissing this action with prejudice.

## CONCLUSION

For each of the above reasons, AutoTrader's Motion to Dismiss should be denied or, in the alternative, the '530 action should be dismissed without prejudice and its Docket Control Orders adopted in the '367 case.

Dated: September 28, 2007				Respectfully Submitted,

By: /s/Lisa S. Buccino
Robert C. Bunt - Lead Attorney
State Bar No. 00787165
Robert M. Parker
State Bar No. 15498000
Charles Ainsworth
State Bar No.  00783521
Parker, Bunt & Ainsworth, P.C.;
100 E. Ferguson, Suite 1114
Tyler, TX 75702
Tel: (903) 531-3535
Fax: (903) 533-9687
Email:	rcbunt@pbatyler.com
		rmparker@pbatyler.com

**Of Counsel:**
Henry C. Bunsow (CA Bar No. 060707)
Denise De Mory (CA Bar No. 168076)
Lisa S. Buccino (CA Bar No. 205266)
HOWREY LLP
525 Market Street, Suite 3600
San Francisco, California 94105
Tel: (415) 848-4900
Fax: (415) 848-4999

E-mail: bunsowh@howrey.com
demoryd@howrey.com
buccinol@howrey.com

Michael D. Rounds
Padma Choudry
WATSON ROUNDS
5371 Kietzke Lane
Reno, Nevada 89511
Tel: (775) 324-4100
Fax: (775) 333-8171
E-mail: mrounds@watsonrounds.com
pchoudry@watsonrounds.com

Attorneys for Plaintiff and Counterclaim
Defendant, GRAPHON CORPORATION

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document via the Court's CM/ECF system on September 28, 2007. Any other counsel of record will be served by facsimile transmission and first class mail.

      /s/Lisa S. Buccino
      Lisa S. Buccino