QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
       toddbriggs@quinnemanuel.com

Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| QUANTUM CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>    Defendant.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>    Counterclaimant,<br><br>vs.<br><br>QUANTUM CORPORATION,<br><br>    Counterdefendant. | **CASE NO. C 07-4161 WHA**<br><br>**RIVERBED'S (1) EVIDENTIARY OBJECTIONS AND (2) OPPOSITION TO QUANTUM'S ADMINISTRATIVE MOTION FOR LEAVE TO FILE SUPPLEMENTAL DECLARATION OF SHAWN HALL IN OPPOSITION TO MOTION OF RIVERBED TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Date:  January 31, 2008<br>Time:  8:00 a.m.<br>Judge: The Honorable William Alsup |

Case No. C 07-04161 WHA

**I. QUANTUM'S REQUEST TO FILE THE SUPPLEMENTAL DECLARATION IS IMPROPER SURREPLY UNDER THE CIVIL LOCAL RULES**

Civil Local Rule 7-3(d) provides that "once a reply is filed, no additional memoranda, papers or letters may be filed without prior Court approval."[1]  Here, Quantum seeks to file a supplemental declaration five days *after* Riverbed filed its reply and two days before the hearing on Riverbed's motion to dismiss.  Quantum contends that filing a declaration at this stage is necessary because "Riverbed for the first time [in its reply] addressed the language in Quantum's exclusive license that defines the 'Licensor' to include all of the subsidiaries of A.C.N. 120." (Admin Motion, 2.)  Riverbed did address this language the first time in its reply, but that was only because Quantum raised its new standing theory based on this language for the first time in its opposition brief.  Riverbed could not have been expected to address a standing theory in its opening brief that Quantum had not previously advanced in its interrogatory responses or otherwise.  By raising a new standing theory in its opposition brief, Quantum should have set forth all evidence it had to support that theory at that time.  *See* CIV. L. R. 7-5.

Quantum had a full opportunity to submit evidence and argument in response to Riverbed's motion to dismiss with its opposition papers, and Quantum has not shown good cause for the late filing the supplemental declaration.  Accordingly, Quantum's administrative motion should be denied.

**II. THE SUPPLEMENTAL DECLARATION CONTAINS INADMISSIBLE HEARSAY**

Federal Rule of Evidence 802 defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." Mr. Hall's supplemental declaration states: "I was *directed by* Quantum's Chief Executive Officer, Richard E. Belluzo, to transfer all substantial rights to U.S. Patent No.

---

[1] There is one exception to this rule that is not applicable here: "Before the noticed hearing date, counsel may bring to the Court's attention a relevant judicial opinion published after the date the opposition or reply was filed by serving and filing a Statement of Recent Decision, containing a citation to and providing a copy of the new opinion - without argument." CIV. L. R. 7-3(d).

Case No. C 07-04161 WHA         1

5,990,810 to Quantum in preparation for the filing of the Complaint in this action." (Paragraph 5 (emphasis added).) This is inadmissible hearsay. The statement by Mr. Belluzo is being offering for the truth of what it asserts: that Mr. Belluzo, the CEO of Quantum, told Mr. Hall to "transfer all substantial rights" in the '810 patent from A.C.N. 120 to Quantum. The statement by Quantum's CEO referenced in the declaration is inadmissible hearsay and therefore should not be considered as evidence.

### III. THE SUPPLEMENTAL DECLARATION DOES NOT CURE QUANTUM'S LACK OF STANDING

Even if Mr. Hall's supplemental declaration were considered by the Court, it does not advance Quantum's arguments. Indeed, if anything the supplemental declaration strengthens Riverbed's position that Quantum did not have standing at the time it filed its complaint.

The declaration essentially states that Mr. Hall was instructed to "transfer all substantial rights" in the '810 patent to Quantum by Quantum's CEO; (2) that "accordingly, he executed the exclusive license" from A.C.N. 120 to Quantum; and (3) that "all members of the Boards of Directors of A.C.N. 120 and Rocksoft were obligated to comply with the instructions of Quantum's management." Notably, the declaration does not state in what capacity Shawn Hall executed the license from A.C.N. 120 to Quantum – that is, whether he acted as an officer of Quantum Corporation, as director of A.C.N. 120, and/or as director of Rocksoft. Nor does it state that the remaining members of the boards of directors of A.C.N. 120 or Rocksoft consented to or otherwise authorized the execution of the exclusive license, or whether the other three directors of Rocksoft were directed by the CEO of Quantum to transfer all substantial rights in the '810 patent to Quantum. It also does not explain the requirements set forth in the bylaws or other corporate documents governing Rocksoft that relate to the transfer of assets and intellectual property and whether those requirements were followed. Finally, its does not state that Mr. Hall unilaterally had the power to transfer any assets of Rocksoft. In short, the declaration fails to demonstrate how A.C.N. 120 received any authority – oral, written or otherwise – from Rocksoft to license the '810 Patent.

Finally, Mr. Hall's supplemental declaration does not address the fatal flaw in all of Quantum's standing theories – the lack of a written agreement signed by Rocksoft transferring rights in the '810 patent. A writing signed by Rocksoft is necessary under Federal Circuit authority and under Section 261 of the Patent Act to confer constitutional standing on Quantum as explained in detail in Riverbed's reply brief.

Respectfully submitted,

January 30, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

/s/  Claude M. Stern
Claude M. Stern
Attorneys for Defendant and Counterclaimant,
RIVERBED TECHNOLOGY, INC.

Case No. C 07-04161 WHA                         3