AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO FLORES, CAL. BAR NO. 93304
JON E. MAKI, CAL. BAR NO. 199958
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:    858-720-8900
Facsimile:     858-509-3691
Email: athakur@sheppardmullin.com
       mflores@sheppardmullin.com
       jmaki@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-2984
Facsimile:     415-434-6095
Email: nbruno@sheppardmullin.com

Attorneys for Plaintiff,
QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA,

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>　　　　　Counterclaimant,<br><br>　　v.<br><br>QUANTUM CORPORATION, a Delaware corporation,<br><br>　　　　　Counterdefendant. | Case No. C 07-04161 WHA<br><br>**NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE QUANTUM CORPORATION'S FIRST AMENDED REPLY TO COUNTERCLAIM, AND COUNTERCLAIMS**<br><br>**AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:  March 20, 2008<br>Time:  8:00 AM<br>Courtroom 9, 19th Floor<br><br>Honorable William H. Alsup<br>United States District Judge |

# TABLE OF CONTENTS

Page

I. LEAVE TO AMEND ADDING COUNTERCLAIMS SHOULD BE GRANTED ABSENT A SHOWING OF UNDUE PREJUDICE, BAD FAITH OR DILATORY MOTIVE, OR FUTILITY ................................................................................................ 2

II. JUSTICE AND JUDICIAL ECONOMY REQUIRE THAT QUANTUM BE GIVEN LEAVE TO ADD CLAIM FOR INFRINGEMENT OF THE '810 PATENT .................................................................................................................................. 3

III. QUANTUM SHOULD BE GRANTED LEAVE TO FILE ITS COUNTERCLAIM FOR INFRINGEMENT OF THE '164 PATENT ............................................................ 8

IV. CONCLUSION ................................................................................................................ 10

## TABLE OF AUTHORITIES

**Federal Cases**

Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.,
    773 F. Supp. 1529, *Moore's Federal Practice* (3d ed., 2006 ) .......................................... 2
City and County of San Francisco v. Factory Mutual Insurance Company,
    2007 U.S. Dist. LEXIS 76907 (N.D. Cal. Oct. 3, 2007) ..................................................... 2
DCD Programs, Ltd. v. Leighton,
    833 F.2d 183 (9th Cir. 1987) ............................................................................................. 2
E.I. Du Pont De Mours & Co. v. Akzo N.V.,
    607 F. Supp. 227 (D. Del. 1984) ....................................................................................... 6
Eminence Capital, LLC v. Aspeon, Inc.,
    316 F.3d 1048 (9th Cir. 2003) ........................................................................................... 3
SMF Corp. v. Sundstrand Corp.,
    99 F.R.D. 101 (N.D. Ill. 1983) .......................................................................................... 2
Foman v. Davis,
    371 U.S. 178 (1962) .......................................................................................................... 2
Genentech v. Eli Lilly & Co.,
    998 F.2d 931 (Fed. Cir. 1993) ........................................................................................... 7
Heywood v. W. Reserve Life Assur. Co.,
    2007 U.S. Dist. LEXIS 14484 (N.D. Ariz. Feb. 7, 2007) ................................................. 3
Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.,
    220 F.R.D. 614 (C.D. Cal. 2003) ...................................................................................... 2
Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.,
    648 F.2d 1252 (9th Cir. 1981) .................................................................................. 3, 8, 9
Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.,
    342 U.S. 180 (1952) .......................................................................................................... 7
Morongo Band of Mission Indians v. Rose,
    893 F.2d 1074 (9th Cir. 1990) ........................................................................................... 3
Rayco Mfg. Co. v. Kelley Co., Inc.,
    148 F. Supp. 588 (S.D.N.Y. 1957) ................................................................................... 5
Serco Serv. Co., L.P. v. Kelley Co., Inc.,
    51 F.3d 1037 (Fed. Cir. 1995) ....................................................................................... 5, 7
TCGIvega Info. Techs. Pvt, LTD v. Karna Global Technologies, Inc.,
    2007 U.S. Dist. LEXIS 58761 (N.D. Cal. July 30, 2007) ................................................. 2

**Statutes**

Fed. R. Civ. P. 13(f) ............................................................................................................... 2
Fed. R. Civ. P. 15(a) .............................................................................................................. 2
Fed. R. Civ. P. 26 ............................................................................................................... 4, 5
Patent Local Rule 3-1 ........................................................................................................ 4
Patent Local Rule  3-2(a) ................................................................................................... 4

**NOTICE OF MOTION AND MOTION**

PLEASE TAKE NOTICE that on March 20, 2008 at 8:00 a.m. in Courtroom 9, 19th Floor of the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Counterclaim Plaintiff Quantum Corporation, ("Quantum") shall and hereby does move the Court pursuant to Fed. R. Civ. P. 13(f) and 15(a) to grant Quantum leave to file its First Amended Reply To Counterclaim, and Counterclaims ("First Amended Reply"). Quantum believes that this motion should be heard on an expedited basis. Quantum's proposed First Amended Reply would add two counterclaims against Defendant and Counterclaimant Riverbed Technology, Inc.'s ("Riverbed"):

(1) A counterclaim for infringement of United States Patent No. 5,990,810 ("the '810 Patent") and related requests for relief – this is the same claim that Quantum asserted against Riverbed in the original Complaint in this action, which this Court dismissed for lack of standing on February 4, 2008;[1] and

(2) A counterclaim for infringement of United States Patent No. 6,622,164 B1 ("the '164 Patent") and related requests for relief.

This Motion is based upon this Notice of Motion and Motion, the attached memorandum of points and authorities, the supporting declaration of Mauricio a. Flores and its accompanying exhibits, the supporting declaration of Nathaniel Bruno and its accompanying exhibit, Quantum's Proposed First Amended Reply attached hereto as Exhibit A, the Proposed Order hereto, all the pleadings, records, and documents on file in this action, matters of which the Court may take judicial notice, and on such other evidence as may be presented at any hearing on this motion.

---

[1] The standing defect which gave rise to the Court's order dismissing Quantum's original claim alleging infringement has been cured by the execution on February_8, 2008 of a new license granting all substantial rights to the '810 Patent to Quantum. As a protective measure against further forum shopping by Riverbed, Quantum filed a separate action in the Northern District of California on February 13, 2008 (Case No. C-08-0928-PVT) seeking relief for Riverbed's infringement of the '810 Patent.

-1-

Riverbed has refused to consent to Quantum's filing of a First Amended Reply, forcing Quantum to bring this Motion. (*See* Flores Decl. at ¶ 20 and Ex. 4.)

## CONCISE STATEMENT OF RELIEF SOUGHT

Quantum respectfully requests that this Court grant Quantum leave to file its First Amended Reply (attached hereto as Exhibit A), which adds claims based on Riverbed's infringement of the '810 Patent and of the '164 Patent.

## MEMORANDUM OF POINTS AND AUTHORITIES

I. **LEAVE TO AMEND ADDING COUNTERCLAIMS SHOULD BE GRANTED ABSENT A SHOWING OF UNDUE PREJUDICE, BAD FAITH OR DILATORY MOTIVE, OR FUTILITY**

Leave to file an amended pleading "shall be freely given whenever justice so requires." Fed. R. Civ. P. 15(a). That same liberal standard also applies to motions for leave to file a counterclaim under Federal Rule of Civil Procedure 13(f). *TCGIvega Info. Techs. Pvt, LTD v. Karna Global Technologies, Inc.,* 2007 U.S. Dist. LEXIS 58761 (N.D. Cal. July 30, 2007). As this court recently observed, "In general, courts presented with motions for leave to amend a pleading to add an omitted counterclaim generally adhere to the liberal amendment policy of Rule 15 in deciding whether to grant leave to amend." *City and County of San Francisco v. Factory Mutual Insurance Company*, 2007 U.S. Dist. LEXIS 76907 *8 (N.D. Cal. Oct. 3, 2007) (citing *Hip Hop Beverage Corp. v. RIC Representcoes Importacao e Comercio Ltda.*, 220 F.R.D. 614, 620 (C.D. Cal. 2003); *SMF Corp. v. Sundstrand Corp.,* 99 F.R.D. 101, 104 (N.D. Ill. 1983); *Barnett v. Norfolk & Dedham Mut. Fire Ins. Co.,* 773 F. Supp. 1529, 1532 (N.D. Ga. 1991); *Moore's Federal Practice* (3d ed., 2006) § 13.43[1], [2].

Federal judicial policy strongly favors the determination of cases on the merits. Leave to amend is freely given unless the opposing party can demonstrate undue prejudice or a bad faith or dilatory motive by the moving party (or that the amendment is an exercise in futility). *See Foman v. Davis*, 371 U.S. 178, 181-182 (1962); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186-187 (9th Cir. 1987) (reversing District Court decision that denied leave to amend where

no explanation was provided and no justification appeared in the record).  Particularly in the Ninth Circuit, the federal policy that leave to amend shall be freely granted is applied with "extreme liberality," and prejudice to the opposing party is really the touchstone of the inquiry into whether an amendment should be permitted.  *Heywood v. W. Reserve Life Assur. Co.*, 2007 U.S. Dist. LEXIS 14484 at *5 (N.D. Ariz. Feb. 7, 2007) (citing *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990)).

Although a grant or denial of leave to file an amended pleading is in the sound discretion of the trial court, where there is a "lack of prejudice to the opposing party and the amended reply is obviously not frivolous or made as a dilatory maneuver in bad faith, it is an abuse of discretion to deny such a motion."  *Hurn v. Retirement Fund Trust of Plumbing, Heating & Piping Industry of So. Calif.*, 648 F.2d 1252, 1254-1255 (9th Cir. 1981) (denial of leave to amend was abuse of discretion where the ability to litigate the substantive issues was not prejudiced by discovery or other considerations, even where leave was sought two years after original pleading was filed); *see also Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1051-1052 (9th Cir. 2003) (reversing a denial of leave to amend where plaintiffs' allegations were not frivolous, plaintiffs were endeavoring in good faith to meet the heightened pleading requirements and to comply with court guidance, and plaintiffs had a reasonable chance of successfully stating a claim if given another opportunity).

## II. JUSTICE AND JUDICIAL ECONOMY REQUIRE THAT QUANTUM BE GIVEN LEAVE TO ADD CLAIM FOR INFRINGEMENT OF THE '810 PATENT

This case began with Quantum's action against Riverbed for infringement of the '810 Patent, filed on August 14, 2007.  (Docket No. 1.)  Riverbed answered on October 29, 2007, asserting a counterclaim seeking a judicial declaration that the '810 Patent is invalid and not infringed by Riverbed.  (Docket No. 8.)  On November 13, 2008, Riverbed filed an Amended Answer asserting an additional counterclaim for infringement of United States Patent No. 7,116,249 (the "'249 patent").  (Docket No. 20.)  On November 29, the Court held the Initial Case Management Conference and entered a scheduling order setting the claim construction hearing for

1  May 7, 2008, completion of non-expert discovery by September 29, 2008, and trial for February 2,
2  2009. (Docket Nos. 23-24.)
3        As required by this schedule, the parties worked diligently on discovery related to
4  Quantum's claim for infringement of the '810 Patent. By the end of 2007, Riverbed had
5  responded to 76 document requests and 17 Interrogatories related to Quantum's '810 Patent claim.
6  (Declaration of Mauricio A. Flores ("Flores Decl."), ¶¶ 3, 5, 9, 12.) Quantum responded to 76
7  document requests and 8 interrogatories related to Quantum's '810 Patent claim during that same
8  period. (*Id.*, ¶¶ 2, 5-6.)
9        Quantum also worked diligently to complete the disclosures required by the Federal
10 Rule of Civil Procedure 26 and the Patent Local Rules. (*Id.*, ¶¶ 4, 7.) The parties engaged in their
11 Rule 26(f) conference on November 2, 2007. (*Id.*, ¶ 2.) By December 7, 2007 both parties had
12 served initial disclosures required by Rule 26 and supplemental disclosures ordered by this Court.
13 (*Id.*, ¶¶ 4, 7.) On December 13, 2007, Quantum served its Preliminary Infringement Contentions
14 relating to its '810 Patent claim in accordance with Patent Local Rule 3-1, along with documents
15 required by Patent Local Rule 3-2(a). (*Id.*, ¶ 8.) On December 24, after meeting and conferring
16 with Riverbed counsel, Quantum served Supplemental Preliminary Infringement Contentions
17 relating to its '810 Patent claim. (*Id.*, ¶ 12.)
18       After this considerable effort, and with much more underway, Riverbed took
19 advantage of a defect in the chain of title leading to Quantum's exclusive license. On January 9,
20 2008, Riverbed moved to dismiss this action on the ground that Quantum lacked standing because
21 there had been no valid transfer of rights to Quantum from its subsidiary, Rocksoft. (Docket No.
22 35.) The Court granted that motion on February 4, 2008. (Docket No. 73.)
23       But Riverbed was not content with this ruling, which left intact Quantum's right to
24 refile in this Court after the defect in Quantum's chain of title has been corrected. Riverbed
25 attempted to preempt this Court's adjudication of Quantum's '810 Patent claim by filing an action
26 in the United States District Court for the District of Delaware on January 9, 2008, the same day
27 that it moved to dismiss Quantum's claim in this Court, seeking a declaratory judgment of
28

4

W02-WEST:6CHW1\400697928.3        QUANTUM'S NOTICE OF MOTION AND MOTION
FOR LEAVE TO FILE FIRST AMENDED REPLY
Case No. C 07-04161 WHA

1  invalidity and non-infringement related to the '810 Patent.  (Flores Decl., ¶ 16.)  Quantum now
2  relies on the "first-to-file" rule for the proposition that Quantum's '810 Patent claim must be
3  adjudicated in Delaware.
4         In response to this Court's questioning at the hearing on Riverbed's motion to
5  dismiss, Riverbed counsel brazenly admitted that Riverbed filed its Delaware action solely
6  because it "provides a strategic advantage for us in the litigation." (Flores Decl., ¶ 17, Ex. 1, p.
7  6:16-20.)  The nature of that perceived advantage is manifest – delay, confusion and increased
8  cost.  There is no rational connection between Quantum's '810 Patent claim and Delaware.  Both
9  Quantum and Riverbed have their principal place of business in Northern California.  (*Id.*, ¶ 18.)
10 Counsel for both parties are based in California and neither has an office in Delaware.  (*Id.*)
11 Counsel for Quantum is not aware of a single witness named by either party in its initial
12 disclosures or in response to interrogatories that is known to be based in Delaware.  (*Id.*)  Neither
13 Riverbed nor Quantum has an office in Delaware.  (*Id.*)  None of the document repositories
14 identified by the parties in their Rule 26 initial disclosures are located in Delaware.  (*Id.*)
15        Riverbed apparently believes that the courts are helpless to prevent such blatant
16 maneuverings in search of advantages to be reaped by impeding the orderly process of
17 adjudication.  Fortunately for our judicial system, Riverbed is wrong.  The Federal Courts have the
18 ability to prevent such actions and have consistently done so.  In this case, Riverbed's
19 maneuvering runs aground on the technical doctrines that it has sought to manipulate – the
20 Delaware court lacks both venue and jurisdiction.  Even assuming, *arguendo,* the Delaware Court
21 has both, the overwhelming weight of precedent emphasizes the right and the duty of a federal
22 court to dismiss a first filed action in favor of a second filed action when necessary to prevent a
23 party from gaining advantage by forum shopping in search of advantage by delay, imposition of
24 additional costs or other impediments to efficient adjudication.  *See e.g.*, *Serco Serv. Co., L.P. v.*
25 *Kelley Co., Inc.*, 51 F.3d 1037 (Fed. Cir. 1995); *Rayco Mfg. Co. v. Kelley Co., Inc.*, 148 F. Supp.
26 588, 592-593 (S.D.N.Y. 1957) (courts should not award "deplorable" tactical antics, advanced
27 simply to add "undue expense and vexatious situations on the court.").
28

5

Accordingly, Quantum has moved to dismiss or transfer the Delaware action against it, and has every reason to believe it will be granted. Copies of Quantum's moving papers in Delaware are attached as Exhibits 2-3 to the Flores Declaration. (*See* Flores Decl., ¶ 19.) While the decision whether to dismiss the Delaware court rests entirely with that Court, Quantum respectfully requests that this Court nevertheless grant Quantum's motion for leave to assert its '810 Patent claim. Such action would indicate this Court's willingness to continue its work in adjudicating that claim and preserve judicial resources. Such a decision by this Court would assist the District Court in Delaware in exercising its discretion as to whether the declaratory judgment action regarding the '810 Patent should continue.

As the attached motion demonstrates (*see* Flores Decl., ¶ 19 and Ex. 3), there are a host of reasons why the declaratory judgment action cannot and should not continue before the Delaware Court. The first independent ground for dismissal is that the Delaware Court obviously lacks subject matter jurisdiction over Quantum's '810 Patent claim for the same reason this Court granted Riverbed's motion to dismiss for lack of standing. As Riverbed argued in its motion to dismiss, and as this Court ruled in granting that motion, subject matter jurisdiction is determined as of the date the complaint is filed, and lack of standing at that time cannot be cured. The exclusive license to Quantum existing at the time Riverbed filed its Delaware action in January was the same license that this Court concluded did not give Quantum standing to sue for infringement of the '810 Patent. Given that Quantum could not sue for infringement, no case and controversy existed to support a declaratory judgment of invalidity and non-infringement. *See e.g. E.I. Du Pont De Mours & Co. v. Akzo N.V.*, 607 F. Supp. 227, 230 (D. Del. 1984) (dismissing declaratory relief actions for two patents when it was clear that defendants could not maintain infringement proceedings against plaintiffs.) That defect cannot be cured in Delaware any more than it could be cured in the action which this Court dismissed.

Riverbed also sued two of Quantum's subsidiaries in its Delaware action: A.C.N. 120 786 012 Pty, Ltd ("A.C.N. 120") and Rocksoft Ltd (Rocksoft), both of which are incorporated under the laws of Australia. However, neither of these two companies have ever sought to enforce

the '810 Patent or sold any product in Delaware. Accordingly, Quantum has moved to dismiss the Delaware action against these two defendants for both lack of personal jurisdiction and improper venue. As a third independent ground for dismissal, Quantum, Rocksoft and A.C.N. executed a new exclusive license agreement on February 8, 2008, which divested both of those parties of any substantial interest in the '810 Patent. Thus, the Delaware Court no longer has subject matter jurisdiction because there is no longer a live controversy between Rocksoft, A.C.N. and Riverbed.

Second, even assuming *arguendo* that the Delaware Court has jurisdiction, Riverbed's admission that it filed the Delaware action solely as a litigation tactic (Flores Decl., ¶ 17, Ex. 1, p. 6:16-20), combined with the lack of any relation of '810 Patent claim to Delaware, and the very strong connection to this jurisdiction, makes it all but inevitable that the action will proceed in the Northern District of California based on the sound exercise of judicial discretion as outlined in the case law for infringement. The federal courts have long recognized the need to exercise careful discretion to avoid precisely the type of procedural gamesmanship which unduly causes delay and inefficiency that Riverbed has adopted in this case. It is for precisely this reason that the Supreme Court warned that against "rigid, mechanical solutions" to the question of forums. *Kerotest Manufacturing Co. v. C-O-Two Fire Equipment Co.*, 342 U.S. 180, 183 (1952).

The Federal Circuit held in *Genentech v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993) that the issue of whether a first-filed action for declaratory judgment of patent non-infringement and invalidity should yield to a later-filed patent infringement action is controlled by Federal Circuit law. Upholding the importance of judicial discretion in making this determination, the Federal Circuit rejected an automatic rule that a first-filed declaratory judgment action must always yield to a later-filed action for patent infringement. While the Federal Circuit adopted "the general rule favoring the forum of the first-filed case," it expressly stated that this rule would not be applied where "considerations of judicial and litigant economy, and the just and effective disposition of disputes, require otherwise." Genentech, 998 F.2d at 937. Applying this principal, the Federal Circuit in *Serco Services Company v. Kelly Company*, 51 F.3d 1037 (Fed. Cir. 1995) later affirmed the dismissal of a first-filed action for declaratory judgment in favor of an

infringement action filed three days later in another state. In *Serco*, the first-filed declaratory judgment action was dismissed because the District Court found that the infringer filed the declaratory judgment action in anticipation of being sued, and because the convenience of the parties favored the jurisdiction of the later-filed infringement action.

The facts in this case militate emphatically in favor of allowing Quantum's '810 Patent claim to proceed in this court. Riverbed filed its Delaware declaratory judgment after the Court and the parties had invested significant resources in the litigation of this claim. Further – and most important – Riverbed has admitted that the only reason for filing its Delaware action was to seek a strategic advantage in the case. (Flores Decl., ¶ 19 and Ex. 3.) As this Court acknowledged, the only result of removing this claim from the Northern District of California would be substantial delay and a significant increase in costs to the parties and to the judicial system. The Declaratory Judgment Act was enacted to allow parties to remove a cloud hanging over their heads when there is a reasonable threat of suit, not to arbitrarily seek a different forum in search of perceived advantages resulting from delay and increased cost. Such advantages are not legitimate goals. To allow the action to proceed in Delaware would reward behavior that is not only unfair to Quantum, but is disruptive to the orderly administration of justice. If adopted widely, the forum shopping tactics adopted by Riverbed would significantly impede the efficient of the courts. This behavior is particularly concerning when present in the adjudication of patent infringement disputes, which by their nature are already time-consuming and expensive for all concerned. Such tactics should be discouraged rather than rewarded.

### III. QUANTUM SHOULD BE GRANTED LEAVE TO FILE ITS COUNTERCLAIM FOR INFRINGEMENT OF THE '164 PATENT

Quantum's motion for leave to add a counterclaim for infringement of the '164 Patent should be granted because there is no prejudice to Riverbed and the proposed counterclaim is not frivolous or made as a dilatory maneuver in bad faith. *Hurn,* 648 F.2d at 1254-1255.

The Answer that Quantum seeks to amend in order to add its '164 Patent claim was filed on November 28, 2007, a little over two months ago. That period is a reasonable time in which to conduct a pre-filing analysis and investigation into this claim. The trial of this action not

8

scheduled until February 2, 2009, with non-expert discovery continuing until September 29, 2007. (*See* Docket Nos. 23-24.) That is adequate time complete discovery and claim construction for the '164 Patent and still meet the trial schedule. Further, Riverbed is in no position to claim prejudice even if some delay were to result. Riverbed's own forum shopping antics with respect to the '810 Patent indicate that it is not concerned with prejudice due to delay in the resolution of its patent infringement disputes with Quantum.

The '164 Patent claims a mass storage device with a network interface. (*See* Bruno Decl., Ex. 1.) Because the claimed network storage does not possess files to be transferred to and from the network, much of the computational overhead of a network server can be eliminated, resulting in a simpler device capable of faster file exchange. (*See id.*) Although there is little overlap between the inventions claimed in the '164 patent and the '249 patent, the '164 Patent relates generally to the efficient operation of computer networks, which is the focus of Riverbed's product lines. Accordingly, much of the discovery related to the '164 Patent is likely to be culled from the same Riverbed custodians and servers. It is equally likely that there will be a significant overlap in witness as well.

Thus the addition of the '164 Patent to this action would result in significant efficiencies by allowing coordinated discovery and would not result in any significant prejudice to Riverbed. The parties would remain the same and the litigation would not be unduly complicated. Under these circumstances, the liberal policy of allowing amendments should be followed and leave granted to add Quantum's '164 Patent claim.

## IV. CONCLUSION

For the foregoing reasons, Quantum's motion for leave to add counterclaims for infringement of the '810 Patent and for infringement of the '164 Patent should be granted, and Quantum should be granted leave to file its First Amended Reply attached hereto as Exhibit A.

Dated: February 14, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By

/s/ Nathaniel Bruno
AMAR L. THAKUR
MAURICIO FLORES
JON E. MAKI
NATHANIEL BRUNO

Attorneys for
QUANTUM CORPORATION