AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, CAL. BAR NO. 93304
JON E. MAKI, CAL. BAR NO. 199958
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:    858-720-8900
Facsimile:    858-509-3691
Email: athakur@sheppardmullin.com
         jmaki@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-2984
Facsimile:    415-434-6095
Email: nbruno@sheppardmullin.com

Attorneys for Plaintiff,
QUANTUM CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA,

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>                    Counterclaimant,<br><br>        v.<br><br>QUANTUM CORPORATION,<br><br>                    CounterDefendant.<br>_____<br>QUANTUM CORPORATION, a Delaware corporation,<br><br>                    Counterclaimant,<br><br>        v.<br><br>RIVERBED TECHNOLOGY, INC. a Delaware corporation,<br><br>                    Counterdefendant. | Case No. C 07-04161 WHA<br><br>**QUANTUM CORPORATION'S FIRST AMENDED REPLY TO COUNTERCLAIM, AND COUNTERCLAIMS FOR:**<br><br>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,116,249; AND**<br><br>**INFRINGEMENT OF U.S. PATENT NO. 5,990,810; AND**<br><br>**INFRINGEMENT OF U.S. PATENT NO. 6,622,164 B1**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

<u>**QUANTUM'S FIRST AMENDED REPLY TO COUNTERCLAIMS**</u>

Counterclaim Plaintiff Quantum Corporation (hereafter, "Quantum"), by its counsel, hereby respectfully submits Quantum's First Amended Reply to Riverbed Technology Inc.'s Counterclaims, And Counterclaims For: Declaratory Judgment Of Non-Infringement And Invalidity Of U.S. Patent No. 7,116,249; and Infringement Of U.S. Patent No. 5,990,810; and Infringement Of U.S. Patent No. 6,622,164 B1, pursuant to Federal Rule of Civil Procedure 15(a) and 13(f).

**COUNTERCLAIM**

**(DECLARATORY JUDGMENT)**

<u>**PARTIES**</u>

1.      Quantum admits the allegations contained in Counterclaim paragraph 1.

2.      Quantum is without knowledge or information sufficient to form a belief as to the allegations of Counterclaim paragraph 2, and on that basis denies the allegations of paragraph 2 both generally and specifically.

3.      Quantum admits the allegations contained in Counterclaim paragraph 3.

4.      Quantum admits that it designs, builds, and sells data storage products utilizing Quantum's "data de-duplication" technology including Quantum's DXi-Series products and systems.  Because the remaining allegations of Counterclaim paragraph 4 are vague and ambiguous as to the purported meaning of "segment data prior to storage," "systems and methods for storing data," and "covers systems and methods for storing data," Quantum is without knowledge or information sufficient to form a belief as to the remaining allegations of Counterclaim paragraph 4, and on that basis denies all such allegations both generally and

1  specifically.  Quantum further specifically denies that any of its products infringe U.S. Patent No.

2  7,116,249 (the "249 patent") either directly or indirectly.

3

4                              **JURISDICTION AND VENUE**

5

6              5.        Quantum admits the allegations contained in Counterclaim paragraph 5.

7

8              6.        Quantum admits the allegations contained in Counterclaim paragraph 6.

9

10             7.        Quantum admits the allegations contained in Counterclaim paragraph 7.

11

12                         **EXISTENCE OF ACTUAL CONTROVERSY**

13

14             8.        Quantum admits the allegations contained in Counterclaim paragraph 8.

15

16             9.        Quantum admits the allegations contained in Counterclaim paragraph 9.

17

18             10.       Quantum admits the allegations contained in Counterclaim paragraph 10.

19

20                              **FIRST COUNTERCLAIM**

21                 **(Infringement of United States Patent No. 7,116,249)**

22

23             11.       Quantum incorporates its answers to paragraphs 1 through 10 of the

24  Counterclaim as if set forth fully herein.

25

26             12.       Quantum admits that a true and correct copy of the '249 patent was attached

27  to the Counterclaim filed in this matter as Exhibit A thereto, that the '249 patent is titled "Content-

28

-3-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND COUNTERCLAIMS
Case No. C 07-04161 WHA

1    Based Segmentation Scheme for Data Compression in Storage and Transmission Including

2    Hierarchical Segment Representation," and that the face of the '249 patent purports an issuance

3    date of October 3, 2006, but denies that the '249 patent was "duly and legally" issued.  Quantum is

4    without knowledge or information sufficient to form a belief as to the remaining allegations of

5    Counterclaim paragraph 12, and on that basis denies the remaining allegations of Counterclaim

6    paragraph 12 both generally and specifically.

7

8                    13.     Quantum admits that it offers a series of data storage products that utilize its

9    "data de-duplication" technology including but not limited to its DXi7500, DXi5500, and

10   DXi3500 series.  Quantum denies all other allegations contained in Counterclaim paragraph 13.

11

12                   14.     Quantum denies the allegations contained in Counterclaim paragraph 14.

13

14                   15.     Quantum denies the allegations contained in Counterclaim paragraph 15.

15

16                   16.     Quantum denies the allegations contained in Counterclaim paragraph 16,

17   and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed

18   is entitled to relief of any kind.

19

20                   17.     Quantum denies the allegations contained in Counterclaim paragraph 17,

21   and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed

22   is entitled to relief of any kind.

23

24                   18.     Quantum denies the allegations contained in Counterclaim paragraph 18,

25   and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed

26   is entitled to relief of any kind.

27

28

-4-

## SECOND COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

19.     Quantum incorporates its answers to paragraphs 1 through 18 of the Counterclaim as if set forth fully herein.

20.     Quantum denies the allegations contained in Counterclaim paragraph 20.

21.     Quantum denies that its allegations of infringement are wrongful, but admits that Riverbed's denial of those allegations creates the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202.  Quantum further admits that Riverbed's Counterclaim purports to seek a judgment that Riverbed does not infringe any claim of the '810 patent, but specifically denies that Riverbed is entitled to relief of that or any other kind.

## SECOND [sic] COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

22.     Quantum incorporates its answers to paragraphs 1 through 21 of the Counterclaim as if set forth fully herein.

23.     Quantum denies the allegations contained in Counterclaim paragraph 23.

24.     Quantum denies that its allegations of validity are wrongful, but admits that Riverbed's denial of those allegations creates the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202.  Quantum further admits that Riverbed's Counterclaim purports to seek a judgment that every claim of the '810 patent is invalid, but specifically denies that Riverbed is entitled to relief of that or any other kind.

1

2

**EXCEPTIONAL CASE**

3        Quantum denies the allegations contained under the "Exceptional Case" Section of

4  the Counterclaim.

5

**PRAYER FOR RELIEF**

6

7        Quantum denies that Riverbed is entitled to any relief.

8

**AFFIRMATIVE DEFENSES**

9

10        Without altering the burden of proof, Quantum asserts the following affirmative

11  defenses.  Quantum presently has insufficient knowledge and information on which to form a

12  belief as to whether it may have as yet unstated affirmative defenses available to Riverbed's

13  Counterclaim.  Quantum's investigation of its defenses is continuing.  Quantum reserves herein

14  the right to assert further defenses other than those specifically set forth herein, including any

15

16  affirmative or other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent

17  laws of the United States, and any other defenses at law or equity that may now exist or in the

18  future be available in the event that discovery and further investigation indicates any such

19  affirmative defenses would be appropriate.

20

21

**FIRST AFFIRMATIVE DEFENSE**

22

**(Non-Infringement)**

23

24        Quantum does not infringe and has not infringed any valid claim of the '249 patent

25  either literally or under the doctrine of equivalents, has not willfully infringed and is not willfully

26  infringing any valid claim of the '249 patent, has not induced and is not inducing infringement of

27

28

-6-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND COUNTERCLAIMS
Case No. C 07-04161 WHA

any valid claim of the '249 patent, and has not committed and is not committing acts constituting

contributory infringement of any valid claim of the '249 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Patent Invalidity)

Each and every claim of the '249 patent is invalid under one or more provisions of

the Patent Laws of the United States, including, without limitation, one or more of 35 U.S.C. §§

101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (Ownership of the '810 Patent)

The allegations of the counterclaim describe actions which are proper for

Plaintiff/Counter-Defendant as the owner of U.S. Patent No. 5,990,810, pursuant to the Patent

Laws of the United States and the rights granted therein.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Riverbed's Counterclaim is barred, in whole or in part, by the doctrine of unclean

hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Because Riverbed unreasonably delayed in asserting some or all of the purported

claims in its Counterclaim, thereby prejudicing Quantum, the doctrine of laches bars those claims

and extinguishes or limits any potential relief available to Riverbed.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

Riverbed's Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

## QUANTUM'S COUNTERCLAIMS TO RIVERBED'S FIRST COUNTERCLAIM FOR INFRINGEMENT OF UNITED STATES PATENT NO. 7,116,249

Quantum hereby counterclaims against Riverbed as follows:

## PARTIES

1.      Quantum is a Delaware corporation having a principal place of business at 1650 Technology Drive, Suite 700, San Jose, CA, 95110.

2.      Riverbed is a Delaware corporation having a principal place of business at 199 Fremont Street, San Francisco, CA, 94105.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over Quantum's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because Riverbed's counterclaim for infringement of U.S. Patent No. 7,116,249 (the "'249 Counterclaim") and Quantum's counterclaims for infringement of U.S. Patent No. 5,990,810 (the "'810 Counterclaim") and U.S. Patent No. 6,622,164 B1 (the "'164 Counterclaim") are claims for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. §§ 2201 and 2202 because Quantum's counterclaims herein are declaratory judgment claims.

-8-

1        4.     By filing its counterclaims (including the '249 Counterclaim) Riverbed

2  consented to the personal jurisdiction of this Court.  Riverbed is also subject to the personal

3  jurisdiction of this Court because, *inter alia*, and upon information and belief, Riverbed directly

4  and through its agents regularly does, solicits, and transacts business in the Northern District of

5  California and elsewhere in the state of California, including business with respect to the goods

6  and services that are the subject of this action.

7

8        5.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28

9  U.S.C. § 1400.

10

11                      **EXISTENCE OF ACTUAL CONTROVERSY**

12

13        6.     Riverbed alleges in its '249 Counterclaim that it is the legal owner of U.S.

14  Patent No. 7,116,249 (the "'249 patent").

15

16        7.     Riverbed alleges in its '249 Counterclaim that Quantum is making, using,

17  offering for sale, selling and/or causing to be made, used, offered for sale or sold products,

18  systems, and/or services that infringe the '249 patent.

19

20        8.     Riverbed alleges in its '249 Counterclaim that the '249 patent was "duly and

21  legally" issued, which, on information and belief, is at least in part an allegation that the '249

22  patent is valid.

23

24

25

26

27

28

-9-

1    **QUANTUM'S FIRST COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

2

3    **(Declaratory Judgment of Non-Infringement)**

4

5            9.      Quantum incorporates the allegations of paragraphs 1-8 of its counterclaims

6    as if fully set forth in this paragraph.

7

8            10.      Quantum's products, systems, and services do not infringe, either directly or

9    indirectly, any claim of the '249 patent.

10

11           11.      Riverbed's allegations of infringement of the '249 patent and Quantum's

12   denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201

13   and 2202.  Quantum seeks a judgment that it does not infringe any claim of the '249 patent.

14

15   **QUANTUM'S SECOND COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

16

17   **(Declaratory Judgment of Invalidity)**

18

19           12.      Quantum incorporates the allegations of paragraphs 1-11 of its

20   counterclaims as if fully set forth in this paragraph.

21

22           13.      The '249 patent is invalid for failure to satisfy one or more of the conditions

23   of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35

24   U.S.C. §§ 101, 102, 103, and 112.

25

26

27

28

-10-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND COUNTERCLAIMS
Case No. C 07-04161 WHA

14.    Riverbed's allegations of validity of the '249 patent and Quantum's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum seeks a judgment that every claim of the '249 patent is invalid.

## QUANTUM'S THIRD COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM

### (Infringement of United States Patent No. 5,990,810)

15.    Quantum incorporates the allegations of paragraphs 1-14 of its counterclaims as if fully set forth in this paragraph.

16.    United States Patent No. 5,990,810 (the "'810 patent") is titled "Method for Partitioning a Block of Data into Subblocks and for Storing and Communicating such Subblocks," and is directed to a new, useful and non-obvious method and apparatus for partitioning a block of data into subblocks and for storing and communicating such subblocks.  The '810 patent complies with all of the requirements of 35 U.S.C. § 1 *et seq.*

17.    On November 23, 1999, the United States Patent and Trademark Office (the "PTO") duly and lawfully issued the '810 patent.  A copy of the '810 patent is attached as Exhibit A.

18.    The '810 Patent is owned by Rocksoft Pty Limited.  Quantum is the exclusive licensee holding all substantial rights to the '810 patent.

19.    On information and belief, Riverbed has directly infringed and continues to directly infringe the '810 patent by making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products, systems, and/or services that practice the inventions

-11-

1    of the '810 patent in violation of 35 U.S.C. § 271(a).  Specifically, Riverbed offers a series of

2    infringing products which utilize the embodied technology, including but not limited to the

3    Steelhead appliances.  Quantum reserves the right to identify additional Riverbed products that

4    infringe claims of the '810 patent.

5

6           20.    On information and belief, Riverbed, without authority or license from

7    Quantum, actively induces others to directly infringe the '810 patent and/or contributorily infringe

8    the '810 patent.

9

10          21.    By reason of Riverbed's acts of infringement, Quantum has suffered and

11   continues to suffer irreparable harm and damages, including, but not limited to, diminution in the

12   value of the rights granted under the '810 patent, lost profits, loss of sales, price erosion, and loss

13   of market share.  Quantum is entitled to recover from Riverbed the damages sustained by

14   Quantum as a result of its wrongful acts in an amount subject to proof at trial.

15

16          22.    Such acts of infringement by Riverbed have been, and continue to be,

17   willful and deliberate, and Quantum believes such acts will continue in the future, causing

18   irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

19

20   **QUANTUM'S FOURTH COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

21

22          **(Infringement of United States Patent No. 6,622,164 B1)**

23

24          23.    Quantum incorporates the allegations of paragraphs 1-22 of its

25   counterclaims as if fully set forth in this paragraph.

26

27

28

-12-

1    24.    United States Patent No. 6,622,164 B1 (the "'164 patent") is titled "Mass

2    Storage Device With Network Interface" and is directed to a new, useful and non-obvious network

3    storage device. The '164 patent complies with all of the requirements of 35 U.S.C. § 1 *et seq.*

4

5    25.    On September 16, 2003, the United States Patent and Trademark Office (the

6    "PTO") duly and lawfully issued the '164 Patent. A copy of the '164 patent is attached as Exhibit

7    B.

8

9    26.    Quantum owns all right title and interest in the '164 patent as assignee.

10

11    27.    On information and belief, Riverbed has directly infringed and continues to

12    directly infringe the '164 patent by making, using, offering for sale, selling and/or causing to be

13    made, used, offered for sale or sold products, systems, and/or services that practice the inventions

14    of the '164 patent in violation of 35 U.S.C. § 271(a). Specifically, Riverbed offers a series of

15    infringing products which utilize the embodied technology, including but not limited to the

16    Steelhead appliances. Quantum reserves the right to identify additional Riverbed products that

17    infringe claims of the '164 patent.

18

19    28.    On information and belief, Riverbed, without authority or license from

20    Quantum, actively induces others to directly infringe the '164 patent and/or contributorily infringe

21    the '164 patent.

22

23    29.    By reason of Riverbed's acts of infringement, Quantum has suffered and

24    continues to suffer irreparable harm and damages, including, but not limited to, diminution in the

25    value of the rights granted under the '164 patent, lost profits, loss of sales, price erosion, and loss

26    of market share. Quantum is entitled to recover from Riverbed the damages sustained by

27    Quantum as a result of its wrongful acts in an amount subject to proof at trial.

28

-13-

30.     Such acts of infringement by Riverbed have been, and continue to be, willful and deliberate, and Quantum believes such acts will continue in the future, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

**EXCEPTIONAL CASE**

This is an exceptional case entitling Quantum to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Riverbed's assertion of the '249 patent against Quantum with the knowledge that the '249 patent is not infringed and/or is invalid.

**QUANTUM'S PRAYER FOR RELIEF**

WHEREFORE, Quantum prays for judgment against Riverbed as follows:

(1)     Judgment declaring that Riverbed directly and/or indirectly infringes the U.S. Patent No. 5,990,810 (the "'810 patent"), and that such infringement has been and is willful and deliberate, and an award to Quantum for treble damages pursuant to 35 U.S.C. § 284;

(2)     Judgment enjoining Riverbed from further infringement of the '810 patent pursuant to 35 U.S.C. § 283;

(3)     Judgment awarding damages adequate to compensate Quantum for Riverbed's infringement of the '810 patent under 35 U.S.C. § 284 in an amount to be proven at trial, including but not limited to compensation for lost profits, loss of sales, price erosion, loss of market share, costs and prejudgment interest, but in no event less than a reasonable royalty;

-14-

(4)    Judgment declaring that Riverbed directly and/or indirectly infringes U.S. Patent No. 6,622,164 B1 (the "'164 patent"), and that such infringement has been and is willful and deliberate, and an award to Quantum for treble damages pursuant to 35 U.S.C. § 284;

(5)    Judgment enjoining Riverbed from further infringement of the '164 Patent pursuant to 35 U.S.C. § 283;

(6)    Judgment awarding damages adequate to compensate Quantum for Riverbed's infringement of the '164 patent under 35 U.S.C. § 284 in an amount to be proven at trial, including but not limited to compensation for lost profits, loss of sales, price erosion, loss of market share, costs and prejudgment interest, but in no event less than a reasonable royalty;

(7)    Judgment declaring that Quantum has not infringed, has not contributorily infringed, and has not induced acts of infringement by others of the '249 patent;

(8)    Judgment declaring that each claim of the '249 patent is invalid;

(9)    That judgment be entered on Riverbed's Counterclaim, and each and every claim therein, in favor of Quantum and against Riverbed and that Riverbed be granted no relief thereon, or, in the alternative, that Riverbed's Counterclaim, and each and every claim therein, be dismissed with prejudice and without leave to amend;

(10)    A declaration that this is an exceptional case, and for an award to Quantum of its attorneys' fees, costs, and other expenses pursuant to 35 U.S.C. § 285;

(11)    Disgorgement of all profits, revenues or investments that Riverbed receives as a result of any wrongful action as averred herein by Quantum; and

-15-

1             (12)    That Quantum be awarded such other and further relief as the Court may

2    deem just under the circumstances.

3    Dated:  February 14, 2008

4                         SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                     By

5

6                         /s/ Nathaniel Bruno
                                AMAR L. THAKUR

7                                MAURICIO A. FLORES
                               JON E. MAKI

8                              NATHANIEL BRUNO

9                                 Attorneys for

10                         QUANTUM CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-16-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND COUNTERCLAIMS
Case No. C 07-04161 WHA

1

### DEMAND FOR JURY TRIAL

2

In accordance with Federal Rule of Civil Procedure 38(b), Quantum demands a

3

trial by jury on all issues raised herein so triable.

4

Dated:  February 14, 2008

5

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By

6

7

/s/ Nathaniel Bruno

AMAR L. THAKUR

8

MAURICIO A. FLORES
JON E. MAKI

9

NATHANIEL BRUNO

10

Attorneys for

11

QUANTUM CORPORATION

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-17-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND COUNTERCLAIMS
Case No. C 07-04161 WHA