AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, Cal. Bar No. 93304
JON E. MAKI, Cal Bar No. 199958
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:    858-720-8900
Facsimile:    858-509-3691
Email: athakur@sheppardmullin.com
       mflores@sheppardmullin.com
       jmaki@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: nbruno@sheppardmullin.com

Attorneys for QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>     Counterclaimant,<br><br>  v.<br><br>QUANTUM CORPORATION, a Delaware corporation,<br><br>     Counterdefendant. | Case No. C 07-04161 WHA<br><br>**DECLARATION OF MAURICIO A. FLORES IN SUPPORT OF MOTION FOR LEAVE TO FILE QUANTUM CORPORATION'S FIRST AMENDED REPLY TO COUNTERCLAIM, AND COUNTERCLAIMS**<br><br>Date: March 20, 2008<br>Time: 8:00 AM<br><br>Honorable William H. Alsup<br>United States District Judge |

## DECLARATION OF DECLARATION OF MAURICIO A. FLORES

I, Mauricio A. Flores, state and declare as follows:

1. I am an attorney in the law firm of Sheppard Mullin Richter & Hampton LLP, counsel of record for Quantum Corporation (**"Quantum"**). I am over twenty-one years of age and not under any legal disability. I have personal knowledge of the following facts and, if called as a witness, could and would testify competently thereto.

2. On November 2, 2007, the parties to this action engaged in their required Fed. R. Civ. P. 26(f) conference, discussing discovery and case management issues. That same day, Defendant Riverbed Technology, Inc. ("Riverbed") hand-served Quantum's counsel, with Riverbed's First Set of Requests for Production of Documents and Things (76 requests in total) and First Set of Interrogatories (8 interrogatories in total), directed to discovery relevant to Quantum's claim for infringement of the '810 patent.

3. On November 14, 2007, Quantum served its First Set of Requests for Production of Documents and Things on Riverbed via hand delivery, including 76 individual requests. These requests were directed to discovery relevant to Quantum's claim for infringement of the '810 patent.

4. On November 16, 2007, Riverbed served its Fed. R. Civ. P. 26 Initial Disclosures on Quantum. On November 20, Quantum served its Fed. R. Civ. P. 26 Initial Disclosures on Riverbed. The parties filed their Joint Case Management Statement on November 21, 2007.

5. On November 23, 2007, the parties served each other with second rounds of discovery. Riverbed served Quantum by hand delivery with its Second Set of Requests for Production of Documents and Things (Request Nos. 77-179) and Second Set of Interrogatories

-2-

(Interrogatory Nos. 9-14). These requests were directed to discovery relevant to Riverbed's claim for infringement of the '249 patent. That same day, Quantum served Riverbed via U.S. Mail with its Second Set of Requests for Production of Documents and Things (Request Nos. 77-146) directed to discovery relevant to Riverbed's claim for infringement of the '249 patent. Quantum also served its First Set of Interrogatories on Riverbed (17 interrogatories in total) discovery relevant to Quantum's claim for infringement of the '810 patent.

6. On December 3, 2007, Quantum responded in writing to Riverbed's First Set of Requests for Production of Documents and Things and First Set of Interrogatories and produced 226 pages of documents (QU000001-QU000226) relating to issues regarding Quantum's claim for infringement of the '810 patent.

7. On December 7, 2007, pursuant to a deadline set by the Court, the parties exchanged supplemental Fed. R. Civ. P. 26 Initial Disclosures, which the Court had indicated at the Initial Case Management Conference on November 29, 2007 would likely be the parties' final chance to supplement their initial disclosures and that they would likely be held to the witnesses and documents disclosed therein. These disclosures obviously included information the parties gathered with respect to both the '810 patent and the '249 patent.

8. On December 13, 2007 Quantum served its Preliminary Infringement Contentions on Riverbed pursuant to Northern District of California Patent Local Rule 3-1, along with documents numbered QU000227-QU000607 pursuant to Patent Local Rule 3-2(a). These materials all related to Quantum's contentions regarding its affirmative claim for infringement of the '810 patent. Likewise, Riverbed served its Preliminary Infringement Contentions regarding the '249 patent along with 1,021 pages of documents (RBT000001-RBT001021).

9. On December 14, 2007, Riverbed served its written responses to Quantum's First Set of Requests for Production of Documents and Things.

10. On December 17, 2007, Riverbed served Quantum with its Third Set of Interrogatories (Interrogatory No. 15) along with a production of documents numbered RBT001022-RBT001041. This discovery was aimed at obtaining information regarding Quantum's acquisition and analysis of Riverbed products.

11. On December 21, 2007, Quantum served written responses to Riverbed's Second Set of Requests for Production of Documents and Things and Second Set of Interrogatories along with a production of documents numbered QU000608-QU000612.

12. On December 24, 2007, after exchanging meet and confer correspondence and speaking telephonically with opposing counsel, Quantum served Supplemental Preliminary Infringement Contentions regarding infringement of the '810 patent, as well as its First Set of Supplemental Responses to Riverbed's First Set of Interrogatories (directed to the '810 patent), along with a production of documents numbered QU000613-QU000666. That same day, Riverbed served its written responses to Quantum's Second Set of Requests for Production of Documents and Things and First Set of Interrogatories.

13. On December 28, 2007, following an order of the Court on a proposal by the parties, Quantum served documents numbered QU000667-QU001417 pursuant to Patent Local Rule 3-2(b), which documents related to the conception and reduction to practice of the inventions in the '810 patent. That same day, Riverbed served its Initial Privilege Log.

14. On January 9, 2007, following meet and confer efforts by the parties, Quantum served Riverbed with its Second Set of Supplemental Responses to Riverbed's First Set of Interrogatories (directed to the '810 patent) and its First Set of Supplemental Responses to Riverbed's Second Set of Interrogatories, along with documents numbered QU001418-QU001426. That same day, Quantum sent a letter to Riverbed detailing the deficiencies in Riverbed's responses to Quantum's First Set of Interrogatories and requesting supplemental responses to

many individual interrogatories. Also that same day, Riverbed filed a motion to dismiss based on Quantum's purported lack of standing to sue for infringement of the '810 patent.

15. On January 22, 2007, Quantum served its written responses to Riverbed's Third Set of Interrogatories, along with documents numbered QU001593-QU001612.

16. Riverbed filed an action in the United States District Court for the District of Delaware on January 9, 2008, the same day that it moved to dismiss Quantum's affirmative claim on the '810 Patent in this Court, seeking a declaratory judgment of invalidity and non-infringement related to the '810 Patent.

17. Attached hereto as Exhibit 1 is a true and correct copy of the unofficial transcript of the hearing this Court held on January 31, 2008 regarding Riverbed's motion to dismiss, which hearing I attended. To the best of my knowledge and recollection, the transcript is accurate.

18. Both Quantum and Riverbed have their principal place of business in Northern California. Counsel for both parties are based in California and neither has an office in Delaware. Counsel for Quantum is not aware of a single witness named by either party in its initial disclosures or in response to interrogatories that is known to be based in Delaware. Neither Riverbed nor Quantum has an office in Delaware. None of the document repositories identified by the parties in their Rule 26 disclosures are located in Delaware.

19. Attached hereto as Exhibit 2 is a true and correct copy of Quantum's Motion to Dismiss or Transfer in Civil Action No. 08-016-SLR in the District of Delaware, as filed today. Attached hereto as Exhibit 3 is a true and correct copy of Quantum's Memorandum in Support of that Motion to Dismiss or Transfer, as filed today.

20. Quantum contacted Riverbed to request that Riverbed stipulate to the filing of Quantum's First Amended Reply. Riverbed refused. A true and correct copy of e-mail correspondence between Nathaniel Bruno of this firm and Todd Briggs of the firm representing Riverbed (Quinn Emanuel) discussing this potential stipulation, on which correspondence I was copied, is attached hereto as Exhibit 4.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct and that this Declaration was executed in San Diego, California on February 14, 2008.

By _____
MAURICIO A. FLORES