QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100
Email:       claudestern@quinnemanuel.com
             toddbriggs@quinnemanuel.com

Attorneys for Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> QUANTUM CORPORATION, <br><br> Counterdefendant. | **CASE NO. C 07-4161 WHA** <br><br> **RIVERBED'S OPPOSITION TO QUANTUM'S MOTION TO SHORTEN TIME FOR HEARING ON ITS MOTION FOR LEAVE TO FILE QUANTUM CORPORATION'S FIRST AMENDED REPLY TO COUNTERCLAIM, AND COUNTERCLAIMS** <br><br> **[CIVIL L.R. 6-3]** |

**I.  THIS COURT SHOULD DENY QUANTUM'S MOTION TO EXPEDITE AND STAY THE BRIEFING AND HEARING ON QUANTUM'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIM UNTIL THE DELAWARE COURT RULES ON QUANTUM'S PENDING MOTION TO DISMISS**

On January 9, 2008, Riverbed filed a declaratory judgment action seeking a declaration of invalidity and non-infringement of the '810 patent in Delaware. Riverbed filed that action against Quantum, A.C.N. 120 and Rocksoft ("the Quantum defendants") to ensure proper standing and protect against any assignments or licenses that these defendants may have executed behind the scenes. The day before the Quantum defendants' answer to Riverbed's complaint was due, they requested additional time to respond to Riverbed's complaint. Riverbed extended a professional courtesy and gave the Quantum defendants until February 14, 2008 to answer – two additional weeks. Rather than answer when the time came, however, Quantum brought a motion to dismiss or in the alternative to transfer the '810 patent claim. That same day Quantum filed its motion for leave to amend its pleadings in this case to assert the '810 patent and the '164 patent, a new patent that Quantum appears to be asserting in retaliation for Riverbed prevailing on its motion to dismiss. The next day Quantum filed the present motion to expedite.

Quantum's motion to expedite is clearly a strategic effort by Quantum to have this Court make rulings on the '810 patent before the Delaware Court has an opportunity to rule on Quantum's motion to dismiss.[1] Quantum admits as much in its motion for leave to amend.[2] However, under the first-to-file rule, this Court should delay rulings on the '810 patent at least until the Delaware Court rules on Quantum's motion to dismiss. *See Alltrade, Inc. v. Uniweld Products*, 946 F.2d 622, 628 (9th Cir. 1991). As other district courts have recognized, "[w]here the first-filed action seeks a declaratory judgment, there is an additional reason for deferring to the court of first-filing," namely the discretion that court has over whether to hear the declaratory judgment action. *Ford Motor Co. v. L & H Techs., Inc.*, 2006 WL 163525, at *3 (E.D. Mich.

---

[1] Quantum has not brought a motion to expedite the schedule in Delaware.
[2] Quantum states that a ruling by this Court "would assist the District Court in Delaware in exercising its discretion as to whether the declaratory judgment action regarding the '810 Patent should continue." (Quantum's Motion for Leave at 6.)

2006). The proper course of action is thus for this Court to delay or stay Quantum's motion for leave to amend to permit the Delaware court to decide whether it will proceed with the first-filed action. *See Alcon Labs., Inc. v. Allergan, Inc.*, 256 F.Supp.2d 1080, 1084 (C.D. Cal. 2003) (staying second-filed action while motion to transfer was pending before the court of the first-filed action).

Furthermore, Quantum has not provided substantiated evidence showing that it will be prejudiced or injured if this Court does not grant its motion to expedite. Quantum's sole evidentiary support for its motion to expedite is a declaration from its trial counsel containing conclusory assertions regarding costly delay and undue burden.

## II. QUANTUM'S MOTION TO EXPEDITE SHOULD ALSO BE DENIED BECAUSE QUANTUM'S MOTION FOR LEAVE TO AMEND ITS COUNTERCLAIM IS FUTILE

### A. Quantum's Amended Counterclaim Under The '810 Patent Would Not Survive Under The First-To-File Rule

Quantum's present attempt to add the '810 patent as a counterclaim to this action would be futile under the first-to file rule. *Foman v. Davis*, 371 U.S. 178, 182 (1962) (requests for leave to amend should not be granted where the proposed amendment would be futile). Under the first-to-file rule, "when two identical actions are filed in courts of concurrent jurisdiction, the court which first acquired jurisdiction should try the lawsuit" because "no purpose would be served by proceeding with a second action." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F. 2d 93, 95 (9th Cir. 1982). This Court never had jurisdiction over the '810 patent because Quantum lacked standing when it filed suit against Riverbed on August 14, 2007 (although Quantum subsequently gained standing when Rocksoft assigned the '810 patent to A.C.N. 120 on December 24, 2007[3]).

---

[3] The December 24, 2007 assignment of the '810 patent to A.C.N. 120 immediately transferred an exclusive license with all substantial rights under the '810 patent to Quantum. This is because the August 13, 2007 exclusive license from A.C.N. 120 transferred to Quantum an exclusive license to "all patents . . . in Existence on the Effective Date, or thereafter, that [A.C.N. 120] owns or licenses." *See* 8/13/07 Agreement § 1.2 (defining "Licensed Technology" as "all patents . . . in Existence on the Effective Date, or thereafter, that [A.C.N. 120] owns or licenses") and § 2.1 (granting an exclusive license in the "Licensed Technology"). Therefore, Quantum had standing under the '810 patent as of December 24, 2007.

1  Thus, when Riverbed brought the declaratory judgment action in Delaware on January 9, 2008,
2  that court was the first to acquire jurisdiction.

3        Quantum itself concedes that the Delaware action is the first-filed action.[4]  (See Quantum's
4  Motion For Leave at 5.)  The second-filed action on the '810 patent is a lawsuit currently pending
5  in the Northern District of California before Magistrate Judge Trumbull (Case No. CV 08-0928
6  PVT).  Quantum filed its complaint in that action on February 13, 2008.  (*See* Exhibit B.)  These
7  two pending actions would precede the filing date attributable to any yet-to-be-filed counterclaim
8  on the '810 patent.  Thus, a counterclaim for infringement in this action would be the third-filed
9  action on the '810 patent.  Riverbed intends to move to dismiss under the first-to-file rule if
10 Quantum's motion for leave to amend is granted and Quantum amends its counterclaim to assert
11 the '810 patent.

12       Requests for leave to amend should not be granted where, as here, the proposed
13 amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Because the Delaware
14 action is indisputably the first-filed action, the motion for leave to amend with respect to the '810
15 is futile.

---

[4]  In its motion to dismiss pending before the Delaware court, Quantum claims that it did not have standing when Riverbed filed its declaratory judgment action on January 9, 2008 because Rocksoft owned the '810 patent at that time.  Quantum then argues that it gained standing for the first time on February 8, 2008 when Rocksoft granted it an exclusive license to the '810 patent.  This new agreement is attached as Exhibit A.  Although this document is designated "Confidential," Quantum agreed to remove this designation on February 21, 2008

    The February 8, 2008 license agreement is a complete sham designed to make the Delaware court believe that Quantum did not have standing on January 9, 2008.  This agreement transfers no rights because Rocksoft did not have any rights in the '810 patent on February 8, 2008.  Remarkably, Quantum concealed the existence of the December 24, 2007 assignment with which Rocksoft assigned the '810 patent to A.C.N. 120 as well as the August 13, 2007 license agreement from Judge Robinson in Delaware.  Based on those two agreements, there is no question Quantum had standing on January 9, 2008 (even though it did not have standing on August 13, 2007 when Quantum filed its original action against Riverbed in the Northern District of California) and therefore was a proper declaratory judgment defendant in Delaware.  The only plausible explanation for Quantum's failure to mention these agreements in its motion to dismiss is that Quantum is attempting to deliberately and willfully mislead Judge Robinson into believing that Quantum did not have standing when Riverbed filed its declaratory judgment complaint on the '810 patent.  This conduct is inexcusable.

B.   **Quantum's Proposed Amendments Should Not be Permitted Because They Prejudice Riverbed's '249 Claim**

It is well-settled that leave to amend should not be granted when the amendments sought will cause prejudice to the opposing party. *See Foman*, 371 U.S. at 182. Quantum's amendments would undoubtedly prejudice Riverbed because of the disruptive effect that adding two patents to the proceedings would have on Riverbed's '249 infringement claim.

The '249 patent claim is currently in the claim construction phase of the litigation. The parties have already exchanged terms and are in the process of construing those terms and identifying six terms for the claim construction hearing, which is set for May 7, 2008. Before it was dismissed, the infringement claim on the '810 patent did not reach the claim construction phase. In fact, discovery on that patent has been stayed since January 16, 2007 and before that time little discovery took place with respect to that patent. (Docket No. 49.) Because it has never before been asserted against Riverbed, the '164 patent infringement claim is even farther behind the '810 patent. It has never been the subject of initial disclosures, let alone infringement or invalidity contentions or any discovery.

If these two patents are added to this case, the entire case schedule would be jeopardized. Indeed, the '164 patent would be starting at square one. Such a significant delay would significantly prejudice Riverbed as the adjudication of its rights under the '249 patent would be put on hold because of Quantum's failure to ensure it had standing when it filed suit in August 2007 and its late and unexplained addition of the '164 patent. For the foregoing reasons, Quantum's motion for leave to amend should not be granted.

C.   **Quantum's Amended Counterclaims Under The '164 and '810 Patents Fail To Meet This Court's December 7, 2007 Deadline For Amending The Pleadings**

Quantum's motion for leave to amend its pleadings to add the '164 and '810 patents also violates the Court's scheduling order. That order provides: "[l]eave to add any new parties or pleading amendments <u>must be sought</u> by DECEMBER 7, 2007." (*See* Docket No. 23, ¶ 2) (emphasis added). Quantum did not bring its motion for leave to amend until February 14, 2008, more than two months after this deadline passed. The violation of the Court's scheduling order is particularly egregious with respect to the '164 patent. In fact, even Quantum admits that there is

"little overlap between the inventions claimed in the '164 patent and the '249 patent." (*See* Quantum's Motion For Leave at 9.)  In fact, the decision by Quantum to assert the '164 patent just nine days after Riverbed prevailed on its motion to dismiss suggests it is being asserted in retaliation for Riverbed's victory on that motion.  Such improper litigation tactics should not be permitted, especially when those tactics violate the Court's scheduling order.

### D. Quantum Will Not Be Prejudiced If The '164 and '810 Patents Are Not Added To This Action

In addition to the declaratory judgment action on the '810 patent pending in Delaware, Quantum also filed a complaint against Riverbed on February 13, 2008 alleging infringement of the '810 patent. (*See* Exhibit B.)  This action is currently pending before Magistrate Judge Trumbull.  Quantum also filed a separate complaint on February 13, 2008 alleging infringement of the '164 patent.  This action has been assigned to Magistrate Judge Spero. (*See* Exhibit C.)  Thus, Quantum will suffer no prejudice if its request for leave to amend to add a counterclaim for infringement of the '810 and '164 patents to this action is denied because Quantum will be able to adjudicate its claims under the '810 patent in Delaware and the '164 patent in the first-filed action in the Northern District of California.  And although Quantum claims that it will suffer prejudice if the '810 patent is not on the same schedule as the '249 patent, Quantum in not prejudiced.  It can adjudicate its claims in the Delaware action.  Any claimed delay is the direct result of Quantum's failure to ensure that it had standing before it asserted the '810 patent against Riverbed in August 2007.  Quantum must live with the consequences of its mistakes.

\* \* \* \* \* \*

For the foregoing reasons, Riverbed respectfully submits that Quantum's motion to expedite should be denied and that Quantum's motion for leave to amend should be denied or at a minimum stayed pending the Delaware court's decision on the Quantum defendants' motion to dismiss in the first filed action.

| Respectfully submitted, | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP |
|---|---|
|  | /s/ Claude M. Stern |
| February 22, 2008 | Claude M. Stern<br>Attorneys for Counterclaimant,<br>RIVERBED TECHNOLOGY, INC. |