EXHIBIT B

1  AMAR L. THAKUR, CAL. BAR NO. 194025
   MAURICIO A. FLORES CAL. BAR NO. 93304
2  JON E. MAKI, CAL. BAR NO. 199958
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
3  A Limited Liability Partnership
   Including Professional Corporations
4  12275 El Camino Real, Suite 200
   San Diego, California 92130
5  Telephone:    858-720-8900
   Facsimile:     858-509-3691
6  Email: athakur@sheppardmullin.com
          mflores@sheppardmullin.com
7          jmaki@sheppardmullin.com

8  NATHANIEL BRUNO, Cal. Bar No. 228118
   SHEPPARD MULLIN RICHTER & HAMPTON LLP
9  A Limited Liability Partnership
   Including Professional Corporations
10 Four Embarcadero Center, 17th Floor
   San Francisco, California 94111
11 Telephone:    415-434-2984
   Facsimile:     415-434-6095
12 Email: nbruno@sheppardmullin.com

13 Attorneys for Plaintiff
   QUANTUM CORPORATION

14

15              UNITED STATES DISTRICT COURT

16              NORTHERN DISTRICT OF CALIFORNIA

17

18 QUANTUM CORPORATION, a Delaware       Case No. **CV 08      0928**
   corporation,

19              Plaintiff,                **COMPLAINT FOR PATENT
                                          INFRINGEMENT OF U.S. PATENT NO.
20     v.                                 5,990,810**

21 RIVERBED TECHNOLOGY, INC., a           **AND**
   Delaware Corporation,
22                                        **DEMAND FOR JURY TRIAL**
                Defendant.

23

24

25

26

27

28

Plaintiff Quantum Corporation (hereafter, "Quantum" or "Plaintiff"), by its undersigned counsel, hereby brings this action against Defendant Riverbed Technology, Inc. ("Riverbed" or "Defendant") and alleges as follows:

## THE PARTIES

1.     Plaintiff Quantum is a Delaware corporation having a principal place of business at 1650 Technology Drive, Suite 700, San Jose, CA 95110.

2.     Quantum is a global leader in data storage, backup, recovery and archive solutions, catering a variety of products to businesses of all sizes.  Quantum was founded in 1980 and is headquartered in San Jose, California.  The company's products and services help customers maintain critical data integrity and accessibility with fast data recovery using cost effective methods.

3.     On information and belief, Riverbed is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 199 Fremont Street, San Francisco, CA 94105.

4.     On information and belief, Riverbed is a corporation that designs, builds, and sells devices that share computer data over extended, or wide-area, computer networks.  These devices are designed to accelerate networks transfers by eliminating redundant data, and include data storage devices of various capacities.  These devices include but are not limited to the Riverbed Steelhead appliances.

COMPLAINT FOR PATENT INFRINGEMENT
OF U.S. PATENT NO. 5,990,810 AND
DEMAND FOR JURY TRIAL

**JURISDICTION AND VENUE**

5.      This action is for patent infringement arising under the Patent Laws of the United states, 35 U.S.C. § 1 *et seq.*, and seeks damages and injunctive relief.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

6.      On information and belief, this Court has personal jurisdiction over Riverbed because Riverbed currently sells products and transacts business within this judicial district, and otherwise transacts business throughout this state.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

**INTRADISTRICT ASSIGNMENT**

8.      Because this action is an Intellectual Property Action as specified in Civil L.R. 3-2(c), it is to be assigned on a district-wide basis.

**FACTUAL BACKGROUND**

9.      Ross Neil Williams conceived and reduced to practice the invention disclosed and claimed in the United States Patent No. 5,990,810 (hereinafter "the '810 Patent") directed to a new, useful, and non-obvious method and apparatus for partitioning a block of data into subblocks and for storing and communicating such subblocks.  The '810 Patent complies with all of the requirements of 35 U.S.C. § 1 *et seq.*

10.      On November 23, 1999 the United States Patent and Trademark Office (the "PTO") duly and lawfully issued the '810 Patent entitled "Method for Partitioning a Block of Data

W02-WEST:6CHW1\400706187.1                        -2-

1  into Subblocks and for Storing and Communicating such Subblocks." A copy of the '810 Patent is

2  attached hereto as Exhibit A.

3

4        11.     The '810 Patent is owned by Rocksoft Pty Limited. Quantum is the exclusive

5  licensee holding all substantial rights to the '810 Patent.

6

7        12.     On information and belief, Riverbed has directly infringed and continues to

8  directly infringe the '810 Patent by making, using, offering for sale, selling, and/or causing to be

9  made, used, offered for sale, or sold products, systems, and/or services that practice the inventions

10 of the '810 Patent. Specifically, Riverbed offers a series of infringing products which utilize the

11 embodied technology, including but not limited to the RiOS operating system and all Riverbed

12 products utilizing the RiOS operating system, such as all past and present models of the Riverbed

13 Steelhead appliances, and all past and present Riverbed Steelhead Mobile products. Quantum

14 reserves the right to identify additional Riverbed products that infringe claims of the '810 Patent.

15

16           **COUNT FOR INFRINGEMENT OF U.S. PATENT NO. 5,990,810**

17

18       13.     Quantum hereby realleges and incorporates by reference the allegations of

19 paragraphs 1-12 of this complaint.

20

21       14.     On information and belief, Riverbed, without authority or license from Plaintiff,

22 has infringed and continues to infringe by direct infringement, contributory infringement, and/or

23 inducement to infringe, the '810 Patent either literally or under the doctrine of equivalents, in

24 violation of 35 U.S.C. § 271, by practicing the method claimed by the '810 Patent and by selling,

25 offering to sell or importing products that employ the claimed method in this judicial district and

26 elsewhere throughout the United States.

27

28
   W02-WEST:6CHW1\400706187.1         -3-

15. Riverbed infringes numerous claims in the '810 Patent including but not limited to claims 1-2, 5-12, 14-17, and 24-29. Quantum reserves the right to identify additional Riverbed products that infringe claims of the '810 patent.

16. On information and belief, Riverbed, without authority or license from Plaintiff, actively induces others to directly infringe the '810 Patent and/or contributorily infringe the '810 Patent.

17. On information and belief, Riverbed has committed such acts of infringement with knowledge of the '810 Patent.

18. By reason of Riverbed's acts of infringement, Quantum has suffered and continues to suffer irreparable harm and damages, including, but not limited to, diminution in the value of the rights granted under the '810 Patent, lost profits, loss of sales, price erosion, and loss of market share. Quantum is entitled to recover from Riverbed the damages sustained by Quantum as a result of its wrongful acts in an amount subject to proof at trial.

19. Such acts of infringement by Riverbed have been, and continue to be, willful and deliberate, and Quantum believes such acts will continue in the future, causing irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

20. Plaintiff has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment in its favor and against Defendant as follows:

1.    Entering judgment for Plaintiff that Riverbed directly and/or indirectly infringes the '810 Patent;

2.    Entering judgment enjoining Riverbed from further infringement of the '810 Patent pursuant to 35 U.S.C. § 283;

3.    Awarding damages adequate to compensate Quantum for Riverbed's infringement under 35 U.S.C. § 284 in an amount to be proven at trial, including but not limited to compensation for lost profits, loss of sales, price erosion, loss of market share, costs and prejudgment interest, but in no event less than a reasonable royalty;

4.    Determining that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its reasonable attorneys' fees, costs and expenses;

5.    Disgorgement of all profits, revenues, or investments that Riverbed receives as a result of any wrongful action as averred herein by Quantum; and

6.    Awarding Plaintiff treble damages by reason of Riverbed's willful infringement; and

7.    Awarding Plaintiff such other relief as the Court deems just and proper.

Dated:  February 13, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
By

_____
AMAR L. THAKUR
MAURICIO FLORES
JON E. MAKI
NATHANIEL BRUNO

Attorneys for
QUANTUM CORPORATION

COMPLAINT FOR PATENT INFRINGEMENT
OF U.S. PATENT NO. 5,990,810 AND
DEMAND FOR JURY TRIAL

# DEMAND FOR JURY TRIAL

In accordance with Federal Rule of Civil Procedure 38(b), Quantum demands a trial by jury on all issues raised herein so triable.

Dated: February 13, 2008

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By

AMAR L. THAKUR
MAURICIO FLORES
JON E. MAKI
NATHANIEL BRUNO

Attorneys for
QUANTUM CORPORATION

COMPLAINT FOR PATENT INFRINGEMENT
OF U.S. PATENT NO. 5,990,810 AND
DEMAND FOR JURY TRIAL