IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUANTUM CORPORATION,

    Plaintiff,

v.

RIVERBED TECHNOLOGY, INC.,

    Defendant.

AND RELATED COUNTERCLAIMS.

No. C 07-04161 WHA

**ORDER DENYING EXPEDITED TREATMENT**

    This action was filed by Quantum on August 14, 2007, alleging infringement of U.S. Pat. No. 5,990,810. Riverbed counterclaimed alleging infringement of U.S. Pat. No. 7,116,249. On January 9, 2008, Riverbed filed a separate declaratory action in Delaware seeking a declaration of invalidity and non-infringement of the '810 patent. An order dated February 4, 2008, dismissed Quantum's infringement claim on the ground that it lacked the proper standing at the time this action was filed. Quantum then filed a motion on February 14 for leave to file its first amended reply to include its infringement claim as a counterclaim to this action. On the same day, Quantum also filed a motion in Delaware to dismiss the declaratory action or in the alternative to transfer the '810 patent claim to this Court. Quantum then filed a motion to shorten time for hearing on its motion for leave to file its counterclaims.

    Quantum's motion to shorten time is **DENIED**. We need to step back and take a larger view. What is really going on in this controversy is that each company is trying to be the first

to deal a mortal blow to the other by being the first to obtain an adverse judgment or injunction. Each side seeks to anchor its affirmative case in a district where it expects swifter proceedings.

From a practical judicial-administration viewpoint, however, it would be best for all litigation on all sides to be administered by the same judge and for both patents and infringement actions to proceed before a single jury, thus taking the first-mortal-wound risk out of the calculus and requiring the controversy to be adjudicated on the merits. This probably means either the Delaware action should be transferred here or this action should be transferred to Delaware. Since there is already a motion pending in Delaware to dismiss the claim or in the alternative transfer, it is prudent to allow Judge Sue Robinson to make this determination. The undersigned would be willing to take on the entire controversy just as Judge Robinson is undoubtedly willing to do so as well. Counsel will please immediately provide Judge Robinson a copy of this order. Counsel should continue to brief the pending motions but a ruling on them may be delayed pending a decision in Delaware.

**IT IS SO ORDERED.**

Dated: February 25, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE