# **EXHIBIT A**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RIVERBED TECHNOLOGY INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civ. No. 08-16-SLR ) |
| QUANTUM CORPORATION, et al., | ) ) |
| Defendants. | ) |

**O R D E R**

At Wilmington this 27th day of February, 2008, having reviewed the pending motion to dismiss or, in the alternative, to transfer, as well as the parties' submissions regarding jurisdictional discovery, oral argument, and Judge Alsup's order;

IT IS ORDERED that the motion to dismiss is denied and the motion to transfer is granted (D.I. 12), based on the procedural history of this litigation.[1] Although I generally honor a plaintiff's choice of venue, I conclude that the California case is the first-filed in the context of the dispute between these parties. Moreover, consistent with Judge Alsup's order, it makes sense from "a practical judicial-administration viewpoint"

---

[1] More specifically, plaintiff in the case at bar, Riverbed, was sued in California by defendant Quantum for infringing Quantum's '810 patent; Riverbed counterclaimed for infringement of its '249 patent and successfully moved for dismissal of Quantum's California complaint based on a defect in Quantum's exclusive license. Before Quantum could cure the defect, Riverbed filed the above declaratory judgment action in this court, leaving Riverbed the counterclaim plaintiff in the California action and the declaratory judgment plaintiff at bar. (D.I. 20)

to have the entire dispute resolved through a single judge and jury. (D.I. 20) Therefore, although briefing is not complete, I conclude it would be a waste of the court's and parties' resources to pursue discovery or a further briefing practice on the pending motion and hereby order that the above captioned case be transferred to the United States District Court for the Northern District of California. The order scheduling oral argument (D.I. 17) is moot.

_____
United States District Judge