AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, CAL. BAR NO. 93304
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California 92130
Telephone:    858-720-8900
Facsimile:    858-509-3691
Email: athakur@sheppardmullin.com
        mflores@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California 94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: nbruno@sheppardmullin.com

Attorneys for
QUANTUM CORPORATION

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>QUANTUM CORPORATION,<br><br>CounterDefendant. | Case No. C 07-04161 WHA<br><br>**QUANTUM CORPORATION'S FIRST AMENDED REPLY TO COUNTERCLAIM, AND FIRST AMENDED COUNTERCLAIMS FOR:**<br><br>**DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. PATENT NO. 7,116,249, AND** |
| QUANTUM CORPORATION, a Delaware corporation,<br><br>Counterclaimant,<br><br>v.<br><br>RIVERBED TECHNOLOGY, INC. a Delaware corporation,<br><br>Counterdefendant. | **INFRINGEMENT OF U.S. PATENT NO. 5,990,810;**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

-1-

<u>**QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S COUNTERCLAIMS**</u>

Quantum Corporation (hereafter, "Quantum"), by its counsel, hereby respectfully submits Quantum's First Amended Reply to Riverbed Technology Inc.'s Counterclaim, and First Amended Counterclaims For: Declaratory Judgment of Non-Infringement and Invalidity of U.S. Patent No. 7,116,249; and Infringement of U.S. Patent No. 5,990,810; and Demand for Jury Trial, pursuant to Federal Rule of Civil Procedure 15(a) and 13(f).

<u>**PARTIES**</u>

1.      Quantum admits the allegations contained in Counterclaim paragraph 1.

2.      Quantum is without knowledge or information sufficient to form a belief as to the allegations of Counterclaim paragraph 2, and on that basis denies the allegations of paragraph 2 both generally and specifically.

3.      Quantum admits the allegations contained in Counterclaim paragraph 3.

4.      Quantum admits that it designs, builds, and sells data storage products utilizing Quantum's "data de-duplication" technology including Quantum's DXi-Series products and systems.  Because the remaining allegations of Counterclaim paragraph 4 are vague and ambiguous as to the purported meaning of "segment data prior to storage," "systems and methods for storing data," and "covers systems and methods for storing data," Quantum is without knowledge or information sufficient to form a belief as to the remaining allegations of Counterclaim paragraph 4, and on that basis denies all such allegations both generally and specifically.  Quantum further specifically denies that any of its products infringe U.S. Patent No. 7,116,249 (the "249 patent") either directly or indirectly.

1

**JURISDICTION AND VENUE**

2

3          5.        Quantum admits the allegations contained in Counterclaim paragraph 5.

4

5          6.        Quantum admits the allegations contained in Counterclaim paragraph 6.

6

7          7.        Quantum admits the allegations contained in Counterclaim paragraph 7.

8

9          **EXISTENCE OF ACTUAL CONTROVERSY**

10

11          8.        Quantum admits the allegations contained in Counterclaim paragraph 8.

12

13          9.        Quantum admits the allegations contained in Counterclaim paragraph 9.

14

15          10.       Quantum admits the allegations contained in Counterclaim paragraph 10.

16

17          **FIRST COUNTERCLAIM**

18          **(Infringement of United States Patent No. 7,116,249)**

19

20          11.       Quantum incorporates its answers to paragraphs 1 through 10 of the

21 Counterclaim as if set forth fully herein.

22

23          12.       Quantum admits that a true and correct copy of the '249 patent was attached

24 to the Counterclaim filed in this matter as Exhibit A thereto, that the '249 patent is titled "Content-

25 Based Segmentation Scheme for Data Compression in Storage and Transmission Including

26 Hierarchical Segment Representation," and that the face of the '249 patent purports an issuance

27 date of October 3, 2006, but denies that the '249 patent was "duly and legally" issued.  Quantum is

28 without knowledge or information sufficient to form a belief as to the remaining allegations of

-3-

1  Counterclaim paragraph 12, and on that basis denies the remaining allegations of Counterclaim

2  paragraph 12 both generally and specifically.

3

4         13.      Quantum admits that it offers a series of data storage products that utilize its

5  "data de-duplication" technology including but not limited to its DXi7500, DXi5500, and

6  DXi3500 series.  Quantum denies all other allegations contained in Counterclaim paragraph 13.

7

8         14.      Quantum denies the allegations contained in Counterclaim paragraph 14.

9

10         15.      Quantum denies the allegations contained in Counterclaim paragraph 15.

11

12         16.      Quantum denies the allegations contained in Counterclaim paragraph 16,

13  and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed

14  is entitled to relief of any kind.

15

16         17.      Quantum denies the allegations contained in Counterclaim paragraph 17,

17  and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed

18  is entitled to relief of any kind.

19

20         18.      Quantum denies the allegations contained in Counterclaim paragraph 18,

21  and further specifically denies that Riverbed has sustained any harm or damages or that Riverbed

22  is entitled to relief of any kind.

23

24  **<u>SECOND COUNTERCLAIM</u>**

25  **(Declaratory Judgment of Non-Infringement of the '810 Patent)**

26

27         19.      Quantum incorporates its answers to paragraphs 1 through 18 of the

28  Counterclaim as if set forth fully herein.

-4-

1            20.     Quantum denies the allegations contained in Counterclaim paragraph 20.

2

3            21.     Quantum denies that its allegations of infringement are wrongful, but

4    admits that Riverbed's denial of those allegations creates the existence of an actual controversy

5    under 28 U.S.C. §§ 2201 and 2202.  Quantum further admits that Riverbed's Counterclaim

6    purports to seek a judgment that Riverbed does not infringe any claim of the '810 patent, but

7    specifically denies that Riverbed is entitled to relief of that or any other kind.

8

9    **SECOND [sic] COUNTERCLAIM**

10   **(Declaratory Judgment of Invalidity of the '810 Patent)**

11

12           22.     Quantum incorporates its answers to paragraphs 1 through 21 of the

13   Counterclaim as if set forth fully herein.

14

15           23.     Quantum denies the allegations contained in Counterclaim paragraph 23.

16

17           24.     Quantum denies that its allegations of validity are wrongful, but admits that

18   Riverbed's denial of those allegations creates the existence of an actual controversy under 28

19   U.S.C. §§ 2201 and 2202.  Quantum further admits that Riverbed's Counterclaim purports to seek

20   a judgment that every claim of the '810 patent is invalid, but specifically denies that Riverbed is

21   entitled to relief of that or any other kind.

22

23   **EXCEPTIONAL CASE**

24

25         Quantum denies the allegations contained under the "Exceptional Case" Section of

26   the Counterclaim.

27

28

-5-

# PRAYER FOR RELIEF

Quantum denies that Riverbed is entitled to any relief.

# AFFIRMATIVE DEFENSES

Without altering the burden of proof, Quantum asserts the following affirmative defenses. Quantum presently has insufficient knowledge and information on which to form a belief as to whether it may have as yet unstated affirmative defenses available to Riverbed's Counterclaim. Quantum's investigation of its defenses is continuing. Quantum reserves herein the right to assert further defenses other than those specifically set forth herein, including any affirmative or other defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the patent laws of the United States, and any other defenses at law or equity that may now exist or in the future be available in the event that discovery and further investigation indicates any such affirmative defenses would be appropriate.

# FIRST AFFIRMATIVE DEFENSE

## (Non-Infringement)

As to Riverbed's First Counterclaim for infringement of the '249 patent, Quantum does not infringe and has not infringed any valid claim of the '249 patent either literally or under the doctrine of equivalents, has not willfully infringed and is not willfully infringing any valid claim of the '249 patent, has not induced and is not inducing infringement of any valid claim of the '249 patent, and has not committed and is not committing acts constituting contributory infringement of any valid claim of the '249 patent.

## SECOND AFFIRMATIVE DEFENSE

### (Patent Invalidity)

As to Riverbed's First Counterclaim for infringement of the '249 patent, each and every claim of the '249 patent is invalid under one or more provisions of the Patent Laws of the United States, including, without limitation, one or more of 35 U.S.C. §§ 101, 102, 103, and 112.

## THIRD AFFIRMATIVE DEFENSE

### (Ownership of the '810 Patent)

As to Riverbed's First Counterclaim for infringement of the '249 patent, the allegations of the counterclaim describe actions which are proper for Plaintiff/Counter-Defendant as the owner of U.S. Patent No. 5,990,810, pursuant to the Patent Laws of the United States and the rights granted therein.

## FOURTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Riverbed's Counterclaim is barred, in whole or in part, by the doctrine of unclean hands.

## FIFTH AFFIRMATIVE DEFENSE

### (Laches)

Because Riverbed unreasonably delayed in asserting some or all of the purported claims in its Counterclaim, thereby prejudicing Quantum, the doctrine of laches bars those claims and extinguishes or limits any potential relief available to Riverbed.

## SIXTH AFFIRMATIVE DEFENSE

### (Failure To State A Claim)

Riverbed's Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

**QUANTUM'S FIRST AMENDED COUNTERCLAIMS TO RIVERBED'S
COUNTERCLAIM FOR INFRINGEMENT OF UNITED STATES PATENT NO. 7,116,249**

Quantum hereby counterclaims against Riverbed as follows:

**PARTIES**

1.      Quantum is a Delaware corporation having a principal place of business at 1650 Technology Drive, Suite 700, San Jose, CA, 95110.

2.      Quantum is a global leader in data storage, backup, recovery and archive solutions, catering a variety of products to businesses of all sizes.  Quantum was founded in 1980 and is headquartered in San Jose, California.  The company's products and services help customers maintain critical data integrity and accessibility with fast data recovery using cost-effective methods.

3.      On information and belief, Riverbed is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 199 Fremont Street, San Francisco, CA 94105.

4.      On information and belief, Riverbed is a corporation that designs, builds, and sells devices that share computer data over extended, or wide-area, computer networks.  These devices are designed to accelerate networks transfers by eliminating redundant data, and include data storage devices of various capacities.  These devices include, but are not limited to, the Riverbed Steelhead appliances.

-8-

**JURISDICTION AND VENUE**

5.    This Court has subject matter jurisdiction over Quantum's counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because Riverbed's counterclaim for infringement of U.S. Patent No. 7,116,249 (the "'249 Counterclaim") and Quantum's counterclaim for infringement of U.S. Patent No. 5,990,810 (the "'810 Counterclaim") are claims for patent infringement under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. §§ 2201 and 2202 because certain of Quantum's counterclaims herein are declaratory judgment claims.

6.    By filing its counterclaims (including the '249 Counterclaim), Riverbed consented to the personal jurisdiction of this Court.  Riverbed is also subject to the personal jurisdiction of this Court because, *inter alia*, and upon information and belief, Riverbed directly and through its agents regularly does, solicits, and transacts business in the Northern District of California and elsewhere in the state of California, including business with respect to the goods and services that are the subject of this action.

7.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 and 28 U.S.C. § 1400(b).

**EXISTENCE OF ACTUAL CONTROVERSY**

8.    Riverbed alleges in its '249 Counterclaim that it is the legal owner of U.S. Patent No. 7,116,249 (the "'249 patent").

9.    Riverbed alleges in its '249 Counterclaim that Quantum is making, using, offering for sale, selling and/or causing to be made, used, offered for sale or sold products, systems, and/or services that infringe the '249 patent.

10.     Riverbed alleges in its '249 Counterclaim that the '249 patent was "duly and legally" issued, which, on information and belief, is at least in part an allegation that the '249 patent is valid.

**QUANTUM'S FIRST COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement)**

11.     Quantum incorporates the allegations of paragraphs 1-10 of its First Amended Counterclaims as if fully set forth in this paragraph.

12.     Quantum's products, systems, and services do not infringe, either directly or indirectly, any claim of the '249 patent.

13.     Riverbed's allegations of infringement of the '249 patent and Quantum's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum seeks a judgment that it does not infringe any claim of the '249 patent.

**QUANTUM'S SECOND COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

**(Declaratory Judgment of Invalidity)**

14.     Quantum incorporates the allegations of paragraphs 1-13 of its First Amended Counterclaims as if fully set forth in this paragraph.

15.     The '249 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth in Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103, and 112.

-10-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND FIRST AMENDED COUNTERCLAIMS

16.    Riverbed's allegations of validity of the '249 patent and Quantum's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Quantum seeks a judgment that every claim of the '249 patent is invalid.

## QUANTUM'S THIRD COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM

### (Infringement of United States Patent No. 5,990,810)

17.    Quantum incorporates the allegations of paragraphs 1-16 of its First Amended Counterclaims as if fully set forth in this paragraph.

18.    Ross Neil Williams conceived and reduced to practice the invention disclosed and claimed in the United States Patent No. 5,990,810 (hereinafter "the '810 patent"). The '810 patent is titled "Method for Partitioning a Block of Data into Subblocks and for Storing and Communicating such Subblocks," and is directed to a new, useful, and non-obvious method and apparatus for partitioning a block of data into subblocks and for storing and communicating such subblocks. The '810 patent complies with all of the requirements of 35 U.S.C. § 1 *et seq.*

19.    On November 23, 1999, the United States Patent and Trademark Office (the "PTO") duly and lawfully issued the '810 patent. A copy of the '810 patent is attached hereto as Exhibit A.

20.    The '810 patent is owned by Rocksoft Pty Limited. Quantum is the exclusive licensee holding all substantial rights to the '810 patent.

21.    On information and belief, Riverbed has directly infringed and continues to directly infringe the '810 patent by making, using, offering for sale, selling, and/or causing to be made, used, offered for sale, or sold products, systems, and/or services that practice the inventions

-11-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND FIRST AMENDED COUNTERCLAIMS

of the '810 patent.  Specifically, Riverbed offers a series of infringing products which utilize the

embodied technology, including but not limited to the RiOS operating system and all Riverbed

products utilizing the RiOS operating system, such as all past and present models of the Riverbed

Steelhead appliances, and all past and present Riverbed Steelhead Mobile products.  Quantum

reserves the right to identify additional Riverbed products that infringe claims of the '810 patent.

22.     On information and belief, Riverbed, without authority or license from

Plaintiff, has infringed and continues to infringe by direct infringement, contributory infringement,

and/or inducement to infringe, the '810 patent either literally or under the doctrine of equivalents,

in violation of 35 U.S.C. § 271, by practicing the method claimed by the '810 patent and by

selling, offering to sell, or importing products that employ the claimed method in this judicial

district and elsewhere throughout the United States.

23.     Riverbed infringes numerous claims in the '810 patent including, but not

limited to, claims 1-2, 5-12, 14-17, and 24-29.  Quantum reserves the right to identify additional

Riverbed products that infringe claims of the '810 patent as well as additional claims of the '810

patent which Riverbed infringes.

24.     On information and belief, Riverbed, without authority or license from

Plaintiff, actively induces others to directly infringe the '810 patent and/or contributorily infringe

the '810 patent.

25.     On information and belief, Riverbed has committed such acts of

infringement with knowledge of the '810 patent.

26.     By reason of Riverbed's acts of infringement, Quantum has suffered and

continues to suffer irreparable harm and damages, including, but not limited to, diminution in the

value of the rights granted under the '810 patent, lost profits, loss of sales, price erosion, and loss

-12-

1  of market share.  Quantum is entitled to recover from Riverbed the damages sustained by

2  Quantum as a result of its wrongful acts in an amount subject to proof at trial.

3

4        27.    Such acts of infringement by Riverbed have been, and continue to be,

5  willful and deliberate, and Quantum believes such acts will continue in the future, causing

6  irreparable harm for which there is no adequate remedy at law unless enjoined by this Court.

7

8        28.    Plaintiff has no adequate remedy at law.

9

10                            **EXCEPTIONAL CASE**

11

12        This is an exceptional case entitling Quantum to an award of its attorneys' fees

13  incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as

14  a result of, *inter alia*, Riverbed's assertion of the '249 patent against Quantum with the knowledge

15  that the '249 patent is not infringed and/or is invalid, and by reason of Riverbed's infringement and

16

17  willful infringement of the '810 patent.

18

19                    **QUANTUM'S PRAYER FOR RELIEF**

20        WHEREFORE, Quantum prays for judgment against Riverbed as follows:

21

22        (1)    Judgment for Quantum that Riverbed directly and/or indirectly infringes the

23  '810 patent;

24

25        (2)    Judgment enjoining Riverbed from further infringement of the '810 patent

26  pursuant to 35 U.S.C. § 283;

27        (3)    Judgment awarding damages adequate to compensate Quantum for

28  Riverbed's infringement of the '810 patent under 35 U.S.C. § 284 in an amount to be proven at

1    trial, including, but not limited to, compensation for lost profits, loss of sales, price erosion, loss of

2    market share, costs and prejudgment interest, but in no event less than a reasonable royalty;

3             (4)     Judgment awarding Quantum treble damages pursuant to 35 U.S.C. § 284

4    by reason of Riverbed's willful infringement of the '810 patent;

5             (5)     Judgment declaring that Quantum has not infringed, has not contributorily

6    

7    infringed, and has not induced acts of infringement by others of the '249 patent;

8             (6)     Judgment declaring that each claim of the '249 patent is invalid;

9             (7)     That judgment be entered on Riverbed's Counterclaim, and each and every

10   claim therein, in favor of Quantum and against Riverbed and that Riverbed be granted no relief

11   thereon, or, in the alternative, that Riverbed's Counterclaim, and each and every claim therein, be

12   dismissed with prejudice and without leave to amend;

13   

14            (8)     A declaration that this is an exceptional case, and for an award to Quantum

15   of its attorneys' fees, costs, and other expenses pursuant to 35 U.S.C. § 285;

16            (9)     Disgorgement of all profits, revenues or investments that Riverbed receives

17   as a result of any wrongful action as averred herein by Quantum; and

18            (10)    That Quantum be awarded such other and further relief as the Court may

19   deem just under the circumstances.

20   Dated:  March 7, 2008

21                              SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                               By

22   

23                              /s/ Nathaniel Bruno
                               AMAR L. THAKUR
24                              MAURICIO A. FLORES
                               NATHANIEL BRUNO
25   

26                              Attorneys for
                               QUANTUM CORPORATION
27   

28   

-14-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
                                        COUNTERCLAIMS, AND FIRST AMENDED COUNTERCLAIMS

1

## **DEMAND FOR JURY TRIAL**

2

In accordance with Federal Rule of Civil Procedure 38(b), Quantum demands a

3

trial by jury on all issues raised herein so triable.

4

Dated:  March 7, 2008

5
                    SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
                    By

6

7
                    /s/ Nathaniel Bruno
                              AMAR L. THAKUR
8                            MAURICIO A. FLORES
                            NATHANIEL BRUNO
9
                              Attorneys for
10                         QUANTUM CORPORATION

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-15-

QUANTUM'S FIRST AMENDED REPLY TO RIVERBED'S
COUNTERCLAIMS, AND FIRST AMENDED COUNTERCLAIMS