QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:  (650) 801-5000
Facsimile:  (650) 801-5100
Email:   claudestern@quinnemanuel.com
         toddbriggs@quinnemanuel.com

Attorneys for Counterclaimant and Counterdefendant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> QUANTUM CORPORATION, <br><br> Counterdefendant. <br><br> QUANTUM CORPORATION, <br><br> Counterclaimant, <br><br> vs. <br><br> RIVERBED TECHNOLOGY, INC., <br><br> Counterdefendant. | CASE NO. C 07-4161 WHA <br><br> **RIVERBED TECHNOLOGY, INC.'S REPLY TO QUANTUM CORPORATION'S FIRST AMENDED COUNTERCLAIMS AND DECLARATORY JUDGMENT COUNTERCLAIMS ON U.S. PATENT NO. 5,990,810** <br><br> **DEMAND FOR JURY TRIAL** |

Riverbed Technology, Inc. ("Riverbed") by and through its undersigned counsel, respectfully replies to the first amended counterclaims of Quantum Corporation ("Quantum") electronically filed on March 7, 2008, and counterclaims for declaratory judgment of non-infringement and invalidity of U.S. Patent No. 5,990,810.

**RIVERBED'S REPLY TO QUANTUM CORPORATION'S FIRST AMENDED DECLARATORY JUDGMENT COUNTERCLAIMS**

Riverbed replies to Quantum's first amended counterclaims as follows:

**PARTIES**

1. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 1 of Quantum's counterclaims, and therefore denies the allegations in this paragraph.

2. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 2 of Quantum's counterclaims, and therefore denies the allegations in this paragraph.

3. Riverbed admits the allegations in paragraph 3 of Quantum's counterclaims.

4. Riverbed admits that it designs, builds, and sells devices that facilitate the efficient sharing of computer data over extended, or wide-area, computer networks. Riverbed further admits that its technology is used to, among other things, improve the performance of everyday computer applications, such as email, file sharing, and document management, by a broad range of companies.

**JURISDICTION AND VENUE**

5. Riverbed admits the allegations in paragraph 5 of Quantum's counterclaims.

6. Riverbed admits that this Court has personal jurisdiction over Riverbed.

7. Riverbed admits the allegations in paragraph 7 of Quantum's counterclaims.

**EXISTENCE OF ACTUAL CONTROVERSY**

8. Riverbed admits the allegations in paragraph 8 of Quantum's counterclaims.

9. Riverbed admits the allegations in paragraph 9 of Quantum's counterclaims.

10. Riverbed admits the allegations in paragraph 10 of Quantum's counterclaims.

**QUANTUM'S FIRST COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

**(Declaratory Judgment of Non-Infringement)**

11. Riverbed incorporates its answers to paragraphs 1 through 10 of Quantum's counterclaims as if set forth fully herein.

12. Riverbed denies the allegations in paragraph 12 of Quantum's counterclaims.

13. Riverbed admits that an actual controversy exists under 28 U.S.C. §§ 2201 and 2202. Riverbed further admits that Quantum's first counterclaim purports to seek a judgment that it does not infringe any claim of the '249 patent, but specifically denies that Quantum is entitled to such a judgment or any other relief.

**QUANTUM'S SECOND COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

**(Declaratory Judgment of Invalidity)**

14. Riverbed incorporates its answers to paragraphs 1 through 13 of Quantum's counterclaims as if set forth fully herein.

15. Riverbed denies the allegations in paragraph 15 of Quantum's counterclaims.

16. Riverbed admits that an actual controversy exists under 28 U.S.C. §§ 2201 and 2202. Riverbed further admits that Quantum's second counterclaim purports to seek a judgment that every claim of the '249 patent is invalid, but specifically denies that Quantum is entitled to such a judgment or any other relief.

**QUANTUM'S THIRD COUNTERCLAIM TO RIVERBED'S '249 COUNTERCLAIM**

**(Infringement of United States Patent No. 5,990,810)**

17. Riverbed incorporates its answers to paragraphs 1 through 16 of Quantum's counterclaims as if set forth fully herein.

18. Riverbed admits that Ross Neil Williams is named as an inventor of U.S. Patent No. 5,990,810 ("the '810 patent") and that the '810 patent is titled "Method for Partitioning a Block of Data into Subblocks and for Storing and Communicating Such Subblocks," but denies that the '810 patent is directed to a new, useful, and non-obvious method and apparatus for partitioning a block of data into subblocks and for storing and communicating such subblocks and the remaining allegations in paragraph 18.

19. Riverbed admits that the issue date on the face of the '810 patent is November 23, 1999, but denies that the '810 patent was duly and lawfully issued by the United States Patent and Trademark Office. Riverbed admits that a purported copy of the '810 patent was attached as Exhibit A to Quantum's counterclaims.

20. Riverbed lacks sufficient knowledge or information to form a belief as to the truth of the allegations in paragraph 20, and therefore denies the allegations in this paragraph.

21. Riverbed denies the allegations in paragraph 21.

22. Riverbed denies the allegations in paragraph 22.

23. Riverbed denies the allegations in paragraph 23.

24. Riverbed denies the allegations in paragraph 24.

25. Riverbed denies the allegations in paragraph 25.

26. Riverbed denies the allegations in paragraph 26.

27. Riverbed denies the allegations in paragraph 27.

28. Riverbed denies the allegations in paragraph 28.

**EXCEPTIONAL CASE**

Riverbed denies the allegations contained under the "Exceptional Case" section of Quantum's counterclaims and specifically denies that Quantum is entitled to any relief sought in that section.

**QUANTUM'S PRAYER FOR RELIEF**

Riverbed denies that Quantum is entitled to any of the relief sought by its Prayer for Relief.

## RIVERBED'S COUNTERCLAIMS ON U.S. PATENT NO. 5,990,810

Riverbed hereby complaints against Quantum as follows:

### PARTIES

1. Riverbed is a corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 199 Fremont Street, San Francisco, California, 94105. Riverbed is qualified and duly authorized to do business in the State of California.

2. Quantum is a Delaware corporation organized and existing under the laws of the state of Delaware, having a principal place of business at 1650 Technology Drive, Suite 700, San Jose, California 95110.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and 1338 because this action includes patent infringement claims under the patent laws of the United States, 35 U.S.C. § 1 *et seq.*, and pursuant to 28 U.S.C. §§ 2201 and 2202 because this action includes declaratory judgment claims.

4. By filing its counterclaims, Quantum consented to the personal jurisdiction of this Court. Quantum is also subject to personal jurisdiction in this Court because, *inter alia*, and upon information and belief, Quantum directly and through agents regularly does, solicits and transacts business in the Northern District of California and elsewhere in the state of California, including business with respect to the goods and services that are the subject of this action.

5. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391 and 28 U.S.C. § 1400.

### EXISTENCE OF ACTUAL CONTROVERSY

6. Quantum alleges in its counterclaims that it is an exclusive licensee of U.S. Patent No. 5,990,810 ("the '810 patent").

7. Quantum alleges in its counterclaims that Riverbed has made, used, offered for sale, sold and/or caused to be made, used, offered for sale or sold products, systems, and/or services that infringe the '810 Patent.

8. Quantum alleges in its counterclaims that the '810 patent is valid and meets all the requirements of 35 U.S.C. § 1 *et seq.*

### FIRST COUNTERCLAIM

### (Declaratory Judgment of Non-Infringement)

9. Riverbed incorporates the allegations in paragraphs 1 through 9 of these counterclaims as if fully set forth herein.

10. Riverbed's products do not infringe, either directly or indirectly, any claim of the '810 patent.

11. Quantum's wrongful allegations of infringement of the '810 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that it does not infringe any claim of the '810 patent.

### SECOND COUNTERCLAIM

### (Declaratory Judgment of Invalidity)

12. Riverbed incorporates the allegations in paragraphs 1 through 11 of these counterclaims as if fully set forth herein.

13. The '810 patent is invalid for failure to satisfy one or more of the conditions of patentability set forth Title 35 of the United States Code, including, but not limited to, 35 U.S.C. §§ 101, 102, 103 and 112.

14. Quantum's wrongful allegations of validity of the '810 patent and Riverbed's denial of those allegations create the existence of an actual controversy under 28 U.S.C. §§ 2201 and 2202. Riverbed seeks a judgment that every claim of the '810 patent is invalid.

### EXCEPTIONAL CASE

This is an exceptional case entitling Riverbed to an award of its attorneys' fees incurred in connection with defending and prosecuting this action pursuant to 35 U.S.C. § 285, as a result of, *inter alia*, Quantum's assertion of the '810 patent against Riverbed with the knowledge that the '810 patent is not infringed and/or invalid.

### PRAYER FOR RELIEF

WHEREFORE, Riverbed prays for:

     A.     Judgment that the '249 Patent is valid and enforceable;

     B.     Judgment that Quantum infringes the '249 Patent under 35 U.S.C. § 271 (a), (b), and (c);

     C.     Judgment that Quantum's infringement of the '249 Patent under 35 U.S.C. § 271 (a), (b), and (c) has been willful and deliberate, and for an award to Riverbed of treble damages pursuant to 35 U.S.C. § 284;

     D.     An award to Riverbed of damages adequate to compensate Riverbed for Quantum's infringement of the '249 Patent, but in no event less than a reasonable royalty together with interests and costs;

     E.     An entry of preliminary and permanent injunctive relief enjoining and restraining Quantum and its officers, directors, agents, servants, employees, and all other persons in privity or acting in concert with Quantum from further infringement of the '249 Patent;

     F.     A judgment in favor of Riverbed denying Quantum all relief requested in its counterclaims in this action and dismissing Quantum's counterclaim for patent infringement with prejudice;

     G.     Judgment declaring that Riverbed has not infringed and is not infringing any claim of the '810 patent, and that Riverbed has not contributed to or induced and is not contributing to or inducing infringement of any claim of the '810 patent;

     H.     Judgment declaring that each claim of the '810 patent is invalid;

     I.     A declaration that this case is exceptional, and for an award to Riverbed of attorneys' fees, expenses, and costs pursuant to 35 U.S.C. § 285;

     J.     Disgorgement of all profits, revenues or investments that Quantum receives as a result of any wrongful action as averred herein by Riverbed; and

     K.     An award to Riverbed of such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

In accordance with Fed. R. Civ. P. 38(b), Riverbed demands a trial by jury on all issues raised in Riverbed's reply to Quantum's counterclaims and Riverbed's counterclaims so triable.

DATED: March 24, 2008						QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP


										By /s/ Todd M. Briggs
										Todd M. Briggs
										Attorneys for Counterclaimant and Counterdefendant,
										RIVERBED TECHNOLOGY, INC.