[COUNSEL LISTED ON SIGNATURE PAGES]

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation, <br><br>      Counterclaimant, <br>  vs. <br><br>QUANTUM CORPORATION, a Delaware corporation, <br><br>      Counterdefendant. | CASE NO. C 07-04161 WHA <br><br><br><br><br><br><br><br>**JOINT CLAIM CONSTRUCTION AND PREHEARING STATEMENT** <br><br>**[PATENT L.R. 4-3]** |
| QUANTUM CORPORATION, a Delaware corporation <br><br>      Counterclaimant, <br>  vs. <br><br>RIVERBED TECHNOLOGY, INC., a Delaware corporation, <br><br>      Counterdefendant. | |

Pursuant to Patent Local Rule 4-3, Riverbed Technology Inc. ("Riverbed") and Quantum Corporation ("Quantum") respectfully submit the following Joint Claim Construction and Prehearing Statement.

## I. TERMS TO BE CONSTRUED BY THE COURT

The parties have identified the following terms for construction by the Court during the claim construction proceedings:

Terms from U.S. Patent No. 7,116,249

- reference label
- back-end storage system

Terms from U.S. Patent No. 5,990, 810

- predetermined constraint
- subblock
- an additional hierarchy of subblocks is formed from at least one group of contiguous subblocks

## II. STIPULATED CONSTRUCTIONS AND PROPOSED CONSTRUCTIONS OF DISPUTED CLAIM TERMS [PATENT L.R. 4-3(A) AND 4-3(B)]

Riverbed and Quantum provide the attached Exhibits A and B setting forth their positions with respect to the claim construction of U.S. Patent No. 7,116,249 (the patent asserted by Riverbed in this action) and U.S. Patent No. 5,990,810 (the patent asserted by Quantum in this action).

Exhibits A and B both contain three parts. The first part (Part I) contains the identification of terms and phrases on which the parties agree and the stipulated constructions for those terms and phrases, pursuant to Patent Local Rule 4-3(a). The second and third parts (Parts II and III) contain, respectively, Riverbed's and Quantum's proposed constructions for the terms and phrases on which the parties do not agree and the identification of intrinsic and extrinsic evidence, as required by Patent Local Rule 4-3(b).

1  **Riverbed's Statement on Quantum's Violation of P.L.R. 4-2 and P.L.R. 4-3:**

2  Riverbed believes that Quantum violated the Patent Local Rules, specifically P.L.R. 4-2
3  and 4-3.  By Your Honor's March 4, 2008 Order, on  May 8, 2008, the parties exchanged their
4  respective P.L.R. 4-2 Preliminary Claim Constructions and Extrinsic Evidence For the '249 and
5  '810 Patents.  On May 14, 2008, the parties met and conferred to narrow issues and to discuss
6  points of agreement and disagreement, as required by P.L.R. 4-2.  At no time did Quantum's
7  counsel indicate that it was intending to change any of its constructions or extrinsic evidence.  At
8  *4:15 p.m. today* - the day the instant P.L.R. 4-3 Joint Claim Construction and Prehearing
9  Statement was due - Quantum sent revised claim constructions to Riverbed.  Among other things,
10 Quantum had changed 15 of 20 proposed claim constructions for terms of the '249 patent.  It also
11 made several changes to its proposed claim constructions for terms of the '810 patent.  Riverbed
12 believes that these last-minute changes violate the letter and spirit of the Patent Local Rules and
13 also violate this Court's Order.  For instance, P.L.R. 4-2 requires the parties to meet and confer
14 after receiving each other's constructions for the purpose of narrowing the issues and to allow
15 sufficient time for the parties to prepare "a summary of each [expert's] opinion to be offered in
16 sufficient detail to permit a meaningful deposition of that expert."  P.L.R. 4-3.  Because Quantum,
17 at the last minute, introduced substantially new constructions, Riverbed did not have an
18 opportunity to prepare its statement and instead was relying only on Quantum's timely produced
19 P.L.R. 4-2 constructions, disclosed a week earlier.  Accordingly, Riverbed respectfully requests
20 that the Court order Quantum to abide by the Patent Local Rules in the future and that the Court:
21     1) Strike Quantum's untimely proposed constructions and extrinsic evidence which were
22        not previously disclosed or discussed with Riverbed pursuant to P.L.R. 4-2; and
23     2) Order Quantum to file its original proposed constructions which were properly disclosed
24        to Riverbed on May 8, 2008 pursuant to P.L.R. 4-2.
25 Should the Court disagree, Riverbed respectfully requests that it be allowed sufficient time
26 to review Quantum's untimely proposed constructions with its expert and to file its own revised
27 constructions, as necessary, to support its own constructions or to rebut Quantum's untimely

1  disclosed constructions. Riverbed believes that allowing Quantum to profit from its untimely

2  disclosure and violation of the Patent Local Rules would be unjust and unfair to Riverbed.

3  **<u>Riverbed's Statement On Quantum's Untimely Productions</u>**: Riverbed also believes

4  that Quantum is prejudicing it by producing a large volumes of documents on the eve of the claim

5  construction discovery cut-off deadline, which is one week away. Quantum is presently producing

6  thousands of pages per day from Ross Williams, inventor of the '810 patent -- within days of his

7  deposition, which is currently scheduled for May 21, 2008. Quantum initiated the '810 patent

8  action back in August 2007. Quantum therefore had nine months to secure, review, and to

9  produce such documents. However, Quantum did not begin producing significant numbers of

10 documents from Dr. Williams until two weeks ago. Quantum is also currently producing

11 thousands of pages from Dr. Williams per day in the days leading up to his deposition. Despite

12 Riverbed's repeated inquiries, Quantum also has not provided a date when it would have produced

13 all of Dr. Williams' documents relating to claim construction. Without sufficient time to review

14 Dr. Williams' documents, Riverbed reserves the right and respectfully requests the Court to allow

15 it to rely on documents produced by Quantum or by Dr. Williams, even those produced after his

16 deposition, as extrinsic evidence to support its proposed constructions.

## III. ANTICIPATED LENGTH OF CLAIM CONSTRUCTION HEARING [PATENT L.R. 4-3(C)]

Riverbed and Quantum estimate that the claim construction hearing should take three hours.

## IV. CLAIM CONSTRUCTION WITNESSES [PATENT L.R. 4-3(D)]

Riverbed proposes to call Robert Prentis, its technical expert, as a witness at the claim construction hearing and, if necessary, at the claim construction tutorial. Quantum proposes to call Dr. Sergio Verdu at the claim construction hearing.

## V. PREHEARING CONFERENCE [PATENT L.R. 4-3(E)]

The Court has scheduled a claim construction tutorial for June 25, 2008. The parties do not see any need for an additional prehearing conference.

Dated: May 15, 2008                QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

/s/ Todd M. Briggs
Todd M. Briggs
Attorneys for RIVERBED TECHNOLOGY, INC.

Dated: May 15, 2008                SHEPPARD MULLIN

/s/ Mauricio Flores
Mauricio Flores
Attorneys for QUANTUM CORPORATION

I, David Wei, Jr., am the ECF User whose identification and password are being used to file this document. Pursuant to General Order 45.X.B, I hereby attest that counsel for Quantum has concurred in this filing in all parts except the two sections marked as "Riverbed's Statements."