1 | QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
   Claude M. Stern (Bar No. 96737)
2 |   Todd M. Briggs (Bar No. 209282)
  555 Twin Dolphin Drive, Suite 560
3 | Redwood Shores, California  94065-2139
Telephone:   (650) 801-5000
4 | Facsimile:   (650) 801-5100
Email:     claudestern@quinnemanuel.com
5 |        toddbriggs@quinnemanuel.com

6 | Attorneys for RIVERBED TECHNOLOGY, INC.

7 |

8 | **UNITED STATES DISTRICT COURT**

9 | **NORTHERN DISTRICT OF CALIFORNIA**

10 |

11 | RIVERBED TECHNOLOGY, INC.,

12 |          Counterclaimant,

13 |    vs.

14 | QUANTUM CORPORATION,

15 |          Counterdefendant.

16 | QUANTUM CORPORATION,

17 |          Counterclaimant,

18 |    vs.

19 | RIVERBED TECHNOLOGY, INC.,

20 |          Counterdefendant.

CASE NO. C 07-4161 WHA

**RIVERBED'S MOTION FOR SUMMARY JUDGMENT OF:**

**(1) VALIDITY OF CLAIMS 26 AND 27 OF U.S. PATENT 7,116,249 UNDER 35 U.S.C. § 102,**

**(2) VALIDITY OF ALL ASSERTED CLAIMS OF U.S. PATENT 7,116,249 UNDER 35 U.S.C. § 103, AND**

**(3) VALIDITY OF ALL ASSERTED CLAIMS OF U.S. PATENT 7,116,249 UNDER 35 U.S.C. § 112**

Date:   July 3, 2008
Time:  8:00 a.m.
Judge: The Honorable William Alsup

**\*\* REDACTED VERSION FOR PUBLIC FILING  \*\***

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION AND MOTION ........................................................................1

RELIEF REQUESTED ...........................................................................................1

I.     INTRODUCTION ........................................................................................1

II.    STATEMENT OF UNDISPUTED FACTS ..................................................2

      A.     Riverbed's Infringement Contentions .............................................2

      B.     Quantum's Invalidity Contentions..................................................2

      C.     Quantum's Belated Request To Amend Its Invalidity Contentions .........................3

III.   ARGUMENT ..............................................................................................4

      A.     Legal Standards .............................................................................4

      B.     The Court Should Grant Summary Judgment Of Validity Of Claims 26 And 27 Of The '249 Patent Under 35 U.S.C. § 102........................5

      C.     The Court Should Grant Summary Judgment Of Validity Of All Asserted Claims Of The '249 Patent Under 35 U.S.C. § 103 ........................5

      D.     The Court Should Grant Summary Judgment Of Validity Of All Asserted Claims Of The '249 Patent Under 35 U.S.C. § 112 ........................6

      E.     Quantum Cannot Show "Good Cause" To Amend Its Invalidity Contentions Under Patent Local Rule 3-7........................6

IV.    CONCLUSION............................................................................................10

RIVERBED'S MOTION FOR SUMMARY
JUDGMENT OF VALIDITY

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT Riverbed Technology, Inc. moves, pursuant to Federal Rule of Civil Procedure 56, for summary judgment that Claims 26 and 27 of U.S. Patent No. 7,116,249 (the "'249 patent") are valid under 35 U.S.C. § 102 and that Claims 1-2, 7-8, 13, 19-22, and 25-28 of the '249 patent are valid under 35 U.S.C. § 103 and 35 U.S.C. § 112. This motion is based on the following Memorandum of Points and Authorities, the Declaration of Todd Briggs in support of this motion, the exhibits thereto, the record in this case, and such other matters that may be presented at or before the hearing on Riverbed's motion, which is scheduled for July 3, 2008 at 8:00 A.M.

## RELIEF REQUESTED

For the reasons set forth below, Riverbed respectfully requests the Court enter summary judgment of validity for Claims 26 and 27 of the '249 patent under 35 U.S.C. § 102 and for Claims 1-2, 7-8, 13, 19-22, and 25-28 of the '249 patent under 35 U.S.C. § 103 and 35 U.S.C. § 112.

## I.    INTRODUCTION

Riverbed asserted its '249 patent against Quantum in November 2007. The following month, Riverbed served its infringement contentions asserting 13 claims from the '249 patent – Claims 1-2, 7-8, 13, 19-22, and 25-28. On January 31, 2008, Quantum served its invalidity contentions. In its contentions, Quantum did not challenge the validity of asserted claims 26 and 27 of the '249 patent under 35 U.S.C. § 102 and did not make *any* challenge to the validity of any of the asserted claims of the '249 patent under 35 U.S.C. § 103 or 35 U.S.C. § 112.

Several months later, Quantum requested that Riverbed allow Quantum to amend its preliminary invalidity contentions. In response, Riverbed informed Quantum that invalidity contentions can only be amended for "good cause" under the Patent Local Rules and that, based on the facts, Riverbed did not see how "good cause" could exist for Quantum's proposed amendments. ████████████████████████████████████████

████████████████████████████████████████

████████████████████████████  Riverbed's request that Quantum show "good cause" has

-1-

1  been met with complete silence.  Quantum's silence demonstrates it cannot show "good cause" for

2  its proposed amendments.  Consequently, Quantum's invalidity contentions should be deemed

3  final with respect to the amendments it now seeks and Riverbed's motion for summary judgment

4  should be granted.

5  **II.    STATEMENT OF UNDISPUTED FACTS**

6      **A.    Riverbed's Infringement Contentions**

7      Riverbed asserted the '249 patent against Quantum in November 2007.  On December 13,

8  2007, Riverbed served its disclosure of asserted claims and infringement contentions pursuant to

9  Patent Local Rule 3-1.  (Briggs Dec., Ex. A.)  In total, Riverbed asserted 13 claims against

10  Quantum.  Specifically, Riverbed asserted claims 1-2, 7-8, 13, 19-22, and 25-28 against

11  Quantum's DXi3500, DXi5500, and DXi7500 series products and claims 1-2, 7-8, 13, 19-22, 25

12  and 28 against Quantum's StorNext data management software with Data Reduction Storage

13  products.  (*Id.*)  Riverbed set forth its infringement contentions for each asserted claim in two

14  claim charts pursuant to Patent Local Rule 3-1(c).  Riverbed's claim charts show in detail how

15  Quantum's DXi and StorNext products infringe the '249 patent.  (*Id.*)

16      **B.    Quantum's Invalidity Contentions**

17      Quantum served its invalidity contentions on January 31, 2008.  (Briggs Dec., Ex. B.)

18  Pursuant to Patent Local Rule 3-3, Quantum provided three claim charts purporting to show how

19  three items of prior art invalidated 11 of the 13 asserted claims of the '249 Patent under 35 U.S.C.

20  §§ 102.  (*Id.*)  Quantum *did not* provide any charts purporting to show that 2 of the 13 asserted

21  claims were invalid under 35 U.S.C. § 102 as required by Patent Local Rule 3-3.  Furthermore,

22  Quantum *did not* contend that any of the 13 asserted claims were rendered obvious by any prior

23  art under 35 U.S.C. § 103 or are invalid based on indefiniteness, enablement, or written

24  description under 35 U.S.C. § 112 as required by Patent Local Rule 3-3.  Indeed, Quantum did not

25  cite § 103 or § 112 of the Patent Act anywhere in its preliminary invalidity contentions, nor did it

26  mention the terms obvious, indefiniteness, enablement or written description.

27

28

1    **C.    Quantum's Belated Request To Amend Its Invalidity Contentions**

2    More than 75 days after Quantum served its invalidity contentions, on April 18, 2008,

3    Quantum requested Riverbed's permission to supplement its invalidity contentions.  (Briggs Dec.,

4    Ex. C.)  Quantum explained that it intended to (1) add a previously undisclosed patent as prior art;

5    (2) add invalidity arguments based on obviousness under § 103 for each item of prior art –

6    including the new patent – against Claims 13, 19, 20-22, and 25-28; and (3) modify its original

7    claim charts to make other semantic changes.  (*Id.*)  Quantum requested that Riverbed allow the

8    amendments because, in its words, "[a]t this stage in the litigation, and given the nature of

9    Quantum's supplemental disclosure, there can be no significant prejudice to Riverbed."  (*Id.*)

10   Conspicuously absent from Quantum's request was any explanation of why it did not include the

11   new item of prior art or the obviousness arguments in the invalidity contentions it served in

12   January 2008.

13   On April 28, 2008, Riverbed informed Quantum that it would not agree to Quantum's

14   request unless Quantum could demonstrate "how the amendment would satisfy the 'good cause'

15   requirement" of Patent Local Rule 3-7.  (Briggs Dec., Ex. D.)  Riverbed stated:

16   The facts show that Quantum has had more than ample time and opportunity to
     prepare its invalidity case on the '249 patent. Indeed, Quantum has likely been
17   preparing its case on the '249 patent since at least October 17, 2006 – just two
     weeks after the '249 patent issued.



RIVERBED'S MOTION FOR SUMMARY
JUDGMENT OF VALIDITY

1    Several months later, in November 2007, Riverbed asserted the '249 patent against
2    Quantum in this action.  Quantum then had several additional months to refine its
     invalidity case on the '249 patent and to prepare and serve its formal invalidity
3    contentions on January 31, 200[8].  Thus, Quantum had been actively preparing its
     invalidity case on the '249 for approximately 15 months before it [served] its
4    invalidity contentions in January 2008.

5    In light of the foregoing, Riverbed does not believe that "good cause" could
6    possibly exist for Quantum's proposed amendments.  If you disagree, please
     provide us with a detailed explanation of how the amendment would satisfy the
     "good cause" requirement.  Also, please explain why ███████████████████
7    ████████████ did not provide it with an ample opportunity to prepare its
8    invalidity contentions in this action.

9    (*Id.*)  Since requesting that Quantum show good cause one month ago, Riverbed has heard nothing

10   from Quantum regarding its proposed amendment.  Quantum's silence is an implicit admission

11   that it cannot justify its proposed amendments under the "good cause" standard of Patent Local

12   Rule 3-7.

13   **III.    ARGUMENT**

14        **A.    Legal Standards**

15        Summary judgment "shall be rendered forthwith if . . . there is no genuine issue as to any

16   material fact and the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P.

17   56(c).  Patents are presumed valid under 35 U.S.C. § 282.  As such, in an infringement action, the

18   burden is upon the alleged infringer to raise the issue of invalidity through the introduction of

19   evidence.  *Avia Group Int'l, Inc., v. L.A. Gear Cal., Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988).

20   "[A] challenger's silence leaves untouched at this stage what the statute presumes, namely, that the

21   patent is valid."  *Id.* (quoting *Roper Corp. v. Litton Sys., Inc.*, 757 F.2d 1266, 1270 (Fed. Cir.

22   1985) (quotations and brackets omitted)).  Summary judgment of validity is therefore warranted

23   where a party fails to raise or properly assert an invalidity defense.  *See, e.g.*, *Wordtech Sys., Inc.*

24   *v. Integrated Network Sol'ns, Corp.*, 2007 WL 1795775 at *3 (E.D. Cal. 2007).

25        As explained below, Quantum has failed to raise *any* issues of fact regarding the validity

26   of Claims 26 and 27 of the '249 patent under 35 U.S.C. § 102 and *any* issues of fact regarding the

27   validity of all of the asserted claims under 35 U.S.C. § 103 and 35 U.S.C. § 112 as it was required

28   to do under the Patent Local Rules.  Consequently, this motion presents purely legal issues that are

-4-                      RIVERBED'S MOTION FOR SUMMARY
                                                                                JUDGMENT OF VALIDITY

1    proper for adjudication on summary judgment. *Intel Corp. v. Hartford Accident & Indem. Co.,*

2    952 F.2d 1551, 1556-1559 (9th Cir. 1991).

3         **B.**     **The Court Should Grant Summary Judgment Of Validity Of Claims 26 And 27 Of The '249 Patent Under 35 U.S.C. § 102**

4

5        The Patent Local Rules clearly set forth the information that Quantum was required to

   include in its invalidity contentions for the '249 patent. Patent Local Rule 3-3 provides that

6

7    invalidity contentions "***must contain*** . . . a chart identifying where specifically in each alleged

   item of prior art each element of each asserted claim is found . . . ." P.L.R. 3-3(c) (emphasis

8

9    added). Quantum included three claim charts when it served its invalidity contentions on

   Riverbed. (Briggs Dec., Ex. B.) None of the charts identified included any analyses for claims 26

10

11    and 27 of the '249 patent. Indeed, the charts make no reference to these claims whatsoever. (*Id.*)

   By failing to provide a chart showing how any prior art anticipates claims 26 and 27, Quantum has

12

13    conceded that these claims are valid under 35 U.S.C. § 102. Accordingly, the Court should grant

   Riverbed's motion for summary judgment of claims 26 and 27 of the '249 patent under 35 U.S.C.

14

15    § 102.

16         **C.**     **The Court Should Grant Summary Judgment Of Validity Of All Asserted Claims Of The '249 Patent Under 35 U.S.C. § 103**

17        Patent Local Rule 3-3(b) provides that an alleged infringer's invalidity contentions must

18    state "[w]hether each item of prior art anticipates each asserted claim ***or renders it obvious***."

19    P.L.R. 3-3(b) (emphasis added). Nowhere in its invalidity contentions did Quantum state that any

20    of three items of prior art render any of the asserted claims obvious. (*See* Briggs Dec., Ex. B.)

21    Indeed, there is not a single citation to 35 U.S.C. § 103 or reference to obviousness in Quantum's

22    invalidity contentions. (*Id.*) Because Quantum has failed to raise any defenses of invalidity under

23    35 U.S.C. § 103 for any of the asserted claims, the Court should grant Riverbed's motion for

24    summary judgment of validity of all of the asserted claims under 35 U.S.C. § 103.

25

26

27

28

RIVERBED'S MOTION FOR SUMMARY
JUDGMENT OF VALIDITY

1

    **D.**    **The Court Should Grant Summary Judgment Of Validity Of All Asserted Claims Of The '249 Patent Under 35 U.S.C. § 112**

2

3
        Just as Quantum did not argue that the asserted claims of the '249 Patent are obvious under

4
35 U.S.C. § 103 in its invalidity contentions, Quantum also failed to challenge the validity of those

5
claims under 35 U.S.C. § 112.  (*See* Briggs Dec., Ex. B.)  Patent Local Rule 3-3(d) requires that

6
invalidity contentions contain "[a]ny grounds of invalidity based on indefiniteness under 35

7
U.S.C. § 112(2) or enablement or written description under 35 U.S.C § 112(1) of any of the

8
asserted claims."  P.L.R. 3-3(d).  Quantum's invalidity contentions never mention 35 U.S.C. § 112

9
or the words indefiniteness, enablement, or written description.  (Briggs Dec., Ex. B)  Because

10
Quantum did not include invalidity arguments under § 112 in its invalidity contentions as required

11
by Patent Local Rule 3-3(d), the Court should grant Riverbed's motion for summary judgment of

12
validity based on 35 U.S.C. § 112 for all of the asserted claims.

    **E.**    **Quantum Cannot Show "Good Cause" To Amend Its Invalidity Contentions Under Patent Local Rule 3-7**

13

14
        The patent local rules were adopted by the judges in this district to ensure that each side

15
identifies its theories of the case early in litigation and "adhere[s] to those theories once they have

16
been disclosed."  *Berger v. Rossignol Ski Co. Inc.*, 2006 WL 1095914 (N.D. Cal. 2006).  To

17
achieve this objective, the rules provide for an exchange of patent-related information between the

18
patentee and the alleged infringer early on in the case.  Ten days after the initial case management

19
conference, the patentee must identify the claims it is asserting against the alleged infringer and

20
the products against which those claims are being asserted.  P.L.R. 3-1.  The alleged infringer then

21
has 45 days to identify its invalidity arguments against the asserted patent claims.  P.L.R. 3-3.  To

22
prevent the "shifting sands approach to claim construction" which typified patent litigation before

23
the Rules were enacted, a showing of "good cause" is required to modify or supplement either

24
type of contention.  *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360, 367 (N.D. Cal. 2002);

25
*see* P.L.R. 3-7.

26

27

28

1    With narrow exceptions not applicable here[1], the Patent Local Rules provide that invalidity

2    contentions can only be amended "by order of the Court, which shall be entered only upon a

3    showing of good cause." P.L.R. 3-7. The good cause requirement of Patent Local Rule 3-7 tracks

4    nearly identical language in Rule 16(b), which governs modification of pre-trial scheduling orders.

5    Fed. R. Civ. P. 16(b). To show good cause, the party seeking amendment must show that it acted

6    diligently in discovery and in seeking amendment. *Johnson v. Mammoth Recreations, Inc.*, 975

7    F.2d 604, 608 (9th Cir. 1992). "Unlike the liberal policy for amending pleadings, the philosophy

8    behind amending claim charts is decidedly conservative, and designed to prevent the 'shifting

9    sands' approach to claim construction." *LG Elecs. Inc. v. Q-Lity Computer Inc.*, 211 F.R.D. 360,

10    367 (N.D. Cal. 2002) (citation omitted). The burden of establishing good cause falls on the party

11    seeking the amendment, in this case Quantum. *Id.; see also Johnson*, 975 F.2d at 608. If that

12    party "was not diligent, the inquiry should end." *Johnson*, 975 F.2d at 609.

13    Quantum cannot show "good cause" for any of the proposed amendments to its invalidity

14    contentions. As Riverbed explained in its April 28, 2008 letter to Quantum, the facts show that

15    Quantum has had more than ample time and opportunity to prepare its invalidity case on the '249

16    patent. (*See* Briggs Dec., Exs. E, F) ██████████████████████████████████

17    ██████████████████████████████████████████████████████████████

18    ██████████████████████████████████████████████████████████████

19    ██████████████████████████████████████████████████████████

20    ████████████████████████████████████████████████████████████████

21    ████████████████████████████████████████████████████████████

22

---

23    [1] Quantum's failure to file a motion under Patent Local Rule 3-7 may indicate that Quantum intends to

24    circumvent the good cause requirement by trying to amend after the Court issues its claim construction
     ruling. Patent Local Rule 3-6(b) provides that a party opposing a claim of patent infringement may amend
     its preliminary invalidity contentions if the patentee has served Final Infringement Contentions pursuant to

25    Patent Local Rule 3-6(a) or if the party "*believes in good faith* that the Court's Claim Construction Ruling
     so requires." P.L.R. 3-6(b) (emphasis supplied). This approach, however, cannot save Quantum's

26    amendments from futility. Clearly, its desire to add a new item of prior art and to advance obviousness
     arguments against the asserted claims expressed in April 2008 were not based on a claim construction

27    ruling which has yet to issue. As such, Quantum could not in good faith later claim that its proposed
     amendments were required by this Court's claim construction ruling.

28

-7-    RIVERBED'S MOTION FOR SUMMARY
                                                                                          JUDGMENT OF VALIDITY



12    Nor can there be any doubt that Quantum has **not** been diligent in seeking to amend its

13    invalidity contentions.  Quantum served its invalidity contentions on January 31, 2008.  (Briggs

14    Dec., Ex. B.)  Nearly 75 days later, Quantum sought Riverbed's agreement to allow it to amend its

15    contentions.  (Briggs Dec., Ex. C.)  Riverbed informed Quantum on April 28, 2008 that it would

16    not agree to Quantum's amendments because Quantum had failed to give any explanation of why

17    it did not include the new information in its original invalidity contentions and because Riverbed

18    did not believe Quantum could establish "good cause" for its proposed amendment.  (Briggs Dec.,

19    Ex. D.)  Riverbed also noted that Quantum failed "to provide any facts showing that Quantum

20    diligently sought and uncovered any new information that would justify [its] proposed

21    amendment."  (*Id.*)

22    More than a month has now passed and Quantum has not moved the Court for leave to

23    amend or made any attempt to explain to Riverbed why it has good cause for its proposed

_____

2 [text obscured]

RIVERBED'S MOTION FOR SUMMARY
JUDGMENT OF VALIDITY

1   amendment.  Quantum's silence is telling.  If Quantum truly believed that its proposed amendment

2   was proper, it would have exhibited the diligence required by Patent Local Rule 3-7 in bringing a

3   motion to amend.  *See O2 Micro*, 467 F.3d at 1367-68 (party was not diligent where it waited two

4   weeks from serving its proposed amended contentions to move to amend and failed to adequately

5   explain the delay); *Berger*, 2006 WL at *4 (failure to explain errors cuts against a finding of good

6   cause).

7       Quantum will likely argue that Riverbed would not be prejudiced by its proposed

8   amendment.  However, the relevant inquiry is whether Quantum has shown "good cause" for its

9   proposed amendment, not whether Riverbed would suffer prejudice.  P.L.R. 3-7.  "Although the

10  existence or degree of prejudice to the party opposing the modification might supply additional

11  reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking

12  modification.  If that party was not diligent, the inquiry should end."  *See Johnson*, 975 F.2d at 609

13  (citation omitted).

14      Even though prejudice should not be a factor because of Quantum's complete lack of

15  diligence, allowing Quantum's proposed amendment would cause significant prejudice to

16  Riverbed by "shifting the sands" in the middle of the claim construction proceedings.  *See Berger*,

17  2006 WL at *3.  Over the past several months the parties have been engaged in significant claim

18  construction efforts on the '249 patent.  On May 8, the parties exchanged proposed preliminary

19  constructions and extrinsic evidence for 20 claim terms from the '249 patent pursuant to Patent

20  Local Rule 4-2.  The parties subsequently met and conferred in an effort to agree upon proposed

21  constructions, identified terms that would be briefed and argued at the July 9, 2008 claim

22  construction hearing, and prepared and filed a joint claim construction statement for the '249

23  patent pursuant to Patent Local Rule 4-3.  The parties also engaged in significant claim

24  construction discovery relating to the '249 patent in the past several weeks.  Quantum took four

25  depositions relating to claim construction on the '249 patent, including the depositions of two

26  attorneys involved in the prosecution of the '249 patent, Philip Albert and Brian Young, and the

27  two inventors on the '249 patent, Steven McCanne and Michael Demmer.  Furthermore, Riverbed

28  will be filing its opening claim construction brief on the '249 patent *today*, May 29, 2008.

Case No. C 07-04161 WHA                    RIVERBED'S MOTION FOR SUMMARY
                                            JUDGMENT OF VALIDITY

1   Riverbed has relied on Quantum's identification of its invalidity theories in deciding which

2   claim terms to submit to the Court for claim construction, how those claim terms should be

3   construed, and where to focus its discovery efforts. As would be reasonable to expect, Riverbed

4   considered only the three items of prior art identified in Quantum's invalidity contentions when

5   making those critical decisions. The addition of new invalidity theories which target a majority of

6   Riverbed's asserted claims and new prior art would confer an advantage on Quantum and

7   unquestionably prejudice Riverbed. This result is wholly inconsistent with the Patent Local Rules,

8   which were "designed to avoid vexatious shuffling of positions . . ."[3] *Berger*, 2006 WL at *3

9   (quotations omitted). Because prejudice can "supply [an] additional reason[] to deny a motion [to

10  amend]," Quantum cannot amend its invalidity contentions for this reason as well. *Johnson*, 975

11  F.2d at 609; *see Berger*, 2006 WL at *4.

12  **IV.    CONCLUSION**

13          For the reasons set forth above, Riverbed's motion for summary judgment of

14  validity of claims 26 and 27 of the '249 Patent under 35 U.S.C. § 102 and of claims 1-2, 7-8, 13,

15  19-22, and 25-28 of the '249 Patent under 35 U.S.C. § 103 and 35 U.S.C. § 112 should be granted.

16

17          Respectfully submitted,

18          May 29, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

19

20                                  /s/ Claude M. Stern
                                    Claude M. Stern
21                                  Attorneys for RIVERBED TECHNOLOGY, INC.

22  _____

23      [3]  It appears that Quantum's proposed amendments are not the only "vexatious shuffling of positions"
    that Quantum had planned prior to the claim construction hearing. Just hours before the parties were to file
24  their joint claim construction statement with the Court, Quantum abruptly changed almost all of its
    proposed claim constructions for the '249 Patent and several of its constructions for the '810 Patent.
25  During the parties' meet and confer held the previous day, Quantum had given Riverbed no indication of
    any intention to alter its constructions. Because of the timing, Riverbed was unable to have its expert
26  review Quantum's constructions or to revise its own constructions in light of Quantum's substantial
    changes. Quantum should not be allowed to repeatedly engage in litigation tactics designed to cause such
27  prejudice to Riverbed. Riverbed will address Quantum's abrupt and improper change of its claim
    constructions for the '249 patent in the claim construction proceedings.
28