# EXHIBIT D
## PUBLIC VERSION
**CONFIDENTIAL VERSION FILED UNDER SEAL**

**quinn emanuel** trial lawyers | silicon valley
555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5020

WRITER'S INTERNET ADDRESS
toddbriggs@quinnemanuel.com

April 28, 2008

*VIA E-MAIL*

Mauricio Flores
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006

Re:   *Riverbed Technology, Inc. v. Quantum Corp.*, Case No. 07-04161

Dear Mauricio,

This is in response to Quantum's request to serve supplemental invalidity contentions for Riverbed's '249 patent. As I am sure you are aware, parties cannot supplement their preliminary invalidity contentions unless they show "good cause" for the amendment. *See* Patent L.R. 3-7. This is a high standard that requires a detailed showing of diligence. *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363-66 (Fed. Cir. 2006); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that the good cause standard for modification of a case management order under Fed. R. Civ. P. 16(b) "primarily considers the diligence of the party seeking the amendment"). Your request ignores this requirement and fails to provide any facts showing that Quantum diligently sought and uncovered any new information that would justify your proposed amendment.



**quinn emanuel urquhart oliver & hedges, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL (212) 702-8100 FAX (212) 702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

51198/2484319.1



Mauricio Flores
April 28, 2008
Page 2



In light of the foregoing, Riverbed does not believe that "good cause" could possibly exist for Quantum's proposed amendments. If you disagree, please provide us with a detailed explanation of how the amendment would satisfy the "good cause" requirement.

Very truly yours,

Todd M. Briggs