# Exhibit F

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

- - - - - - - - - - - - - - - - -
RIVERBED TECHNOLOGY, INC., a    )
Delaware corporation,           )
                                )
            Counterclaimant,    )
                                )
       VS.                      ) NO. C 07-04161 WHA
                                )
QUANTUM CORPORATION, a          )
Delaware corporation,           )
                                )
            Counterdefendant.   )
- - - - - - - - - - - - - - - - -
QUANTUM CORPORATION, a          )
Delaware corporation,           )
                                )
            Counterclaimant,    )
                                )
       VS.                      )
                                )
RIVERBED TECHNOLOGY, INC., a    )
Delaware corporation,           )
                                )
            Counterdefendant.   )
- - - - - - - - - - - - - - - - -

CONFIDENTIAL - ATTORNEY'S EYES ONLY

VIDEOTAPED DEPOSITION OF ROSS WILLIAMS, PH.D.

   TAKEN ON: Wednesday, May 21, 2008

   TAKEN AT: 12275 El Camino Real
             Suite 200
             San Diego, California

   REPORTED BY: MARGARET A. SMITH, RPR, CRR
                CSR No. 9733

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.   May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 2

1   APPEARANCES:

2   FOR COUNTERCLAIMANT AND COUNTERDEFENDANT RIVERBED
    TECHNOLOGY:
3         QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
          555 Twin Dolphin Drive
4         Suite 560
          Redwood Shores, California   94065
5         (650) 801-5020
            BY:  TODD BRIGGS, ESQUIRE
6

7   FOR COUNTERDEFENDANT AND COUNTERCLAIMANT QUANTUM
    CORPORATION:
8         SHEPPARD MULLIN RICHTER & HAMPTON LLP
          12275 El Camino Real
9         Suite 200
          San Diego, California   92130-2006
10        (858) 720-8900
            BY:  MAURICIO A. FLORES, ESQUIRE
11          BY:  AMAR L. THAKUR, ESQUIRE

12
    THE VIDEOGRAPHER:
13        MERRILL LEGAL SOLUTIONS
          2750 Ventura Boulevard
14        Suite 205
          Woodland Hills, California   91364
15        (818) 593-2300
            BY:  JENNIFER EASTMAN, VIDEO SPECIALIST
16

17  ALSO PRESENT:  DUKE AMANIAMPONG

18

19

20

21

22

23

24

25

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.      May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 3

1                    I N D E X

2    WITNESS              EXAMINED BY              PAGE

3    ROSS WILLIAMS, PH.D.  MR. BRIGGS               7

4

5                    E X H I B I T S

6    NO.                     DESCRIPTION

7    Exhibit 22   Page 150   Joint Claim Construction and
                             Prehearing Statement
8

9    Exhibit 23   Page 155   Structure and Practise of the
                             Blocklets Patent
10                           Nos. QU00200845 to QU00200850
                             (Stamped "Highly Confidential -
11                           Attorneys' Eyes Only." Per
                             counsel, document was later
12                           designated as confidential)

13   Exhibit 24   Page 213   Document entitled "The Technical
                             and Legal Heritage of Blocklets"
14                           Nos. QU00580147 to QU00580162
                             (Stamped Highly Confidential -
15                           Attorneys' Eyes Only)

16   Exhibit 25   Page 228   Document entitled "Finding Similar
                             Files in a Large File System"
17                           Nos. QU01034467 to QU01034477

18   Exhibit 26   Page 238   Document entitled "Copy Detection
                             Mechanisms for Digital Documents"
19                           Nos. RBT046265 to RBT04276

20   Exhibit 27   Page 250   Document entitled "Identifying
                             Redundancy in Source Code using
21                           Fingerprints"
                             Nos. QU01034590 to QU01034602
22
     Exhibit 28   Page 253   Letter to David Farajun from Ross
23                           Williams dated November 21, 1994
                             Nos. QU 000627 to QU 000628
24                           (Stamped Confidential)

25

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.   May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 4

1                           E X H I B I T S

2   NO.                         DESCRIPTION

3   Exhibit 29    Page 258    Email chain
                              Nos. QUL0029 to QUL0031
4                             (Stamped Highly Confidential)

5   Exhibit 30    Page 260    Email chain
                              Nos. QUL0039 to QUL0040
6                             (Stamped Highly Confidential)

7

8           Instructions to not Answer the Question
                              and/or
9             Refusals to Answer the Question

10                       Page      Line
                          12        20
11                        17        19
                         132        23
12                       166         7
                         172        17
13                       195        14
                         209        22
14                       244        23
                         247         3
15                       247        23
                         248         9
16                       249        25

17

18

19

20

21

22

23

24

25

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 5

1            C E R T I F I C A T E

2    I, the undersigned, do hereby certify that I have read

3    the foregoing deposition and that, to the best of my

4    knowledge, said deposition is true and accurate (with

5    the exception of the following changes listed below):

6    _____

     Page      Line      Explanation
7    _____

8    _____

9    _____

10   _____

11   _____

12   _____

13   _____

14   _____

15   _____

16   _____

17   _____

18   _____

19   _____

20   _____

21   _____

22   _____

23

                              _____
24                            ROSS WILLIAMS, PH.D.

25

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 6

|  |  |
|---|---|
|  | 1    San Diego, California; Wednesday, May 21, 2008; |
|  | 2    10:03 a.m. |
|  | 3 |
| 09:41:34 | 4    VIDEOGRAPHER: Good morning. Here begins |
| 10:03:31 | 5    Volume I, Tape No. 1, in the deposition of Dr. Ross |
| 10:03:34 | 6    Williams, in the matter of Riverbed Technology versus |
| 10:03:40 | 7    Quantum Corporation as counterclaimant, in the U.S. |
| 10:03:42 | 8    District Court, Northern District of California, Case |
| 10:03:45 | 9    No. C 07-04161 WHA. |
| 10:03:50 | 10    Today's date is May 21st, 2008. The time on |
| 10:03:53 | 11    the video monitor is 10:04. |
| 10:03:57 | 12    The video operator today is Jennifer Eastman, |
| 10:04:00 | 13    contracted by Merrill Legal Solutions at 2750 Ventura |
| 10:04:04 | 14    Boulevard, Suite 205, Woodland Hills, California, 91364. |
| 10:04:10 | 15    This video deposition is taking place at 12275 |
| 10:04:16 | 16    El Camino Real, San Diego, California, and was noticed |
| 10:04:20 | 17    by Todd Briggs of Quinn Emanuel. |
| 10:04:23 | 18    Counsel, if you will, please identify |
| 10:04:25 | 19    yourselves and whom you represent. |
| 10:04:26 | 20    MR. BRIGGS: Todd Briggs from Quinn Emanuel for |
| 10:04:26 | 21    Riverbed Technology, Incorporated. And also with me |
| 10:04:26 | 22    today is David Wel, also from Quinn Emanuel. |
| 10:04:26 | 23    MR. FLORES: Mauricio Flores, Sheppard Mullin. |
| 10:04:26 | 24    We represent Quantum Corporation. |
| 10:04:27 | 25    MR. AMANIAMPONG: Duke Amaniampong from Quantum |

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 7

| Time | # | | |
|---|---|---|---|
| 10:04:27 | 1 | | Corporation. |
| 10:04:51 | 2 | | VIDEOGRAPHER: Thank you. Our court reporter |
| 10:04:53 | 3 | | today is Maggie Smith of Merrill Legal Solutions. If |
| 10:04:56 | 4 | | you will, please administer the oath. |
| 10:04:57 | 5 | | |
| 10:04:57 | 6 | | ROSS WILLIAMS, PH.D., |
| 10:04:57 | 7 | | HAVING BEEN ADMINISTERED AN OATH, TESTIFIED AS FOLLOWS: |
| 10:04:57 | 8 | | |
| 10:04:57 | 9 | | EXAMINATION |
| 10:04:57 | 10 | | BY MR. BRIGGS: |
| 10:05:11 | 11 | Q | Good morning, Mr. Williams. |
| 10:05:13 | 12 | A | Good morning. |
| 10:05:13 | 13 | Q | Or Dr. Williams. Sorry. |
| 10:05:16 | 14 | | Could you state your name for the record. |
| 10:05:18 | 15 | A | Ross Neil Williams. |
| 10:05:19 | 16 | Q | Could you spell it for me. |
| 10:05:21 | 17 | A | R-o-s-s, N-e-i-l, W-i-l-l-i-a-m-s. |
| 10:05:26 | 18 | Q | Okay. Where do you currently live? |
| 10:05:31 | 19 | A | In Adelaide, Australia. |
| 10:05:33 | 20 | Q | Do you have a home there? |
| 10:05:34 | 21 | A | Yes. |
| 10:05:35 | 22 | Q | Do you own any homes in the United States? |
| 10:05:37 | 23 | A | No. |
| 10:05:40 | 24 | Q | Are you being represented by counsel for |
| 10:05:43 | 25 | | Quantum today? |

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.   May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 150

| | | |
|---|---|---|
| 14:42:40 | 1 | Q   Okay. Would you agree that a constraint is "A |
| 14:42:48 | 2 | function that accepts a" block "of bytes of length A+B |
| 14:42:53 | 3 | and returns a boolean value to indicate whether a |
| 14:42:57 | 4 | boundary should be placed between the A and B parts of |
| 14:43:01 | 5 | the window"? |
| 14:43:02 | 6 | MR. FLORES:  You know, that's not |
| 14:43:04 | 7 | uncomplicated, and you're reading it.  Could you show |
| 14:43:07 | 8 | him that on paper? |
| 14:43:09 | 9 | MR. BRIGGS:  Well -- |
| 14:43:09 | 10 | THE WITNESS:  But, first of all, you've used |
| 14:43:12 | 11 | the words "bytes."  That's -- that's making it fairly |
| 14:43:15 | 12 | specific.  When you say -- if you think that a |
| 14:43:17 | 13 | constraint is, and then you've given me this complicated |
| 14:43:22 | 14 | thing, that seems very specific. |
| 14:43:24 | 15 | If you want me to give a definition of |
| 14:43:26 | 16 | constraint that has the breadth of the concept of |
| 14:43:29 | 17 | constraint, then I can't agree with you. |
| 14:43:49 | 18 | MR. BRIGGS:  I'd like to get the next exhibit |
| 14:43:50 | 19 | marked.  This is the Joint Claim Construction and |
| 14:43:52 | 20 | Prehearing Statement from this case, dated May 15, 2008. |
| 14:44:07 | 21 | (Exhibit 22 was marked for |
| 14:44:08 | 22 | identification.) |
| 14:44:19 | 23 | BY MR. BRIGGS: |
| 14:44:19 | 24 | Q   And then if you could turn to -- |
| 14:44:21 | 25 | A   Oh. |

| Time | # | |
|---|---|---|
| 14:49:10 | 1 | MR. FLORES: Same objection. You're calling |
| 14:49:11 | 2 | for a legal conclusion by asking in the context of the |
| 14:49:14 | 3 | claims what this means, as opposed to what it means -- |
| 14:49:18 | 4 | MR. BRIGGS: Mauricio, you can state your |
| 14:49:20 | 5 | objection, but you don't need to coach the witness. |
| 14:49:22 | 6 | You're coaching the witness now. You're going well |
| 14:49:26 | 7 | beyond. |
| 14:49:27 | 8 | MR. FLORES: Well, the objection is you're |
| 14:49:28 | 9 | calling for a legal conclusion. |
| 14:49:30 | 10 | MR. BRIGGS: Thank you. |
| 14:49:34 | 11 | THE WITNESS: In the -- I don't want to give a |
| 14:50:10 | 12 | legal opinion. I think -- I think that this definition |
| 14:50:20 | 13 | here, it seems to introduce a concept that isn't in |
| 14:50:25 | 14 | Claim 1, which is the concept of function. So on that |
| 14:50:36 | 15 | basis, I guess I -- I -- I can't agree straight out. |
| 14:50:44 | 16 | MR. BRIGGS: Okay. I'd like to mark this next |
| 14:50:46 | 17 | document. This document is entitled "Structure and |
| 14:50:57 | 18 | Practise of the Blocklets Patent." |
| 14:51:00 | 19 | (Exhibit 23 was marked for |
| 14:51:00 | 20 | identification.) |
| 14:51:14 | 21 | BY MR. BRIGGS: |
| 14:51:15 | 22 | Q   Do you recognize this document? |
| 14:51:15 | 23 | A   I do, yes. |
| 14:51:20 | 24 | Q   Can you tell me how you recognize it. |
| 14:51:24 | 25 | A   What do you mean? |

```
14:51:26   1        Q    Did you write it?
14:51:30   2        A    Yes.  I remember that I was told that I should
14:51:41   3   put "practise" spelled with an 's.'  Because you have an
14:51:48   4   American readership.  So that still grates.  I wanted to
14:51:55   5   make it a 'c.'
14:51:58   6        Q    It always pops up on my spell checker.
14:52:06   7             Why did you -- why did you write this document?
14:52:14   8   Do you recall?
14:52:15   9        A    Let me read the abstract, and I might be able
14:52:18  10   to recall.
14:52:32  11             Yeah.  The companies that we were talking to
14:52:34  12   would sometimes want to ask about the patent, and they'd
14:52:38  13   want to know more about it, may go off and try and read
14:52:44  14   the claims.
14:52:47  15             THE REPORTER:  "May go off and" --
14:52:47  16             THE WITNESS:  And try and read the claims.
14:52:47  17   They'd sometimes have difficulty with it.  So we wanted
14:52:51  18   a marketing document that would provide, you know, an
14:52:56  19   easier to understand perspective on the patent for
14:53:00  20   executives who are exposed to it.
14:53:05  21   BY MR. BRIGGS:
14:53:05  22        Q    So when you say --
14:53:06  23        A    And nonexecutives as well.  Everyone.
14:53:09  24        Q    When you say "we," you mean Rocksoft?
14:53:10  25        A    Rocksoft, yes.
```

Page 157

| Time | Line | |
|---|---|---|
| 14:53:12 | 1 | Q   So was -- this document was created around the |
| 14:53:16 | 2 | time you were trying to sell the company? |
| 14:53:23 | 3 | A   Well, yes.  Starting in July 2005, we were -- |
| 14:53:27 | 4 | we were trying to sell the company for approximately a |
| 14:53:31 | 5 | year or two before it was actually sold. |
| 14:53:37 | 6 | Q   And who did -- who did you provide this |
| 14:53:39 | 7 | document to? |
| 14:53:43 | 8 | A   Well, I'm not sure who ended up with it.  The |
| 14:53:49 | 9 | typical thing was that I would get a request from Tim |
| 14:53:53 | 10 | Johnson or Todd Viegut, maybe somebody else in the |
| 14:53:59 | 11 | company, but usually those two, for a particular |
| 14:54:01 | 12 | document that they needed in their marketing efforts. |
| 14:54:03 | 13 | And I would go off and write it under whatever deadline |
| 14:54:06 | 14 | had been imposed and deliver it to them and get back to |
| 14:54:10 | 15 | work. |
| 14:54:12 | 16 | Q   So you don't know what companies were provided |
| 14:54:15 | 17 | with this document? |
| 14:54:17 | 18 | A   I don't know. |
| 14:54:18 | 19 | Q   Do you know if -- |
| 14:54:19 | 20 | A   I expect there would be a record, you know, in |
| 14:54:20 | 21 | the materials that have been disclosed to you, I expect |
| 14:54:23 | 22 | that, you know, you -- you would be able to -- to see. |
| 14:54:28 | 23 | Q   How -- how would I know that in the materials |
| 14:54:30 | 24 | that have been -- |
| 14:54:31 | 25 | A   Well -- |

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 162

| Time | Line | | |
|---|---|---|---|
| 14:59:33 | 1 | Q | Were you -- |
| 14:59:34 | 2 | A | I don't have anyone else's email. I just have |
| 14:59:36 | 3 | | my email system, which includes email that I sent and |
| 14:59:40 | 4 | | email I've received. |
| 14:59:42 | 5 | Q | Okay. So if you were cc'd on it or if you sent |
| 14:59:46 | 6 | | the -- |
| 14:59:47 | 7 | A | Yeah. |
| 14:59:48 | 8 | Q | -- email or if you received it -- |
| 14:59:50 | 9 | A | Yes. |
| 14:59:50 | 10 | Q | -- you would have it? |
| 14:59:51 | 11 | A | That's right. |
| 15:00:05 | 12 | Q | So if you turned to page 3 of this document and |
| 15:00:17 | 13 | | if you look at the second column, the second-to-last |
| 15:00:20 | 14 | | paragraph and the second sentence, it states, "All that |
| 15:00:27 | 15 | | is meant by the term 'constraint' is a function that |
| 15:00:31 | 16 | | accepts a block of bytes of length A+B and returns a |
| 15:00:36 | 17 | | boolean value to indicate whether a boundary should be |
| 15:00:39 | 18 | | placed between the A and B parts of the window." |
| 15:00:42 | 19 | A | Mm-hmm. |
| 15:00:44 | 20 | Q | Did -- do you see that? |
| 15:00:45 | 21 | A | Yes. |
| 15:00:46 | 22 | Q | Do you agree with that? |
| 15:00:47 | 23 | A | Well, I agree with it in the sense of the |
| 15:00:49 | 24 | | context of the marketing document. This document was |
| 15:00:52 | 25 | | prepared, you know, to help people, who were having |

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

| | | |
|---|---|---|
| 15:00:56 | 1 | trouble with the patent, understand it.  So it |
| 15:01:01 | 2 | necessarily abbreviates, simplifies, and it's not -- |
| 15:01:08 | 3 | it's not a precise document.  It's there to explain |
| 15:01:10 | 4 | something -- to make something understandable rather |
| 15:01:12 | 5 | than to define it.  So that -- you know, broadly, that's |
| 15:01:17 | 6 | correct.  But, you know, it's a specific formal |
| 15:01:24 | 7 | statement, you know.  I don't want to comment. |
| 15:01:31 | 8 | MR. FLORES:  Not necessarily right now, but |
| 15:01:33 | 9 | pretty soon, I'd like to take a break in about five |
| 15:01:35 | 10 | minutes or so. |
| 15:01:39 | 11 | MR. THAKUR:  I've got some documents for you if |
| 15:01:41 | 12 | you want to just take a break right now. |
| 15:01:43 | 13 | MR. BRIGGS:  We'll just take like five more |
| 15:01:45 | 14 | minutes. |
| 15:01:54 | 15 | BY MR. BRIGGS: |
| 15:01:54 | 16 | Q   So the purpose of this document was to help |
| 15:01:56 | 17 | others understand what your patent meant.  Isn't that |
| 15:02:00 | 18 | correct? |
| 15:02:03 | 19 | MR. FLORES:  Objection.  Asked and answered. |
| 15:02:04 | 20 | THE WITNESS:  Well -- well, yes.  But others |
| 15:02:08 | 21 | were not -- when we talk about others, we're not talking |
| 15:02:11 | 22 | so much about patent attorneys and lawyers.  We're |
| 15:02:14 | 23 | talking about executives. |
| 15:02:16 | 24 | BY MR. BRIGGS: |
| 15:02:16 | 25 | Q   So you're talking about other companies, people |

Page 252

| | | |
|---|---|---|
| 18:03:10 | 1 | of Blocklets." Maybe it's in the Appendix. Anyway, I'm |
| 18:03:15 | 2 | not sure. |
| 18:03:19 | 3 | Q    So you recall writing some type of paper on |
| 18:03:21 | 4 | this? |
| 18:03:21 | 5 | A    I don't -- I'm not sure. As I said, I might |
| 18:03:24 | 6 | have written a paper, or it might have been just |
| 18:03:26 | 7 | something that -- maybe it was in the Appendix of -- of |
| 18:03:29 | 8 | this thing. Let's have a look. It doesn't seem to be |
| 18:03:49 | 9 | in here. Sorry. I'm -- I'm just not sure. |
| 18:03:52 | 10 | Q    Have you ever discussed this paper with anybody |
| 18:03:55 | 11 | other than your -- your lawyers recently? |
| 18:03:58 | 12 | A    Possibly, but I just -- I just don't recall. |
| 18:05:10 | 13 | Q    Do you recall the date -- the first date that |
| 18:05:13 | 14 | you came up with the idea for Claim 1 of your patent? |
| 18:05:22 | 15 | A    Unfortunately, I don't have a clear |
| 18:05:25 | 16 | recollection of -- of exactly when that happened. |
| 18:05:29 | 17 | Q    Do you -- |
| 18:05:30 | 18 | A    I wish I did. |
| 18:05:31 | 19 | Q    Do you have any estimates? |
| 18:05:32 | 20 | A    Just the written record. We know that I had, |
| 18:05:36 | 21 | you know, written something like it in -- in the David |
| 18:05:42 | 22 | Farajun faxes. |
| 18:05:47 | 23 | Q    Are you aware of any other documents that |
| 18:05:49 | 24 | would -- would support an earlier conception date? |
| 18:05:52 | 25 | A    Of -- no. No. |

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 253

| Time | Line | |
|---|---|---|
| 18:06:16 | 1 | MR. BRIGGS: Can I mark this. |
| 18:06:17 | 2 | THE REPORTER: Exhibit 28. |
| 18:06:23 | 3 | THE WITNESS: Thank you. |
| 18:06:25 | 4 | THE REPORTER: Twenty-eight. |
| 18:06:26 | 5 | (Exhibit 28 was marked for |
| 18:06:26 | 6 | identification.) |
| 18:06:27 | 7 | BY MR. BRIGGS: |
| 18:06:27 | 8 | Q   Okay. Exhibit 28 is a -- it appears to be a |
| 18:06:31 | 9 | fax transmission from Ross Williams to David Farajun, |
| 18:06:42 | 10 | dated November 21st, 1994. |
| 18:06:49 | 11 | Do you recognize this document? |
| 18:06:50 | 12 | A   I do, yes. |
| 18:06:52 | 13 | Q   Is this the document you were referring to a |
| 18:06:54 | 14 | moment ago? |
| 18:06:55 | 15 | A   Yes. |
| 18:06:56 | 16 | Q   Okay. So you're not aware of any records -- |
| 18:06:59 | 17 | any written records before this that -- that describe |
| 18:07:04 | 18 | or -- or support your invention date -- your |
| 18:07:09 | 19 | invention -- the conception of your invention? |
| 18:07:12 | 20 | A   No. Because I don't have a -- a document that |
| 18:07:17 | 21 | says, you know -- or a diary entry or anything that says |
| 18:07:20 | 22 | I had a fabulous idea today and here it is. I don't |
| 18:07:25 | 23 | have it. I -- I'm not aware of any document. So I'm -- |
| 18:07:29 | 24 | I'm not aware. There might be something before this, |
| 18:07:33 | 25 | but I'm not aware of it. |

ROSS WILLIAMS, PH.D.    May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

Page 267

1    STATE OF CALIFORNIA       )
2                              ) ss
3    COUNTY OF SAN DIEGO       )
4
5        I, the undersigned, confirm that I have read
6    the foregoing deposition, and I declare, under penalty
7    of perjury, that the foregoing is a true and correct
8    transcript of my testimony contained therein.
9        EXECUTED this _____ day of _____,
10   2008, at _____, _____.
                     (City)                  (State)
11
12
13
14
15       _____
16           ROSS WILLIAMS, PH.D.
17
18
19
20
21
22
23
24
25

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e

ROSS WILLIAMS, PH.D.     May 21, 2008
CONFIDENTIAL - ATTORNEY'S EYES ONLY

```
 1    STATE OF CALIFORNIA )
 2                        : SS.
 3    COUNTY OF SAN DIEGO )
 4
 5        I, Margaret A. Smith, Certified Shorthand Reporter
 6    No. 9733, for the State of California, do hereby
 7    certify:
 8        that prior to being examined, the witness named in
 9    the foregoing deposition was by me duly sworn to testify
10    the truth, the whole truth, and nothing but the truth;
11        that said deposition was taken down by me in
12    shorthand at the time and place therein named, and
13    thereafter reduced to typewriting under my direction,
14    and the same is a true, correct, and complete transcript
15    of said proceedings.
16        Before completion of the deposition, review of the
17    transcript (  ) was (  ) was not requested.  If
18    requested, any changes made by the deponent (and
19    provided to the reporter) during the period allowed are
20    appended hereto.
21        I further certify that I am not interested in the
22    event of the action.
23        Witness my hand this _____ day of _____ 200__.
24
25                              _____
                                MARGARET A. SMITH, CSR NO. 9733
```

Merrill Legal Solutions
(800) 869-9132

faee8462-f74f-4ad5-93b5-b20b4446c31e