# EXHIBIT A

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

April 30, 2008

*VIA E-MAIL*

Rebecca Hanovice
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006

Re:   *Quantum Corp. v. Riverbed Technology, Inc.*, Case No. 07-04161

Dear Rebecca:

We are writing to express our deep concern with Quantum's document production in this case. This is a straightforward patent infringement action with specific patents-at-issue and specifically accused technical products. Quantum has now produced ***nearly one million pages*** of documents – more than 45,000 documents totaling 882,699 pages. Riverbed has reviewed representative portions of Quantum's monolithic production and has found an unacceptably large number of documents that have no relevance whatsoever to this action.

It is unclear why Quantum is producing massive amounts of irrelevant material. We are concerned that it is Quantum's intention to bury important documents in large piles of irrelevant documents and/or that Quantum is attempting to force Riverbed to spend hundreds of thousands of dollars to cull out irrelevant information. Such behavior is improper. *See* Advisory Notes to Rule 34(b) ("It is apparently not rare for parties deliberately to mix critical documents with others in the hope of obscuring significance."). Fed. R. Civ. P. 34, Advisory notes, 1980 Amendment. Further, under Federal Rule of Civil Procedure 34(b)(2)(E), when producing electronically stored documents, "...a party must produce documents as they are kept in the usual course of business or must organize and label them to correspond to the categories in the [document] request." Quantum has not done so, and while this may be excusable where a party produces a reasonable number of documents, given the massive volume here, Quantum must at a bare minimum agree to do so.

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

51198/2488587.1

Rebecca Hanovice
April 30, 2008
Page 2


Importantly, Riverbed's Requests for Production of Documents to Quantum were narrow in their scope. Where Riverbed called for documents relating to Quantum's products, it specifically limited its requests to documentation for "Accused Products" and "Patented Products," each defined as products that practice the '810 patent or have data deduplication technology, respectively. Quantum's inclusion of documentation for products that are neither accused in this action or that existed years prior to incorporation of these technologies is improper and completely nonresponsive.

We have identified examples of Quantum's abusive production below. After reviewing these documents, we can see no relevance these documents would bear on the claims and defenses in this case.

| Item | Description | Beginning Bates Numbers |
|---|---|---|
| 1. | ADIC documentation for early versions of StorNext products, which versions have not been accused by Riverbed and which Quantum does not contend practice the patented technologies (*e.g.*, deduplication) at issue in this case. *See, e.g.,* Quantum's Response to Interrogatory No. 11. Also, such documentation dates as far back as 2002 -- years prior to ADIC's acquisition of Rocksoft. Further, these documents are not responsive to any of Riverbed's Request for Production ("Requests") which call for documentation relating to "Patented Products" or "Accused Products" and specifically define such terms as products that practice the '810 patent or Deduplication Technology. | QU00477415; QU00477584; QU00478275; QU00478645. |
| 2. | ADIC excel spreadsheet regarding testing for ADIC products not at issue in this litigation, *e.g.,* Faststor, Scalar. Not responsive to Riverbed's Requests. (5,035 pages and 3,174 pages) | QU00171365; QU00152844. |
| 3. | ADIC documentation for Penguin products, which are not accused or related to the technologies at issue in this litigation. Further, such documents date back to 1996-2002. Not responsive to Riverbed's Requests. | QU00117646; QU00478726; QU00645066; QU00691469; QU00691575. |
| 4. | ADIC inventory spreadsheet from 2000-2005 timeframe detailing ADIC's inventory of hardware parts -- years prior to ADIC's acquisition of Rocksoft or incorporation of data deduplication technology. Not responsive to Riverbed's Requests. (678 pages and | QU00284382; QU00238091. |

Rebecca Hanovice
April 30, 2008
Page 3

| | | |
|---|---|---|
| | 538 pages) | |
| 5. | ADIC documentation for Pathlight VX products, which have not been accused by Riverbed and which Quantum does not contend practiced the patented technologies (*e.g.*, deduplication) at issue in this case. *See, e.g.,* Quantum's Responses to Interrogatory No. 11. Not responsive to Riverbed's Requests. | QU00160965 |
| 6. | ADIC product price list for Europe, from November 21, 2005, which was prior to ADIC's acquisition of deduplication technology from Rocksoft. Not responsive to Riverbed's Requests. (70 pages) | QU00682413 |
| 7. | ADIC trademark guidelines and practices from August 20, 2000. Trademarks are not at issue in this case. Not responsive to Riverbed's Requests. | QU00408466 |
| 8. | ADIC Fast Filesystem Restore documentation. Not an accused product. Not responsive to Riverbed's Requests. | QU00236548; QU00006400. |
| 9. | Quantum documentation regarding a "DX" product not accused in this litigation. Note this is not related to the accused DXi products. Not responsive to Riverbed's Requests. | QU00714521 |
| 10. | ADIC CGG product literature from the UK, dated September 15, 2002. Not an accused product. Dated prior to ADIC's acquisition of Rocksoft. Not responsive to Riverbed's Requests. | QU00159525 |
| 11. | Isilon Systems SEC Form 10-K from Dec 15 2006, unrelated to lawsuit or any of the parties. Not responsive to Riverbed's Requests. (136 pages) | QU00366701 |
| 12. | Quantum's weekly technical support logs, unrelated to any technologies at issue in this action. At least 80 such documents, several of which contain hundreds of pages. Not responsive to Riverbed's Requests. | QU00523798; QU00540409. |
| 13. | Full copies of Sun Tzu's "The Art of War." Not responsive to Riverbed's Requests. (123 pages each, multiple copies) | QU00261614; QU00264386. |
| 14. | Full copies of "The Notebooks of Leonardo Da Vinci." Not responsive to Riverbed's Requests. (463 pages each, multiple copies) | QU00260894; QU00263666. |
| 15. | Full copies of Jane Austin's "Pride and Prejudice." Not responsive to | QU00261357; QU00264130. |

51198/2488587.1                                     3

Rebecca Hanovice
April 30, 2008
Page 4

|  | | |
|---|---|---|
|  | Riverbed's Requests. (256 pages each, multiple copies) | |
| 16. | Full copies of Dante's "The Vision of Hell, Purgatory and Paradise." Not responsive to Riverbed's Requests. (100 pages each, multiple copies) | QU00262990; QU00264673. |
| 17. | Full copies of James Joyce's "Ulysses." Not responsive to Riverbed's Requests. Not responsive to Riverbed's Requests. (576 pages each, multiple copies) | QU00263090; QU00264773. |
| 18. | Quantum Technical Support Logs, not related to the technologies at issue in this case. Not responsive to Riverbed's Requests. (*e.g.*, 156 pages, more than one hundred such documents) | QU00291262; QU00447748; QU00469975; QU00524736; QU00524736. |
| 19. | Shrinkwrap license between Quantum and Raytheon. Not responsive to Riverbed's Requests. | QU00558038 |
| 20. | General Technical Documentation by Oracle Corporation. Not related to technologies at issue in this litigation. Not responsive to Riverbed's Requests. | QU00369274 |

The list goes on. Riverbed should not have to bear the burden or cost of wading through Quantum's morass of irrelevant information to find relevant documents. It is also unclear what review process, if any, Quantum conducted to determine the relevancy of such documents prior to their production. Riverbed also believes that Quantum can provide no plausible or professionally defensible reasoning for why it produced such documents.

Accordingly, we demand that Quantum agree to review its own document production, remove irrelevant documents, and produce the relevant documents to Riverbed. Considering that irrelevant documents are strewn throughout Quantum's production of over 880,000 pages, Riverbed can see no other way for Quantum to remedy the situation. Riverbed demands that Quantum complete this process by no later than June 1, 2008.

Rebecca Hanovice
April 30, 2008
Page 5

Please provide a written response to this letter by no later than **Friday, May 2, 2008**.  Riverbed will bring Quantum's abusive tactics to the Court's attention if necessary.  Additionally, Riverbed reserves all rights to seek all fees and costs resulting from Quantum's discovery abuses.

Very truly yours,

David Wei, Jr.