# EXHIBIT D



17th Floor | Four Embarcadero Center | San Francisco, CA 94111-4106
415-434-9100 *office* | 415-434-3947 *fax* | *www.sheppardmullin.com*

Writer's Direct Line: 415-774-2984
nbruno@sheppardmullin.com
Our File Number: 16HC-132982

December 13, 2007


***VIA E-MAIL AND U.S. MAIL***

Todd Briggs, Esq.
Quinn Emanuel LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065
Direct: (650) 801-5020
Fax: (650) 801-5100


    Re:  <u>*Quantum Corporation v. Riverbed Technology, Inc*, C07-04161-WHA –</u>
        <u>**Document Productions by Ross Williams and Electronic Productions**</u>
        <u>**by the Parties**</u>

Dear Mr. Briggs:

    After Quantum served its original set of initial disclosures, you asked during one of our telephone conversations whether Ross Williams is currently a Quantum employee and how we planned to handle the production of materials by Ross Williams. This letter sets forth how we propose to proceed.

    As we discussed, Mr. Williams is no longer an employee of Rocksoft or any other Quantum-affiliated entity. He is a third party to this action, and a full-time resident of Australia. Therefore, the proper method of obtaining information and documents from Mr. Williams would be by way of subpoena or other compulsory discovery process through the appropriate Australian and/or international channels. Information and documents in the possession of Mr. Williams are not in the possession, custody, or control of Quantum, and Quantum is not obligated to produce anything on behalf of Mr. Williams.

    Nevertheless, our firm also represents Mr. Williams in his individual capacity with respect to this action. While reserving all rights to insist that Riverbed complete whatever formal procedures are necessary to take discovery from him, Mr. Williams is willing to voluntarily and in good faith produce the materials he can locate that are relevant to this action, subject to your agreement to the following:

    1. As to hard copy materials, Mr. Williams is willing to search his files and produce anything he can locate that is relevant to the claims and defenses and discovery requests

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Todd Briggs. Esq.
December 13, 2007
Page 2

of the parties, except for privileged information and/or documents for which Sheppard Mullin will provide you a privilege log.

      2. As to electronic materials, we need to first agree on an appropriate date range setting the boundaries of Mr. Williams' search. Second, we need to agree on a list of search terms Mr. Williams will use in his search for information. Mr. Williams will then personally run electronic searches of his computer(s) using the date ranges and search terms upon which we agree. He will create a folder or other database of files and e-mails responsive to his searches by whatever method (drag-and-drop, etc.) that is best and which does not change the substantive information in any of the files. After removing any electronic information that is solely of a personal nature, Mr. Williams will agree to provide Sheppard Mullin the remaining electronically stored information. Sheppard Mullin will produce all such electronically stored information as load files in single-page TIFF format with control numbers and confidentiality designations, except for privileged information for which Sheppard Mullin will provide you a privilege log. Given this method of searching in which Mr. Williams will personally do the work, original metadata will not be available for Mr. Williams' electronically stored information. However, Mr. Williams is willing to provide a declaration with his production affirming he has not intentionally altered the substantive electronic information that he produces.

      Furthermore, we believe that it is beneficial for the parties to agree in general on a date range and list of search terms to use when searching their own electronically stored information for production. This method will minimize discovery disputes later, set reasonable boundaries on the universe of information potentially available, and prove much more efficient in allowing the parties to actually collect and produce our electronically stored information to each other.

      Please respond as soon as possible to let us know whether you agree to the terms set forth in this letter, and so we can communicate further to set the boundaries of the searches for electronically stored information.

          Very truly yours,

          Nathaniel Bruno

      for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:6NB1\400605700.1

cc:   Amar Thakur