# EXHIBIT B

1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
      Claude M. Stern (Bar No. 96737)
2     Todd M. Briggs (Bar No. 209282)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
4  Facsimile:    (650) 801-5100
   Email:        claudestern@quinnemanuel.com
5                toddbriggs@quinnemanuel.com

6  Attorneys for Defendant and Counterclaimant,
   RIVERBED TECHNOLOGY, INC.

### UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA

| QUANTUM CORPORATION, | CASE NO. C 07-4161 WHA |
|---|---|
| Plaintiff, | **RIVERBED TECHNOLOGY, INC.'S SECOND SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS AND THINGS** |
| vs. | |
| RIVERBED TECHNOLOGY, INC., | |
| Defendant. | |
| RIVERBED TECHNOLOGY, INC., | |
| Counterclaimant, | |
| vs. | |
| QUANTUM CORPORATION, | |
| Counterdefendant. | |

PROPOUNDING PARTY:    RIVERBED TECHNOLOGY, INC.

RESPONDING PARTY:     QUANTUM CORPORATION

SET NUMBER:           TWO (2)

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Riverbed Technology, Inc. ("Riverbed") hereby requests that Quantum Corporation ("Quantum") produce for inspection and copying the documents and things described in the following requests. Plaintiff shall make such production within thirty (30) days after service hereof, at the offices of Quinn Emanuel Urquhart Oliver & Hedges LLP, 555 Twin Dolphin Dr., Suite 560, Redwood Shores, CA 94065, or at such other time and place as shall mutually be agreed by the parties.

## DEFINITIONS

A. "Document" shall have the broadest meaning ascribed to it by Federal Rule of Civil Procedure 34 and Federal Rule of Evidence 1001.

B. "Any" shall be understood to include and encompass "all."

C. The singular shall always include the plural and the present tense shall also include the past tense.

D. "And" as well as "or" shall be construed disjunctively or conjunctively as necessary to bring within the scope of this request all documents or things that might otherwise be construed to be outside its scope.

E. "Person" and "persons" mean both natural persons and legal entities, including, without limitation corporations, companies, firms, partnerships, joint ventures, proprietorships, associations, and governmental bodies or agencies. Unless noted otherwise, references to any person, entity or party herein include its, his or her agents, attorneys, employees, employers, officers, directors, or others acting on behalf of said person, entity, or party.

F. "Evidence" or any variant thereof, including but not limited to "evidencing," when used in connection with any document, shall be understood to apply if the document directly or indirectly mentions, discusses, constitutes, concerns, supports, contradicts, relates to, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

G. "Relate" or "refer" or any variants thereof, when used in connection with any document, shall be understood to apply if the document directly or indirectly evidences, mentions, discusses, constitutes, concerns, supports, contradicts, refers to, or in any other way deals with the subject matter described in the request in which the term appears.

H.   "Communication" means any contact, oral or documentary, formal or informal, at any place or under any circumstances whatsoever whereby information of any nature is transmitted or transferred, including, without limitation, a single person seeing or hearing any information by any means.

I.   "Quantum" means Quantum Corporation and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

J.   "ADIC" means Advanced Digital Information Corporation and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

K.   "Rocksoft" means Rocksoft Limited and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

L.   "Data Domain" means Data Domain, Inc. and its directors, officers, parents, subsidiaries, predecessors, successors, assigns, agents, servants, employees, investigators, attorneys, and all other persons and entities representing it or acting on its behalf.

M.   "Infringe" or any variant thereof refers to any infringement whether direct, contributory, or by inducement.

N.   "'810 Patent" means U.S. Patent No. 5,990,810.

O.   "Riverbed Accused Product" means each and every Riverbed product, structure, method, or process alleged by Plaintiff in this action of infringing or causing infringement of any of the claims of the '810 Patent.

P.   "'249 Patent" means U.S. Patent No. 7,116,249.

Q.   "Related Riverbed Patent(s)" means U.S. Patent Nos. 6,961,009, 6,828,925, and 6,667,700.

R.   "Deduplication Technology" means any technique that segments or partitions data and creates references or identifiers for at least some of the segments or partitions for the purpose

of data compression, including but not limited to Quantum's "data de-duplication" technology and Rocksoft's Blocklets technology.

    S.    "DXi Series" means Quantum's DXi Series products including but not limited to the DXi7500, DXi5500 and DXi3500 disk backup and replication systems and any software associated or provided with those products.

    T.    "Host" means a device that is capable of storing data and capable of running a backup application.

    U.    "StorNext Software" means Quantum's StorNext data management software.

    V.    "Accused Product" means each and every Quantum, ADIC, or Rocksoft product that uses Deduplication Technology, including but not necessarily limited to the DXi Series and StorNext Software.

    W.    "Prior Art" means any Document, action, or information that actually or potentially satisfies any of the prior art provisions of 35 U.S.C. § 100, *et seq*, *e.g.* §§ 102, 103.

## INSTRUCTIONS

1. In responding to the following requests for production of documents, you are required to furnish such information as is available to you, including but not limited to information in the possession of your investigators, employees, agents, representatives, guardians, attorneys, investigators for your attorneys, or any other person or persons acting on your behalf.

2. If you cannot fully produce the documents requested below after exercising due diligence to secure them, respond to the extent possible, specify the portion of any request for production of documents to which you are unable fully to respond, state the facts upon which you base your contention that you are unable fully to respond to such portion, and state any knowledge, information, or belief you have concerning such portion.

3. If you object to the production of any document on the grounds that it is protected from disclosure by the attorney-client privilege, work-product doctrine, or any other privilege, you are requested to identify each document for which the privilege is claimed and give all information required by applicable case law, including but not limited to the following:

    (a)    the name of the writer, sender, or initiator of each copy of the document;