AMAR L. THAKUR, CAL. BAR NO. 194025
MAURICIO A. FLORES, CAL. BAR NO. 93304
SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
12275 El Camino Real, Suite 200
San Diego, California  92130
Telephone:    858-720-8900
Facsimile:    858-509-3691
Email: athakur@sheppardmullin.com
       mflores@sheppardmullin.com

NATHANIEL BRUNO, Cal. Bar No. 228118
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A Limited Liability Partnership
Including Professional Corporations
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
Email: nbruno@sheppardmullin.com

Attorneys for
QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>                Counterclaimant,<br>    v.<br><br>QUANTUM CORPORATION,<br><br>                Counterdefendant.<br><br>QUANTUM CORPORATION, a Delaware corporation,<br><br>                Counterclaimant,<br>    v.<br><br>RIVERBED TECHNOLOGY, INC. a Delaware corporation,<br><br>                Counterdefendant. | Case No. C 07-04161 WHA<br><br>The Hon. William H. Alsup<br><br>**QUANTUM CORPORATION'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS [Hearing currently 7/17/08 at 8:00 a.m.], AND**<br><br>**QUANTUM CORPORATION'S OPPOSITION TO RIVERBED'S MOTION FOR SUMMARY JUDGMENT OF VALIDITY OF U.S. PATENT 7,116,249 [Hearing currently 7/3/08 at 8:00 a.m.]**<br><br>Complaint Filed: August 14, 2007<br>Trial Date: March 30, 2009 |

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY
INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF
VALIDITY OF U.S. PATENT 7,116,249

# TABLE OF CONTENTS

Page

NOTICE OF MOTION AND MOTION ........................................................................................ 1

CONCISE STATEMENT OF RELIEF SOUGHT ........................................................................ 1

I. INTRODUCTION ................................................................................................................ 1

II. STATEMENT OF FACTS ................................................................................................... 4

III. ARGUMENT ........................................................................................................................ 5

    A. Quantum Has Good Cause to Serve Amended Preliminary Contentions. ................ 5

        1. The "Good Cause" Standard. ........................................................................ 5

        2. Quantum Has Exceeded Northern District Standards of Diligence in Seeking to Amend Its Preliminary Contentions. ............................................ 7

        3. Riverbed Will Not Be Prejudiced if the Court Allows Amendment. ............. 9

        4. The Cases Upon Which Riverbed Relies Are Inapposite. ............................. 9

    B. Summary Judgment of Validity of the '249 Patent Is Not Appropriate. ................. 11

        1. Summary Judgment Is Premature Given the Posture of the Case. ............... 11

        2. There Are Material Factual Disputes Regarding Obviousness. ................... 12

IV. CONCLUSION ................................................................................................................... 12

-i-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

# TABLE OF AUTHORITIES

Federal Cases

Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.,
  344 F.3d 1186 (Fed. Cir. 2003) ........................................................................................ 11

Alt v. Medtronic, Inc.,
  No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex., Feb. 1, 2006) ........................... 9

Bd. of Trustees of Stanford v. Roche Molecular Sys., Inc.,
  No. C 05-04158, 2008 U.S. Dist. LEXIS 16556 (N.D. Cal., Mar. 4, 2008) ............... 5, 6, 8, 10

Berger v. Rossignol Ski Co.,
  No. C 05-02523, 2006 U.S. Dist. LEXIS 23085 (N.D. Cal., Apr. 25, 2006) .................... 10, 11

Celotex Corp. v. Catrett,
  477 U.S. 317 (1986) ........................................................................................................ 12

Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.,
  No. C 06-04206, 2007 WL 716131 (N.D. Cal., Mar. 2, 2007) ................................................ 6

Computer Acceleration Corp. v. Microsoft Corp.,
  481 F. Supp. 2d 620 (E.D. Tex. 2007) .................................................................................. 6

Dunkin Donuts of Am., Inc. v. Mallurgical Exoproducts Corp.,
  840 F.2d 917 (Fed. Cir. 1988) ............................................................................................ 12

Fresenius Med. Care Holding, Inc. v. Baxter Int'l, Inc.,
  No. C 03-1431 2005 U.S. Dist. LEXIS 44136 (N.D. Cal., August 24, 2005) ....................... 12

Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.,
  No. C 03-1431, 2006 U.S. Dist. LEXIS 90856 (N.D. Cal., May 15, 2006) ........................ 5, 6

General Atomics v. Axis-Shield ASA,
  No. C 05-04074, 2006 U.S. Dist. LEXIS 58939 (N.D. Cal., Aug. 9, 2006) ....... 7, 8, 10, 11, 12

IXYS Corp. v. Adv. Power Tech., Inc.,
  No. C 02-03942, 2004 U.S. Dist. LEXIS 10934 (N.D. Cal., June 16, 2004) .......................... 6

Lexar Media, Inc. v. Pretex Elecs. Corp.,
  No. C 00-04770, 2007 U.S. Dist. LEXIS 32825 (N.D. Cal., Apr. 18, 2007) ........................... 5

Nestier Corp. v. Menasha Corp.-Lewisystems Div.,
  739 F.2d 1576 (Fed. Cir. 1984) .......................................................................................... 12

O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.,
  467 F.3d 1355 (Fed. Cir. 2006) .................................................................................. 5, 6, 10

Tessera, Inc. v. Adv. Micro Devices, Inc.,
  No. C 05-4063, 2007 U.S. Dist. LEXIS 35957 (N.D. Cal., Apr. 30, 2007) ............................ 8

-ii-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY
INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF
VALIDITY OF U.S. PATENT 7,116,249

Yodlee, Inc. v. Cashedge, Inc.,
    No. C 05-01550, 2007 U.S. Dist. LEXIS 39564 (N.D. Cal., May 17, 2007) .................. 6, 9, 10

Zell v. Intercapital Income Secs. Inc.,
    675 F.2d 1041 (9th Cir. 1982) ..................................................................................... 12

ZiLOG, Inc. v. Quicklogic Corp.,
    No. C 03-03725, 2006 U.S. Dist. LEXIS 12844 (N.D. Cal. Mar. 6, 2006) ......................... 8, 9

Statutes and Rules

35 U.S.C. Section 103 .......................................................................................................... 13

35 U.S.C. Section 112 ............................................................................................................ 2

Fed. R. Civ. P. 56(c) ............................................................................................................. 12

N.D. Cal. Patent L.R. 3-6(b) ................................................................................................. 11

N.D. Cal. Patent L.R. 3-6(b)(1) .............................................................................................. 3

N.D. Cal. Patent L.R. 3-7 .................................................................................................... 1, 5

-iii-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY
INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF
VALIDITY OF U.S. PATENT 7,116,249

## NOTICE OF MOTION AND MOTION

PLEASE TAKE NOTICE THAT on July 17, 2008 at 8:00 a.m. in Courtroom 9, 19th Floor of the United States District Court for the Northern District of California, United States Courthouse, 450 Golden Gate Avenue, San Francisco, California 94102, Quantum Corporation ("Quantum")shall and hereby does move the Court, pursuant to Patent Local Rule 3-7, for leave to amend its Preliminary Invalidity Contentions. This motion is based on the following Memorandum of Points and Authorities, the Declarations of David E. Heisey and Nathaniel Bruno in support of this motion, all exhibits filed with declarations in support of this motion, the [Proposed] Order to this motion, all the pleadings, records, and files in this action, matters of which the Court may take judicial notice, and on such other evidence as may be presented at any hearing on this motion.

## CONCISE STATEMENT OF RELIEF SOUGHT

For the reasons set forth below, Quantum respectfully requests that the Court grant Quantum leave to amend its First Amended Preliminary Invalidity Contentions attached as Exhibit F to the Declaration of Nathaniel Bruno filed concurrently herewith. If the Court grants leave to amend, then, by definition, Riverbed's Motion for Summary Judgment of Validity of United States Patent No. 7,116,249 (the "'249 patent") must be denied, because Quantum's First Amended Preliminary Invalidity Contentions contain proper assertions of obviousness. Even if the Court denies leave to amend, Quantum respectfully requests that the Court deny Riverbed's Motion for Summary Judgment of Validity in its entirety because there are disputed issues of fact and because summary judgment is premature.

### I.    INTRODUCTION

Riverbed has moved for the following summary adjudications relating to the validity of the '249 patent: (1) that claims 26 and 27 of the '249 patent are not anticipated; (2) that

-1-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

all of Riverbed's asserted claims (Nos. 1-2, 7-8, 13, 19-22, and 25-28) are non-obvious; and (3) that all asserted claims are not invalid under 35 U.S.C. Section 112. Riverbed has not submitted proof of any facts bearing on the substance of these invalidity issues. Instead, Riverbed's Motion is purely procedural. It is based solely on the scope of, and purported deficiencies in, Quantum's original Preliminary Invalidity Contentions ("original Preliminary Invalidity Contentions"), served on January 31, 2008.

In its moving papers, Riverbed neglected to advise the Court that on April 18, 2008, Quantum served Riverbed with new proposed Preliminary Invalidity Contentions ("Proposed Amended Invalidity Contentions") consisting of three claim charts modifying the charts attached to its original invalidity contentions plus four new claim charts showing that all of Riverbed's asserted claims are obvious.[1] Quantum's Proposed Amended Invalidity Contentions were served just two-and-a-half months after Quantum served its original Preliminary Invalidity Contentions. They were served approximately one month before the Joint Claim Construction and Prehearing Statement was due; before either party took any depositions; and nearly a month-and-a-half before opening claim construction briefs were due on May 29, 2008. Riverbed

---

[1] The cover e-mail serving Quantum's Proposed Amended Invalidity Contentions was attached as Exhibit C to the Declaration of Todd M. Briggs [Docket No. 110]. However, the Proposed Amended Invalidity Contentions (i.e., claim charts) referenced in that e-mail were not attached to Mr. Briggs' Declaration and are not mentioned in Riverbed's moving papers. The cover e-mail serving Quantum's Proposed Amended Invalidity Contentions is attached again herewith as Exhibit B to the Declaration of Nathaniel Bruno in Support of Quantum Corporation's Motion for Leave to Amend Its Preliminary Invalidity Contentions, and Quantum's Opposition to Riverbed's Motion for Summary Judgment of Validity of U.S. Patent 7,116,249 ("Bruno Decl."), and Quantum's Proposed Amended Invalidity Contentions that were attached to that cover e-mail (which included redlined version of three claim charts modifying the charts attached to its original invalidity contentions plus four new claim charts) are attached to the Bruno Decl. as Exhibit C.

-2-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

unreasonably refused to stipulate to the proposed amendments[2] and waited until the day opening claim construction briefs were due to file its Motion.

Riverbed cannot and does not contend it would incur any significant prejudice if Quantum were allowed to amend Quantum's invalidity contentions. Further, Quantum has acted diligently and in good faith. After Quantum served its original Preliminary Invalidity Contentions, Quantum's counsel met with one of its experts, Dr. David Mazieres, who advised Quantum of an additional prior art reference that both anticipates and, in combination with other previously-disclosed references, renders all of Riverbed's asserted claims invalid as obvious. Counsel then worked diligently to complete this analysis and prepare the claim charts that constitute its Proposed Amended Invalidity Contentions. Numerous courts in the Northern District have granted leave to amend where the requesting party was less diligent, took far more time to propose amended contentions, and where the case was much further along.

Because Quantum has good cause to amend its invalidity contentions, Riverbed's request for summary judgment on obviousness must fail. Further, even assuming *arguendo* that Quantum were denied leave to amend, Riverbed's Motion is fatally deficient because it is premature. Many months of fact and expert discovery remain, during which evidence of invalidity as yet unknown to the parties may be uncovered. Moreover, none of the claims at issue have been construed by the Court. There remains the possibility the Court's future claim construction orders will open the door to new theories of invalidity. *See* Patent Local Rule 3-6(b)(1) (allowing parties to amend their invalidity contentions without leave of Court following the Court's claim construction ruling). A final validity ruling at this stage of the litigation would serve no useful purpose. That point is especially true of the ruling Riverbed seeks, which would adjudicate the

---

[2] Bruno Decl., Ex. D.

-3-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

validity of some but not all of the claims at issue on some but not all possible grounds of invalidity.

## II. STATEMENT OF FACTS

Riverbed filed its affirmative counterclaim asserting the '249 patent against Quantum on November 13, 2007. (Docket No. 20.)

On January 31, 2008, Quantum served its original Preliminary Invalidity Contentions regarding the '249 patent. (Bruno Decl., Ex. A.)

On April 18, 2008, Quantum served its Proposed Amended Invalidity Contentions on Riverbed. (Bruno Decl., Exs. B-C.)

Dr. David Mazieres was engaged as an expert for Quantum on February 13, 2008. (Declaration of David E. Heisey in Support of Quantum Corporation's Motion for Leave to Amend Its Preliminary Invalidity Contentions, and Quantum's Opposition to Riverbed's Motion for Summary Judgment of Validity of U.S. Patent 7,116,249 ("Heisey Decl.") ¶ 2.)

At his first substantive meeting Quantum's counsel near the end of February, Dr. Mazieres disclosed a new anticipatory reference, U.S. Patent 6,912,645, to Quantum's counsel and expressed the opinion that the asserted Riverbed claims may be obvious. (Heisey Decl. ¶ 3.)

Throughout March and early April of 2008, Quantum's outside counsel worked diligently to draft its Proposed Amended Invalidity Contentions, which Quantum served on April 18, 2008. (*See* Heisey Decl. ¶ 4; Bruno Decl. ¶ 3 and Ex. B.)

Quantum's original Preliminary Invalidity Contentions disclosed three prior art references upon which Quantum bases its claims that the '249 patent is invalid. (*See generally* Bruno Decl., Ex. A.) Quantum's Proposed Amended Invalidity Contentions assert one additional reference as anticipatory art and also assert obviousness theories, which its original Preliminary Invalidity Contentions did not contain. (*See generally id.*, Exs. B-C.)

-4-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

## III. ARGUMENT

### A. Quantum Has Good Cause to Serve Amended Preliminary Contentions.

#### 1. The "Good Cause" Standard.

Among other ways, a party may amend its infringement or invalidity contentions under Patent Local Rule 3-7, pursuant to an order of the Court if it makes a showing of "good cause." N.D. Cal. Patent L.R. 3-7. The interpretation of Patent Local Rule 3-7 is governed by the law of the Federal Circuit. *O2 Micro Int'l Ltd. v. Monolithic Power Sys., Inc.*, 467 F.3d 1355, 1364 (Fed. Cir. 2006). The Federal Circuit has interpreted the "good cause" standard, consistent with decisions from this District, by focusing on two factors: 1) the diligence of the moving party in seeking to amendment its contentions (be they infringement or invalidity contentions); and 2) whether prejudice to the opposing party would result from amendment. *See id.* at 1363-1368. The party opposing the amendments bears the burden of making a "particularized showing of prejudice." *See Lexar Media, Inc. v. Pretex Elecs. Corp.*, No. C 00-04770, 2007 U.S. Dist. LEXIS 32825, at *3 (N.D. Cal., Apr. 18, 2007).

In evaluating diligence, courts in this District look primarily to the date the movant provided notice of the proposed amendments to the party resisting amendment, rather than the date the proposing party formally moved to amend. *Bd. of Trustees of Stanford v. Roche Molecular Sys., Inc.*, No. C 05-04158, 2008 U.S. Dist. LEXIS 16556, at *9 (N.D. Cal., Mar. 4, 2008) ("In an opinion discussing invalidity contentions, this court has held that notice can be sufficient for good cause."); *Lexar,* 2007 U.S. Dist. LEXIS 32825, at **2-3 ("Plaintiff was therefore on notice of these allegations…[T]o prevent Defendants from being able to assert these defenses would elevate form over substance, particularly where there has been no particularized showing of prejudice by Plaintiff."); *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, No. C 03-1431, 2006 U.S.

-5-

Dist. LEXIS 90856, at **21-22 (N.D. Cal., May 15, 2006); *IXYS Corp. v. Adv. Power Tech., Inc.*, No. C 02-03942, 2004 U.S. Dist. LEXIS 10934, at **3-4 (N.D. Cal., June 16, 2004).

Northern District courts have found that good cause existed for amendment where the movant provided notice to the objecting party, even where the movant was *not* diligent in pursuing the matter with the court. *Fresenius*, 2006 U.S. Dist. LEXIS 90856, at **21-22 (denying patentee's motion to strike accused infringer's anticipation defense even though it was "not apparent to the Court" why the accused infringer did not formally request leave of court during the discovery period); *Bd. of Trustees*, 2008 U.S. Dist. LEXIS 16556, at *9 (though patentee "was arguably not diligent" in pursuing amendment with the court because it waited four months to move after notifying accused infringer, "the court places substance over form to hold [the patentee's] overall diligence was not insufficient")[3].

The Patent Local Rules are "not a straitjacket into which litigants are locked from the moment their contentions are served. There is a modest degree of flexibility, at least near the outset." *Comcast Cable Commc'ns Corp., LLC v. Finisar Corp.*, No. C 06-04206, 2007 WL 716131 at *2 (N.D. Cal., Mar. 2, 2007).

The Court is not precluded from granting leave if it finds that Quantum failed (which it did not) to diligently pursue the bases for amendment. *See Yodlee, Inc. v. Cashedge, Inc.*, No. C 05-01550, 2007 U.S. Dist. LEXIS 39564, at *7 (N.D. Cal., May 17, 2007) (finding *O2 Micro* "of little help" because it did not address "whether the party was diligent in discovering the basis for amendment, and whether lack of such diligence precludes a finding of good cause," and holding "*most importantly*, Yodlee will not be substantially prejudiced" (emphasis added)); *see also generally Computer Acceleration Corp. v. Microsoft Corp.*, 481 F. Supp. 2d 620 (E.D. Tex.

---

[3] Notably, the law firm representing Riverbed, Quinn Emanuel Urquhart Oliver & Hedges, LLP, unsuccessfully opposed the patentee's motion to amend in *Board of Trustees*.

-6-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

2007) (finding accused infringer had not been diligent in searching for and analyzing prior art because it owned the prior art patent it sought to add to its invalidity contentions, but nevertheless granting leave to amend because the reference was important and the patentee would not suffer prejudice).

### 2. Quantum Has Exceeded Northern District Standards of Diligence in Seeking to Amend Its Preliminary Contentions.

Contrary to Riverbed's assertion, Quantum has met and surpassed Northern District standards of diligence in pursuing amendment. Quantum seeks leave to amend its Preliminary Contentions based on Dr. Mazieres alerting Quantum to the significance of an additional prior art patent, and the merits of obviousness contentions. (Heisey Decl. ¶ 3.) Only two-and-a-half months passed between the time Quantum served its original Preliminary Contentions and the time Quantum sought to amend, and in fact gave Riverbed its Proposed Amended Preliminary Contentions.

Courts in the Northern District have granted leave to amend where the party's further analysis led it to propose amended contentions, and where much more time passed between the service of the original contentions and proposal of amended contentions than passed here. In *General Atomics v. Axis-Shield ASA*, the patentee moved to amend its preliminary infringement contentions "because it did not conceive of the infringement theory it [sought] to add until the parties exchanged preliminary claim construction statements." *General Atomics v. Axis-Shield ASA*, No. C 05-04074, 2006 U.S. Dist. LEXIS 58939, at *4 (N.D. Cal., Aug. 9, 2006). Judge Illston granted leave to amend, noting that "only three months" had passed since the patentee served its original contentions, and the "case had existed for only eight months." *Id.* at **4-5.

Similarly, in *Tessera, Inc. v. Adv. Micro Devices, Inc.*, the accused infringer/defendant notified the patentee of its intention to amend its preliminary invalidity

-7-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

contentions approximately seven months after serving its original contentions, and did not formally move for another month after that. *Tessera, Inc. v. Adv. Micro Devices, Inc.*, No. C 05-4063, 2007 U.S. Dist. LEXIS 35957, at \*\*5-6 (N.D. Cal., Apr. 30, 2007). The defendant explained that it had not previously located seven of nine additional references, and as to the other two, their materiality had not been evident. *Id*. Judge Wilken granted leave to amend even though the "case [wa]s not near the outset." *Id*. at \*8.

Here, Quantum has even better cause for amendment than the parties seeking leave in *General Atomics* and *Tessera*, as Quantum diligently evaluated the '249 patent, and only learned that the proposed amendments were meritorious after diligently locating and engaging one of the foremost experts in the world on the pertinent technology. (Heisey Decl. ¶¶ 2-3.)

Further, as is obvious in the cases above, in gauging diligence, courts often consider the amount of time that passed between service of the original contentions and the movant pursuing amendment with the opposing party. *See, e.g., Bd. of* Trustees, 2008 U.S. Dist. LEXIS 16556, at \*11; *Tessera*, 2007 U.S. Dist. LEXIS 35957, at \*8; *General Atomics*, 2006 U.S. Dist. LEXIS 58939, at \*6; *ZiLOG, Inc. v. Quicklogic Corp*., No. C 03-03725, 2006 U.S. Dist. LEXIS 12844, at \*4 (N.D. Cal. Mar. 6, 2006).

Quantum worked diligently to prepare its Proposed Amended Invalidity Contentions. (Heisey Decl. ¶ 4.) Less time (only two-and-a-half months) elapsed before Quantum provided Riverbed with its Proposed Amended Invalidity Contentions and/or this case is not as far along as *General Dynamics* and *Tessera*, as well as other cases in which courts granted leave to amend. *See Yodlee*, 2007 U.S. Dist. LEXIS 39564, at \*\*3-7 (granting leave to amend even *final* invalidity contentions where party served original contentions seven months after claim construction order, served amended contentions two months after that, and fact discovery closed in less than three months); *ZiLOG*, 2006 U.S. Dist. LEXIS 12844, at \*\*2-4 (granting leave to amend

-8-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

preliminary infringement contentions where "effectively" three months had passed, and because of stay for reexamination, over one-and-a-half years had actually passed); *see also generally Alt v. Medtronic, Inc.*, No. 2:04-CV-370, 2006 U.S. Dist. LEXIS 4435 (E.D. Tex., Feb. 1, 2006) (granting leave where accused infringer sought to amend invalidity contentions approximately six months after serving original contentions, after claim construction hearing, and with discovery and expert deadlines three to four months away, based in part on continued analysis with its own employees and experts, as well as documents produced by opposing party).

### 3.    Riverbed Will Not Be Prejudiced if the Court Allows Amendment.

Riverbed received Quantum's Proposed Amended Preliminary Contentions before Riverbed took or defended any depositions in this case, nearly a month before the parties filed their Joint Claim Construction and Prehearing Statement, and nearly one-and-a-half months before opening claim construction briefs were due. Further, claim construction briefing just began, and non-expert discovery does not close until November 7, 2008. Thus, Riverbed cannot bear its burden of proving it will be prejudiced.

One Northern District court has aptly rejected similar assertions of prejudice in granting a motion to amend preliminary contentions:

> While it is true that General Atomics has incurred the substantial expense of a summary judgment motion, it is also true that its motion for summary judgment was brought very early in the case, even before claim construction had occurred. Thus, any prejudice General Atomics suffers is also partially attributable to its own choice to bring a motion for summary judgment before Axis Shield's preliminary infringement contentions had been finalized.

*General Atomics*, 2006 U.S. Dist. LEXIS 58939, at \*\*6-7. The Court should do the same here.

### 4.    The Cases Upon Which Riverbed Relies Are Inapposite.

In *Berger v. Rossignol Ski Co.*, the plaintiffs first accused the defendants of infringing *seven years* before the plaintiffs moved to amend their infringement contentions, and

-9-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

had filed their original contentions five weeks late. *Berger v. Rossignol Ski Co.*, No. C 05-02523, 2006 U.S. Dist. LEXIS 23085, at \*\*10, 13-14 (N.D. Cal., Apr. 25, 2006). Plaintiffs essentially explained that they did not include the proposed amendments sooner due to error, but the court found that the omission was a "deliberate strategic course." *Id.* at \*\*9, 11, 13-14.

In *O2 Micro*, the patentee served its amended *final* infringement contentions more than a year after it served its preliminary infringement contentions, five months after the claim construction order, four months after its original final infringement contentions, and several weeks after the fact discovery cutoff. *O2 Micro*, 467 F.3d at 1358-59, 1361-62. The patentee knew of the theory it was attempting to assert for more than a year, and explored that theory at a deposition approximately three months before proposing its amended final contentions. *Id.* at 1361.

Here, Quantum served its Proposed Amended Invalidity Contentions near the outset of the '249 case, before the parties took depositions, weeks before the Joint Claim Construction Statement was due, and less than three months after serving its original Preliminary Contentions. *Berger* and *O2 Micro* are thus inapposite. *See Bd. of Trustees*, 2008 U.S. Dist. LEXIS, at \*\*10-11 (distinguishing *Berger* because it was premised not only on a three-month delay, but on the fact that plaintiffs' only explanation was that they erred, and noting that *O2 Micro* affords discretion rather than mandates denial of leave); *Yodlee*, 2007 U.S. Dist. LEXIS 39564, at \*\*7-8 (finding *O2 Micro* "of little help" because it did not address "whether the party was diligent in discovering the basis for amendment, and whether lack of such diligence precludes a finding of good cause"); *General Atomics*, 2006 U.S. Dist. LEXIS 58939, at \*5 (distinguishing *Berger* because it "involved far more dilatory conduct on the patent owner's part").

-10-

W02-WEST:6NB1\400754973.2
Case No. C 07-04161 WHA

QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF VALIDITY OF U.S. PATENT 7,116,249

**B.    Summary Judgment of Validity of the '249 Patent Is Not Appropriate.**

      **1.    Summary Judgment Is Premature Given the Posture of the Case.**

Riverbed has not submitted a shred of evidence pertaining to the validity of its '249 patent. Riverbed seeks summary judgment in its favor on purely procedural grounds with nine months left before trial and five months left before the close of discovery. This case is in the throes of discovery, and the claim construction hearing is not for nearly a month (July 9, 2008). Claim construction is essential to the invalidity analysis. *See, e.g., Akamai Techs., Inc. v. Cable & Wireless Internet Servs., Inc.*, 344 F.3d 1186, 1195 n.4 (Fed. Cir. 2003) ("Before the factual question of anticipation may be addressed, a court must first properly construe the claims before it.").

Further, the Patent Local Rules foreclose summary judgment at this juncture because Rule 3-6(b) allows for amendment of invalidity contentions based on events that may still occur:

> Not later than 50 days after service by the Court of its Claim Construction ruling, each party opposing a claim of patent infringement may serve "Final Invalidity Contentions" without leave of court that amend its "Preliminary Infringement Contentions" with respect to the information required by Patent L.R. 3-3 if: (1) a party claiming patent infringement has served "Final Infringement Contentions" pursuant to Patent L.R. 3-6(a), or (2) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.

It would be premature to grant summary judgment of validity of the '249 patent on any theory, given Quantum may serve final invalidity contentions pursuant to Patent L.R. 3-6(b), and the Court's claim construction may render some or all of the asserted claims invalid under theories not yet known.

The non-expert discovery cutoff is almost five months away, and the expert discovery cutoff nearly six. Quantum has only taken a few depositions, all of which were limited

-11-

to claim construction.  Thus, even if the Court denies leave to amend, the Court should deny Riverbed's Motion for Summary Judgment in its entirety.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) ("In our view, Rule 56(c) mandates the entry of summary judgment, *after adequate time for discovery* and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial" (emphasis added)); *Dunkin Donuts of Am., Inc. v. Mallurgical Exoproducts Corp.*, 840 F.2d 917, 919 (Fed. Cir. 1988) ("The Supreme Court has made clear that summary judgment is inappropriate unless a tribunal permits the parties adequate time for discovery."); *Zell v. Intercapital Income Secs. Inc*., 675 F.2d 1041, 1044-46 (9th Cir. 1982) (holding summary judgment improper where defendants refused to provide discovery and district court implicitly denied motion to compel); *see also General Atomics*, 2006 U.S. Dist. LEXIS 58939, at \*\*6-7.

### 2.    There Are Material Factual Disputes Regarding Obviousness.

As explained above, Quantum has good cause to formally serve its Proposed Amended Invalidity Contentions, which posit that all asserted claims of the '249 patent are obvious.  If the Court grants leave to amend, then by definition, the Court must deny Riverbed's request for summary adjudication on non-obviousness grounds.  Summary judgment on obviousness is thus doubly inappropriate.

## IV.    CONCLUSION

"[P]reliminary [] contentions are still preliminary."  *General Atomics*, 2006 U.S. Dist. LEXIS 58939, at \*\*5-6.  The Court has an important public interest in eliminating invalid patents.  *See Fresenius Med. Care Holdings, Inc. v. Baxter Int'l, Inc.*, C 03-1431, 2005 U.S. Dist. LEXIS 44136, at \*\*9-10 (N.D. Cal., August 24, 2005) (*citing Nestier Corp. v. Menasha Corp.-Lewisystems Div*., 739 F.2d 1576, 1581 (Fed. Cir. 1984) ("There is a stronger public interest in the

-12-

1  elimination of invalid patents than in the affirmation of a patent as valid.")).  Quantum has

2  diligently sought and analyzed prior art to the '249 patent, and provided Riverbed with its

3  Proposed Amended Invalidity Contentions.  In short, Quantum did not strategically delay

4  investigating or pursuing its amended Preliminary Contentions.  Quantum respectfully requests

5  that the Court grant Quantum's Motion for leave to serve its amended Preliminary Contentions.

6

7  Quantum's First Amended Preliminary Invalidity Contentions that Quantum requests leave to

8  formally serve are attached as Exhibit F (as a pleading with clean versions of claim charts attached

9  as Exhibits A-G thereto) to the Bruno Declaration filed concurrently herewith.

10     If the Court grants leave to amend, then by definition, the Court must deny

11 summary judgment of validity 35 U.S.C. Section 103, as Riverbed's non-obviousness argument is

12

13 premised on the Court denying leave.  Even if the Court denies Quantum leave to amend,

14 however, the Court should still deny summary judgment of validity of the '249 patent on all

15 grounds, as summary judgment is premature.  Riverbed's Motion ignores the fact that the claims

16 have not been construed, ignores the Patent Local Rule that potentially allows Quantum to serve

17 final invalidity contentions at a later juncture in this case, and ignores Riverbed's failure to provide

18 adequate discovery.

19

20
Dated:  June 12, 2008
21
                                               SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
22                                             By

23                                                        /s/ Nathaniel Bruno
                                                       AMAR L. THAKUR
24                                                    MAURICIO A. FLORES
                                                       NATHANIEL BRUNO
25
                                                          Attorneys for
26                                                    QUANTUM CORPORATION

27

28
                                                -13-
W02-WEST:6NB1\400754973.2                    QUANTUM'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY
Case No. C 07-04161 WHA                      INVALIDITY CONTENTIONS, AND OPPOSITION TO RIVERBED'S MSJ OF
                                                                VALIDITY OF U.S. PATENT 7,116,249