# Exhibit D

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
(650) 801-5020

WRITER'S INTERNET ADDRESS
toddbriggs@quinnemanuel.com

April 28, 2008

*VIA E-MAIL*

Mauricio Flores
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006

Re:   *Riverbed Technology, Inc. v. Quantum Corp.*, Case No. 07-04161

Dear Mauricio,

This is in response to Quantum's request to serve supplemental invalidity contentions for Riverbed's '249 patent. As I am sure you are aware, parties cannot supplement their preliminary invalidity contentions unless they show "good cause" for the amendment. *See* Patent L.R. 3-7. This is a high standard that requires a detailed showing of diligence. *See O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1363-66 (Fed. Cir. 2006); *see also Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (holding that the good cause standard for modification of a case management order under Fed. R. Civ. P. 16(b) "primarily considers the diligence of the party seeking the amendment"). Your request ignores this requirement and fails to provide any facts showing that Quantum diligently sought and uncovered any new information that would justify your proposed amendment.

The facts show that Quantum has had more than ample time and opportunity to prepare its invalidity case on the '249 patent. Indeed, Quantum has likely been preparing its case on the '249 patent since at least October 17, 2006 – <u>just two weeks after the '249 patent issued</u>. *See* Quantum Corporation's First Set of Supplemental Responses to Riverbed Technology, Inc.'s Second Set of Interrogatories at 30. According to Quantum's interrogatory responses, its employee Rod Wideman downloaded a copy of the '249 Patent at that time "for work product review." That fact that Mr. Wideman downloaded a copy of the '249 immediately after its issuance shows that Quantum was extremely concerned about its infringement of Riverbed's

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL (212) 702-8100 FAX (212) 702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

51198/2484319.1

Mauricio Flores
April 28, 2008
Page 2

patent. Accordingly, the ensuing "work product review" undoubtedly centered on the validity of the '249 patent as well as Quantum's infringement of the patent.

During the following months, Quantum's analysis of the '249 patent intensified. Quantum's privilege log shows that Mr. Wideman continued to analyze the '249 patent in early 2007 and that Quantum then retained an outside patent attorney, John Vandenberg from the Klarquist Sparkman Law Firm, to further analyze the '249 patent. Numerous entries on the privilege log show that Mr. Vandenberg performed "analysis of Riverbed '249 patent" during June and July of 2007. These entries include communications between Mr. Vandenberg and Mr. Wideman and other Quantum employees. Mr. Vandenberg's "analysis of Riverbed '249" undoubtedly focused on invalidity issues with respect to the '249 patent.

Several months later, in November 2007, Riverbed asserted the '249 patent against Quantum in this action. Quantum then had several additional months to refine its invalidity case on the '249 patent and to prepare and serve its formal invalidity contentions on January 31, 2007. Thus, Quantum had been actively preparing its invalidity case on the '249 for approximately <u>15 months</u> before it severed its invalidity contentions in January 2008.

In light of the foregoing, Riverbed does not believe that "good cause" could possibly exist for Quantum's proposed amendments. If you disagree, please provide us with a detailed explanation of how the amendment would satisfy the "good cause" requirement. Also, please explain why Quantum's 15 month analysis of the '249 patent did not provide it with an ample opportunity to prepare its invalidity contentions in this action.

Very truly yours,

Todd M. Briggs

51198/2484319.1