# EXHIBIT I

# PATENT COOPERATION TREATY

From the:
INTERNATIONAL PRELIMINARY EXAMINING AUTHORITY

| To:<br><br>Madderns<br>1st Floor Wolf Blass House<br>64 Hindmarsh Square<br>ADELAIDE S A 5000 | **PCT**<br><br>WRITTEN OPINION<br><br>(PCT Rule 66) | |
|---|---|---|
| | Date of mailing<br>day/month/year | 10 . 9 . 96 |
| Applicant's or agent's file reference<br>P 3697/10961 WGM:ss | REPLY DUE | within **TWO MONTHS**<br>from the above date of mailing |
| International application No.<br>PCT/AU 96/00081 | International filing date<br>15 February 1996 | Priority Date<br>17 February 1995 |

International Patent Classification (IPC) or both national classification and IPC

Int. Cl.$^6$   H03M 7/30, H04L 23/00, G06F 7/00, 7/06, 7/22

Applicant
(1)   TRUSTUS PTY LTD.
(2)   WILLIAMS, Ross Neil

11 SEP 1996

1. This written opinion is the **first** (first, etc) drawn by this International Preliminary Examining Authority.
2. This opinion contains indications relating to the following items:.

| | | |
|---|---|---|
| I | [X] | Basis of the opinion |
| II | [ ] | Priority |
| III | [ ] | Non-establishment of opinion with regard to novelty, inventive step and industrial applicability |
| IV | [ ] | Lack of unity of invention |
| V | [X] | Reasoned statement under Rule 66.2(a)(ii) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement |
| VI | [ ] | Certain documents cited |
| VII | [ ] | Certain defects in the international application |
| VIII | [X] | Certain observations on the international application |

3. The applicant is hereby **invited to reply** to this opinion.

   **When?**   See the time limit indicated above. The applicant may, before the expiration of that time limit, request this Authority to grant an extension, see Rule 66.2(d).

   **How?**   By submitting a written reply, accompanied, where appropriate, by amendments, according to Rule 66.3.
   For the form and the language of the amendments, see Rules 66.8 and 66.9.

   **Also**   For an additional opportunity to submit amendments, see Rule 66.4.
   For the examiner's obligation to consider amendments and/or arguments, see Rule 66.4bis.
   For an informal communication with the examiner, see Rule 66.6.

   If no reply is filed, the international preliminary examination report will be established on the basis of this opinion.

4. The final date by which the international preliminary examination report must be established according to Rule 69.2 is:   **17 June 1997**

| Name and mailing address of the IPEA/AU<br>AUSTRALIAN INDUSTRIAL PROPERTY ORGANISATION<br>PO BOX 200<br>WODEN ACT 2606<br>AUSTRALIA      Facsimile No. (06) 285 3929 | Authorized Officer<br><br>J. LAW<br><br>Telephone No. (06) 283 2179 |
|---|---|

Form PCT/IPEA/408 (cover sheet) (January 1994)copvak

| I. | Basis of the opinion |

1. This opinion has been drawn on the basis of *(Substitute sheets which have been furnished to the receiving Office in response to an invitation under Article 14 are referred to in this opinion as "originally filed".)*:

   ☐ the international application as originally filed.

   ☒ the description,   pages 1-60,   as originally filed,
                        pages ,   filed with the demand,
                        pages ,   filed with the letter of .

   ☒ the claims,   Nos. ,   as originally filed,
                        Nos. 1-31,   as amended under Article 19,
                        Nos. ,   filed with the demand,
                        Nos. ,   filed with the letter of .

   ☒ the drawings,   sheets/fig 1-26,   as originally filed,
                        sheets/fig ,   filed with the demand,
                        sheets/fig ,   filed with the letter of .

2. The amendments have resulted in the cancellation of:

   ☐ the description,   pages

   ☒ the claims,   Nos. 1-51

   ☐ the drawings,   sheets/fig

3. ☐ This opinion has been established as if (some of) the amendments had not been made, since they have been considered to go beyond the disclosure as filed, as indicated in the Supplemental Box (Rule 70.2(c)).

4. Additional observations, if necessary:

Form PCT/IPEA/408 (Box I) (January 1994)copvak

QU00882987

| II. | Priority |
|---|---|

1. ☐ This opinion has been established as if no priority had been claimed due to the failure to furnish within the prescribed time limit the requested:

    ☐ copy of the earlier application whose priority has been claimed.

    ☐ translation of the earlier application whose priority has been claimed.

2. ☐ This opinion has been established as if no priority had been claimed due to the fact that the priority claim has been found invalid.

Thus for the purposes of this opinion, the international filing date indicated above is considered to be the relevant date.

3. Additional observations, if necessary:

Form PCT/IPEA/408 (Box II) (January 1994)copvak

QU00882988

| III. | Non-establishment of opinion with regard to novelty, inventive step and industrial applicability |
|---|---|

The questions whether the claimed invention appears to be novel, to involve an inventive step (to be non-obvious), or to be industrially applicable have not been and will not be examined in respect of:

☐ the entire international application,

☐ claims Nos.: .

because:

☐ the said international application, or the said claim Nos.     relate to the following subject matter which does not require an international preliminary examination *(specify)*:

☐ the description, claims or drawings *(indicate particular elements below)* or said claims Nos.     are so unclear that no meaningful opinion could be formed *(specify)*:

☐ the claims, or said claims Nos.     are so inadequately supported by the description that no meaningful opinion could be formed.

☐ no international search report has been established for said claim Nos.

Form PCT/IPEA/408 (Box III) (January 1994)copvak

| IV. | Lack of unity of invention |
|---|---|
| 1. | In response to the invitation (Form PCT/IPEA/405) to restrict or pay additional fees the applicant has:<br><br>☐ restricted the claims.<br><br>☐ paid additional fees.<br><br>☐ paid additional fees under protest.<br><br>☐ neither restricted nor paid additional fees. |
| 2. | This Authority found that the requirement of unity of invention is not complied with for the following reasons and chose, according to Rule 68.1, not to invite the applicant to restrict or pay additional fees: |
| 3. | Consequently, the following parts of the international application were the subject of international preliminary examination in establishing this report:<br><br>☐ all parts.<br><br>☐ the parts relating to claims Nos. |

Form PCT/IPEA/408 (Box IV) (January 1994)copvak

QU00882990

| WRITTEN OPINION | International application No. PCT/AU 96/00081 |
|---|---|

| V. | Reasoned statement under Rule 66.2(a)(ii) with regard to novelty, inventive step or industrial applicability; citations and explanations supporting such statement |
|---|---|

1. Statement

| | | | |
|---|---|---|---|
| Novelty (N) | Claims | 1-31 | YES |
| | Claims | | NO |
| Inventive step (IS) | Claims | 1-31 | YES |
| | Claims | | NO |
| Industrial applicability (IA) | Claims | 1-31 | YES |
| | Claims | | NO |

2. Citations and explanations

<u>Claims 1-31</u>

The invention of the amended claims is a method and apparatus for identifying identical subblocks of data within one or more blocks of data and of communicating and storing such subblocks. Specifically, data blocks are first partitioned into one or more subblocks. The positions of subblock boundaries are based on k for which $F(b_{k-A} \ldots b_k, b_{k+1} \ldots b_{k+B})$ falls within a predetermined subclass of a set of possible function values, where F is a deterministic or non-deterministic function that returns one of at least two values, and whose arguments include at least a block of A bits and block of B bits.

No individual or obvious combination of citations disclose data block partitioning which involves the evaluation of the function described above.

The closest art of:

US 4698628 A (Herkert et al.) 6 October 1987 shows a method of data transmission where data are divided into one or more subsets. Data reduction is achieved by suppressing subsets with information content which coincides with a predetermined reference content.

Form PCT/IPEA/408 (Box V) (January 1994)copvak

| VI. | Certain documents cited |
|---|---|

1. Certain published documents (Rule 70.10)

| Application No. Patent No. | Publication date (day/month/year) | Filing date (day/month/year) | Priority date (valid claim) (day/month/year) |
|---|---|---|---|
| | | | |

2. Non-written disclosures (Rule 70.9)

| Kind of non-written disclosure | Date of non-written disclosure (day/month/year) | Date of written disclosure referring to non-written disclosure (day/month/year) |
|---|---|---|
| | | |

Form PCT/IPEA/408 (Box VI) (January 1994)copvak

| VII. | Certain defects in the international application |

The following defects in the form or contents of the international application have been noted:

| VIII. | Certain observations on the international application |
|---|---|

The following observations on the clarity of the claims, description, and drawings or on the question whether the claims are fully supported by the description, are made:

Claims 1, 31 are not clear because the arguments of the function F, i.e. $b_{k-A} \ldots b_k$, $b_{k+1}$ $b_{k+B}$, are not defined.

Claim 29 is not clear because the scope of "various actions" cannot be determined.

**Supplemental Box**

(To be used when the space in any of the preceding boxes is not sufficient)

Continuation of:

Form PCT/IPEA/408 (Supplemental Box) (January 1994)

QU00882995