# **EXHIBIT A**

[COUNSEL LISTED ON SIGNATURE PAGES]

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **QUANTUM CORPORATION,** | **Case No. C07-04161 WHA** |
| **Plaintiff,** | **STIPULATED PROTECTIVE ORDER** |
| v. | |
| **RIVERBED TECHNOLOGY INC.,** | **Honorable William H. Alsup** |
| **Defendant.** | **United States District Judge** |
| **AND RELATED COUNTERCLAIMS** | |

1.  **PURPOSES AND LIMITATIONS**

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter this Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential.  The parties further acknowledge, as set forth in Section 10, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Northern District

7.6    Production of Source Code. Unless otherwise indicated, source code shall be designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY – SOURCE CODE" and subject to the same restrictions "Highly Confidential - Attorneys' Eyes Only" information identified in Sections 7.3 through 7.5 above. Source code is subject to the following additional restrictions:

(a)    Disclosure of Source Code. Unless otherwise ordered by the Court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "Highly Confidential - Attorneys' Eyes Only - Source Code" only to those categories of individuals listed in Paragraphs 7.2(a) and (d) through (h) subject to the restrictions therein.

(b)    Manner of Production. Quantum shall make properly discoverable source code in its possession, custody or control available for inspection on a computer in a private room at the San Francisco office of its Outside Counsel: Sheppard Mullin Richter & Hampton, LLP, Four Embarcadero Center, 17th Floor, San Francisco, CA 94111. Riverbed shall make properly discoverable source code in its possession, custody or control available for inspection on a computer in a private room at the Redwood Shores office of its Outside Counsel: Quinn Emanuel Urquhart Oliver & Hedges, 555 Twin Dolphin Drive, Suite 560, Redwood Shores, CA 94065. Once source code has been made available for inspection by a Producing Party, the Receiving Party's Outside Counsel and its Experts shall have the opportunity to inspect the source code by making a request in writing to the Producing Party. The Producing Party shall allow inspection of the source code within two (2) business days of receiving the written request for inspection from the Receiving Party. The written request shall include the names of the individuals that will be present when the source code is inspected. The Receiving Party may inspect the source code as many times or days as reasonably necessary for preparation of its case. Source code shall be made available for inspection from the hours of 9:00 a.m. to 6:00 p.m. on regular business days. The Receiving Party shall maintain a daily log of the names of individuals who view the source code including the dates and times of viewing and shall provide copies of the log to the Producing Party upon request. The Receiving Party's

1    Outside Counsel and its Experts shall be entitled to bring and use software tools stored on read-only

2    media for viewing, searching, and analyzing source code.

3              (c)    No electronic copies.  A Receiving Party shall not make any electronic

4    copies of source code.  This section does not preclude the creation of temporary copies that are made

5    in the normal operation of the computer on which the source code resides or the creation of

6    temporary output files created on the computer on which the source code resides through the use of

7    software tools used to view, search, or analyze source code.

8              (d)    Limitations on Print-outs.  The Producing Party shall make available a

9    printer for on-site printing during inspection of the source code.  No paper print-outs shall be made

10   of source code except for: (i) portions necessary for use in, and preparation for, court filings and

11   proceedings, expert reports, and depositions of persons or entities permitted to access "Highly

12   Confidential - Attorneys' Eyes Only" information; and (ii) such other uses to which the Parties may

13   agree or that the Court may order.  Any printed copies shall be limited only to those portions of the

14   source code for which a printed copy is reasonably needed at the time.  Each page of any printed

15   copies of source code shall be printed on yellow (or other non-white) colored paper.  After printing,

16   the Producing Party shall clearly label each page of any printed copies "Highly Confidential -

17   Attorneys' Eyes Only - Source Code" and give each page a unique identification number.  The

18   Producing Party shall make a good faith effort to provide a copy of the labeled and numbered copies

19   on yellow (or non-white) colored paper to Outside Counsel of the Receiving Party within two

20   business days.  The Receiving Party may make one (1) copy of the printed source code pages after

21   delivery for internal use on yellow (or non-white) colored paper.  Printed copies of source code shall

22   be securely maintained in a locked room or cabinet at the office of Outside Counsel of the Receiving

23   Party when not in use and shall be destroyed as soon as they are no longer needed.  Printed copies of

24   source code may be reviewed at the office of Outside Counsel of the Receiving Party by Outside

25   Counsel or the Receiving Party's Experts, but may not be removed from the office of Outside

26   Counsel except that copies may be made for and used in Court filings and proceedings, expert

27

28

1  reports, and depositions of persons or entities permitted to access "Highly Confidential - Attorneys'

2  Eyes Only" information if necessary.

3          (e)    Final Disposition of Source Code.  At the conclusion of this action

4  (including any appeals) and unless the Court otherwise orders, printed copies of source code shall be

5  returned to the Producing Party or, at its choosing, the Receiving Party shall certify that any printed

6  copies of source code have been destroyed.

7      8.  **PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN**

8  **OTHER LITIGATION**

9          If a Receiving Party is served with a subpoena or an order issued in other litigation

10  that would compel disclosure of any information or items designated in this action as "Confidential"

11  or "Highly Confidential - Attorneys' Eyes Only," the Receiving Party must so notify the Designating

12  Party, in writing immediately, no more than three (3) court days after receiving the subpoena or

13  order.  Such notification must include a copy of the subpoena or court order.

14          The Receiving Party also must immediately inform in writing the Party who caused

15  the subpoena or order to issue in the other litigation that some or all the material covered by the

16  subpoena or order is the subject of this Protective Order.  In addition, the Receiving Party must

17  deliver a copy of this Stipulated Protective Order promptly to the Party in the other action that

18  caused the subpoena or order to issue.

19          The purpose of imposing these duties is to alert the interested parties to the existence

20  of this Protective Order and to afford the Designating Party in this case an opportunity to try to

21  protect its confidentiality interests in the court from which the subpoena or order issued.  The

22  Designating Party shall bear the burdens and the expenses of seeking protection in that court of its

23  confidential material – and nothing in these provisions should be construed as authorizing or

24  encouraging a Receiving Party in this action to disobey a lawful directive from another court.

25      9.  **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

26          If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed

27  Protected Material to any person or in any circumstance not authorized under this Stipulated

28