# EXHIBIT C

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

June 13, 2008

*VIA E-MAIL*

Rebecca Hanovice
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006

Re:     *Quantum Corp. v. Riverbed Technology, Inc.*, Case No. 07-04161

Dear Rebecca:

This is in response to your June 3, 2008 letter regarding alleged deficiencies in Riverbed's production. Your statements that "there is nothing untimely about Quantum's complaints [about Riverbed's document production]" and that "Riverbed has not been prejudiced by the alleged delay" are incorrect. Riverbed diligently collected, reviewed, and produced documents it agreed to produce in its December 14 and 24, 2007 Responses and Objections to Quantum's document requests. Quantum waited until March 26, 2008 - *four months* - to complain about Riverbed's responses and objections and the commensurate productions. Nonetheless, Riverbed met and conferred with Quantum in good faith at that time and responded by letter on April 21. Quantum waited until June 3 - *another six weeks* - to provide its latest response. Quantum complaints are untimely.

With regard to the specific points raised in your letter, Riverbed responds as follows:

A. Internal Product Specs and Design Documents
You claim that Riverbed has not produced "any internal product design documents or specifications." This is not correct. Your own letter makes reference to three such documents. Of the RFPs you cite in this section, only RFPs 26 and 39-42 call for documents relating to the operation of Riverbed's products. In response to these RFPs, Riverbed agreed to produce documents "sufficient to show the operation/structure of the accused aspects of the accused

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

51198/2536081.2

Rebecca Hanovice
June 13, 2008
Page 2


Riverbed products and modifications made to the accused aspects of the accused Riverbed products." Riverbed has conducted a reasonable search for such internal product specifications and design documents relating to the accused aspects of its products and has produced the documents it has located to date.

For example, Riverbed produced "NBT File Engine Architecture" (RBT048529-43) and "Segment Store Design and Lookup Details" (RBT048572-74). Riverbed also made available and Quantum has on several occasions inspected Riverbed's source code. Riverbed's source code, as you know, provides detailed information regarding the structure and operation of the accused aspects of its products. If there are specific specifications or technical documents that you believe may exist and have not been produced, please identify those with specificity and we would be happy to consider your request.

B. Damages Related Documents

Your letter requests "internal justifications for R&D budget requests, sales predictions, cost schedules for each model of Steelhead and version of RiOS, and annual and monthly financial summaries from 2002 to the present." As to the last category, Riverbed has provided you with quarterly financial summaries that detail its sales, revenues, costs of revenue, cost of products, cost of support and services, gross profits, operating expenses, net income, sales and marketing, research and development and other data since it started shipping products in 2005. *See, e.g.,* RBT048608-21. With the quarterly summaries in your possession, it is unclear why you would need monthly and yearly summaries. With regard to the additional documents requested, we are looking into your requests and will get back to you as soon as possible. Additionally, please clarify what you mean by "internal justifications for R&D budget requests."

C. Communications and Documents Re: Operation and Development of the Infringing Products

Your letter asks whether Riverbed will supplement its production in this regard. Like the previous category ("Internal Product Specs and Design Documents"), Riverbed believes that it should only be required to produce documents that refer or relate to the accused aspects of its products. In our document production to date, we have endeavored to do so. With regard to additional documents, we are looking into your requests and will get back to you as soon as possible.

D. Development Agreements

You claim that we agreed to produce "development agreements relating to the deduplication capabilities of Riverbed's products" during our April 8 teleconference. We do not recall making that agreement and are not aware of any confirmation of that agreement by letter or otherwise. It is not clear to us what you mean by "development agreements relating to the deduplication capabilities of Riverbed's products." If you would kindly provide more clarity, we would be happy to consider your request.

Rebecca Hanovice
June 13, 2008
Page 3

E. Documents Referring to the '810 Patent and This Lawsuit

With respect to these documents, Riverbed has already conducted a reasonable and diligent search for non-privileged, responsive documents. In addition to producing several such documents, we have also listed many documents on our privilege log. Additionally, Riverbed will look for additional documents and will get back to you as soon as possible.

F. Communications Regarding the '249 Patent

With respect to these documents, Riverbed has already conducted a reasonable and diligent search for non-privileged, responsive documents. In addition to producing several such documents, we have also listed many documents on our privilege log. Additionally, Riverbed will look for additional documents and will get back to you as soon as possible.

G. Riverbed's Document Collection and Production Procedures

Riverbed identified numerous individuals likely to have documents responsive to Quantum's document requests. Riverbed collected documents from these individuals and has produced responsive, non-privileged documents it located. Riverbed is still in the process of reviewing some documents it has collected and will produce those as soon as possible. As you know, the parties' discovery obligations are ongoing and both Riverbed and Quantum are under a duty to supplement such responses where appropriate. Thus, Riverbed will produce additional responsive, non-privileged documents in those instances where such additional documents are identified.

H. RFPs 91, 92, and 98 (inventorship, prosecution documents)

With respect to these requests, Riverbed has already conducted a reasonable and diligent search for non-privileged, responsive documents. In addition to producing several such documents, we have also listed many documents on our privilege log. If additional documents are discovered, Riverbed will provide those to you or amend its privilege log.

I. Additional Items

Your letter states that Riverbed is required to state that "it will produce *all* responsive, non-privileged documents as required by Paragraph 13 of Judge Alsup's Supplemental Order." However, Judge Alsup's Order requires that:

> "[I]n responding to requests for documents and materials under FRCP 34, all parties shall affirmatively state in a written response the full extent to which they will produce all such materials so described that are locatable after a diligent search..." and "confirm in writing that they have produced all such materials so described that are locatable after a diligent search."

Rebecca Hanovice
June 13, 2008
Page 4


Riverbed has complied with this rule by affirmatively stating the full extent to which it will produce documents identified in its responses to document requests. Riverbed will confirm that it has produced all such documents located after a reasonable and diligent search in due course. Riverbed notes that Quantum has provided no such confirmation to date.

In summary, Riverbed will look into the categories of documents you identified in sections B, C, E, and F. We request that you provide additional clarification for your requests in sections B and D.

Please feel free to contact me with questions about any of the above.


Sincerely,

*[signature]*

David Wei, Jr.