IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUANTUM CORPORATION,

    Plaintiff,

  v.

RIVERBED TECHNOLOGY, INC.,

    Defendant.
_____/

AND RELATED COUNTERCLAIM.
_____/

No. C 07-04161 WHA

**ORDER DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, GRANTING PLAINTIFF'S MOTION FOR LEAVE TO AMEND ITS PRELIMINARY INFRINGEMENT CONTENTIONS, AND VACATING HEARINGS**

    In this patent infringement action, defendant and counterclaimant Riverbed Technology Inc., moves for summary judgment of: (1) validity of claims 26 and 27 of U.S. Patent No. 7,116,249; (2) validity of all asserted claims of the '249 patent with respect to 35 U.S.C. 103; and (3) validity of all asserted claims of the '249 patent with respect to 35 U.S.C. 112. This action was brought by plaintiff Quantum Corp., on August 14, 2007, alleging Riverbed infringed U.S. Patent No. 5,990,810. On November 28, Riverbed counterclaimed alleging infringement of the '249 patent.

    Quantum served its preliminary invalidity contentions on January 31. Significantly, in its preliminary infringement contentions Quantum did not challenge the validity of asserted claims 26 and 27 of the '249 patent and did not make any challenge as to the validity of all asserted claims under either Section 103 or Section 112. On April 18, Quantum served Riverbed with new proposed preliminary invalidity contentions including invalidity grounds

based on Section 103. Riverbed refused to stipulate to the proposed amendments and instead filed this motion on May 29. Quantum then filed with its opposition a motion for leave to amend its preliminary invalidity contentions.

Under Patent Local Rule 3-7, "[a]mendment or modification of the . . . Preliminary or Final Invalidity Contentions, other than as expressly permitted in Patent L.R. 3-6, may be made only by order of the Court, which shall be entered *only upon a showing of good cause*" (emphasis added). Patent Local Rule 3-6 provides:

> Each party's 'Preliminary Infringement Contentions' and 'Preliminary Invalidity Contentions' shall be deemed to be that party's final contentions, except as set forth below.
>
> (a)  If a party claiming patent infringement believes in good faith that (1) the Court's Claim Construction Ruling or (2) the documents produced pursuant to Patent L.R. 3-4 so requires, not later than 30 days after service by the Court of its Claim Construction Ruling, that party may serve 'Final Infringement Contentions' without leave of court that amend its 'Preliminary Infringement Contentions'
>
> (b) Not later than 50 days after service by the Court of its Claim Construction Ruling, each party opposing a claim of patent infringement may serve 'Final Invalidity Contentions' without leave of court that amend its 'Preliminary Invalidity Contentions' with respect to the information required by Patent L.R. 3-3 if:
>
> (1) a party claiming patent infringement has served 'Final Infringement Contentions' pursuant to Patent L.R. 3-6(a),
>
> or
>
> (2) the party opposing a claim of patent infringement believes in good faith that the Court's Claim Construction Ruling so requires.[1]

Quantum argues that it acted diligently and in good faith in making the amendments because it was only shortly after it served its preliminary invalidity contentions that its expert witness advised it of a particular prior art reference for which its amendments are based. In addition, Quantum maintains that Riverbed would not be prejudiced if the amendments were allowed. In

---

[1]  The Patent Local Rules (and specifically Patent Local Rule 3-6) have recently been amended. But because both Quantum and Riverbed's infringement claims were filed well before the amendments became effective, the former patent local rules apply here.

2

light of the relatively early posture of this case, the amendments will be allowed. Only six months had passed between when Riverbed filed its counterclaim and when this motion was filed. No claim construction order has been issued and Quantum proposed its amendments a month before the joint claim construction and prehearing statements were due. Not a single deposition had been taken by either party. The non-expert discovery cutoff is in November and the final day to file dispositive motions is in December. Riverbed argues that it relied on Quantum's preliminary invalidity contentions in forming its claim construction arguments. But Riverbed received Quantum's proposed amendments a month before the joint claim construction was due and was therefore on notice of Quantum's *proposed* amendments. Further, there still remains the possibility that a party will amend its invalidity or infringement contentions after the Court issues its claim construction order under Patent Local Rule 3-6 (quoted above). Accordingly, Quantum's motion for leave to amend its preliminary infringement contentions is **GRANTED** and Riverbed's motion for summary judgment is **DENIED**. The hearings on both motions are hereby **VACATED**.[2]

Riverbed's motion for summary judgment, however, was well taken at the time it was filed. Quantum had yet to even move for leave to amend its preliminary invalidity contentions. Quantum has also given no explanation for the extended delay between when Riverbed refused to stipulate to the proposed amendments (April 28) and when it filed its motion for leave to amend (June 12). As such, Quantum is ordered to reimburse Riverbed for all costs and fees associated with bringing its motion for summary judgment and opposing Quantum's motion for leave to amend. The parties should follow the procedure set forth in the accompanying order to resolve the particular amount to be paid by Quantum.

**IT IS SO ORDERED.**

Dated: July 14, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

---

[2] In its reply in support of its motion for summary judgment, Riverbed contends that Quantum has stonewalled discovery on several documents relevant to both pending motions. The Court is saddened to here about this issue. Due to the high number of discovery disputes made in this case, the Court had previously referred all discovery matters to a magistrate judge. The stonewalling issues raised in Riverbed's reply should be brought to the attention of the magistrate judge.