United States District Court

For the Northern District of California

1
2
3
4
5
6          IN THE UNITED STATES DISTRICT COURT

7          FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10   QUANTUM CORPORATION,

11          Plaintiff,                              No. C 07-04161 WHA

12     v.

13    RIVERBED TECHNOLOGY, INC.,                    **ORDER RE ATTORNEY'S
                                                    FEES AND COSTS**
14          Defendant.
                                          /
15
16   AND RELATED COUNTERCLAIM.
                                          /
17

18          1.      As recently held, Riverbed is entitled to recover attorney's fees and costs

19   associated with bringing its motion for summary judgment and opposing Quantum's motion for

20   leave to amend.

21          2.      The following procedure will be used to determine the amount of an award

22   herein.  It will be structured to allow meaningful evaluation of the time expended.

23          3.      No later than **JULY 30, 2008**, Riverbed's attorneys must file and serve a detailed

24   declaration, organized by discrete projects, breaking down all attorney and paralegal time

25   sought to be recovered.  For each project, there must be a detailed description of the work,

26   giving the date, hours expended, attorney name, and task for each work entry, in chronological

27   order.  A "project" means a deposition, a motion, a witness interview, and so forth.  It does not

28   mean generalized statements like "trial preparation" or "attended trial."  It includes discrete

**United States District Court**
For the Northern District of California

1   items like "prepare supplemental trial brief on issue X."  The following is an example of time

2   collected by a project.

3                            PROJECT:  ABC DEPOSITION (2 DAYS IN FRESNO)

| Date | Time-keeper | Description | Hours x | Rate = | Fee |
|------|-------------|-------------|---------|--------|-----|
| 01-08-01 | XYZ | Assemble and photocopy exhibits for use in deposition. | 2.0 | $100 | $200 |
| 01-09-01 | RST | Review evidence and prepare to examine ABC  at deposition. | 4.5 | $200 | $900 |
| 01-10-01 | XYZ | Research issue of work-product privilege asserted by deponent. | 1.5 | $100 | $150 |
| 01-11-01 | RST | Prepare for and take deposition. | 8.5 | $200 | $1700 |
| 01-12-01 | RST | Prepare for and take deposition. | 7.0 | $200 | $1400 |
| | | Project Total: | 23.5 | | $4350 |

13    4.    All entries for a given project must be presented chronologically one after the

other, *i.e.*, uninterrupted by other projects, so that the timeline for each project can be readily

grasped.  Entries can be rounded to the nearest quarter-hour and should be net of write-down for

inefficiency or other cause.  Please show the sub-totals for hours and fees per project, as in the

example above, and show grand totals for all projects combined at the end.  Include only entries

for which compensation is sought, *i.e.*, after application of "billing judgment."  For each

project, the declaration must further state, in percentage terms, the proportion of the project

directed at issues for which fees are awardable and must justify the percentage.  This percentage

should then be applied against the project total to isolate the recoverable portion (a step not

shown in the example above).

23    5.    A separate summary chart of total time and fees sought per individual

timekeeper (not broken down by project) should also be shown at the end of the declaration.

This cross-tabulation will help illuminate all timekeepers' respective workloads and roles in the

overall case.

27    6.    The declaration must also set forth (a) the qualifications, experience and role of

each attorney or paralegal for whom fees are sought; (b) the normal rate ordinarily charged for

2

**United States District Court**
For the Northern District of California

1    each in the relevant time period; (c) how the rates were comparable to prevailing rates in the

2    community for like-skilled professionals; and (d) proof that "billing judgment" was exercised.

3    On the latter point, as before, the declaration should describe adjustments made to eliminate

4    duplication, excess, associate-turnover expense, and so forth.  These adjustments need not be

5    itemized but totals for the amount deleted per timekeeper should be stated.  The declaration

6    must identify the records used to compile the entries and, specifically, state whether and the

7    extent to which the records were contemporaneous versus retroactively prepared.  It must state

8    the extent to which any entries include estimates (and what any estimates were based on).

9    Estimates and/or use of retroactively-made records may or may not be allowed, depending on

10   the facts and circumstances.

11           7.       Ordinarily, no more than one attorney and one paralegal need be present at a

12   deposition; more will normally be deemed excessive.  Ordinarily, no more than one attorney

13   need attend a law-and-motion hearing; more will normally be deemed excessive.  To allow for

14   symmetry, however, the award will take into account the staffing used by the opposing party.

15           8.       If the opposing party doubts the accuracy of the declaration, then the moving

16   party must immediately produce the original underlying time records for inspection upon

17   request.  The opposing party must then file and serve any opposition.  In this case, the

18   opposition will be due **FOURTEEN CALENDAR DAYS** after Riverbed's detailed declaration is

19   filed.  If the opposing party contends that any item or project was excessive, then the opposition

20   must explain why and provide a declaration setting forth completely all time expended by the

21   opposing party on the same and on similar projects, in the same format described above, so that

22   symmetry may be considered, making available the underlying records for inspection if

23   requested.  If any billing rates are challenged, then the opposition must state the billing rates

24   charged to the opposing party for all professionals representing the opposing party in the case

25   and their experience levels.  The opposing declaration must also state, as to each project, the

26   percentage of the project the opposition contends was directed at issues on which fees are

27   awardable, stating reasons for the percentage.  This percentage should then be applied against

28   the project total to isolate the recoverable portion.

3

**United States District Court**
For the Northern District of California

1    9.    The opposing submissions may not simply attack the numbers in the application.

2  It must also set forth a counter-analysis.  The counter-analysis should be in the same format

3  required of the applicant, arriving at a final number.  The opposition must clearly identify each

4  line item in the application challenged as excessive, improper or otherwise unrecoverable and

5  explain why.  The opposition, for example, may annotate (legible handwriting will be

6  acceptable) the applicant's declaration to isolate the precise numbers at issue.

7    10.    With the benefit of both sides' filings, representatives of the parties with final

8  decision authority shall meet in person and confer to try to resolve all differences as to the

9  amount.  If no agreement is reached, the moving party must file and serve a declaration showing

10  full compliance with this paragraph, explaining when, where and who met, their decision

11  authority, how long they met, what documents were reviewed together, and the principal points

12  of disagreement.  This must be done within **28 CALENDAR DAYS** of the filing of movant's

13  detailed declaration.

14    11.    If no agreement is reached, a special master shall be appointed.  If the parties

15  cannot agree on a special master, then the Court shall select a special master.  The parties must

16  so advise the Court on this within **28 CALENDAR DAYS** of the filing of movant's detailed

17  declaration.

18    12.    The special master shall have all the powers set forth in FRCP 53(c) and

19  FRCP 54(d)(2)(D).  The parties shall provide the special master with copies of all motion

20  papers and other documents relevant to this dispute.  The special master shall review the briefs

21  and declarations by the parties on the pending motion, hear argument, and then determine a

22  reasonable amount to award, including any fees on fees.  The special master shall also

23  determine the extent to which any discovery should be permitted — with the caution that further

24  discovery should be the exception and not the rule.  The special master shall then prepare and

25  file a report on recommended findings and amount.

26    13.    Absent any supplementation allowed by the special master, the foregoing

27  submissions (together with the briefs already filed) shall be the entire record for the motion.

28  There will be no replies unless allowed later by the special master.  Any further submissions for

**United States District Court**
For the Northern District of California

1  the special master's use should not be filed with the Court.  If objections are later made to the

2  special master's report, the objecting party must file a declaration submitting to the Court a

3  complete appendix of relevant communications with the special master.

4          14.      The Court will allocate the fees of the special master in a fair and reasonable

5  manner, taking into account the reasonableness of the parties' respective positions and the

6  special master's recommendation in this regard.  If the movant must pay, then the special

7  master's compensation shall be *deducted* from the attorney's fee award.  If the opposing party

8  must pay the special master, then it shall pay the special master *and* pay the award.  The Court

9  will, however, reserve final judgment on allocation of the expense of the special master until a

10  final determination of the fee issue.  A final award shall then be entered.

11          15.      Costs will be determined in strict compliance with the local rules.  If a review is

12  sought regarding taxable costs, then the issue may also be referred to a special master (or may

13  not).

14

15          **IT IS SO ORDERED.**

16

17  Dated: July 14, 2008.

18  WILLIAM ALSUP
    UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28