1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

QUANTUM CORPORATION,

    Plaintiff,

  v.

RIVERBED TECHNOLOGY, INC.,

    Defendant.
                                /

AND RELATED COUNTERCLAIMS.
                                /

No. C 07-04161 WHA

**ORDER DENYING MOTIONS TO SEAL**

      All pending motions to seal brought in conjunction with Riverbed's motion for summary judgment and Quantum's motion for leave to amend its preliminary infringement contentions are **DENIED**. In *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006), the Ninth Circuit held that *more* than good cause, indeed, "compelling reasons" are required to seal documents used in dispositive motions, just as compelling reasons would be needed to justify a closure of a courtroom during trial. Otherwise, the Ninth Circuit held, public access to the work of the courts will be unduly compromised. Therefore, no request for a sealing order will be allowed on summary judgment motions (or other dispositive motions) unless the movant first shows a "compelling reason," a substantially higher standard than "good cause." Only social security numbers, names of juveniles, home addresses and phone numbers, and trade secrets of a compelling nature (like the recipe for Coca Cola, for example) will qualify. *If the courtroom would not be closed for the information, nor should any dispositive motion proceedings, which are, in effect, a substitute for trial.*

1  Neither plaintiff nor defendant have given a "compelling reason" for any of the
2  documents to be filed under seal.  In addition, a party may not meet their burden by simply
3  designating a document as confidential.  Such circumstances would confer upon the parties the
4  power to seal any document it so chooses.  For the foregoing reasons, the motions are **DENIED**.
5  **IT IS SO ORDERED.**

7  Dated: July 14, 2008.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE