QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone: (650) 801-5000
Facsimile: (650) 801-5100
Email: claudestern@quinnemanuel.com
        toddbriggs@quinnemanuel.com

Attorneys RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC.,<br><br>    Counterclaimant,<br><br>vs.<br><br>QUANTUM CORPORATION,<br><br>    Counterdefendant.<br><br>QUANTUM CORPORATION,<br><br>    Counterclaimant,<br><br>vs.<br><br>RIVERBED TECHNOLOGY, INC.,<br><br>    Counterdefendant. | CASE NO. C 07-4161 WHA<br><br>**DECLARATION OF TODD BRIGGS IN SUPPORT OF RIVERBED'S STATEMENT IN RESPONSE TO QUANTUM'S NEW ARGUMENT AND CLARIFICATION RE JULY 23, 2008 CLAIM CONSTRUCTION HEARING** |

I, Todd M. Briggs, declare as follows:

1. I am an attorney with the law firm of Quinn Emanuel Urquhart Oliver & Hedges ("Quinn Emanuel"), counsel for Riverbed Technologies, Inc. ("Riverbed"). I submit this declaration in support of Riverbed's Statement in Response to Quantum's New Argument and Clarification Re July 23, 2008 Claim Construction Hearing. I have personal knowledge of the facts stated in this declaration, and if called upon to do so, could and would competently testify thereto.

2. Attached hereto as **Exhibit 1** are true and correct copies of excerpts from the July 23, 2008 claim construction hearing in this case.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 30, 2008 in Redwood Shores, California.

Dated: July 30, 2008

                                        /s/ Todd M. Briggs
                                        Todd M. Briggs

# EXHIBIT 1

```
 1                                      PAGES 1 - 52
 2              UNITED STATES DISTRICT COURT
 3              NORTHERN DISTRICT OF CALIFORNIA
 4         BEFORE THE HONORABLE WILLIAM H. ALSUP
 5    QUANTUM CORPORATION,           )
                                     )
 6              PLAINTIFF,           )
                                     )
 7       VS.                         )  NO. C 07-4161 WHA
                                     )
 8    RIVERBED TECHNOLOGY, INC.,     )
                                     )  SAN FRANCISCO, CALIFORNIA
 9              DEFENDANT.           )  WEDNESDAY
      _____)  JULY 23, 2008
10                                   )
      RIVERBED TECHNOLOGY, INC.,     )
11                                   )
                COUNTERCLAIMANT,     )
12                                   )
         VS.                         )
13                                   )
      QUANTUM CORPORATION,           )
14                                   )  SAN FRANCISCO, CALIFORNIA
                COUNTERDEFENDANT.    )
15    _____)
16              TRANSCRIPT OF PROCEEDINGS
17    APPEARANCES:
18    FOR QUANTUM            SHEPPARD, MULLIN, RICHTER & HAMPTON
      CORPORATION            12275 EL CAMINO REAL
19                           SUITE 200
                             SAN DIEGO, CALIFORNIA  92130
20                     BY:   AMAR L. THAKUR, ESQUIRE
                             MAURICIO A. FLORES, ESQUIRE
21
22    (FURTHER APPEARANCES ON FOLLOWING PAGE)
23
24    REPORTED BY:    JOAN MARIE COLUMBINI, CSR 5435, RPR
                      OFFICIAL COURT REPORTER, U.S. DISTRICT COURT
25
```

```
 1   APPEARANCES (CONTINUED):
 2
 3   FOR QUANTUM              SHEPPARD, MULLIN, RICHTER & HAMPTON
     CORPORATION              FOUR EMBARCADERO CENTER
 4                            17TH FLOOR
                              SAN FRANCISCO, CALIFORNIA  94111
 5                       BY:  NATHANIEL BRUNO, ESQUIRE
 6
 7   FOR RIVERBED             QUINN, EMANUEL, URQUHART, OLIVER &
     TECHNOLOGY, INC.            HEDGES
 8                            555 TWIN DOLPHIN DRIVE
                              SUITE 560
 9                            REDWOOD SHORES, CALIFORNIA  94065
                         BY:  CLAUDE M. STERN, ESQUIRE
10                            TODD BRIGGS, ESQUIRE
                              ANDREW J. BRAMHALL, ESQUIRE
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1  WHETHER THE WORD IS CRITERIA, ALGORITHM OR FUNCTION.  THE
2  PATENT USES THE WORD "FUNCTION" AND "ALGORITHM," REPEATEDLY.  I
3  THINK CRITERIA IS A LITTLE EASIER TO UNDERSTAND.  THAT IS WHY
4  WE PROPOSE THAT DEFINITION.
5          ON THE RIGHT SIDE WHAT WE HAVE IS RIVERBED'S
6  PROPOSED CLAIM CONSTRUCTION, AND IT CONSISTS OF TWO DIFFERENT
7  SENTENCES.  I AM GOING TO APPROACH EACH ONE OF THEM SEPARATELY.
8          THE FIRST SENTENCE SAYS THAT THE FUNCTION ACCEPTS A
9  WINDOW OF BYTES OF LENGTH A+B AND RETURNS A BOOLEAN VALUE.
10 SELF EXPLANATORY.
11         OUR COMMENT IS THE REASON WE OPPOSE THIS IS NOT
12 BECAUSE IT'S NECESSARILY TECHNICALLY WRONG, BUT IT ADDS NO
13 CLARITY WHATSOEVER TO WHAT THE TERM ALREADY MEANS.
14         "ACCEPTS A WINDOW," TECHNICALLY YOU DON'T ACCEPT A
15 WINDOW.  THE WINDOW IS SLIDING DOWN.  SO, THE CONFUSION ADDED
16 BY THIS TERM "FRANKLY" IS OUR COMPLAINT WITH THIS.
17         THE BIGGER ISSUE IS -- NEXT SLIDE.  THEY SAY ONLY
18 THE BYTES IN THE WINDOW OF BYTES A + B CAN AFFECT THE DECISION
19 OF WHETHER TO PLACE A BOUNDARY.  THIS IS FLAT WRONG.  THIS IS
20 INSTRUMENTAL TO THE INFRINGEMENT SIDE OF THE CASE.
21         SO, FIRST OF ALL -- THE REASON WE WANT TO FOCUS ON
22 THE SECOND ELEMENT IS BECAUSE IT'S CLEARLY INCONSISTENT WITH
23 WHAT IS EXPRESSLY IN THE SPECIFICATION.  AND SO -- LET ME JUST
24 FLIP BACK ONE SLIDE.  THE FIRST ELEMENT THEY SAY IS,
25 ESSENTIALLY, WHETHER A BOUNDARY SHOULD BE PLACED.  THAT SEEMS

1  TO IMPLY THAT IF AT THAT POINT THE WINDOW IS SATISFIED, THE
2  BOUNDARY MUST BE PLACED.
3        I WANT TO FLIP OVER TO THIS CLAIM FOUR WHERE CLAIM
4  FOUR SAYS, WHERE THE METHOD OF CLAIM ONE -- WHERE AT LEAST ONE
5  BOUND IS IMPOSED ON THE SIZE OF AT LEAST ONE.  THE POINT IS
6  CLAIM FOUR REALLY SAYS WHERE THE BOUNDARY MUST BE PLACED.
7  CLAIM ONE SIMPLY SAYS A PARTITION IS -- IT'S A POINT WHERE A
8  PARTITION MAY BE PLACED.
9        THE COURT:  GO BACK TO NUMBER ONE SO I CAN SEE YOUR
10 POINT.  DO YOU HAVE NUMBER ONE, CLAIM ONE?
11        MR. THAKUR:  CLAIM ONE?
12        SO CLAIM ONE, JUST TO REPEAT, DEALS WITH THE IDEA OF
13 DRAWING A BOUNDARY, BUT NOWHERE IN CLAIM ONE IS THERE A
14 REQUIREMENT THAT WHEN THAT PREDETERMINED CONSTRAINT IS
15 SATISFIED, THAT A BOUNDARY MUST BE DRAWN.  THAT REALLY IS WHAT
16 CLAIM FOUR SAYS.
17        THE COURT:  I SEE YOUR ARGUMENT.  I DON'T KNOW IF I
18 ACCEPT IT.  BUT, ALL RIGHT, GO AHEAD.  YOU ARE MAKING ONE
19 VERSUS FOUR.
20        MR. THAKUR:  RIGHT.
21        THEN THE SECOND ELEMENT IS THE ISSUE OF THE
22 ALGORITHM, WHETHER ONLY THE BYTES IN THE WINDOW CAN BE
23 EXPLAINED.
24        I'M ACTUALLY GOING TO ASK YOU TO STEP OUT.
25        SO, YOUR HONOR, TO EXPLAIN WHY THEY'RE PROPOSING

1  HAVE GONE 480 BYTES, FOR EXAMPLE, YOU MIGHT GO AHEAD AND DRAW A
2  BOUNDARY. IF YOU WILL, THEY SMOOTH OUT THE CURVES. IT DOESN'T
3  EXACTLY HAVE TO BE A FULL 512 BYTES. THEY GO AHEAD AND PLACE A
4  PARTITION AS YOU GET FURTHER OUT. IT'S JUST ESSENTIALLY A
5  SMOOTHING OUT OF THE CURVING PROCESS, RULE B.
6             BUT POINT BEING, RULES B AND RULE C RELATE TO
7  INFORMATION ABOUT THE POSITION OF THE DATA IN THE WINDOW.
8             SO I'LL GO AHEAD AND NOW SWITCH BACK TO WHY RULE A
9  IS CLEARLY ALLOWED IN BY THEIR INTERPRETATION. THERE'S NO
10 DISAGREEMENT ABOUT THAT.
11            THE ISSUE IS ARE RULES B AND RULES C PERMITTED BY
12 THE LANGUAGE OF THE PATENT. AND OUR -- IT IS PERFECTLY CLEAR
13 FROM THE SPECIFICATION, THE PATENT, THAT BOTH THOSE FACTORS CAN
14 BE EXPRESSLY CONSIDERED.
15            THE COURT: GO BACK TO THE LANGUAGE AGAIN.
16            MR. THAKUR: OF THE CLAIM?
17            THE COURT: OF THE CLAIM.
18            HELP ME REMEMBER WHAT B[K-A+1 ALL THE WAY TO K+B,
19 REFRESH MY MEMORY ON WHAT THAT MEANS.
20            MR. THAKUR: THAT REFERS TO THE WINDOW, AND THAT'S
21 HOW YOU DEFINE THE SIZE OF THE WINDOW.
22            THE COURT: ALL RIGHT. SO SHOW ME THE LANGUAGE
23 AGAIN. SO YOU'RE SAYING THAT THE PREDETERMINED CONSTRAINT IS
24 WHAT'S AT ISSUE HERE?
25            MR. THAKUR: CORRECT.

```
1           THE COURT:  OKAY.
2           MR. THAKUR:  SO THE ISSUE, AGAIN, IS WHETHER THE
3  INFORMATION WITHIN -- WHETHER TO DRAW A PARTITION WHETHER --
4  BASED UPON WHETHER THAT WINDOW INFORMATION SATISFIES THE
5  PREDETERMINED CONSTRAINT.
6           THE DIFFERENCE BETWEEN THE PARTIES CLEARLY IS THAT
7  THEIR ARGUMENT IS THAT ONLY THE INFORMATION FROM WITHIN THE
8  WINDOW CAN BE CONSIDERED, NO OTHER INFORMATION CAN BE
9  CONSIDERED IN DETERMINING THAT.  AND THE -- IT IS CLEARLY
10 CONTRARY TO WHAT IS IN THE SPECIFICATION, AND THAT'S WHAT I WAS
11 GOING TO TURN TO REALLY QUICKLY, IS, THE FIRST ISSUE IS WHETHER
12 YOU CAN PLACE A BOUNDARY ON THE UPPER OR THE LOWER SIDES.
13          IN THE SPECIFICATION -- IT USES THE WORD, THE USE OF
14 DATA-DEPENDENT SUBBLOCK BOUNDARY PROVIDES A WAY.  THIS IS THE
15 CONCEPT OF LOOKING AT INFORMATION INSIDE THE WINDOW, BUT THE
16 PATENT SPECIFICATION DOES NOT STOP THERE.
17          THE KEY WORD RIGHT AFTER THAT SENTENCE IS "HOWEVER,"
18 AND THEN IT GOES INTO EXPLAINING NUMEROUS INSTANCES WHERE THE
19 WINDOW CAN BE DRAWN BASED UPON SIZE.
20          "IF ARTIFICIAL BOUNDS ARE NOT PLACED ON THE
21   SUBBLOCK SIZE, PARTICULAR KINDS OF DATA WILL YIELD
22   SUBBLOCKS THAT ARE TOO LARGE OR TOO SMALL."
23          THAT IS DIRECTLY IN THE SPECIFICATION ITSELF.
24          AND I WANT TO FLIP TO THIS SLIDE REAL QUICK BECAUSE
25 THE ISSUE IS HOW DO YOU DETERMINE HOW BIG A BOUNDARY TO DRAW,
```

```
 1   AND THE SPECIFICATION EXPRESSLY STATES THAT THERE ARE LIMITLESS
 2   WAYS OF DOING THIS.
 3           I'VE INCLUDED IN MY SLIDES SOME -- SEVERAL SENTENCES
 4   ALSO ABOUT THE DEALING WITH UPPER BOUNDS AND LOWER BOUNDS.  I'M
 5   GOING TO SOMEWHAT FLIP THROUGH THEM QUICKLY, BUT JUST POINT
 6   WHERE THE LANGUAGE IS.
 7           SO THIS DEALS WITH THE CONCEPT OF THE UPPER BOUND AS
 8   WE DISCUSSED.
 9           "SUBDIVIDE BLOCKS THAT ARE LONGER THAN THREE
10   BYTES WHERE THE U IS AN UPPER BOUND DECISION ON THE
11   SUBBLOCK SIZE."
12           AS YOU CAN SEE, THERE'S SEVERAL SENTENCES DEALING
13   WITH UPPER BOUNDS.  THEN YOU GET TO SEVERAL SENTENCES DEALING
14   WITH THE LOWER BOUND, "OF THE SET OF BOUNDARIES THAT BOUND
15   SUBBLOCK LESS THAN L BYTES, REMOVE THOSE BOUNDARIES THAT ARE
16   TOO CLOSE," EFFECTIVELY.
17           SO THE PATENT REPEATEDLY DEALS WITH THE ISSUE OF
18   BOTH HAVING UPPER BOUNDS AND LOWER BOUNDS ON THE DATA.
19           AND I'M GOING TO FLIP THROUGH TO THIS SLIDE REALLY
20   QUICKLY, BECAUSE THE SPECIFIC THING THAT THEY ARGUE THAT YOU
21   CANNOT DO IS LOOK AT THE POSITION OF THE INFORMATION RELATIVE
22   TO OTHER PARTITIONS; YOU CAN ONLY LOOK AT INFORMATION INSIDE
23   THE WINDOW AND CANNOT CONSIDER INFORMATION CONTRARY TO WHAT IS
24   THE POSITION OF THE LAST PARTITION, AND THIS SENTENCE EXPRESSLY
25   MAKES CLEAR THAT CAN BE DONE.  IT SAYS:
```

```
 1              MR. FLORES:  THAT WAS IN THE '666 PATENT, YOUR
 2   HONOR.
 3              THE COURT:  UH-HUH.
 4              MR. FLORES:  NOW, THE '666 PATENT, IN OUR VIEW, IS
 5   OVERTURNED OR OVERRULED -- THE '666 PATENT IS AMBIGUOUS AT
 6   BEST.  IT'S OVERRULED BY WHAT THE SPECIFICATION OF THE 249
 7   EXPRESSLY SAYS.  IT SAYS DON'T DO IT.
 8              THE COURT:  BUT YOUR PARAGRAPH -- WHAT YOU HAVE UP
 9   THERE NOW SAYS DOES USE HASH.
10              MR. FLORES:  YEAH, THAT'S EXACTLY RIGHT.  HERE'S HOW
11   IT WORKS:  IT SAYS DON'T USE.  SO WHAT YOU'RE DOING WHEN YOU
12   ARE MAKING THE DECISION TO ADD OR NOT ADD A SEGMENT TO THE
13   SEGMENT STORE, YOU'VE GOT TO COMPARE IT, RIGHT.
14              THE COURT:  RIGHT.
15              MR. FLORES:  SEE WHETHER IT'S IDENTICAL.
16              NOW, THE FIRST CUT AT COMPARING IT IS DONE WITH A
17   HASH.  BUT THEN THE SPECIFICATION SAYS, IF YOU COMPARE IT WITH
18   A HASH AND IT SAYS, WELL, IT'S NOT IDENTICAL, SO GO AHEAD AND
19   ADD IT, DON'T TRUST THE HASH.  SO IF WE CAN GO DOWN A LITTLE
20   BIT.
21              THE COURT:  LET'S SEE WHERE IT SAYS -- GO TO THE
22   NEXT STEP.
23              MR. FLORES:
24              "IF THE LOOKUP SUCCEEDS, THE ENCODER CAN COMPARE
25        EACH SEGMENT RETURNED BY THE LOOKUP TO THE SEGMENT IN
```

1

2

3

4        I, JOAN MARIE COLUMBINI, OFFICIAL REPORTER FOR THE

5   UNITED STATES COURT, NORTHERN DISTRICT OF CALIFORNIA, HEREBY

6   CERTIFY THAT THE FOREGOING PROCEEDINGS IN C 07-4161 WHA,

7   RIVERBED TECHNOLOGY, INC. V. QUANTUM CORPORATION, WERE REPORTED

8   BY ME, A CERTIFIED SHORTHAND REPORTER, AND WERE THEREAFTER

9   TRANSCRIBED UNDER MY DIRECTION INTO TYPEWRITING; THAT THE

10  FOREGOING IS A FULL, COMPLETE AND TRUE RECORD OF SAID

11  PROCEEDINGS AS BOUND BY ME AT THE TIME OF FILING.

12       THE VALIDITY OF THE REPORTER'S CERTIFICATION OF SAID

13  TRANSCRIPT MAY BE VOID UPON DISASSEMBLY AND/OR REMOVAL FROM THE

14  COURT FILE.

15

16              /S/ JOAN MARIE COLUMBINI

17          JOAN MARIE COLUMBINI, CSR 5435, RPR

18                MONDAY, JULY 28, 2008

19

20

21

22

23

24

25