1  AMAR L. THAKUR, Cal. Bar No. 194025
   MAURICIO A. FLORES, Cal. Bar No. 93304
2  SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
   A Limited Liability Partnership
3  Including Professional Corporations
   12275 El Camino Real, Suite 200
4  San Diego, California  92130-2006
   Telephone:    858-720-8900
5  Facsimile:    858-509-3691
   Email:    athakur@sheppardmullin.com
6             mflores@sheppardmullin.com

7  NATHANIEL BRUNO, Cal. Bar No. 228118
   SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
8  A Limited Liability Partnership
   Including Professional Corporations
9  Four Embarcadero Center, 17th Floor
   San Francisco, California  94111
10 Telephone:    415-434-9100
   Facsimile:    415-434-3947
11 Email:  nbruno@sheppardmullin.com

12 Attorneys for QUANTUM CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>            Counterclaimant,<br><br>  v.<br><br>QUANTUM CORPORATION,<br><br>            Counterdefendant.<br><br>QUANTUM CORPORATION, a Delaware corporation,<br><br>            Counterclaimant,<br><br>  v.<br><br>RIVERBED TECHNOLOGY, INC., a Delaware corporation,<br><br>            Counterdefendant. | Case No. C-07-04161-WHA<br><br>Complaint Filed:  August 14, 2007<br>Trial Date:  March 30, 2009<br><br>**QUANTUM'S OPPOSITION TO RIVERBED'S MOTION FOR LEAVE TO FILE RIVERBED'S STATEMENT IN RESPONSE TO QUANTUM'S NEW ARGUMENT AND CLARIFICATION RE JULY 23, 2008 CLAIM CONSTRUCTION HEARING**<br><br>Current Hearing Date:  September 4, 2008<br>Current Hearing Time:  8:00 a.m.<br><br>Honorable William H. Alsup<br>Courtroom 9, 19th Floor |

-1-

## MEMORANDUM IN OPPOSITION

Counterdefendant/Counterclaimant Quantum Corporation ("Quantum") hereby opposes counterclaimant/counterdefendant Riverbed Technology, Inc.'s ("Riverbed's") MOTION FOR LEAVE TO FILE RIVERBED'S STATEMENT IN RESPONSE TO QUANTUM'S NEW ARGUMENT AND CLARIFICATION RE JULY 23, 2008 CLAIM CONSTRUCTION HEARING [Docket No. 180].

There is no need for further briefing with respect to claim construction.

First, Riverbed contends Quantum raised a "new argument" at the July 23, 2008 claim construction hearing, and asserts the purported "new argument" by Quantum was that the '666 patent specification incorporated by reference in the '249 patent specification should be disregarded. Not so.

Quantum argued in its claim construction brief regarding the '249 patent (Docket No. 127), and at the July 23 hearing, that the language in the '666 patent specification is not definitive, and that the language of the '249 patent specification expressly and unambiguously requires that a "new unique name" be "assigned" to each new segment as a reference label. ('249 patent [Ex. A to Decl. of Todd M. Briggs filed as Docket No. 117], Col. 9, line 32.) This language in the '249 patent specification reflects an unambiguous judgment on the part of the '249 patent inventors that the danger of having a single reference label refer to two different segments ("collision danger") is unacceptable. The inventors made the same judgment that collision danger is unacceptable when they expressly required a byte-by-byte comparison of a new segment before it is admitted to the persistent segment store. (*Id.* at Col. 9, lines 24-28.) Quantum does not argue that the '666 patent should be ignored or disregarded. Quantum merely argues that the '666 patent's ambiguous language should be construed in light of the specificity with which the '249 patent specification rejects Riverbed's proposed construction.

Second, Riverbed's purported "clarification" of its position with respect to the term "predetermined constraint" used in claim 1 of the '810 patent is a non-event that does not require further briefing. It is hornbook law that a dependent claim incorporates all of the elements of the

-2-

patent claim.  While Riverbed appeared to erroneously argue otherwise at the July 23 hearing, this Court needs no guidance on this point.

Riverbed's convoluted argument based on its interpretation of claims 1 and 4 of the '810 patent depends entirely on its unsupported (and question-begging) assumption that information about position relative to the last segment boundary cannot be considered by the predetermined constraint.  The '810 patent specification expressly refutes Riverbed's assumption by providing example after example of instances in which it would be appropriate for the predetermined constraint to consider positional information.  (*See* '810 patent [Ex. G to Decl. of Nathaniel Bruno filed as Docket No. 115], Col. 14, line 51 through Col. 15, line 63.)  Claim 4 obviously applies to a specific situation in which the predetermined constraint does just that. Quantum believes that further briefing is unnecessary.

Quantum would of course be happy to provide the Court with additional briefing on any aspect of claim construction for which the Court thinks it would be helpful.

Dated:  August 4, 2008

        SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

By    */s/ Nathaniel Bruno*
     AMAR L. THAKUR
     MAURICIO A. FLORES
     NATHANIEL BRUNO

Attorneys for QUANTUM CORPORATION