1  QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
     Claude M. Stern (Bar No. 96737)
2    Todd M. Briggs (Bar No. 209282)
   555 Twin Dolphin Drive, Suite 560
3  Redwood Shores, California 94065-2139
   Telephone:    (650) 801-5000
4  Facsimile:    (650) 801-5100
   Email:        claudestern@quinnemanuel.com
5                toddbriggs@quinnemanuel.com

6  Attorneys for RIVERBED TECHNOLOGY, INC.

7

8                    **UNITED STATES DISTRICT COURT**

9                  **NORTHERN DISTRICT OF CALIFORNIA**

10

11 RIVERBED TECHNOLOGY, INC.,            CASE NO. C 07-4161 WHA

12            Counterclaimant,           **NOTICE OF QUANTUM'S FAILURE TO
                                         COMPLY WITH THE COURT'S JULY 15,
13       vs.                             2008 ORDERS AND REQUEST FOR
                                         FEES AND COSTS INCURRED IN
14 QUANTUM CORPORATION,                  BRINGING SUMMARY JUDGMENT
                                         MOTION AND OPPOSING MOTION
15            Counterdefendant.          FOR LEAVE TO AMEND**

16 ─────────────────────────────

17 QUANTUM CORPORATION,

             Counterclaimant,
18
         vs.
19
   RIVERBED TECHNOLOGY, INC.,
20
             Counterdefendant.
21

22

23

24

25

26

27

28
                                         NOTICE OF QUANTUM'S FAILURE TO
                                         COMPLY WITH THE COURT'S JULY 15,
                                         2008 ORDERS

1    On July 15, 2008, this Court ordered Quantum "to reimburse Riverbed for all costs and

2  fees associated with bringing its motion for summary judgment and opposing Quantum's motion

3  for leave to amend.  The parties should follow the procedure set forth in the accompanying order

4  to resolve the particular amount to be paid by Quantum."  (*See* Docket No. 168 at 3.)  The

5  accompanying order ("Order Re Attorney's Fees And Costs") required Riverbed to file a detailed

6  declaration regarding the fees and costs it incurred in bringing its summary judgment motion and

7  opposition by July 30, 2008.  (*See* Docket No. 169.)  Riverbed expended significant time and

8  effort preparing three detailed declarations pursuant to the Court's order and filed them on July 30,

9  2008.  (*See* Docket Nos. 177-79, Declarations of A. Bramhall, T. Briggs and C. Emanuel.)

10    The Order Re Attorney's Fees And Costs also required Quantum to file any opposition to

11  Riverbed's declarations "FOURTEEN CALENDAR DAYS after Riverbed's detailed declaration

12  is filed." (*See* Docket No. 169, ¶ 8.)  **Quantum ignored this Court's Order and failed to file an**

13  **opposition 14 calendar days after Riverbed filed its July 30, 2008 declarations.**  As explained

14  below, Quantum was fully aware of this deadline and it appears that Quantum chose to

15  deliberately disregard the deadline.

16    On August 5, 2008, Quantum sent Riverbed a letter complaining about alleged deficiencies

17  in Riverbed's detailed declarations.  (*See* Exhibit A.)    Quantum indicated that it would not be

18  filing an opposition declaration because it unilaterally determined that Riverbed's declarations did

19  not meet the requirements of this Court's order.  Quantum also requested Riverbed's underlying

20  time records for the billing entries as Quantum was entitled to do under the order.

21    On August 8, 2008, Riverbed responded to Quantum's letter and provided the underlying

22  billing records in compliance with this Court's order.  (*See* Exhibit B.)[1]  Riverbed also explained

23

24

25
---

26    [1]   Riverbed has not included the billing records that were enclosed with its August 8, 2008
letter with this filing since they contain confidential work product information.  Upon the Court's
27  request, Riverbed will lodge copies of its billing records with the Court under seal.

28
51198/2606506.1
Case No. C 07-04161 WHA

NOTICE OF QUANTUM'S FAILURE TO
COMPLY WITH THE COURT'S JULY 15,
2008 ORDERS

1   why Quantum's criticisms of Riverbed's declarations were groundless.[2]  Riverbed further objected

2   to Quantum's stated intention to disregard this Court's order and informed Quantum that it would

3   immediately inform the Court of any noncompliance:

4        Riverbed was deeply troubled to learn that Quantum intends to violate the Order by
         flouting the procedure set forth regarding Quantum's opposition to Riverbed's
5        Attorney's Fees and Costs Request. The Court's Order provides that any "opposition
         will be due FOURTEEN CALENDAR DAYS after Riverbed's detailed declaration
6        is filed." (Order, ¶ 8.) Quantum, however, appears to have its own ideas, stating that
         the "fourteen day period will not begin to run" until Quantum decrees that "Riverbed
7        fully complies with the Order." (Buccigross Letter, at 3.)

8        Quantum's behavior is contemptuous of Judge Alsup's Order. As you stated in your
         letter, that Order is not a one-way street. This statement is true indeed. It is also true
9        that Quantum is not a traffic warden, vested with the authority to stop and start
         traffic at its whim. The procedure for determining the amount of the award has been
10       established by the Court. The Order is not ambiguous about when Quantum's
         opposition "*will* be due." (Order, ¶ 8.) (emphasis supplied). Moreover, there are no
11       provisions in the Order for extending that deadline or otherwise delaying the
         fourteen-day period, let alone anything that permits such modifications to be made
12       unilaterally by one of the parties.

13       If Quantum files its opposition after August 14, Riverbed will consider that act to be
         willful noncompliance with the Court's Order. Upon such an event, Riverbed will
14       immediately seek the full amount of its recovery request from the Court.

15       Quantum has deliberately disregarded this Court's July 15, 2008 Orders.  Accordingly,

16  Riverbed respectfully requests that the Court order Quantum to immediately pay the full amount

17  of the fees and costs Riverbed sought in connection with bringing its summary judgment motion

18  and opposing Quantum's motion for leave to amend as set forth in the declarations Riverbed filed

19  on July 30, 2008.  (*See* Docket Nos. 177-79.)

20       Respectfully submitted,

21  August 18, 2008          QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

22                           /s/  Claude M. Stern
                             Claude M. Stern
23                           Attorneys for RIVERBED TECHNOLOGY, INC.

24

25  _____

26   [2]   Riverbed acknowledges that one of the citations in the Bramhall declaration, a URL to a
     webpage, was not accurate.  Riverbed filed a corrected Bramhall declaration on August 8, 2008
27   that provides the correct URL.  (*See* Docket No. 189, ¶ 9.)

28                                    -2-                    NOTICE OF QUANTUM'S FAILURE TO