# EXHIBIT A



**SHEPPARD MULLIN**
SHEPPARD MULLIN RICHTER & HAMPTON LLP
A T T O R N E Y S   A T   L A W

12275 El Camino Real | Suite 200 | San Diego, CA 92130-2006
858-720-8900 office | 858-509-3691 fax | www.sheppardmullin.com

Writer's Direct Line: 858-720-7427
gbuccigross@sheppardmullin.com

August 5, 2008

Our File Number: 16HC-132982

*VIA E-MAIL*
*Email: andrewbramhall@quinnemanuel.com*

Andrew Bramhall, Esq.
Quinn Emanuel Urquhart Oliver & Hedges, LLP
555 Twin Dolphin Drive, Suite 560
Redwood Shores, CA 94065

      Re:    <u>Quantum Corporation v. Riverbed Technology, Inc.</u>, C07-04161-WHA

Dear Andrew:

      I write regarding your declaration and the declarations of Todd Briggs and Charles Emanuel, filed in support of Riverbed's calculation of fees and costs relating to its motion for summary judgment and Quantum's motion to amend its Preliminary Invalidity Contentions. The declarations are deficient in that they fail to comply with various requirements of Judge Alsup's Order re Attorney's Fees and Costs (the "Order").

      <u>Estimates of Block-Based Time</u>

      The Order requires that the declarations state "the extent to which any entries include estimates (and what any estimates were based on)." Order at 3:7-8. Todd Briggs, who you claim billed over $22,000, fails to explain what his estimates were based on. Instead, he vaguely and conclusorily states: "For the time included in the Bramhall Dec. from mixed 'block' entries, I estimated the hours spent on each task. The entries for these days are reasonable estimates." Briggs Decl. ¶ 7.

      Furthermore, you and Mr. Emanuel state that your estimates for "mixed 'block' entries'" "are based on my daily work log, email records, and/or my memory of the relevant time period. The entries for these days are reasonable estimates." Bramhall Decl. ¶ 15; Emanuel Decl. ¶ 7. This vague statement does not allow Quantum to adequately evaluate your and Mr. Emanuel's claims regarding the time you spent on compensable matters. For each and every block-based entry, you and Mr. Emanuel (and Mr. Briggs if applicable) must state whether you estimated your time based on a "daily work log," email records, your "memory," or if some combination of the three, what combination. Further, please explain what you and Mr. Emanuel mean by a "daily work log."

      <u>Whether Records were Contemporaneous Versus Retroactively Prepared</u>

      The Order requires Riverbed's attorneys' declarations to state whether the "records used to compile the entries" "were contemporaneous versus retroactively prepared." Order at 3:5-7.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Andrew Bramhall, Esq.
August 5, 2008
Page 2

You, Mr. Briggs, and Mr. Emanuel all declare that it is your "general practice" to record your time entries on a daily basis. Bramhall Decl. ¶ 11; Briggs Decl. ¶ 5; Emanuel Decl. ¶ 5. Counsels' statements about what they do as a general matter does not inform Quantum as to whether the specific records used to compile their entries were contemporaneously or retroactively prepared. For each record that you and Messrs. Briggs and Emanuel used to compile your entries, you must state whether that record was contemporaneously or retroactively prepared, or if a combination of the two, which dates' billing entries were contemporaneously prepared, and which were retroactively prepared.

### Proof that Rates Are Comparable to Prevailing Rates

The Order requires Riverbed to set forth "how the rates were comparable to prevailing rates in the community for like-skilled professionals." Order at 3:1-2. Riverbed's sole attempt to establish the reasonableness of its attorneys' rates is a citation to an internet article. *See* Bramhall Decl. ¶ 9. But contrary to your testimony, the URL cited does not show that "several large Los Angeles and Bay firms [] charged rates of $215 to $550 for associates." Rather, the URL is for an article entitled "the NLJ 250," which ranks 250 law firms from across the country, showing only the name of the firm, principal city, number of attorneys, and starting salary.

### Proof that "Billing Judgment" Was Exercised

The Order requires Riverbed's attorneys to provide "proof that 'billing judgment' was exercised. ... [T]he declaration should describe adjustments made to eliminate duplication, excess, associate-turnover expense, and so forth." Riverbed's attorneys must state "the totals for the amount deleted per timekeeper...." Order at 3:2-5. The only information you provide in this regard is your statement that you are not seeking Claude Stern's fees or fees for unspecified "limited" contributions, and your and Messrs. Briggs and Emanuel's statements that you "did not bill the client for excess, duplication, inefficiency, or other waste." Bramhall Decl. ¶¶ 5, 12; Briggs Decl. ¶ 6; Emanuel Decl. ¶ 6.

Riverbed's attorneys have not provided the totals deleted per timekeeper, including Mr. Stern and all others that made "limited" contributions. Additionally, Counsel must provide totals for the amount of "excess, duplication, inefficiency, [and] other waste" for which you and Messrs. Briggs and Emanuel did not bill.

### Experience of Each Attorney

The Order requires Riverbed's attorneys to "set forth (a) the qualifications, experience, and role of each attorney or paralegal for whom fees are sought." Order at 2:27-28. You and Messrs. Briggs and Emanuel have not set forth your respective experience, but simply the year you graduated law school. This is more akin to a qualification and does not provide Quantum with meaningful information with which to evaluate your billing rates and claimed efficiency.

SHEPPARD MULLIN RICHTER & HAMPTON LLP

Andrew Bramhall, Esq.
August 5, 2008
Page 3

<u>Quantum Cannot Adequately Evaluate Riverbed's Calculations</u>

The purpose of the Order's various requirements with which Riverbed has failed to comply is to allow Quantum to evaluate the accuracy of Riverbed's calculations and to determine whether it should oppose, especially given that opposing will cost Quantum significant time and money. Further, the Order expressly contemplates that "[e]stimates and/or use of retroactively-made records may or may not be allowed, depending on the facts and circumstances." Order at 3:9-10. Riverbed's attorneys have not provided sufficient information regarding facts and circumstances.

The fourteen calendar day deadline for Quantum to file any opposition is premised on Riverbed complying with the Order. Riverbed has not met its obligations under the Order, and Quantum is thus unable to adequately evaluate Riverbed's calculations. Accordingly, the fourteen day period will not begin to run until Riverbed fully complies with the Order.

While Quantum cannot adequately evaluate Riverbed's calculations for purposes of determining whether to oppose, Quantum already has good reason to doubt the accuracy of the declarations. They lack information required by the Order, are vague, and most of the time is estimated. Further, the amount of money Riverbed is requesting, over $66,000, and the hours purportedly billed are strikingly high on their face.

Pursuant to paragraph 8 of the Order, Quantum hereby demands that Riverbed "immediately produce the original underlying time records for inspection." Order at 3:15-17. Those records must include time entries for anyone who billed for work relating to the motion for summary judgment and motion to amend, so that Quantum can adequately evaluate whether Riverbed's attorneys exercised "billing judgment" per the Order.

Quantum takes the Order seriously and will of course compensate Riverbed for appropriate costs and time its attorneys reasonably spent. However, the Order is not a one-way street. Riverbed must comply with the Order as well.

Very truly yours,

Gray Buccigross

for SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

W02-WEST:6GMB1\400977304.1