# EXHIBIT B

**quinn emanuel** trial lawyers | silicon valley

555 Twin Dolphin Drive, Suite 560, Redwood Shores, California  94065 | TEL: (650) 801-5000  FAX: (650) 801-5100

August 8, 2008

VIA E-MAIL

Gray Buccigross
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006
Tel: 858-720-7427

Re:    *Riverbed Technology, Inc. v. Quantum Corp., Case No. 07-04161*

Dear Gray:

This is in response to your August 5 letter ("Buccigross Letter") regarding Riverbed's compliance with the Court's Order Re Attorney's Fees and Costs (the "Order"), which provides the procedure for determining the amount of Riverbed's recovery.

On July 15, 2008, Judge Alsup ordered in no uncertain terms that Quantum is to "reimburse Riverbed for *all* costs and fees associated with bringing its motion for summary judgment and opposing Quantum's motion for leave to amend."  Docket No. 168 (emphasis supplied). Quantum's present attempt to derail the Court's established procedure and avoid its legal obligation is improper.

On the whole, Quantum's nitpicking is groundless.  Riverbed has complied with the letter and the spirit of the Court's Order, both of which have the objective of compensating Riverbed for its attorney's fees and costs.  The declarations submitted by attorneys Andrew Bramhall, Todd Briggs, and Chip Emanuel were more than sufficient to allow Quantum "to meaningful[ly] evaluat[e] the time expended."  (Order, ¶ 2.)  With one exception, your complaints are directed to deficiencies that are either nonexistent or do not amount to noncompliance.  The sole legitimate complaint is directed toward an inadvertent error rather than a deliberate action on the part of the declarant.  Below, I will address each of your specific complaints in turn.

quinn emanuel urquhart oliver & hedges, llp

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017  | TEL (213) 443-3000  FAX (213) 443-3100
NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010  | TEL (212) 849-7000  FAX (212) 849-7100
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111  | TEL (415) 875-6600  FAX (415) 875-6700
TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712

Gray Buccigross, Esq.
August 8, 2008
Page 2 of 5

Estimates of Block-Based Time

Your first complaint is that Riverbed has not provided sufficient information regarding the estimates of attorney time on the project fee and cost tables (the "tables") included on Mr. Bramhall's declaration. This is not so. The declarations submitted by Riverbed's attorneys clearly specify the extent to which estimates of time are included on the tables in the detailed declaration.

In their respective declarations, Riverbed's attorneys stated in no uncertain terms that the time entries on the tables are derived from the billable time entries submitted to Quinn Emanuel's accounting department and invoiced to the client. Each declarant stated that some billable time entries were included on the tables in their entirety (and hence are not estimates) and that, for any mixed "block" entries, the hours included on the tables constitute a reasonable estimate of the time spent on the relevant projects.

As required, Riverbed's attorneys also provided the bases for these estimates. Mr. Briggs, Mr. Bramhall, and Mr. Emanuel all stated that they estimated their time based on their own billable time entries for the relevant time period. Mr. Bramhall and Mr. Emanuel went further by stating that they also based those estimates on daily work logs (a system of notes intended to contemporaneously record billable time) and email records.

Thus, in full compliance with the Court's Order, Riverbed explained that each entry on the tables is either a *reasonable estimate* based on the billable time charged to Riverbed or a duplicate of the billable time entry itself and *not an estimate at all*.

Whether Records were Contemporaneous Versus Retroactively Prepared

Like the first, Quantum's second specific complaint also lacks merit. Riverbed has sufficiently complied with the Court's directive to "state whether and the extent to which the records were contemporaneous versus retroactively prepared." (Order, ¶ 6.) Each of the declarants stated that it is their "general practice [] to record [their] billable time entries on a daily basis" rather than to retroactively prepare their records at the end of the month or at some other time.

During the relevant time period, Riverbed's attorneys endeavored to conform to this practice. But as this was a general practice, there may have been times when this practice was not strictly observed. Riverbed's attorneys cannot recall whether each specific time entry was recorded on the day the work was performed but are confident that, with some exceptions, their hours were recorded on the same day that the task was performed or not long thereafter. This tends to show the extent to which the records were contemporaneously prepared by each declarant and should be sufficient for "meaningful evaluation" of Riverbed's attorneys' time. (Order, ¶ 2.)

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017 | TEL (213) 443-3000 FAX (213) 443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000 FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600 FAX (415) 875-6700

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

51198/2594854.2

Gray Buccigross, Esq.
August 8, 2008
Page 3 of 5

<u>Proof that Rates are Comparable to Prevailing Rates</u>

On this one point, Quantum is correct: an incorrect link was provided in Paragraph 9 of Mr. Bramhall's declaration.  Instead of a link to the summary of billable rates, the declaration contained a link to a separate part of the survey containing the desired information.  Riverbed, however, was not previously aware of this.  The proper link is http://www.law.com/jsp/article.jsp?id=1197281081525.  Riverbed intends to file a corrected declaration to reflect this.

<u>Proof that "Billing Judgment" Was Exercised</u>

Riverbed's attorneys' declarations constitute the requisite proof that billing judgment was exercised.  Each declarant stated "I did not bill the client for excess, duplication, inefficiency, or other waste."  This judgment was exercised as part of the billing process and therefore constitutes "billing judgment."  (Order, ¶ 6.)

In further compliance with the Order and contrary to Quantum's claim, Riverbed also "described downward adjustments" made to eliminate "duplication, excess, associate-turnover expense, and so forth." (Order, ¶ 6.)  First, the declaration of Mr. Bramhall states that peripheral work on Riverbed's motion for summary judgment and opposing Quantum's motion for leave to amend was excluded from the recovery request.  Second, the declaration further states that Riverbed "is not seeking any fees for the billable time of Claude M. Stern, lead trial attorney on the case."  Third, the declaration states "[t]ime entries are originally entered to the nearest tenth of an hour (six minutes)" but "the entries for each timekeeper were rounded down to the nearest quarter-hour (fifteen minutes)."  Universally rounding down the time further trims the estimates of each attorney.

Moreover, contemporaneous downward adjustments made by each attorney were not recorded and therefore are not reflected in the billable time entries upon which Riverbed's attorneys relied in preparing the detailed declaration.  Consequently, Riverbed's attorneys have no way of providing that information to the Court.

Finally, your claim that "Counsel must provide totals for the amount of 'excess, duplication, inefficiency, and other waste' for which [the declarants] did not bill" is wrong.  Just as Riverbed's attorneys do not bill the client inappropriately, they do not engage in the wasteful and inefficient practice of keeping track of hours for which the client is not billed.  As non-billable time is excluded from billable time entries on the invoices to the client (the source of the billable time on the tables), this information was not used in the calculation of Riverbed's request for fees and costs.

As stated above, Riverbed believes it has sufficiently complied with the Court's order regarding downward adjustments.  To assist with Quantum's evaluation, we will, however, provide the

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017 | TEL (213) 443-3000  FAX (213) 443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000  FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600  FAX (415) 875-6700

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712

Gray Buccigross, Esq.
August 8, 2008
Page 4 of 5

hours for those individuals for whom Riverbed does not seek compensation for purposes of the Order. These totals are calculated from entries for Mr. Claude Stern (CMS; senior partner), Mr. Benjamin Koodrich (BK1; associate), Mr. David Wei, Jr. (DW; associate), Mr. Jared Strumwasser (JS1; law clerk), and Mr. Brian Romanow (BR1; paralegal).

| Time-keeper | Date(s) of Deleted Entries | Hours | Rate | Fee |
|---|---|---|---|---|
| CMS | May 8, 27-28; June 13, 16. | 2.3 | 815 | 1874 |
| DW | June 24. | 0.6 | 375 | 225 |
| BK1 | May 20, 21. | 2.0 | 365 | 730 |
| JS | July 2. | 1.1 | 255 | 280 |
| BR1 | June 13. | 3.0 | 235 | 705 |
| | TOTAL | 9.0 | | $3814 |

NOTE: As in the detailed declaration, **bold** denotes complete billable time entries (as opposed to reasonable estimates based on mixed "block" entries).

As you can see, Riverbed excluded almost $4000 in fees from the recovery request that it submitted to the Court. It should be noted that this does not include costs incurred from the use of electronic legal research services, such as Westlaw, which were also excluded. Nor does it reflect the billable time lost due to rounding down each entry to the nearest one-quarter hour.

Experience of Each Attorney

Quantum's complaint regarding Riverbed's compliance with Paragraph 6 of the Order is once again baseless. Riverbed has provided information regarding the "qualifications, experience, and role of each attorney. . . ." With regard to qualifications, each declarant stated that he graduated from law school (thus obtaining a JD) and is a practicing attorney with Quinn Emanuel. All three are admitted to the California State Bar. As for experience, both Mr. Bramhall and Mr. Emanuel stated that they graduated from law school in 2007 and as such are first-year associates. Mr. Briggs provided the year he graduated from law school as well the number of years he has been practicing law, which shows his seniority. Riverbed believes this information along with the division of labor between the attorneys as made apparent by the time records is sufficient for compliance with the Order on this point.

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA 90017 | TEL (213) 443-3000 FAX (213) 443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY 10010 | TEL (212) 849-7000 FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA 94111 | TEL (415) 875-6600 FAX (415) 875-6700

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711 FAX +81 3 5561-1712

Gray Buccigross, Esq.
August 8, 2008
Page 5 of 5

Quantum's Planned Noncompliance with the Court's Order.

Riverbed was deeply troubled to learn that Quantum intends to violate the Order by flouting the procedure set forth regarding Quantum's opposition to Riverbed's Attorney's Fees and Costs Request. The Court's Order provides that any "opposition will be due **FOURTEEN CALENDAR DAYS** after Riverbed's detailed declaration is filed." (Order, ¶ 8.) Quantum, however, appears to have its own ideas, stating that the "fourteen day period will not begin to run" until Quantum decrees that "Riverbed fully complies with the Order." (Buccigross Letter, at 3.)

Quantum's behavior is contemptuous of Judge Alsup's Order. As you stated in your letter, that Order is not a one-way street. This statement is true indeed. It is also true that Quantum is not a traffic warden, vested with the authority to stop and start traffic at its whim. The procedure for determining the amount of the award has been established by the Court. The Order is not ambiguous about when Quantum's opposition "*will* be due." (Order, ¶ 8.) (emphasis supplied). Moreover, there are no provisions in the Order for extending that deadline or otherwise delaying the fourteen-day period, let alone anything that permits such modifications to be made unilaterally by one of the parties.

If Quantum files its opposition after August 14, Riverbed will consider that act to be willful noncompliance with the Court's Order. Upon such an event, Riverbed will immediately seek the full amount of its recovery request from the Court.

Riverbed has Complied with the Court's Order

For the reasons given above, Riverbed has fully complied with the Court's order. Quantum's baseless complaints do not change this fact. And, unlike Quantum, Riverbed intends to continue to comply by abiding with the procedure set forth in the Order. Accordingly, in response to your request, Riverbed is providing the original underlying time records for inspection with this letter. (Order, ¶ 8.) Attorney-client privileged information and attorney work product within these records has been redacted.

Best regards,

/s/  Claude Stern

Claude Stern

**quinn emanuel urquhart oliver & hedges, llp**

LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, CA  90017 | TEL (213) 443-3000  FAX (213) 443-3100

NEW YORK | 51 Madison Avenue, 22nd Floor, New York, NY  10010 | TEL (212) 849-7000  FAX (212) 849-7100

SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, CA  94111 | TEL (415) 875-6600  FAX (415) 875-6700

TOKYO | Akasaka Twin Tower Main Building, 6th Floor, 17-22 Akasaka 2-Chome, Minato-ku, Tokyo 107-0052, Japan | TEL +81 3 5561-1711  FAX +81 3 5561-1712