QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP
  Claude M. Stern (Bar No. 96737)
  Brian C. Cannon (Bar No. 193071)
  Todd M. Briggs (Bar No. 209282)
555 Twin Dolphin Drive, Suite 560
Redwood Shores, California 94065-2139
Telephone:   (650) 801-5000
Facsimile:   (650) 801-5100
Email:       claudestern@quinnemanuel.com
             toddbriggs@quinnemanuel.com

Attorneys for Counterclaimant,
RIVERBED TECHNOLOGY, INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIVERBED TECHNOLOGY, INC., <br><br> Counterclaimant, <br><br> vs. <br><br> QUANTUM CORPORATION, <br><br> Counterdefendant. <br><br> QUANTUM CORPORATION., <br><br> Counterclaimant, <br><br> vs. <br><br> RIVERBED TECHNOLOGY, INC., <br><br> Counterdefendant. | CASE NO. C 07-4161 WHA <br><br> **RIVERBED'S MOTION TO MODIFY SECTION 7.5 OF THE STIPULATED PROTECTIVE ORDER** <br><br> **Proposed Schedule For Hearing:** <br> Date:  August 28, 2008 <br> Time:  10:00 a.m. <br> Judge: Honorable Maria-Elena James <br><br> **[Pursuant to Civil L.R. 6-2, Stipulated Request for Order Shortening Time for Briefing and Hearing filed concurrently]** |

Counterclaimant Riverbed Technology, Inc. ("Riverbed") hereby moves to modify the Protective Order in this patent infringement action, for the limited purpose of permitting the parties' experts to have access to materials that have been designated "Highly Confidential — Attorneys' Eyes Only" under the protective order, without requiring said experts to disclose confidential client information relating to previous or current employment that they cannot disclose due to non-disclosure agreements. (Docket No. 31). Pursuant to Civil Local Rule 6-2, counsel for Riverbed and Counterdefendant Quantum Corporation ("Quantum") have conferred and agreed to an expedited briefing schedule, including a hearing on August 28, 2008.

## BACKGROUND

On December 14, 2007, the Court approved the Stipulated Protective Order between the parties. (Docket Nos. 31, 33). Section 7.5 of the Protective Order governs the "Procedures for Approving Disclosure of 'HIGHLY CONFIDENTIAL — ATTORNEYS' EYES ONLY' Information or Items to 'Experts'." In relevant part, Subsection 7.5(a) of the Protective Order requires that a party seeking to disclose information or items designated "Attorneys' Eyes Only" must first file a written request that:

> (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years and 95) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has provided any professional services during the preceding five years.

With fact discovery closing on November 7, 2008 and in preparation for the damages phase of this case, Riverbed has engaged Mr. Steven K. Clarke as an expert to analyze the economic and damages aspects of this complex multiple patent case. Mr. Clarke is a highly qualified expert who has testified in many United States federal courts and has consulted for clients in diverse industries both for litigations and mergers and acquisitions. (Briggs Dec. Ex. A). However, Mr. Clarke has informed Riverbed that he cannot comply with Section 7.5(a)(4) of the Stipulated Protective Order because he has entered into non-disclosure agreements that prevent him from disclosing the names of many past and current confidential clients.

In a letter to Quantum dated August 9, 2008, Riverbed raised the issues relating to disclosing its damages expert under Section 7.5. (Briggs Dec. Ex. B). Riverbed offered that Mr. Clarke could certify that to the best of his knowledge he had not received compensation from nor rendered professional services for any of Quantum's competitors, or from anyone in fields relating to storage technology or data compression, over the past five years. Riverbed also offered that its expert would review a list of entities Quantum considers competitors to confirm that none are past or current clients. Riverbed further noted that Mr. Clarke has executed Exhibit A to the Protective Order, which in relevant part states:

> I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

(Briggs Dec. Ex. C)

Quantum rejected Riverbed's offer, suggesting instead that Riverbed's expert should disclose what information he could, at which point Quantum would review the information "subject to the right to object or request further information." (Briggs Dec. Ex. D). Riverbed asked Quantum to reconsider, on the basis that the Riverbed offer more than adequately protected Quantum's interests, while Quantum's offer was untenable in light of the fast-approaching November 7, 2008 deadlines for factual discovery and expert reports. (Briggs Dec. Ex. E). Riverbed noted that it would be forced to move the Court for relief should the parties be unable to agree to a solution, and proposed an expedited briefing schedule on any such motion. Quantum responded by stipulating to the proposed briefing schedule. Accordingly, Riverbed filed the instant motion.

## ARGUMENT

It is well-established that a court may in its discretion modify the terms of a protective order. See, Empire Blue Cross & Blue Shield v. Janet Greeson's A Place For Us, Inc., 62 F.3d 1217, 1219 (9th Cir. 1995); Beckman Industries, Inc. v. International Ins., Co., 966 F.2d 470, 473 (9th Cir. 1992), cert. denied 506 U.S. 868 (1992); In re Coordinated Pretrial Proceedings in

1  Petroleum Products Antitrust Litigation, 101 F.R.D. 34 (C.D. Cal., 1984). Generally, the party
2  opposing modification bears the burden of showing good cause for continuing the protection.
3  Beckman Industries, 966 F.2d at 475; Kraszewski v. State Farm Gen. Ins. Co., 139 F.R.D. 156,
4  159 (N.D. Cal. 1991).

5      Here, Riverbed has good cause to seek a modification of the Protective Order. First,
6  Section 7.5(a) of the Protective Order is overly broad. By requiring identification of *all* clients, it
7  exceeds the requirements of Rule 26 (requiring identification of prior testimony). Although the
8  Protective Order is designed to protect confidential business and technical information from
9  disclosure to competitors, Section 7.5 requires experts to disclose *all* clients within the past five
10 years, including clients from fields totally unrelated to the dispute at issue. For example, while
11 this action relates to data storage, data compression, and networking technologies, under Section
12 7.5, an expert would be required to disclose his or her past employment in a case involving the
13 manufacture of riding lawnmowers. Although this provision may have been workable for
14 technical experts, it has proven not to be so for damages experts such as Mr. Clarke who must
15 reveal the confidential identity of all his clients.

16     Moreover, Section 7.5 does not account for the fact that experts — as is the case with Mr.
17 Clarke — are often contractually bound not to disclose the identity of their clients. In its current
18 form the Protective Order puts Riverbed's expert between a rock and a hard place, forcing him
19 either to violate numerous confidentiality agreements into which he has entered over the past five
20 years, or to attempt to produce an expert damages report without access to any of the documents
21 labeled "Highly Confidential — Attorneys' Eyes Only" by Quantum. Applying Section 7.5 of the
22 Protective Order in its current form would significantly impede Riverbed from prosecuting its
23 claims. See, Brown Bag Software v. Symantec Corp., 960 F.2d 1465, 1470 (9th Cir. 1992)
24 (balancing the risk of inadvertent disclosure of trade secrets against the risk of impairing
25 prosecution of the discovering party's claims).

26     In contrast to the impact on Riverbed's ability to prosecute its claims, there is no additional
27 risk of inadvertent disclosure of Quantum's trade secrets under Riverbed's proposed modification
28 to the Protective Order. As noted above, Riverbed has proposed a solution wherein it provides

*three levels* of assurance, to Quantum. In contrast, Quantum's proposal — that Riverbed's expert provide what information it can, at which point Quantum will review the disclosure and object or request further information if it chooses — provides no assurance that Riverbed's expert will be permitted access to Quantum information. Nor does it in any way resolve the problem of experts being forced to disclose relationships that they are contractually bound to keep confidential. Quantum's "solution" simply serves to needlessly delay or ultimately deny Riverbed's expert's access to Quantum documents. In light of the November 7 deadlines for factual discovery and expert reports, the Court should not allow Quantum to use the Protective Order to engage in unnecessary stalling and tactical delay.

## CONCLUSION

Accordingly, Riverbed requests that the following language be added to Section 7.5(a) of the Protective Order:

> (6) To the extent the Party seeking disclosure of "Highly Confidential — Attorneys' Eyes Only" information or items is unable to provide full disclosure under Section 7.5(a)(1) through (5) of this Protective Order due to an Expert's contractual obligations to any person or entity not involved in the present dispute, the Party seeking disclosure shall so indicate. In such a circumstance, in addition to Executing Exhibit A to this Protective Order, the Expert in question shall sign a declaration stating that, to the best of his or her knowledge, he or she has not received compensation from or provided professional services for any of the Designating Party's competitors within the past five years. If the Designating Party so desires, the Expert in question shall also review a list of the Designated Party's competitors for the purpose of confirming that he or she has not received compensation from or provided professional services for said competitors within the past five years.

Respectfully submitted,

August 20, 2008            QUINN EMANUEL URQUHART OLIVER & HEDGES, LLP

/s/ Todd M. Briggs
Todd M. Briggs
Attorneys for Counterclaimant,
RIVERBED TECHNOLOGY, INC.