# EXHIBIT B

**quinn emanuel** trial lawyers | silicon valley
555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5020**

WRITER'S INTERNET ADDRESS
toddbriggs@quinnemanuel.com

August 9, 2008

*VIA E-MAIL*

Mauricio Flores
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006

Re:   Riverbed Technology, Inc. v. Quantum Corp., Case No. 07-04161

Dear Mauricio,

I am following up on our call from earlier this week regarding Section 7.5(a)(4)-(a)(5) of the protective order. That section states:

> "(a) Unless otherwise ordered by the Court or agreed in writing by the Designating Party, a Party that seeks to disclose to an 'Expert' (as defined in this Order) any information or item that has been designated 'Highly Confidential - Attorneys' Eyes Only' must first make a written request to the Designating Party that . . . (4) identifies each person or entity from whom the Expert has received compensation for work in his or her areas of expertise or to whom the expert has provided professional services at any time during the preceding five years, and (5) identifies (by name and number of the case, filing date, and location of the court) any litigation in connection with which the Expert has provided any professional services during the preceding five years."

As I explained during the call, our damages expert has entered into confidentiality agreements with certain clients that prevent him from disclosing the identities of those clients to others. Thus, he cannot affirmatively identify each client that has provided compensation to him in the last five years under Section 7.5(a) without breaching these confidentiality agreements. We also appreciate Quantum's concerns regarding disclosure of its confidential information to individuals that have received compensation from Quantum's competitors.

**quinn emanuel urquhart oliver & hedges, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL (212) 702-8100 FAX (212) 702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

50956/2598943.1

Mauricio Flores
August 9, 2008
Page 2

To address Quantum's concerns, our damages expert is willing to provide a declaration confirming that he is not aware of any current or past clients that are competitors of Quantum. He would also be willing to review a list of companies Quantum considers competitors and confirm that none are current or past clients in a declaration. We believe this is a reasonable solution to this situation and that the Court would readily agree.

It is also important to note that our expert has executed Exhibit A to the Stipulated Protective Order, which states in part:

> "I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. **I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.**"

This affirmation by our expert provides additional assurances that he would only use Quantum's confidential information in connection with this litigation and not in any other manner.

We believe our proposal is a reasonable solution to this issue and are hopeful that we can resolve this issue without Court intervention. However, if Quantum will not agree or does not provide another reasonable solution, we intend to immediately raise this issue with the Court. Please provide a response to this letter no later than the close of business on August 12.

Very truly yours,

*[signature: Todd Briggs]*

Todd M. Briggs