# EXHIBIT E

**quinn emanuel** trial lawyers | silicon valley
555 Twin Dolphin Drive, Suite 560, Redwood Shores, California 94065 | TEL: (650) 801-5000 FAX: (650) 801-5100

WRITER'S DIRECT DIAL NO.
**(650) 801-5020**

WRITER'S INTERNET ADDRESS
toddbriggs@quinnemanuel.com

August 18, 2008

<u>VIA E-MAIL</u>

Mauricio Flores
Sheppard, Mullin, Richter & Hampton, LLP
12275 El Camino Real, Suite 200
San Diego, CA 92130-2006

Re:   *Riverbed Technology, Inc. v. Quantum Corp.*, Case No. 07-04161 — Riverbed Expert Disclosure under Section 7.5 of the Protective Order

Dear Mauricio:

      This letter is in reference to the ongoing issues relating to disclosure of Riverbed's potential damages expert in the above-referenced action.

      On August 9, 2008, I explained that it was not possible for our damages expert to affirmatively identify each client from whom he has received compensation in the last five years without breaching the confidentiality agreements into which he has entered with several of these clients. I proposed that our expert is willing to provide a declaration confirming his unawareness of any current or past clients who are competitors of Quantum. In addition, he is willing to review a list of companies Quantum considers competitors in order to confirm that none are current or past clients in a declaration. I further noted that our expert has already executed Exhibit A to the Stipulated Protective Order, which contains his solemn promise not to disclose, "any information or item subject to the Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order."

      In your August 13, 2008 letter, you rejected our proposed solution to this issue. Instead, you proposed that our expert disclose all information he believes he can in response to Section 7.5 of the Stipulated Protective Order, at which time you would evaluate it with your client, "subject to the right to object or request further information."

**quinn emanuel urquhart oliver & hedges, llp**
LOS ANGELES | 865 South Figueroa Street, 10th Floor, Los Angeles, California 90017 | TEL (213) 443-3000 FAX (213) 443-3100
NEW YORK | 335 Madison Avenue, 17th Floor, New York, New York 10017 | TEL (212) 702-8100 FAX (212) 702-8200
SAN FRANCISCO | 50 California Street, 22nd Floor, San Francisco, California 94111 | TEL (415) 875-6600 FAX (415) 875-6700

51198/2542480.1

Mauricio Flores
August 18, 2008
Page 2

      We believe that the solution I articulated on August 9, 2008 more than adequately addresses Quantum's concerns regarding the confidentiality of its information, while at the same time protecting Riverbed's expert from breaching his contractual obligations to other clients. Further, your proposed solution — for our expert to disclose what information he can, subject to Quantum's right to object or request further information — is untenable in light of the fast-approaching November 7, 2008 deadlines on fact discovery and expert reports and would require our expert to disclose information that has absolutely nothing to do with Quantum or this litigation.

      We therefore intend to move for a modification of Section 7.5 of the Stipulated Protective Order in accordance with the terms outlined above and in my August 8, 2008 letter. Because of the upcoming November 7, 2008 deadlines, we will be requesting expedited treatment of this motion. Should Quantum be unwilling to agree to the method for dealing with expert disclosures articulated in my August 9, 2008 letter, Riverbed requests that you stipulate to an expedited briefing schedule on Riverbed's motion to modify the Stipulated Protective Order. We propose the following schedule:

| | |
|---|---|
| August 22, 2008 | Quantum's opposition to Riverbed's motion due |
| August 26, 2008 | Riverbed's reply in support of its motion due |
| August 28, 2008 | Hearing |

      Please inform us as soon as possible whether you agree to the foregoing. If Quantum does not agree to these proposals or if Riverbed does not hear from Quantum by 5:00 p.m. on August 19, 2008, Riverbed intends to move the Court on these issues.

Very truly yours,

*/s/ Todd Briggs/*

Todd M. Briggs